AO 257 (Rev. 6/78)

## DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT

BY: ☐ COMPLAINT  ☐ INFORMATION  ☑ INDICTMENT
☐ SUPERSEDING

—— OFFENSE CHARGED ——

See attached

☐ Petty
☐ Minor
☐ Misde-meanor
☑ Felony

PENALTY:
See attached

—————— PROCEEDING ——————
Name of Complaintant Agency, or Person (&Title, if any)
Special Agent Christopher Merendino, Dept. of Homeland Security/ICE

☐ person is awaiting trial in another Federal or State Court, give name of court

☐ this person/proceeding is transferred from another district per (circle one) FRCrP 20, 21 or 40. Show District

☐ this is a reprosecution of charges previously dismissed which were dismissed on motion of:
☐ U.S. Att'y  ☐ Defense
**SHOW DOCKET NO.**

☐ this prosecution relates to a pending case involving this same defendant
☐ prior proceedings or appearance(s) before U.S. Magistrate regarding this defendant were recorded under
**MAGISTRATE CASE NO.**

Name and Office of Person Furnishing Information on THIS FORM
**JOSEPH P. RUSSONIELLO**
☑ U.S. Att'y  ☐ Other U.S. Agency

Name of Asst. U.S. Att'y
(if assigned)  W.S. Wilson Leung

—— Name of District Court, and/or Judge/Magistrate Location ——
NORTHERN DISTRICT OF CALIFORNIA

—— DEFENDANT - U.S. ——
IVAN CERNA

DISTRICT COURT NUMBER

# CR 08  0730

—————— DEFENDANT —————— **WHA**

IS *NOT* IN CUSTODY
Has not been arrested, pending outcome this proceeding.
1) ☑ If not detained give date any prior summons was served on above charges

2) ☐ Is a Fugitive

3) ☐ Is on Bail or Release from (show District)

IS IN CUSTODY

4) ☐ On this charge

5) ☐ On another conviction
6) ☐ Awaiting trial on other charges  } ☐ Fed'l  ☐ State

If answer to (6) is "Yes", show name of Institution

Has detainer been filed?  ☐ Yes  ☐ No  } If "Yes" give date filed

DATE OF ARREST  Month/Day/Year

Or... if Arresting Agency & Warrant were not

DATE TRANSFERRED TO U.S. CUSTODY  Month/Day/Year

☐ This report amends AO 257 previously submitted

————— ADDITIONAL INFORMATION OR COMMENTS —————

PROCESS:
☐ SUMMONS  ☐ NO PROCESS*  ☑ WARRANT  Bail Amount: No Bail

If Summons, complete following:
☐ Arraignment  ☐ Initial Appearance
Defendant Address:

*Where defendant previously apprehended on complaint, no new summons or warrant needed, since Magistrate has scheduled arraignment

Date/Time: _____

Before Judge: _____

Comments: _____

**IVAN CERNA, a/k/a "Tigre"**

Count One: Racketeering Conspiracy (18 U.S.C. § 1962(d))
Maximum term of life imprisonment
Maximum term of 5 years' supervised release
Maximum fine of the greatest of either: (a) $250,000; (b) twice the gross pecuniary gain
to the defendant; or (c) twice the gross pecuniary loss inflicted on another
Mandatory special assessment of $100

Count Two: Conspiracy to Commit Murder in Aid of Racketeering (18 U.S.C. § 1959(a)(5))
Maximum term of 10 years' imprisonment
Maximum term of 3 years' supervised release
Maximum fine of the greatest of either: (a) $250,000; (b) twice the gross pecuniary gain
to the defendant; or (c) twice the gross pecuniary loss inflicted on another
Mandatory special assessment of $100

Count Three: Conspiracy to Commit Assault with a Dangerous Weapon in Aid of
Racketeering (18 U.S.C. § 1959(a)(6))
Maximum term of 3 years' imprisonment
Maximum term of 3 years' supervised release
Maximum fine of the greatest of either: (a) $250,000; (b) twice the gross pecuniary gain
to the defendant; or (c) twice the gross pecuniary loss inflicted on another
Mandatory special assessment of $100

Count Four: Use/Possession of Firearm in Furtherance of Crime of Violence (18 U.S.C. §§
924(c) & 2)
Maximum term of life imprisonment
Mandatory minimum term of 5, 7, or 10 years' imprisonment, to be imposed consecutive
to any other term of imprisonment
Maximum term of supervised release of 5 years
Maximum fine of the greatest of either: (a) $250,000; (b) twice the gross pecuniary gain
to the defendant; or (c) twice the gross pecuniary loss inflicted on another
Mandatory special assessment of $100

AO 257 (Rev. 6/78)

# DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT

BY: ☐ COMPLAINT ☐ INFORMATION ☑ INDICTMENT
☐ SUPERSEDING

**Name of District Court, and/or Judge/Magistrate Location**
NORTHERN DISTRICT OF CALIFORNIA

─── OFFENSE CHARGED ───

See attached

☐ Petty
☐ Minor
☐ Misde-
    meanor
☑ Felony

**DEFENDANT - U.S.**

▶ MARVIN CARCAMO

DISTRICT COURT NUMBER

PENALTY:
See attached

CR 08    0730

─── DEFENDANT ─── **WHA**

**IS *NOT* IN CUSTODY**

1) ☐ Has not been arrested, pending outcome this proceeding.
       If not detained give date any prior summons
       was served on above charges

2) ☐ Is a Fugitive

3) ☐ Is on Bail or Release from (show District)

─── PROCEEDING ───
Name of Complaintant Agency, or Person (&Title, if any)
Special Agent Christopher Merendino, Dept. of Homeland Security/ICE

☐ person is awaiting trial in another Federal or State
   Court, give name of court

☐ this person/proceeding is transferred from another
   district per (circle one) FRCrP 20, 21 or 40. Show
   District

☐ this is a reprosecution of
   charges previously dismissed
   which were dismissed on          **SHOW**
   motion of:                       **DOCKET NO.**
   ☐ U.S. Att'y ☐ Defense
☐ this prosecution relates to a
   pending case involving this same
   defendant                        **MAGISTRATE**
☐ prior proceedings or appearance(s)  **CASE NO.**
   before U.S. Magistrate regarding
   this defendant were recorded under

**IS IN CUSTODY**

4) ☐ On this charge

5) ☐ On another conviction

6) ☑ Awaiting trial on other
       charges          } ☐ Fed'l ☑ State

   If answer to (6) is "Yes", show name of Institution

   San Francisco County Jail

Has detainer     ☐ Yes }  If "Yes"
been filed?      ☐ No  }  give date
                          filed

**DATE OF**           Month/Day/Year
**ARREST**

Name and Office of Person
Furnishing Information on
THIS FORM          **JOSEPH P. RUSSONIELLO**
       ☑ U.S. Att'y ☐ Other U.S. Agency

Or... if Arresting Agency & Warrant were not

**DATE TRANSFERRED**    Month/Day/Year
**TO U.S. CUSTODY**

Name of Asst. U.S. Att'y
(if assigned)    W.S. Wilson Leung

☐ This report amends AO 257 previously submitted

─── ADDITIONAL INFORMATION OR COMMENTS ───

PROCESS:
☐ SUMMONS ☐ NO PROCESS* ☑ WARRANT    Bail Amount: No Bail

If Summons, complete following:
☐ Arraignment ☐ Initial Appearance    *Where defendant previously apprehended on complaint, no new summons
Defendant Address:                      or warrant needed, since Magistrate has scheduled arraignment

Date/Time:

Before Judge:

Comments:

## MARVIN CARCAMO, a/k/a "Cyco," a/k/a "Psycho," a/k/a "Syco"

Count One: Racketeering Conspiracy (18 U.S.C. § 1962(d))
Maximum term of life imprisonment
Maximum term of 5 years' supervised release
Maximum fine of the greatest of either: (a) $250,000; (b) twice the gross pecuniary gain
to the defendant; or (c) twice the gross pecuniary loss inflicted on another
Mandatory special assessment of $100

Count Two: Conspiracy to Commit Murder in Aid of Racketeering (18 U.S.C. § 1959(a)(5))
Maximum term of 10 years' imprisonment
Maximum term of 3 years' supervised release
Maximum fine of the greatest of either: (a) $250,000; (b) twice the gross pecuniary gain
to the defendant; or (c) twice the gross pecuniary loss inflicted on another
Mandatory special assessment of $100

Count Three: Conspiracy to Commit Assault with a Dangerous Weapon in Aid of
Racketeering (18 U.S.C. § 1959(a)(6))
Maximum term of 3 years' imprisonment
Maximum term of 3 years' supervised release
Maximum fine of the greatest of either: (a) $250,000; (b) twice the gross pecuniary gain
to the defendant; or (c) twice the gross pecuniary loss inflicted on another
Mandatory special assessment of $100

Count Four: Use/Possession of Firearm in Furtherance of Crime of Violence (18 U.S.C. §§
924(c) & 2)
Maximum term of life imprisonment
Mandatory minimum term of 5, 7, or 10 years' imprisonment, to be imposed consecutive
to any other term of imprisonment
Maximum term of supervised release of 5 years
Maximum fine of the greatest of either: (a) $250,000; (b) twice the gross pecuniary gain
to the defendant; or (c) twice the gross pecuniary loss inflicted on another
Mandatory special assessment of $100

Count Forty: Attempted Exportation of Stolen Vehicle (18 U.S.C. §§ 553(a) & 2)
Maximum term of 10 years' imprisonment
Maximum term of 3 years' supervised release
Maximum fine of the greatest of either: (a) $250,000; (b) twice the gross pecuniary gain
to the defendant; or (c) twice the gross pecuniary loss inflicted on another
Mandatory special assessment of $100

AO 257 (Rev. 6/78)

## DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT

BY: ☐ COMPLAINT ☐ INFORMATION ☑ INDICTMENT

☐ SUPERSEDING

─── OFFENSE CHARGED ───

See attached

☐ Petty
☐ Minor
☐ Misde-meanor
☑ Felony

PENALTY:

See attached

─── PROCEEDING ───

Name of Complaintant Agency, or Person (&Title, if any)
Special Agent Christopher Merendino, Dept. of Homeland Security/ICE

☐ person is awaiting trial in another Federal or State Court, give name of court

☐ this person/proceeding is transferred from another district per (circle one) FRCrP 20, 21 or 40. Show District

☐ this is a reprosecution of
☐ charges previously dismissed which were dismissed on
**SHOW**
**DOCKET NO.**
motion of:
☐ U.S. Att'y ☐ Defense
☐ this prosecution relates to a pending case involving this same defendant
☐ prior proceedings or appearance(s) before U.S. Magistrate regarding this defendant were recorded under
**MAGISTRATE CASE NO.**

Name and Office of Person
Furnishing Information on
THIS FORM **JOSEPH P. RUSSONIELLO**
☑ U.S. Att'y ☐ Other U.S. Agency

Name of Asst. U.S. Att'y
(if assigned) W.S. Wilson Leung

Name of District Court, and/or Judge/Magistrate Location
NORTHERN DISTRICT OF CALIFORNIA

─── DEFENDANT - U.S. ───

ANGEL NOEL GUEVARA

DISTRICT COURT NUMBER

─── DEFENDANT ───

**IS *NOT* IN CUSTODY**

1) ☐ Has not been arrested, pending outcome this proceeding. If not detained give date any prior summons was served on above charges

2) ☐ Is a Fugitive

3) ☐ Is on Bail or Release from (show District)

**IS IN CUSTODY**

4) ☐ On this charge

5) ☐ On another conviction

6) ☑ Awaiting trial on other charges } ☐ Fed'l ☑ State

If answer to (6) is "Yes", show name of institution

San Francisco County Jail

Has detainer been filed? ☐ Yes ☐ No } If "Yes" give date filed

**DATE OF ARREST** Month/Day/Year

Or... if Arresting Agency & Warrant were not

**DATE TRANSFERRED TO U.S. CUSTODY** Month/Day/Year

☐ This report amends AO 257 previously submitted

─── ADDITIONAL INFORMATION OR COMMENTS ───

**PROCESS:**
☐ SUMMONS ☐ NO PROCESS* ☑ WARRANT Bail Amount: No Bail

If Summons, complete following:
☐ Arraignment ☐ Initial Appearance
Defendant Address:

*Where defendant previously apprehended on complaint, no new summons or warrant needed, since Magistrate has scheduled arraignment

Date/Time:

Before Judge:

Comments:

## ANGEL NOEL GUEVARA, a/k/a "Peloncito"

Count One: Racketeering Conspiracy (18 U.S.C. § 1962(d))
Maximum term of life imprisonment
Maximum term of 5 years' supervised release
Maximum fine of the greatest of either: (a) $250,000; (b) twice the gross pecuniary gain to the defendant; or (c) twice the gross pecuniary loss inflicted on another
Mandatory special assessment of $100

Count Two: Conspiracy to Commit Murder in Aid of Racketeering (18 U.S.C. § 1959(a)(5))
Maximum term of 10 years' imprisonment
Maximum term of 3 years' supervised release
Maximum fine of the greatest of either: (a) $250,000; (b) twice the gross pecuniary gain to the defendant; or (c) twice the gross pecuniary loss inflicted on another
Mandatory special assessment of $100

Count Three: Conspiracy to Commit Assault with a Dangerous Weapon in Aid of
Racketeering (18 U.S.C. § 1959(a)(6))
Maximum term of 3 years' imprisonment
Maximum term of 3 years' supervised release
Maximum fine of the greatest of either: (a) $250,000; (b) twice the gross pecuniary gain to the defendant; or (c) twice the gross pecuniary loss inflicted on another
Mandatory special assessment of $100

Count Four: Use/Possession of Firearm in Furtherance of Crime of Violence (18 U.S.C. §§
924(c) & 2)
Maximum term of life imprisonment
Mandatory minimum term of 5, 7, or 10 years' imprisonment, to be imposed consecutive to any other term of imprisonment
Maximum term of supervised release of 5 years
Maximum fine of the greatest of either: (a) $250,000; (b) twice the gross pecuniary gain to the defendant; or (c) twice the gross pecuniary loss inflicted on another
Mandatory special assessment of $100

Counts Five, Six, and Eight: Assault with a Dangerous Weapon in Aid of Racketeering (18
U.S.C. § 1959(a)(3) & 2)
For *each* count:
Maximum term of 20 years' imprisonment
Maximum term of 3 years' supervised release
Maximum fine of the greatest of either: (a) $250,000; (b) twice the gross pecuniary gain to the defendant; or (c) twice the gross pecuniary loss inflicted on another
Mandatory special assessment of $100

<u>Counts Seven and Nine</u>: Attempted Murder in Aid of Racketeering (18 U.S.C. § 1959(a)(5) & 2)

    For *each* count:

    Maximum term of 10 years' imprisonment

    Maximum term of 3 years' supervised release

    Maximum fine of the greatest of either: (a) $250,000; (b) twice the gross pecuniary gain to the defendant; or (c) twice the gross pecuniary loss inflicted on another

    Mandatory special assessment of $100

AO 257 (Rev. 6/78)

## DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT

BY: ☐ COMPLAINT ☐ INFORMATION ☑ INDICTMENT
☐ SUPERSEDING

—— OFFENSE CHARGED ——

See attached

☐ Petty
☐ Minor
☐ Misde-
meanor
☑ Felony

PENALTY:

See attached

—— PROCEEDING ——
Name of Complaintant Agency, or Person (&Title, if any)
Special Agent Christopher Merendino, Dept. of Homeland Security/ICE

☐ person is awaiting trial in another Federal or State
Court, give name of court

☐ this person/proceeding is transferred from another
district per (circle one) FRCrP 20, 21 or 40. Show
District

☐ this is a reprosecution of
charges previously dismissed
which were dismissed on
motion of:
☐ U.S. Att'y ☐ Defense **SHOW**
**DOCKET NO.**

☐ this prosecution relates to a
pending case involving this same
defendant
☐ prior proceedings or appearance(s) **MAGISTRATE**
before U.S. Magistrate regarding **CASE NO.**
this defendant were recorded under

Name and Office of Person
Furnishing Information on **JOSEPH P. RUSSONIELLO**
THIS FORM
☑ U.S. Att'y ☐ Other U.S. Agency

Name of Asst. U.S. Att'y
(if assigned)    W.S. Wilson Leung

Name of District Court, and/or Judge/Magistrate Location
NORTHERN DISTRICT OF CALIFORNIA

—— DEFENDANT - U.S. ——

MORIS FLORES

DISTRICT COURT NUMBER

—————— DEFENDANT ——————

**IS *NOT* IN CUSTODY**

1) ☑ Has not been arrested, pending outcome this proceeding.
If not detained give date any prior summons
was served on above charges

2) ☐ Is a Fugitive

3) ☐ Is on Bail or Release from (show District)

**IS IN CUSTODY**

4) ☐ On this charge

5) ☐ On another conviction

6) ☐ Awaiting trial on other
charges } ☐ Fed'l ☐ State

If answer to (6) is "Yes", show name of institution

Has detainer ☐ Yes } If "Yes"
been filed? ☐ No } give date
filed

**DATE OF**
**ARREST** Month/Day/Year

Or... if Arresting Agency & Warrant were not

**DATE TRANSFERRED** Month/Day/Year
**TO U.S. CUSTODY**

☐ This report amends AO 257 previously submitted

—————— ADDITIONAL INFORMATION OR COMMENTS ——————

PROCESS:
☐ SUMMONS ☐ NO PROCESS* ☑ WARRANT Bail Amount: No Bail

If Summons, complete following:
☐ Arraignment ☐ Initial Appearance    *Where defendant previously apprehended on complaint, no new summons
Defendant Address:    or warrant needed, since Magistrate has scheduled arraignment

Date/Time: _____

Before Judge: _____

Comments:

**MORIS FLORES, a/k/a "Slow," a/k/a "Slow Pain"**

Count One: Racketeering Conspiracy (18 U.S.C. § 1962(d))
Maximum term of life imprisonment
Maximum term of 5 years' supervised release
Maximum fine of the greatest of either: (a) $250,000; (b) twice the gross pecuniary gain
to the defendant; or (c) twice the gross pecuniary loss inflicted on another
Mandatory special assessment of $100

Count Two: Conspiracy to Commit Murder in Aid of Racketeering (18 U.S.C. § 1959(a)(5))
Maximum term of 10 years' imprisonment
Maximum term of 3 years' supervised release
Maximum fine of the greatest of either: (a) $250,000; (b) twice the gross pecuniary gain
to the defendant; or (c) twice the gross pecuniary loss inflicted on another
Mandatory special assessment of $100

Count Three: Conspiracy to Commit Assault with a Dangerous Weapon in Aid of
Racketeering (18 U.S.C. § 1959(a)(6))
Maximum term of 3 years' imprisonment
Maximum term of 3 years' supervised release
Maximum fine of the greatest of either: (a) $250,000; (b) twice the gross pecuniary gain
to the defendant; or (c) twice the gross pecuniary loss inflicted on another
Mandatory special assessment of $100

Count Four: Use/Possession of Firearm in Furtherance of Crime of Violence (18 U.S.C. §§
924(c) & 2)
Maximum term of life imprisonment
Mandatory minimum term of 5, 7, or 10 years' imprisonment, to be imposed consecutive
to any other term of imprisonment
Maximum term of supervised release of 5 years
Maximum fine of the greatest of either: (a) $250,000; (b) twice the gross pecuniary gain
to the defendant; or (c) twice the gross pecuniary loss inflicted on another
Mandatory special assessment of $100

AO 257 (Rev. 6/78)

## DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT

BY: ☐ COMPLAINT ☐ INFORMATION ☑ INDICTMENT
☐ SUPERSEDING

**Name of District Court, and/or Judge/Magistrate Location**
NORTHERN DISTRICT OF CALIFORNIA

─── **OFFENSE CHARGED** ───

See attached

☐ Petty
☐ Minor
☐ Misde-
meanor
☑ Felony

─ **DEFENDANT - U.S.** ─

GUILLERMO HERRERA

DISTRICT COURT NUMBER

PENALTY:
See attached

─── **DEFENDANT** ───

**IS *NOT* IN CUSTODY**

─── **PROCEEDING** ───
**Name of Complaintant Agency, or Person (&Title, if any)**
Special Agent Christopher Merendino, Dept. of Homeland Security/ICE

1) ☐ Has not been arrested, pending outcome this proceeding.
If not detained give date any prior summons
was served on above charges

2) ☐ Is a Fugitive

3) ☐ Is on Bail or Release from (show District)

☐ person is awaiting trial in another Federal or State
Court, give name of court

☐ this person/proceeding is transferred from another
district per (circle one) FRCrP 20, 21 or 40. Show
District

**IS IN CUSTODY**

4) ☐ On this charge

5) ☐ On another conviction

6) ☑ Awaiting trial on other charges } ☑ Fed'l ☐ State

If answer to (6) is "Yes", show name of institution

Glenn E. Dyer Jail

Has detainer
been filed? ☐ Yes } If "Yes"
give date
☐ No } filed

☐ this is a reprosecution of
charges previously dismissed
which were dismissed on
motion of:
☐ U.S. Att'y ☐ Defense
☑ this prosecution relates to a
pending case involving this same
defendant
☐ prior proceedings or appearance(s)
before U.S. Magistrate regarding
this defendant were recorded under

**SHOW**
**DOCKET NO.**

Cr-08-674-SI

**MAGISTRATE**
**CASE NO.**

**DATE OF**
**ARREST** ▶

Month/Day/Year

Or... if Arresting Agency & Warrant were not

Name and Office of Person
Furnishing Information on
THIS FORM

**JOSEPH P. RUSSONIELLO**

☑ U.S. Att'y ☐ Other U.S. Agency

**DATE TRANSFERRED**
**TO U.S. CUSTODY** ▶

Month/Day/Year

Name of Asst. U.S. Att'y
(if assigned) W.S. Wilson Leung

☐ This report amends AO 257 previously submitted

─── **ADDITIONAL INFORMATION OR COMMENTS** ───

PROCESS:
☐ SUMMONS ☑ NO PROCESS* ☐ WARRANT Bail Amount:

If Summons, complete following:
☐ Arraignment ☐ Initial Appearance
Defendant Address:

*Where defendant previously apprehended on complaint, no new summons
or warrant needed, since Magistrate has scheduled arraignment

Date/Time:

Before Judge:

Comments:

**GUILLERMO HERRERA, a/k/a "Shorty," a/k/a "Sparky"**

Count One: Racketeering Conspiracy (18 U.S.C. § 1962(d))
Maximum term of life imprisonment
Maximum term of 5 years' supervised release
Maximum fine of the greatest of either: (a) $250,000; (b) twice the gross pecuniary gain
to the defendant; or (c) twice the gross pecuniary loss inflicted on another
Mandatory special assessment of $100

Count Two: Conspiracy to Commit Murder in Aid of Racketeering (18 U.S.C. § 1959(a)(5))
Maximum term of 10 years' imprisonment
Maximum term of 3 years' supervised release
Maximum fine of the greatest of either: (a) $250,000; (b) twice the gross pecuniary gain
to the defendant; or (c) twice the gross pecuniary loss inflicted on another
Mandatory special assessment of $100

Count Three: Conspiracy to Commit Assault with a Dangerous Weapon in Aid of
Racketeering (18 U.S.C. § 1959(a)(6))
Maximum term of 3 years' imprisonment
Maximum term of 3 years' supervised release
Maximum fine of the greatest of either: (a) $250,000; (b) twice the gross pecuniary gain
to the defendant; or (c) twice the gross pecuniary loss inflicted on another
Mandatory special assessment of $100

Count Ten: Murder in Aid of Racketeering (18 U.S.C. §§ 1959(a)(1) & 2)
Maximum punishment is death
Mandatory minimum term of life imprisonment
Maximum term of supervised release of 5 years
Maximum fine of the greatest of either: (a) $250,000; (b) twice the gross pecuniary gain
to the defendant; or (c) twice the gross pecuniary loss inflicted on another
Mandatory special assessment of $100

Count Eleven: Use/Possession of Firearm in Furtherance of Crime of Violence (18 U.S.C. §§
924(c) & 2)
Maximum term of life imprisonment
Mandatory minimum term of 5, 7, or 10 years' imprisonment, to be imposed consecutive
to any other term of imprisonment
Maximum term of supervised release of 5 years
Maximum fine of the greatest of either: (a) $250,000; (b) twice the gross pecuniary gain
to the defendant; or (c) twice the gross pecuniary loss inflicted on another
Mandatory special assessment of $100

# DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION IN U.S. DISTRICT COURT

BY: ☐ COMPLAINT ☐ INFORMATION ☑ INDICTMENT
☐ SUPERSEDING

---- OFFENSE CHARGED ----

See attached

☐ Petty
☐ Minor
☐ Misde-meanor
☑ Felony

PENALTY:
See attached

▬▬▬▬▬▬▬▬▬▬▬

PROCEEDING
Name of Complaintant Agency, or Person (&Title, if any)
Special Agent Christopher Merendino, Dept. of Homeland Security/ICE

☐ person is awaiting trial in another Federal or State
Court, give name of court

☐ this person/proceeding is transferred from another
district per (circle one) FRCrP 20, 21 or 40. Show
District

this is a reprosecution of
☐ charges previously dismissed
which were dismissed on
motion of:                               **SHOW**
☐ U.S. Att'y ☐ Defense      **DOCKET NO.**
this prosecution relates to a          Cr-08-531-JSW
☑ pending case involving this same
defendant                              **MAGISTRATE**
prior proceedings or appearance(s)     **CASE NO.**
before U.S. Magistrate regarding
this defendant were recorded under

Name and Office of Person
Furnishing Information on    **JOSEPH P. RUSSONIELLO**
THIS FORM
☑ U.S. Att'y ☐ Other U.S. Agency

Name of Asst. U.S. Att'y
(if assigned)    W.S. Wilson Leung

---

Name of District Court, and/or Judge/Magistrate Location
NORTHERN DISTRICT OF CALIFORNIA

DEFENDANT - U.S.

JONATHAN CRUZ-RAMIREZ

DISTRICT COURT NUMBER

---

---- **DEFENDANT** ----

**IS *NOT* IN CUSTODY**
  Has not been arrested, pending outcome this proceeding.
1) ☐ If not detained give date any prior summons
     was served on above charges

2) ☐ Is a Fugitive

3) ☐ Is on Bail or Release from (show District)

**IS IN CUSTODY**

4) ☐ On this charge

5) ☐ On another conviction

6) ☑ Awaiting trial on other     } ☑ Fed'l ☐ State
      charges
     If answer to (6) is "Yes", show name of Institution

     Santa Rita Jail

Has detainer   ☐ Yes  }   If "Yes"
been filed?    ☐ No   }   give date
                          filed

**DATE OF**          Month/Day/Year
**ARREST**

Or... if Arresting Agency & Warrant were not

**DATE TRANSFERRED**    Month/Day/Year
**TO U.S. CUSTODY**

☐ This report amends AO 257 previously submitted

---- ADDITIONAL INFORMATION OR COMMENTS ----

PROCESS:
☐ SUMMONS ☑ NO PROCESS* ☐ WARRANT   Bail Amount:

If Summons, complete following:
☐ Arraignment ☐ Initial Appearance   *Where defendant previously apprehended on complaint, no new summons
Defendant Address:                     or warrant needed, since Magistrate has scheduled arraignment

                                        Date/Time:

                                        Before Judge:

Comments:

## JONATHAN CRUZ-RAMIREZ, a/k/a "Soldado"

Count One: Racketeering Conspiracy (18 U.S.C. § 1962(d))
Maximum term of life imprisonment
Maximum term of 5 years' supervised release
Maximum fine of the greatest of either: (a) $250,000; (b) twice the gross pecuniary gain
to the defendant; or (c) twice the gross pecuniary loss inflicted on another
Mandatory special assessment of $100

Count Two: Conspiracy to Commit Murder in Aid of Racketeering (18 U.S.C. § 1959(a)(5))
Maximum term of 10 years' imprisonment
Maximum term of 3 years' supervised release
Maximum fine of the greatest of either: (a) $250,000; (b) twice the gross pecuniary gain
to the defendant; or (c) twice the gross pecuniary loss inflicted on another
Mandatory special assessment of $100

Count Three: Conspiracy to Commit Assault with a Dangerous Weapon in Aid of
Racketeering (18 U.S.C. § 1959(a)(6))
Maximum term of 3 years' imprisonment
Maximum term of 3 years' supervised release
Maximum fine of the greatest of either: (a) $250,000; (b) twice the gross pecuniary gain
to the defendant; or (c) twice the gross pecuniary loss inflicted on another
Mandatory special assessment of $100

Count Four: Use/Possession of Firearm in Furtherance of Crime of Violence (18 U.S.C. §§
924(c) & 2)
Maximum term of life imprisonment
Mandatory minimum term of 5, 7, or 10 years' imprisonment, to be imposed consecutive
to any other term of imprisonment
Maximum term of supervised release of 5 years
Maximum fine of the greatest of either: (a) $250,000; (b) twice the gross pecuniary gain
to the defendant; or (c) twice the gross pecuniary loss inflicted on another
Mandatory special assessment of $100

AO 257 (Rev. 6/78)

## DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT

BY: ☐ COMPLAINT ☐ INFORMATION ☑ INDICTMENT
☐ SUPERSEDING

**OFFENSE CHARGED**

See attached

☐ Petty
☐ Minor
☐ Misde-
  meanor
☑ Felony

PENALTY:

See attached

**PROCEEDING**

Name of Complainant Agency, or Person (&Title, if any)
Special Agent Christopher Merendino, Dept. of Homeland Security/ICE

☐ person is awaiting trial in another Federal or State
  Court, give name of court

☐ this person/proceeding is transferred from another
  district per (circle one) FRCrP 20, 21 or 40. Show
  District

☐ this is a reprosecution of
  charges previously dismissed
  which were dismissed on         **SHOW**
  motion of:                      **DOCKET NO.**
  ☐ U.S. Att'y ☐ Defense
☐ this prosecution relates to a
  pending case involving this same
  defendant                       **MAGISTRATE**
☐ prior proceedings or appearance(s)  **CASE NO.**
  before U.S. Magistrate regarding
  this defendant were recorded under

Name and Office of Person
Furnishing Information on      **JOSEPH P. RUSSONIELLO**
THIS FORM
        ☑ U.S. Att'y ☐ Other U.S. Agency

Name of Asst. U.S. Att'y
(if assigned)    W.S. Wilson Leung

Name of District Court, and/or Judge/Magistrate Location
NORTHERN DISTRICT OF CALIFORNIA

**DEFENDANT - U.S.**

WALTER CRUZ-ZAVALA

DISTRICT COURT NUMBER

**DEFENDANT**

**IS NOT IN CUSTODY**
  Has not been arrested, pending outcome this proceeding.
1) ☐ If not detained give date any prior summons
     was served on above charges

2) ☐ Is a Fugitive

3) ☐ Is on Bail or Release from (show District)

**IS IN CUSTODY**

4) ☐ On this charge

5) ☐ On another conviction
6) ☑ Awaiting trial on other   }  ☐ Fed'l ☑ State
     charges
     If answer to (6) is "Yes", show name of institution

     Yuba County Jail

Has detainer    ☐ Yes }   If "Yes"
been filed?     ☐ No  }   give date
                          filed

**DATE OF**       Month/Day/Year
**ARREST**

  Or... if Arresting Agency & Warrant were not
**DATE TRANSFERRED**      Month/Day/Year
**TO U.S. CUSTODY**

☐ This report amends AO 257 previously submitted

**ADDITIONAL INFORMATION OR COMMENTS**

PROCESS:

☐ SUMMONS ☐ NO PROCESS* ☑ WARRANT   Bail Amount: No Bail

If Summons, complete following:

☐ Arraignment ☐ Initial Appearance   *Where defendant previously apprehended on complaint, no new summons
Defendant Address:                    or warrant needed, since Magistrate has scheduled arraignment

Date/Time:

Before Judge:

Comments:

## WALTER YOVANI CRUZ-ZAVALA, a/k/a "Sombra"

Count One: Racketeering Conspiracy (18 U.S.C. § 1962(d))
    Maximum term of life imprisonment
    Maximum term of 5 years' supervised release
    Maximum fine of the greatest of either: (a) $250,000; (b) twice the gross pecuniary gain
    to the defendant; or (c) twice the gross pecuniary loss inflicted on another
    Mandatory special assessment of $100

Count Two: Conspiracy to Commit Murder in Aid of Racketeering (18 U.S.C. § 1959(a)(5))
    Maximum term of 10 years' imprisonment
    Maximum term of 3 years' supervised release
    Maximum fine of the greatest of either: (a) $250,000; (b) twice the gross pecuniary gain
    to the defendant; or (c) twice the gross pecuniary loss inflicted on another
    Mandatory special assessment of $100

Count Three: Conspiracy to Commit Assault with a Dangerous Weapon in Aid of
Racketeering (18 U.S.C. § 1959(a)(6))
    Maximum term of 3 years' imprisonment
    Maximum term of 3 years' supervised release
    Maximum fine of the greatest of either: (a) $250,000; (b) twice the gross pecuniary gain
    to the defendant; or (c) twice the gross pecuniary loss inflicted on another
    Mandatory special assessment of $100

Count Four: Use/Possession of Firearm in Furtherance of Crime of Violence (18 U.S.C. §§
924(c) & 2)
    Maximum term of life imprisonment
    Mandatory minimum term of 5, 7, or 10 years' imprisonment, to be imposed consecutive
    to any other term of imprisonment
    Maximum term of supervised release of 5 years
    Maximum fine of the greatest of either: (a) $250,000; (b) twice the gross pecuniary gain
    to the defendant; or (c) twice the gross pecuniary loss inflicted on another
    Mandatory special assessment of $100

AO 257 (Rev. 6/78)

## DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT

BY: ☐ COMPLAINT ☐ INFORMATION ☑ INDICTMENT
☐ SUPERSEDING

─── OFFENSE CHARGED ───

See attached

☐ Petty
☐ Minor
☐ Misde-
meanor
☑ Felony

PENALTY:

See attached

B

─── PROCEEDING ───

Name of Complaintant Agency, or Person (&Title, if any)
Special Agent Christopher Merendino, Dept. of Homeland Security/ICE

☐ person is awaiting trial in another Federal or State
Court, give name of court

☐ this person/proceeding is transferred from another
district per (circle one) FRCrP 20, 21 or 40. Show
District

☐ this is a reprosecution of
charges previously dismissed
which were dismissed on                    **SHOW**
motion of:                                **DOCKET NO.**
☐ U.S. Att'y ☐ Defense
this prosecution relates to a              Cr-08-565-WHA
☑ pending case involving this same
defendant                          **MAGISTRATE**
☐ prior proceedings or appearance(s)     **CASE NO.**
before U.S. Magistrate regarding
this defendant were recorded under

Name and Office of Person
Furnishing Information on    **JOSEPH P. RUSSONIELLO**
THIS FORM
☑ U.S. Att'y ☐ Other U.S. Agency

Name of Asst. U.S. Att'y
(if assigned)        W.S. Wilson Leung

Name of District Court, and/or Judge/Magistrate Location
NORTHERN DISTRICT OF CALIFORNIA

─── DEFENDANT - U.S. ───

WALTER PALMA

DISTRICT COURT NUMBER

─── DEFENDANT ───

**IS *NOT* IN CUSTODY**
Has not been arrested, pending outcome this proceeding.
1) ☐ If not detained give date any prior summons
was served on above charges

2) ☐ Is a Fugitive

3) ☐ Is on Bail or Release from (show District)

**IS IN CUSTODY**

4) ☐ On this charge

5) ☐ On another conviction
6) ☑ Awaiting trial on other    } ☑ Fed'l ☐ State
charges

If answer to (6) is "Yes", show name of Institution

Santa Rita Jail

Has detainer    ☐ Yes   } If "Yes"
been filed?     ☐ No    } give date
filed

**DATE OF**        Month/Day/Year
**ARREST**

Or... if Arresting Agency & Warrant were not

**DATE TRANSFERRED**    Month/Day/Year
**TO U.S. CUSTODY**

☐ This report amends AO 257 previously submitted

─── ADDITIONAL INFORMATION OR COMMENTS ───

PROCESS:
☐ SUMMONS ☑ NO PROCESS* ☐ WARRANT    Bail Amount:

If Summons, complete following:
☐ Arraignment ☐ Initial Appearance    *Where defendant previously apprehended on complaint, no new summons
Defendant Address:                      or warrant needed, since Magistrate has scheduled arraignment

Date/Time: _____

Before Judge: _____

Comments:

## WALTER PALMA, a/k/a "Kapone," a/k/a "Capon"

Count One: Racketeering Conspiracy (18 U.S.C. § 1962(d))
    Maximum term of life imprisonment
    Maximum term of 5 years' supervised release
    Maximum fine of the greatest of either: (a) $250,000; (b) twice the gross pecuniary gain
    to the defendant; or (c) twice the gross pecuniary loss inflicted on another
    Mandatory special assessment of $100

Count Two: Conspiracy to Commit Murder in Aid of Racketeering (18 U.S.C. § 1959(a)(5))
    Maximum term of 10 years' imprisonment
    Maximum term of 3 years' supervised release
    Maximum fine of the greatest of either: (a) $250,000; (b) twice the gross pecuniary gain
    to the defendant; or (c) twice the gross pecuniary loss inflicted on another
    Mandatory special assessment of $100

Count Three: Conspiracy to Commit Assault with a Dangerous Weapon in Aid of
Racketeering (18 U.S.C. § 1959(a)(6))
    Maximum term of 3 years' imprisonment
    Maximum term of 3 years' supervised release
    Maximum fine of the greatest of either: (a) $250,000; (b) twice the gross pecuniary gain
    to the defendant; or (c) twice the gross pecuniary loss inflicted on another
    Mandatory special assessment of $100

Counts Fourteen and Twenty-One: Use/Possession of Firearm in Furtherance of Crime of
Violence (18 U.S.C. §§ 924(c) & 2)
    For *each* count:
    Maximum term of life imprisonment
    Mandatory minimum term of 5, 7, or 10 years' imprisonment, to be imposed consecutive
    to any other term of imprisonment
    Maximum term of supervised release of 5 years
    Maximum fine of the greatest of either: (a) $250,000; (b) twice the gross pecuniary gain
    to the defendant; or (c) twice the gross pecuniary loss inflicted on another
    Mandatory special assessment of $100
    Mandatory minimum term of 25 years' imprisonment if convicted of *both* Counts
    Fourteen and Twenty-One, pursuant to 18 U.S.C. § 924(c)(1)(C)

Counts Twelve, Fifteen, Seventeen, and Nineteen: Assault with a Dangerous Weapon in Aid
of Racketeering (18 U.S.C. §§ 1959(a)(3) & 2)
    Maximum term of 20 years' imprisonment
    Maximum term of 3 years' supervised release
    Maximum fine of the greatest of either: (a) $250,000; (b) twice the gross pecuniary gain
    to the defendant; or (c) twice the gross pecuniary loss inflicted on another
    Mandatory special assessment of $100

<u>Counts Thirteen, Sixteen, Eighteen, and Twenty</u>: Attempted Murder in Aid of Racketeering
(18 U.S.C. §§ 1959(a)(5) and 2)

    Maximum term of 10 years' imprisonment

    Maximum term of 3 years' supervised release

    Maximum fine of the greatest of either: (a) $250,000; (b) twice the gross pecuniary gain
    to the defendant; or (c) twice the gross pecuniary loss inflicted on another

    Mandatory special assessment of $100

<u>Counts Forty-One, Forty-Five, Forty-Six, and Forty-Seven</u>: Attempted Exportation of Stolen
Vehicle (18 U.S.C. §§ 553(a) & 2)

    Maximum term of 10 years' imprisonment

    Maximum term of 3 years' supervised release

    Maximum fine of the greatest of either: (a) $250,000; (b) twice the gross pecuniary gain
    to the defendant; or (c) twice the gross pecuniary loss inflicted on another

    Mandatory special assessment of $100

AO 257 (Rev. 6/78)

## DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT

BY: ☐ COMPLAINT ☐ INFORMATION ☑ INDICTMENT
☐ SUPERSEDING

**Name of District Court, and/or Judge/Magistrate Location**
NORTHERN DISTRICT OF CALIFORNIA

---

**OFFENSE CHARGED**

See attached

☐ Petty
☐ Minor
☐ Misde-meanor
☑ Felony

PENALTY:
See attached

---

**DEFENDANT - U.S.**

▶ DANIEL PORTILLO

DISTRICT COURT NUMBER

---

**PROCEEDING**

**Name of Complaintant Agency, or Person (&Title, if any)**
Special Agent Christopher Merendino, Dept. of Homeland Security/ICE

☐ person is awaiting trial in another Federal or State Court, give name of court

☐ this person/proceeding is transferred from another district per (circle one) FRCrP 20, 21 or 40. Show District

☐ this is a reprosecution of charges previously dismissed which were dismissed on motion of: **SHOW DOCKET NO.**
☐ U.S. Att'y ☐ Defense

☐ this prosecution relates to a pending case involving this same defendant

☐ prior proceedings or appearance(s) before U.S. Magistrate regarding this defendant were recorded under ▶

**MAGISTRATE CASE NO.**

---

Name and Office of Person Furnishing Information on THIS FORM

**JOSEPH P. RUSSONIELLO**

☑ U.S. Att'y ☐ Other U.S. Agency

Name of Asst. U.S. Att'y
(if assigned) W.S. Wilson Leung

---

**DEFENDANT**

**IS NOT IN CUSTODY**

1) ☐ Has not been arrested, pending outcome this proceeding. If not detained give date any prior summons was served on above charges _____

2) ☐ Is a Fugitive

3) ☐ Is on Bail or Release from (show District)

**IS IN CUSTODY**

4) ☐ On this charge

5) ☐ On another conviction

6) ☑ Awaiting trial on other charges } ☐ Fed'l ☑ State

If answer to (6) is "Yes", show name of institution
San Mateo County Jail

Has detainer been filed? ☐ Yes ☐ No } If "Yes" give date filed

**DATE OF ARREST** ▶ Month/Day/Year

Or... if Arresting Agency & Warrant were not

**DATE TRANSFERRED TO U.S. CUSTODY** ▶ Month/Day/Year

☐ This report amends AO 257 previously submitted

---

**ADDITIONAL INFORMATION OR COMMENTS**

PROCESS:
☐ SUMMONS ☐ NO PROCESS* ☑ WARRANT Bail Amount: No Bail

If Summons, complete following:
☐ Arraignment ☐ Initial Appearance

*Where defendant previously apprehended on complaint, no new summons or warrant needed, since Magistrate has scheduled arraignment

Defendant Address:

Date/Time: _____

Before Judge: _____

Comments: _____

## DANIEL PORTILLO, a/k/a "Rustin," a/k/a "Rooster"

Count One: Racketeering Conspiracy (18 U.S.C. § 1962(d))
Maximum term of life imprisonment
Maximum term of 5 years' supervised release
Maximum fine of the greatest of either: (a) $250,000; (b) twice the gross pecuniary gain
to the defendant; or (c) twice the gross pecuniary loss inflicted on another
Mandatory special assessment of $100

Count Two: Conspiracy to Commit Murder in Aid of Racketeering (18 U.S.C. § 1959(a)(5))
Maximum term of 10 years' imprisonment
Maximum term of 3 years' supervised release
Maximum fine of the greatest of either: (a) $250,000; (b) twice the gross pecuniary gain
to the defendant; or (c) twice the gross pecuniary loss inflicted on another
Mandatory special assessment of $100

Count Three: Conspiracy to Commit Assault with a Dangerous Weapon in Aid of
Racketeering (18 U.S.C. § 1959(a)(6))
Maximum term of 3 years' imprisonment
Maximum term of 3 years' supervised release
Maximum fine of the greatest of either: (a) $250,000; (b) twice the gross pecuniary gain
to the defendant; or (c) twice the gross pecuniary loss inflicted on another
Mandatory special assessment of $100

Count Twenty-Two: Assault with a Dangerous Weapon in Aid of Racketeering (18 U.S.C. §§
1959(a)(3) & 2)
Maximum term of 20 years' imprisonment
Maximum term of 3 years' supervised release
Maximum fine of the greatest of either: (a) $250,000; (b) twice the gross pecuniary gain
to the defendant; or (c) twice the gross pecuniary loss inflicted on another
Mandatory special assessment of $100

Count Twenty-Three: Use/Possession of Firearm in Furtherance of Crime of Violence (18
U.S.C. §§ 924(c) & 2)
Maximum term of life imprisonment
Mandatory minimum term of 5, 7, or 10 years' imprisonment, to be imposed consecutive
to any other term of imprisonment
Maximum term of supervised release of 5 years
Maximum fine of the greatest of either: (a) $250,000; (b) twice the gross pecuniary gain
to the defendant; or (c) twice the gross pecuniary loss inflicted on another
Mandatory special assessment of $100

AO 257 (Rev. 6/78)

## DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT

BY: ☐ COMPLAINT ☐ INFORMATION ☑ INDICTMENT
☐ SUPERSEDING

**Name of District Court, and/or Judge/Magistrate Location**
NORTHERN DISTRICT OF CALIFORNIA

**OFFENSE CHARGED**

See attached

☐ Petty
☐ Minor
☐ Misdemeanor
☑ Felony

**DEFENDANT - U.S.**

ERICK LOPEZ

DISTRICT COURT NUMBER

PENALTY:
See attached

**PROCEEDING**

Name of Complaintant Agency, or Person (&Title, if any)
Special Agent Christopher Merendino, Dept. of Homeland Security/ICE

☐ person is awaiting trial in another Federal or State Court, give name of court

☐ this person/proceeding is transferred from another district per (circle one) FRCrP 20, 21 or 40. Show District

☐ this is a reprosecution of charges previously dismissed which were dismissed on motion of:
☐ U.S. Att'y ☐ Defense
**SHOW DOCKET NO.**
Cr-08-342-SI

☑ this prosecution relates to a pending case involving this same defendant

☐ prior proceedings or appearance(s) before U.S. Magistrate regarding this defendant were recorded under
**MAGISTRATE CASE NO.**

Name and Office of Person
Furnishing Information on THIS FORM
**JOSEPH P. RUSSONIELLO**
☑ U.S. Att'y ☐ Other U.S. Agency

Name of Asst. U.S. Att'y
(if assigned)    W.S. Wilson Leung

**DEFENDANT**

**IS *NOT* IN CUSTODY**
Has not been arrested, pending outcome this proceeding.
1) ☐ If not detained give date any prior summons was served on above charges

2) ☐ Is a Fugitive

3) ☐ Is on Bail or Release from (show District)

**IS IN CUSTODY**
4) ☐ On this charge

5) ☐ On another conviction

6) ☑ Awaiting trial on other charges    } ☑ Fed'l ☐ State

If answer to (6) is "Yes", show name of institution

Santa Rita Jail

Has detainer been filed?
☐ Yes    } If "Yes" give date filed
☐ No

**DATE OF ARREST**    Month/Day/Year

Or... if Arresting Agency & Warrant were not

**DATE TRANSFERRED TO U.S. CUSTODY**    Month/Day/Year

☐ This report amends AO 257 previously submitted

## ADDITIONAL INFORMATION OR COMMENTS

PROCESS:
☐ SUMMONS ☑ NO PROCESS* ☐ WARRANT    Bail Amount:

If Summons, complete following:
☐ Arraignment ☐ Initial Appearance
Defendant Address:

*Where defendant previously apprehended on complaint, no new summons or warrant needed, since Magistrate has scheduled arraignment

Date/Time:

Before Judge:

Comments:

**ERICK LOPEZ, a/k/a "Spooky"**

Count One: Racketeering Conspiracy (18 U.S.C. § 1962(d))
　　Maximum term of life imprisonment
　　Maximum term of 5 years' supervised release
　　Maximum fine of the greatest of either: (a) $250,000; (b) twice the gross pecuniary gain
　　to the defendant; or (c) twice the gross pecuniary loss inflicted on another
　　Mandatory special assessment of $100

Count Two: Conspiracy to Commit Murder in Aid of Racketeering (18 U.S.C. § 1959(a)(5))
　　Maximum term of 10 years' imprisonment
　　Maximum term of 3 years' supervised release
　　Maximum fine of the greatest of either: (a) $250,000; (b) twice the gross pecuniary gain
　　to the defendant; or (c) twice the gross pecuniary loss inflicted on another
　　Mandatory special assessment of $100

Count Three: Conspiracy to Commit Assault with a Dangerous Weapon in Aid of
Racketeering (18 U.S.C. § 1959(a)(6))
　　Maximum term of 3 years' imprisonment
　　Maximum term of 3 years' supervised release
　　Maximum fine of the greatest of either: (a) $250,000; (b) twice the gross pecuniary gain
　　to the defendant; or (c) twice the gross pecuniary loss inflicted on another
　　Mandatory special assessment of $100

Count Four: Use/Possession of Firearm in Furtherance of Crime of Violence (18 U.S.C. §§
924(c) & 2)
　　Maximum term of life imprisonment
　　Mandatory minimum term of 5, 7, or 10 years' imprisonment, to be imposed consecutive
　　to any other term of imprisonment
　　Maximum term of supervised release of 5 years
　　Maximum fine of the greatest of either: (a) $250,000; (b) twice the gross pecuniary gain
　　to the defendant; or (c) twice the gross pecuniary loss inflicted on another
　　Mandatory special assessment of $100

AO 257 (Rev. 6/78)

## DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT

BY: ☐ COMPLAINT ☐ INFORMATION ☑ INDICTMENT
☐ SUPERSEDING

—— OFFENSE CHARGED ——

See attached

☐ Petty
☐ Minor
☐ Misdemeanor
☑ Felony

PENALTY:
See attached

**Name of District Court, and/or Judge/Magistrate Location**
NORTHERN DISTRICT OF CALIFORNIA

—— DEFENDANT - U.S. ——

▶ CARLOS GARRIDO

DISTRICT COURT NUMBER

—— PROCEEDING ——
**Name of Complaintant Agency, or Person (&Title, if any)**
Special Agent Christopher Merendino, Dept. of Homeland Security/ICE

☐ person is awaiting trial in another Federal or State Court, give name of court

☐ this person/proceeding is transferred from another district per (circle one) FRCrP 20, 21 or 40. Show District

☐ this is a reprosecution of charges previously dismissed which were dismissed on motion of:
☐ U.S. Att'y ☐ Defense

☑ this prosecution relates to a pending case involving this same defendant

☐ prior proceedings or appearance(s) before U.S. Magistrate regarding this defendant were recorded under

**SHOW DOCKET NO.**
Cr-07-754-PJH

**MAGISTRATE CASE NO.**

Name and Office of Person
Furnishing Information on
THIS FORM        **JOSEPH P. RUSSONIELLO**
☑ U.S. Att'y ☐ Other U.S. Agency

Name of Asst. U.S. Att'y
(if assigned)        W.S. Wilson Leung

—— DEFENDANT ——

**IS NOT IN CUSTODY**
1) ☐ Has not been arrested, pending outcome this proceeding. If not detained give date any prior summons was served on above charges
2) ☐ Is a Fugitive
3) ☐ Is on Bail or Release from (show District)

**IS IN CUSTODY**
4) ☐ On this charge
5) ☑ On another conviction
6) ☐ Awaiting trial on other charges    } ☑ Fed'l ☐ State

If answer to (6) is "Yes", show name of institution
Glenn E. Dyer Jail

Has detainer been filed? ☐ Yes ☐ No } If "Yes" give date filed

**DATE OF ARREST** ▶ Month/Day/Year
Or... if Arresting Agency & Warrant were not
**DATE TRANSFERRED TO U.S. CUSTODY** ▶ Month/Day/Year

☐ This report amends AO 257 previously submitted

—— ADDITIONAL INFORMATION OR COMMENTS ——

PROCESS:
☐ SUMMONS ☑ NO PROCESS* ☐ WARRANT    Bail Amount:

If Summons, complete following:
☐ Arraignment ☐ Initial Appearance
Defendant Address:

*Where defendant previously apprehended on complaint, no new summons or warrant needed, since Magistrate has scheduled arraignment

Date/Time:

Before Judge:

Comments:

## CARLOS GARRIDO, a/k/a "Tweety"

Count One: Racketeering Conspiracy (18 U.S.C. § 1962(d))
Maximum term of life imprisonment
Maximum term of 5 years' supervised release
Maximum fine of the greatest of either: (a) $250,000; (b) twice the gross pecuniary gain
to the defendant; or (c) twice the gross pecuniary loss inflicted on another
Mandatory special assessment of $100

Count Two: Conspiracy to Commit Murder in Aid of Racketeering (18 U.S.C. § 1959(a)(5))
Maximum term of 10 years' imprisonment
Maximum term of 3 years' supervised release
Maximum fine of the greatest of either: (a) $250,000; (b) twice the gross pecuniary gain
to the defendant; or (c) twice the gross pecuniary loss inflicted on another
Mandatory special assessment of $100

Count Three: Conspiracy to Commit Assault with a Dangerous Weapon in Aid of
Racketeering (18 U.S.C. § 1959(a)(6))
Maximum term of 3 years' imprisonment
Maximum term of 3 years' supervised release
Maximum fine of the greatest of either: (a) $250,000; (b) twice the gross pecuniary gain
to the defendant; or (c) twice the gross pecuniary loss inflicted on another
Mandatory special assessment of $100

Count Four: Use/Possession of Firearm in Furtherance of Crime of Violence (18 U.S.C. §§
924(c) & 2)
Maximum term of life imprisonment
Mandatory minimum term of 5, 7, or 10 years' imprisonment, to be imposed consecutive
to any other term of imprisonment
Maximum term of supervised release of 5 years
Maximum fine of the greatest of either: (a) $250,000; (b) twice the gross pecuniary gain
to the defendant; or (c) twice the gross pecuniary loss inflicted on another
Mandatory special assessment of $100

AO 257 (Rev. 6/78)

## DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT

| BY: ☐ COMPLAINT ☐ INFORMATION ☑ INDICTMENT |
| ☐ SUPERSEDING |

**─── OFFENSE CHARGED ───**

See attached

☐ Petty
☐ Minor
☐ Misde-
    meanor
☑ Felony

PENALTY:
See attached

████████████████

**─── PROCEEDING ───**
Name of Complaintant Agency, or Person (&Title, if any)
Special Agent Christopher Merendino, Dept. of Homeland Security/ICE

☐ person is awaiting trial in another Federal or State
Court, give name of court

☐ this person/proceeding is transferred from another
district per (circle one) FRCrP 20, 21 or 40. Show
District

☐ this is a reprosecution of
charges previously dismissed
which were dismissed on                    **SHOW**
motion of:                              **DOCKET NO.**
  ☐ U.S. Att'y ☐ Defense
☐ this prosecution relates to a
pending case involving this same
defendant                              **MAGISTRATE**
prior proceedings or appearance(s)     **CASE NO.**
before U.S. Magistrate regarding
this defendant were recorded under

Name and Office of Person
Furnishing Information on        **JOSEPH P. RUSSONIELLO**
THIS FORM
            ☑ U.S. Att'y ☐ Other U.S. Agency

Name of Asst. U.S. Att'y
(if assigned)      W.S. Wilson Leung

---

Name of District Court, and/or Judge/Magistrate Location
NORTHERN DISTRICT OF CALIFORNIA

**─── DEFENDANT - U.S. ───**

WALTER CHINCHILLA-LINAR

DISTRICT COURT NUMBER

**─────── DEFENDANT ───────**

**IS *NOT* IN CUSTODY**
Has not been arrested, pending outcome this proceeding.
1) ☑ If not detained give date any prior summons
        was served on above charges
2) ☐ Is a Fugitive
3) ☐ Is on Bail or Release from (show District)

**IS IN CUSTODY**
4) ☐ On this charge
5) ☐ On another conviction
6) ☐ Awaiting trial on other       } ☐ Fed'l ☐ State
        charges
If answer to (6) is "Yes", show name of institution

Has detainer   ☐ Yes  }  If "Yes"
been filed?    ☐ No   }  give date
                         filed

**DATE OF**          Month/Day/Year
**ARREST**

Or... if Arresting Agency & Warrant were not
**DATE TRANSFERRED**        Month/Day/Year
**TO U.S. CUSTODY**

☐ This report amends AO 257 previously submitted

**─────── ADDITIONAL INFORMATION OR COMMENTS ───────**

PROCESS:
☐ SUMMONS ☐ NO PROCESS*  ☑ WARRANT   Bail Amount: No bail

If Summons, complete following:
☐ Arraignment ☐ Initial Appearance   *Where defendant previously apprehended on complaint, no new summons
Defendant Address:                    or warrant needed, since Magistrate has scheduled arraignment

Date/Time: _____

Before Judge: _____

Comments:

**WALTER CHINCHILLA-LINAR, a/k/a "Demonio"**

Count One: Racketeering Conspiracy (18 U.S.C. § 1962(d))
    Maximum term of life imprisonment
    Maximum term of 5 years' supervised release
    Maximum fine of the greatest of either: (a) $250,000; (b) twice the gross pecuniary gain
    to the defendant; or (c) twice the gross pecuniary loss inflicted on another
    Mandatory special assessment of $100

Count Two: Conspiracy to Commit Murder in Aid of Racketeering (18 U.S.C. § 1959(a)(5))
    Maximum term of 10 years' imprisonment
    Maximum term of 3 years' supervised release
    Maximum fine of the greatest of either: (a) $250,000; (b) twice the gross pecuniary gain
    to the defendant; or (c) twice the gross pecuniary loss inflicted on another
    Mandatory special assessment of $100

Count Three: Conspiracy to Commit Assault with a Dangerous Weapon in Aid of
Racketeering (18 U.S.C. § 1959(a)(6))
    Maximum term of 3 years' imprisonment
    Maximum term of 3 years' supervised release
    Maximum fine of the greatest of either: (a) $250,000; (b) twice the gross pecuniary gain
    to the defendant; or (c) twice the gross pecuniary loss inflicted on another
    Mandatory special assessment of $100

Count Four: Use/Possession of Firearm in Furtherance of Crime of Violence (18 U.S.C. §§
924(c) & 2)
    Maximum term of life imprisonment
    Mandatory minimum term of 5, 7, or 10 years' imprisonment, to be imposed consecutive
    to any other term of imprisonment
    Maximum term of supervised release of 5 years
    Maximum fine of the greatest of either: (a) $250,000; (b) twice the gross pecuniary gain
    to the defendant; or (c) twice the gross pecuniary loss inflicted on another
    Mandatory special assessment of $100

AO 257 (Rev. 6/78)

## DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT

BY: ☐ COMPLAINT ☐ INFORMATION ☑ INDICTMENT
☐ SUPERSEDING

─── OFFENSE CHARGED ───

See attached

☐ Petty
☐ Minor
☐ Misde-meanor
☑ Felony

PENALTY:
See attached

─── PROCEEDING ───
Name of Complaintant Agency, or Person (&Title, if any)
Special Agent Christopher Merendino, Dept. of Homeland Security/ICE

☐ person is awaiting trial in another Federal or State Court, give name of court

☐ this person/proceeding is transferred from another district per (circle one) FRCrP 20, 21 or 40. Show District

☐ this is a reprosecution of charges previously dismissed which were dismissed on motion of:
☐ U.S. Att'y ☐ Defense

**SHOW DOCKET NO.**

☐ this prosecution relates to a pending case involving this same defendant
☐ prior proceedings or appearance(s) before U.S. Magistrate regarding this defendant were recorded under

**MAGISTRATE CASE NO.**

3-08-70670 JL

Name and Office of Person Furnishing Information on THIS FORM **JOSEPH P. RUSSONIELLO**

☑ U.S. Att'y ☐ Other U.S. Agency

Name of Asst. U.S. Att'y
(if assigned)  W.S. Wilson Leung

─── Name of District Court, and/or Judge/Magistrate Location ───
NORTHERN DISTRICT OF CALIFORNIA

─── DEFENDANT - U.S. ───

CESAR ALVARADO

DISTRICT COURT NUMBER

─────── DEFENDANT ───────

**IS NOT IN CUSTODY**
Has not been arrested, pending outcome this proceeding.
1) ☐ If not detained give date any prior summons was served on above charges

2) ☐ Is a Fugitive

3) ☐ Is on Bail or Release from (show District)

**IS IN CUSTODY**

4) ☐ On this charge

5) ☐ On another conviction

6) ☑ Awaiting trial on other charges  } ☑ Fed'l ☐ State

If answer to (6) is "Yes", show name of Institution

Glenn E. Dyer Jail

Has detainer been filed? ☐ Yes ☐ No  } If "Yes" give date filed

**DATE OF ARREST**  Month/Day/Year

Or... if Arresting Agency & Warrant were not

**DATE TRANSFERRED TO U.S. CUSTODY**  Month/Day/Year

☐ This report amends AO 257 previously submitted

─── ADDITIONAL INFORMATION OR COMMENTS ───

**PROCESS:**
☐ SUMMONS ☑ NO PROCESS* ☐ WARRANT  Bail Amount:

If Summons, complete following:
☐ Arraignment ☐ Initial Appearance
Defendant Address:

*Where defendant previously apprehended on complaint, no new summons or warrant needed, since Magistrate has scheduled arraignment

Date/Time:

Before Judge:

Comments:

## CESAR ALVARADO, a/k/a "Momia"

Count One: Racketeering Conspiracy (18 U.S.C. § 1962(d))
Maximum term of life imprisonment
Maximum term of 5 years' supervised release
Maximum fine of the greatest of either: (a) $250,000; (b) twice the gross pecuniary gain
to the defendant; or (c) twice the gross pecuniary loss inflicted on another
Mandatory special assessment of $100

Count Two: Conspiracy to Commit Murder in Aid of Racketeering (18 U.S.C. § 1959(a)(5))
Maximum term of 10 years' imprisonment
Maximum term of 3 years' supervised release
Maximum fine of the greatest of either: (a) $250,000; (b) twice the gross pecuniary gain
to the defendant; or (c) twice the gross pecuniary loss inflicted on another
Mandatory special assessment of $100

Count Three: Conspiracy to Commit Assault with a Dangerous Weapon in Aid of
Racketeering (18 U.S.C. § 1959(a)(6))
Maximum term of 3 years' imprisonment
Maximum term of 3 years' supervised release
Maximum fine of the greatest of either: (a) $250,000; (b) twice the gross pecuniary gain
to the defendant; or (c) twice the gross pecuniary loss inflicted on another
Mandatory special assessment of $100

Count Four: Use/Possession of Firearm in Furtherance of Crime of Violence (18 U.S.C. §§
924(c) & 2)
Maximum term of life imprisonment
Mandatory minimum term of 5, 7, or 10 years' imprisonment, to be imposed consecutive
to any other term of imprisonment
Maximum term of supervised release of 5 years
Maximum fine of the greatest of either: (a) $250,000; (b) twice the gross pecuniary gain
to the defendant; or (c) twice the gross pecuniary loss inflicted on another
Mandatory special assessment of $100

AO 257 (Rev. 6/78)

## DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT

BY: ☐ COMPLAINT ☐ INFORMATION ☑ INDICTMENT
☐ SUPERSEDING

**OFFENSE CHARGED**

See attached

☐ Petty
☐ Minor
☐ Misdemeanor
☑ Felony

PENALTY:
See attached

Name of District Court, and/or Judge/Magistrate Location
NORTHERN DISTRICT OF CALIFORNIA

**DEFENDANT - U.S.**

ABRAHAM MARTINEZ

DISTRICT COURT NUMBER

---

**PROCEEDING**
Name of Complaintant Agency, or Person (&Title, if any)
Special Agent Christopher Merendino, Dept. of Homeland Security/ICE

☐ person is awaiting trial in another Federal or State Court, give name of court

☐ this person/proceeding is transferred from another district per (circle one) FRCrP 20, 21 or 40. Show District

☐ this is a reprosecution of charges previously dismissed which were dismissed on motion of:
  ☐ U.S. Att'y ☐ Defense

  **SHOW DOCKET NO.**

☐ this prosecution relates to a pending case involving this same defendant

☐ prior proceedings or appearance(s) before U.S. Magistrate regarding this defendant were recorded under

  **MAGISTRATE CASE NO.**

  3-08-70527 JCS

Name and Office of Person
Furnishing Information on THIS FORM    **JOSEPH P. RUSSONIELLO**

☑ U.S. Att'y ☐ Other U.S. Agency

Name of Asst. U.S. Att'y
(if assigned)    W.S. Wilson Leung

---

**DEFENDANT**

**IS *NOT* IN CUSTODY**
Has not been arrested, pending outcome this proceeding.
1) ☐ If not detained give date any prior summons was served on above charges

2) ☐ Is a Fugitive

3) ☐ Is on Bail or Release from (show District)

---

**IS IN CUSTODY**

4) ☐ On this charge

5) ☐ On another conviction

6) ☑ Awaiting trial on other charges    } ☑ Fed'l ☐ State

If answer to (6) is "Yes", show name of institution

Santa Rita Jail

Has detainer been filed?    ☐ Yes    If "Yes" give date filed
☐ No

**DATE OF ARREST**    Month/Day/Year

Or... if Arresting Agency & Warrant were not

**DATE TRANSFERRED TO U.S. CUSTODY**    Month/Day/Year

☐ This report amends AO 257 previously submitted

---

**ADDITIONAL INFORMATION OR COMMENTS**

PROCESS:
☐ SUMMONS ☑ NO PROCESS* ☐ WARRANT    Bail Amount:

If Summons, complete following:
☐ Arraignment ☐ Initial Appearance
Defendant Address:

*Where defendant previously apprehended on complaint, no new summons or warrant needed, since Magistrate has scheduled arraignment

Date/Time: _____

Before Judge: _____

Comments:

**ABRAHAM MARTINEZ, a/k/a "Goofy"**

Count One: Racketeering Conspiracy (18 U.S.C. § 1962(d))
    Maximum term of life imprisonment
    Maximum term of 5 years' supervised release
    Maximum fine of the greatest of either: (a) $250,000; (b) twice the gross pecuniary gain
    to the defendant; or (c) twice the gross pecuniary loss inflicted on another
    Mandatory special assessment of $100

Count Two: Conspiracy to Commit Murder in Aid of Racketeering (18 U.S.C. § 1959(a)(5))
    Maximum term of 10 years' imprisonment
    Maximum term of 3 years' supervised release
    Maximum fine of the greatest of either: (a) $250,000; (b) twice the gross pecuniary gain
    to the defendant; or (c) twice the gross pecuniary loss inflicted on another
    Mandatory special assessment of $100

Count Three: Conspiracy to Commit Assault with a Dangerous Weapon in Aid of
Racketeering (18 U.S.C. § 1959(a)(6))
    Maximum term of 3 years' imprisonment
    Maximum term of 3 years' supervised release
    Maximum fine of the greatest of either: (a) $250,000; (b) twice the gross pecuniary gain
    to the defendant; or (c) twice the gross pecuniary loss inflicted on another
    Mandatory special assessment of $100

Count Four: Use/Possession of Firearm in Furtherance of Crime of Violence (18 U.S.C. §§
924(c) & 2)
    Maximum term of life imprisonment
    Mandatory minimum term of 5, 7, or 10 years' imprisonment, to be imposed consecutive
    to any other term of imprisonment
    Maximum term of supervised release of 5 years
    Maximum fine of the greatest of either: (a) $250,000; (b) twice the gross pecuniary gain
    to the defendant; or (c) twice the gross pecuniary loss inflicted on another
    Mandatory special assessment of $100

Count Twenty-Four: Assault with a Dangerous Weapon in Aid of Racketeering (18 U.S.C.
§§ 1959(a)(3) & 2)
    Maximum term of 20 years' imprisonment
    Maximum term of 3 years' supervised release
    Maximum fine of the greatest of either: (a) $250,000; (b) twice the gross pecuniary gain
    to the defendant; or (c) twice the gross pecuniary loss inflicted on another
    Mandatory special assessment of $100

Count Twenty-Five: Attempted Murder in Aid of Racketeering (18 U.S.C. §§ 1959(a)(5) and 2)

Maximum term of 10 years' imprisonment
Maximum term of 3 years' supervised release
Maximum fine of the greatest of either: (a) $250,000; (b) twice the gross pecuniary gain to the defendant; or (c) twice the gross pecuniary loss inflicted on another
Mandatory special assessment of $100

AO 257 (Rev. 6/78)

## DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT

BY: ☐ COMPLAINT ☐ INFORMATION ☑ INDICTMENT
☐ SUPERSEDING

**Name of District Court, and/or Judge/Magistrate Location**
NORTHERN DISTRICT OF CALIFORNIA

─── OFFENSE CHARGED ───

See attached

☐ Petty
☐ Minor
☐ Misde-
   meanor
☑ Felony

PENALTY:
See attached

─── DEFENDANT - U.S. ───

JOSE ALVARADO

DISTRICT COURT NUMBER

─────────── DEFENDANT ───────────

**IS *NOT* IN CUSTODY**

1) ☐ Has not been arrested, pending outcome this proceeding.
       If not detained give date any prior summons
       was served on above charges

─── PROCEEDING ───

**Name of Complaintant Agency, or Person (&Title, if any)**
Special Agent Christopher Merendino, Dept. of Homeland Security/ICE

2) ☐ Is a Fugitive

3) ☐ Is on Bail or Release from (show District)

☐ person is awaiting trial in another Federal or State
   Court, give name of court

☐ this person/proceeding is transferred from another
   district per (circle one) FRCrP 20, 21 or 40. Show
   District

**IS IN CUSTODY**

4) ☐ On this charge

5) ☐ On another conviction

6) ☑ Awaiting trial on other charges } ☑ Fed'l ☐ State

If answer to (6) is "Yes", show name of institution

☐ this is a reprosecution of
   charges previously dismissed
   which were dismissed on                    **SHOW**
   motion of:                               **DOCKET NO.**
   ☐ U.S. Att'y ☐ Defense
☐ this prosecution relates to a
   pending case involving this same
   defendant                              **MAGISTRATE**
   prior proceedings or appearance(s)     **CASE NO.**
☑ before U.S. Magistrate regarding
   this defendant were recorded under     3-08-70401 MEJ

Santa Rita Jail

Has detainer     ☐ Yes    If "Yes"
been filed?      ☐ No     give date
                          filed

**DATE OF**     Month/Day/Year
**ARREST**

Or... if Arresting Agency & Warrant were not

Name and Office of Person
Furnishing Information on     **JOSEPH P. RUSSONIELLO**
THIS FORM
          ☑ U.S. Att'y ☐ Other U.S. Agency

**DATE TRANSFERRED**    Month/Day/Year
**TO U.S. CUSTODY**

Name of Asst. U.S. Att'y
(if assigned)     W.S. Wilson Leung

☐ This report amends AO 257 previously submitted

─────── ADDITIONAL INFORMATION OR COMMENTS ───────

PROCESS:
☐ SUMMONS ☑ NO PROCESS* ☐ WARRANT    Bail Amount:

If Summons, complete following:
☐ Arraignment ☐ Initial Appearance
Defendant Address:

*Where defendant previously apprehended on complaint, no new summons
or warrant needed, since Magistrate has scheduled arraignment

Date/Time:

Before Judge:

Comments:

## JOSE ALVARADO, a/k/a "Joker"

Count One: Racketeering Conspiracy (18 U.S.C. § 1962(d))
   Maximum term of life imprisonment
   Maximum term of 5 years' supervised release
   Maximum fine of the greatest of either: (a) $250,000; (b) twice the gross pecuniary gain
   to the defendant; or (c) twice the gross pecuniary loss inflicted on another
   Mandatory special assessment of $100

Count Two: Conspiracy to Commit Murder in Aid of Racketeering (18 U.S.C. § 1959(a)(5))
   Maximum term of 10 years' imprisonment
   Maximum term of 3 years' supervised release
   Maximum fine of the greatest of either: (a) $250,000; (b) twice the gross pecuniary gain
   to the defendant; or (c) twice the gross pecuniary loss inflicted on another
   Mandatory special assessment of $100

Count Three: Conspiracy to Commit Assault with a Dangerous Weapon in Aid of
Racketeering (18 U.S.C. § 1959(a)(6))
   Maximum term of 3 years' imprisonment
   Maximum term of 3 years' supervised release
   Maximum fine of the greatest of either: (a) $250,000; (b) twice the gross pecuniary gain
   to the defendant; or (c) twice the gross pecuniary loss inflicted on another
   Mandatory special assessment of $100

Count Four: Use/Possession of Firearm in Furtherance of Crime of Violence (18 U.S.C. §§
924(c) & 2)
   Maximum term of life imprisonment
   Mandatory minimum term of 5, 7, or 10 years' imprisonment, to be imposed consecutive
   to any other term of imprisonment
   Maximum term of supervised release of 5 years
   Maximum fine of the greatest of either: (a) $250,000; (b) twice the gross pecuniary gain
   to the defendant; or (c) twice the gross pecuniary loss inflicted on another
   Mandatory special assessment of $100

Count Twenty-Four: Assault with a Dangerous Weapon in Aid of Racketeering (18 U.S.C.
§§ 1959(a)(3) & 2)
   Maximum term of 20 years' imprisonment
   Maximum term of 3 years' supervised release
   Maximum fine of the greatest of either: (a) $250,000; (b) twice the gross pecuniary gain
   to the defendant; or (c) twice the gross pecuniary loss inflicted on another
   Mandatory special assessment of $100

AO 257 (Rev. 6/78)

## DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT

BY: ☐ COMPLAINT  ☐ INFORMATION  ☑ INDICTMENT
☐ SUPERSEDING

**Name of District Court, and/or Judge/Magistrate Location**
NORTHERN DISTRICT OF CALIFORNIA

--- OFFENSE CHARGED ---

See attached

☐ Petty
☐ Minor
☐ Misde-
   meanor
☑ Felony

**DEFENDANT - U.S.**

▶ DOUGLAS LARGAESPADA

**DISTRICT COURT NUMBER**

PENALTY:
See attached

--- DEFENDANT ---

**IS *NOT* IN CUSTODY**
Has not been arrested, pending outcome this proceeding.
1) ☐  If not detained give date any prior summons
        was served on above charges

2) ☐  Is a Fugitive

3) ☐  Is on Bail or Release from (show District)

--- PROCEEDING ---
**Name of Complaintant Agency, or Person (&Title, if any)**
Special Agent Christopher Merendino, Dept. of Homeland Security/ICE

☐ person is awaiting trial in another Federal or State
   Court, give name of court

☐ this person/proceeding is transferred from another
   district per (circle one) FRCrP 20, 21 or 40.  Show
   District

☐ this is a reprosecution of
   charges previously dismissed
   which were dismissed on
   motion of:
      ☐ U.S. Att'y  ☐ Defense
☐ this prosecution relates to a
   pending case involving this same
   defendant
☑ prior proceedings or appearance(s)
   before U.S. Magistrate regarding
   this defendant were recorded under

**SHOW
DOCKET NO.**

**MAGISTRATE
CASE NO.**

3-08-70400 MEJ

**IS IN CUSTODY**

4) ☐  On this charge

5) ☐  On another conviction

6) ☑  Awaiting trial on other
        charges          } ☑ Fed'l  ☐ State

If answer to (6) is "Yes", show name of institution

Glenn E. Dyer Jail

Has detainer     ☐ Yes    If "Yes"
been filed?      ☐ No      give date
                           filed

**DATE OF
ARREST**           Month/Day/Year

Or... if Arresting Agency & Warrant were not

**DATE TRANSFERRED**  ▶  Month/Day/Year
**TO U.S. CUSTODY**

Name and Office of Person
Furnishing Information on
THIS FORM      **JOSEPH P. RUSSONIELLO**

☑ U.S. Att'y  ☐ Other U.S. Agency

Name of Asst. U.S. Att'y
(if assigned)    W.S. Wilson Leung

☐ This report amends AO 257 previously submitted

--- ADDITIONAL INFORMATION OR COMMENTS ---

PROCESS:
☐ SUMMONS  ☑ NO PROCESS*  ☐ WARRANT   Bail Amount:

If Summons, complete following:
☐ Arraignment  ☐ Initial Appearance
Defendant Address:

*Where defendant previously apprehended on complaint, no new summons
or warrant needed, since Magistrate has scheduled arraignment

Date/Time:

Before Judge:

Comments:

## DOUGLAS LARGAESPADA, a/k/a "Droopy"

Count One: Racketeering Conspiracy (18 U.S.C. § 1962(d))
    Maximum term of life imprisonment
    Maximum term of 5 years' supervised release
    Maximum fine of the greatest of either: (a) $250,000; (b) twice the gross pecuniary gain
    to the defendant; or (c) twice the gross pecuniary loss inflicted on another
    Mandatory special assessment of $100

Count Two: Conspiracy to Commit Murder in Aid of Racketeering (18 U.S.C. § 1959(a)(5))
    Maximum term of 10 years' imprisonment
    Maximum term of 3 years' supervised release
    Maximum fine of the greatest of either: (a) $250,000; (b) twice the gross pecuniary gain
    to the defendant; or (c) twice the gross pecuniary loss inflicted on another
    Mandatory special assessment of $100

Count Three: Conspiracy to Commit Assault with a Dangerous Weapon in Aid of
Racketeering (18 U.S.C. § 1959(a)(6))
    Maximum term of 3 years' imprisonment
    Maximum term of 3 years' supervised release
    Maximum fine of the greatest of either: (a) $250,000; (b) twice the gross pecuniary gain
    to the defendant; or (c) twice the gross pecuniary loss inflicted on another
    Mandatory special assessment of $100

Count Four: Use/Possession of Firearm in Furtherance of Crime of Violence (18 U.S.C. §§
924(c) & 2)
    Maximum term of life imprisonment
    Mandatory minimum term of 5, 7, or 10 years' imprisonment, to be imposed consecutive
    to any other term of imprisonment
    Maximum term of supervised release of 5 years
    Maximum fine of the greatest of either: (a) $250,000; (b) twice the gross pecuniary gain
    to the defendant; or (c) twice the gross pecuniary loss inflicted on another
    Mandatory special assessment of $100

Count Twenty-Four: Assault with a Dangerous Weapon in Aid of Racketeering (18 U.S.C.
§§ 1959(a)(3) & 2)
    Maximum term of 20 years' imprisonment
    Maximum term of 3 years' supervised release
    Maximum fine of the greatest of either: (a) $250,000; (b) twice the gross pecuniary gain
    to the defendant; or (c) twice the gross pecuniary loss inflicted on another
    Mandatory special assessment of $100

AO 257 (Rev. 6/78)

## DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT

BY: ☐ COMPLAINT  ☐ INFORMATION  ☑ INDICTMENT
☐ SUPERSEDING

---

OFFENSE CHARGED

See attached

☐ Petty
☐ Minor
☐ Misde-
meanor
☑ Felony

PENALTY:

See attached

---

PROCEEDING

Name of Complaintant Agency, or Person (&Title, if any)
Special Agent Christopher Merendino, Dept. of Homeland Security/ICE

☐ person is awaiting trial in another Federal or State
Court, give name of court

☐ this person/proceeding is transferred from another
district per (circle one) FRCrP 20, 21 or 40. Show
District

☐ this is a reprosecution of
charges previously dismissed
which were dismissed on
motion of:            **SHOW
DOCKET NO.**
☐ U.S. Att'y  ☐ Defense

☐ this prosecution relates to a
pending case involving this same
defendant             **MAGISTRATE
CASE NO.**
☐ prior proceedings or appearance(s)
before U.S. Magistrate regarding
this defendant were recorded under

---

Name and Office of Person
Furnishing Information on
THIS FORM       **JOSEPH P. RUSSONIELLO**

☑ U.S. Att'y  ☐ Other U.S. Agency

Name of Asst. U.S. Att'y
(if assigned)  W.S. Wilson Leung

---

Name of District Court, and/or Judge/Magistrate Location
NORTHERN DISTRICT OF CALIFORNIA

---

DEFENDANT - U.S.

WILBERT CASTILLO

DISTRICT COURT NUMBER

---

DEFENDANT

IS *NOT* IN CUSTODY

1) ☑ Has not been arrested, pending outcome this proceeding.
If not detained give date any prior summons
was served on above charges

2) ☐ Is a Fugitive

3) ☐ Is on Bail or Release from (show District)

IS IN CUSTODY

4) ☐ On this charge

5) ☐ On another conviction
6) ☐ Awaiting trial on other charges  ☐ Fed'l  ☐ State

If answer to (6) is "Yes", show name of institution

Has detainer  ☐ Yes   If "Yes"
been filed?   ☐ No    give date
filed

DATE OF     Month/Day/Year
ARREST

Or... if Arresting Agency & Warrant were not

DATE TRANSFERRED    Month/Day/Year
TO U.S. CUSTODY

☐ This report amends AO 257 previously submitted

---

ADDITIONAL INFORMATION OR COMMENTS

PROCESS:
☐ SUMMONS  ☐ NO PROCESS*  ☑ WARRANT   Bail Amount: No bail

If Summons, complete following:
☐ Arraignment  ☐ Initial Appearance
Defendant Address:

*Where defendant previously apprehended on complaint, no new summons
or warrant needed, since Magistrate has scheduled arraignment

Date/Time:

Before Judge:

Comments:

## WILBERT CASTILLO, a/k/a "Cypress"

Count One: Racketeering Conspiracy (18 U.S.C. § 1962(d))
    Maximum term of life imprisonment
    Maximum term of 5 years' supervised release
    Maximum fine of the greatest of either: (a) $250,000; (b) twice the gross pecuniary gain
    to the defendant; or (c) twice the gross pecuniary loss inflicted on another
    Mandatory special assessment of $100

Count Two: Conspiracy to Commit Murder in Aid of Racketeering (18 U.S.C. § 1959(a)(5))
    Maximum term of 10 years' imprisonment
    Maximum term of 3 years' supervised release
    Maximum fine of the greatest of either: (a) $250,000; (b) twice the gross pecuniary gain
    to the defendant; or (c) twice the gross pecuniary loss inflicted on another
    Mandatory special assessment of $100

Count Three: Conspiracy to Commit Assault with a Dangerous Weapon in Aid of
Racketeering (18 U.S.C. § 1959(a)(6))
    Maximum term of 3 years' imprisonment
    Maximum term of 3 years' supervised release
    Maximum fine of the greatest of either: (a) $250,000; (b) twice the gross pecuniary gain
    to the defendant; or (c) twice the gross pecuniary loss inflicted on another
    Mandatory special assessment of $100

Count Four: Use/Possession of Firearm in Furtherance of Crime of Violence (18 U.S.C. §§
924(c) & 2)
    Maximum term of life imprisonment
    Mandatory minimum term of 5, 7, or 10 years' imprisonment, to be imposed consecutive
    to any other term of imprisonment
    Maximum term of supervised release of 5 years
    Maximum fine of the greatest of either: (a) $250,000; (b) twice the gross pecuniary gain
    to the defendant; or (c) twice the gross pecuniary loss inflicted on another
    Mandatory special assessment of $100

AO 257 (Rev. 6/78)

## DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT

BY: ☐ COMPLAINT ☐ INFORMATION ☑ INDICTMENT
☐ SUPERSEDING

─── OFFENSE CHARGED ───

See attached
☐ Petty
☐ Minor
☐ Misde-
      meanor
☑ Felony

PENALTY:
See attached

─── PROCEEDING ───

**Name of Complaintant Agency, or Person (&Title, if any)**
Special Agent Christopher Merendino, Dept. of Homeland Security/ICE

☐ person is awaiting trial in another Federal or State
Court, give name of court

☐ this person/proceeding is transferred from another
district per (circle one) FRCrP 20, 21 or 40. Show
District

☐ this is a reprosecution of
charges previously dismissed
which were dismissed on             **SHOW**
motion of:                          **DOCKET NO.**
   ☐ U.S. Att'y ☐ Defense
☐ this prosecution relates to a
pending case involving this same
defendant                           **MAGISTRATE**
☐ prior proceedings or appearance(s)   **CASE NO.**
before U.S. Magistrate regarding
this defendant were recorded under

Name and Office of Person
Furnishing Information on     **JOSEPH P. RUSSONIELLO**
THIS FORM
           ☑ U.S. Att'y ☐ Other U.S. Agency

Name of Asst. U.S. Att'y
(if assigned)    W.S. Wilson Leung

─── Name of District Court, and/or Judge/Magistrate Location ───
NORTHERN DISTRICT OF CALIFORNIA

─── DEFENDANT - U.S. ───

JOSE QUINTEROS

DISTRICT COURT NUMBER

─────── DEFENDANT ───────

**IS *NOT* IN CUSTODY**
   Has not been arrested, pending outcome this proceeding.
1) ☑ If not detained give date any prior summons
      was served on above charges

2) ☐ Is a Fugitive

3) ☐ Is on Bail or Release from (show District)

**IS IN CUSTODY**

4) ☐ On this charge

5) ☐ On another conviction
6) ☐ Awaiting trial on other        } ☐ Fed'l ☐ State
      charges
      If answer to (6) is "Yes", show name of institution

Has detainer   ☐ Yes    If "Yes"
been filed?    ☐ No      give date
                         filed

**DATE OF**          Month/Day/Year
**ARREST**

Or... if Arresting Agency & Warrant were not

**DATE TRANSFERRED**   Month/Day/Year
**TO U.S. CUSTODY**

☐ This report amends AO 257 previously submitted

─────── ADDITIONAL INFORMATION OR COMMENTS ───────

PROCESS:
☐ SUMMONS ☐ NO PROCESS*  ☑ WARRANT  Bail Amount: No bail

If Summons, complete following:
☐ Arraignment ☐ Initial Appearance
Defendant Address:

*Where defendant previously apprehended on complaint, no new summons
or warrant needed, since Magistrate has scheduled arraignment

Date/Time:

Before Judge:

Comments:

## JOSE QUINTEROS, a/k/a "Fantasma"

Count One: Racketeering Conspiracy (18 U.S.C. § 1962(d))
Maximum term of life imprisonment
Maximum term of 5 years' supervised release
Maximum fine of the greatest of either: (a) $250,000; (b) twice the gross pecuniary gain
to the defendant; or (c) twice the gross pecuniary loss inflicted on another
Mandatory special assessment of $100

Count Two: Conspiracy to Commit Murder in Aid of Racketeering (18 U.S.C. § 1959(a)(5))
Maximum term of 10 years' imprisonment
Maximum term of 3 years' supervised release
Maximum fine of the greatest of either: (a) $250,000; (b) twice the gross pecuniary gain
to the defendant; or (c) twice the gross pecuniary loss inflicted on another
Mandatory special assessment of $100

Count Three: Conspiracy to Commit Assault with a Dangerous Weapon in Aid of
Racketeering (18 U.S.C. § 1959(a)(6))
Maximum term of 3 years' imprisonment
Maximum term of 3 years' supervised release
Maximum fine of the greatest of either: (a) $250,000; (b) twice the gross pecuniary gain
to the defendant; or (c) twice the gross pecuniary loss inflicted on another
Mandatory special assessment of $100

Count Four: Use/Possession of Firearm in Furtherance of Crime of Violence (18 U.S.C. §§
924(c) & 2)
Maximum term of life imprisonment
Mandatory minimum term of 5, 7, or 10 years' imprisonment, to be imposed consecutive
to any other term of imprisonment
Maximum term of supervised release of 5 years
Maximum fine of the greatest of either: (a) $250,000; (b) twice the gross pecuniary gain
to the defendant; or (c) twice the gross pecuniary loss inflicted on another
Mandatory special assessment of $100

AO 257 (Rev. 6/78)

## DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT

BY: ☐ COMPLAINT ☐ INFORMATION ☑ INDICTMENT
☐ SUPERSEDING

**Name of District Court, and/or Judge/Magistrate Location**
NORTHERN DISTRICT OF CALIFORNIA

### OFFENSE CHARGED

See attached

☐ Petty
☐ Minor
☐ Misde-
meanor
☑ Felony

PENALTY:
See attached

**DEFENDANT - U.S.**

MELVIN MALDONADO

DISTRICT COURT NUMBER

### PROCEEDING

Name of Complainant Agency, or Person (&Title, if any)
Special Agent Christopher Merendino, Dept. of Homeland Security/ICE

☐ person is awaiting trial in another Federal or State Court, give name of court

☐ this person/proceeding is transferred from another district per (circle one) FRCrP 20, 21 or 40. Show District

☐ this is a reprosecution of charges previously dismissed which were dismissed on motion of:
☐ U.S. Att'y ☐ Defense

**SHOW DOCKET NO.**

☐ this prosecution relates to a pending case involving this same defendant

**MAGISTRATE CASE NO.**

☐ prior proceedings or appearance(s) before U.S. Magistrate regarding this defendant were recorded under

Name and Office of Person
Furnishing Information on
THIS FORM          **JOSEPH P. RUSSONIELLO**

☑ U.S. Att'y ☐ Other U.S. Agency

Name of Asst. U.S. Att'y
(if assigned)          W.S. Wilson Leung

### DEFENDANT

**IS *NOT* IN CUSTODY**

Has not been arrested, pending outcome this proceeding.
1) ☐ If not detained give date any prior summons was served on above charges

2) ☐ Is a Fugitive

3) ☐ Is on Bail or Release from (show District)

**IS IN CUSTODY**

4) ☐ On this charge

5) ☑ On another conviction

6) ☐ Awaiting trial on other charges          ☐ Fed'l ☑ State

If answer to (6) is "Yes", show name of institution

California State Prison, Solano in Vacaville, California

Has detainer ☐ Yes     If "Yes"
been filed?   ☐ No      give date filed

**DATE OF ARREST**          Month/Day/Year

Or... if Arresting Agency & Warrant were not

**DATE TRANSFERRED TO U.S. CUSTODY**          Month/Day/Year

☐ This report amends AO 257 previously submitted

### ADDITIONAL INFORMATION OR COMMENTS

PROCESS:
☐ SUMMONS ☐ NO PROCESS* ☑ WARRANT     Bail Amount: No bail

If Summons, complete following:
☐ Arraignment ☐ Initial Appearance
Defendant Address:

*Where defendant previously apprehended on complaint, no new summons or warrant needed, since Magistrate has scheduled arraignment

Date/Time:

Before Judge:

Comments:

**MELVIN MALDONADO, a/k/a "Estrano," a/k/a "Stranger"**

Count One: Racketeering Conspiracy (18 U.S.C. § 1962(d))
Maximum term of life imprisonment
Maximum term of 5 years' supervised release
Maximum fine of the greatest of either: (a) $250,000; (b) twice the gross pecuniary gain to the defendant; or (c) twice the gross pecuniary loss inflicted on another
Mandatory special assessment of $100

Count Two: Conspiracy to Commit Murder in Aid of Racketeering (18 U.S.C. § 1959(a)(5))
Maximum term of 10 years' imprisonment
Maximum term of 3 years' supervised release
Maximum fine of the greatest of either: (a) $250,000; (b) twice the gross pecuniary gain to the defendant; or (c) twice the gross pecuniary loss inflicted on another
Mandatory special assessment of $100

Count Three: Conspiracy to Commit Assault with a Dangerous Weapon in Aid of Racketeering (18 U.S.C. § 1959(a)(6))
Maximum term of 3 years' imprisonment
Maximum term of 3 years' supervised release
Maximum fine of the greatest of either: (a) $250,000; (b) twice the gross pecuniary gain to the defendant; or (c) twice the gross pecuniary loss inflicted on another
Mandatory special assessment of $100

Count Four: Use/Possession of Firearm in Furtherance of Crime of Violence (18 U.S.C. §§ 924(c) & 2)
Maximum term of life imprisonment
Mandatory minimum term of 5, 7, or 10 years' imprisonment, to be imposed consecutive to any other term of imprisonment
Maximum term of supervised release of 5 years
Maximum fine of the greatest of either: (a) $250,000; (b) twice the gross pecuniary gain to the defendant; or (c) twice the gross pecuniary loss inflicted on another
Mandatory special assessment of $100

AO 257 (Rev. 6/78)

## DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT

BY: ☐ COMPLAINT ☐ INFORMATION ☑ INDICTMENT
☐ SUPERSEDING

─── OFFENSE CHARGED ───

See attached
☐ Petty
☐ Minor
☐ Misde-
meanor
☑ Felony

PENALTY:
See attached

─── Name of District Court, and/or Judge/Magistrate Location ───
NORTHERN DISTRICT OF CALIFORNIA

DEFENDANT - U.S.

▶ MANUEL FRANCO

DISTRICT COURT NUMBER

─── PROCEEDING ───
Name of Complaintant Agency, or Person (&Title, if any)
Special Agent Christopher Merendino, Dept. of Homeland Security/ICE

☐ person is awaiting trial in another Federal or State
Court, give name of court

☐ this person/proceeding is transferred from another
district per (circle one) FRCrP 20, 21 or 40. Show
District

☐ this is a reprosecution of
charges previously dismissed
which were dismissed on          **SHOW**
motion of:                       **DOCKET NO.**
☐ U.S. Att'y ☐ Defense
☐ this prosecution relates to a
pending case involving this same
defendant                        **MAGISTRATE**
☐ prior proceedings or appearance(s)   **CASE NO.**
before U.S. Magistrate regarding
this defendant were recorded under▶

Name and Office of Person
Furnishing Information on      **JOSEPH P. RUSSONIELLO**
THIS FORM
☑ U.S. Att'y ☐ Other U.S. Agency

Name of Asst. U.S. Att'y
(if assigned)    W.S. Wilson Leung

─── DEFENDANT ───

### IS *NOT* IN CUSTODY
Has not been arrested, pending outcome this proceeding.
1) ☑ If not detained give date any prior summons
was served on above charges

2) ☐ Is a Fugitive

3) ☐ Is on Bail or Release from (show District)

### IS IN CUSTODY

4) ☐ On this charge

5) ☐ On another conviction
6) ☐ Awaiting trial on other     ☐ Fed'l ☐ State
charges
If answer to (6) is "Yes", show name of institution

Has detainer    ☐ Yes    If "Yes"
been filed?     ☐ No     give date
filed

**DATE OF**        Month/Day/Year
**ARREST**

Or... if Arresting Agency & Warrant were not

**DATE TRANSFERRED** ▶    Month/Day/Year
**TO U.S. CUSTODY**

☐ This report amends AO 257 previously submitted

─── ADDITIONAL INFORMATION OR COMMENTS ───

PROCESS:
☐ SUMMONS ☐ NO PROCESS*  ☑ WARRANT   Bail Amount: No bail

If Summons, complete following:
☐ Arraignment ☐ Initial Appearance   *Where defendant previously apprehended on complaint, no new summons
or warrant needed, since Magistrate has scheduled arraignment
Defendant Address:

Date/Time: _____

Before Judge: _____

Comments:

**MANUEL FRANCO, a/k/a "Dreamer"**

Count One: Racketeering Conspiracy (18 U.S.C. § 1962(d))
  Maximum term of life imprisonment
  Maximum term of 5 years' supervised release
  Maximum fine of the greatest of either: (a) $250,000; (b) twice the gross pecuniary gain
  to the defendant; or (c) twice the gross pecuniary loss inflicted on another
  Mandatory special assessment of $100

Count Two: Conspiracy to Commit Murder in Aid of Racketeering (18 U.S.C. § 1959(a)(5))
  Maximum term of 10 years' imprisonment
  Maximum term of 3 years' supervised release
  Maximum fine of the greatest of either: (a) $250,000; (b) twice the gross pecuniary gain
  to the defendant; or (c) twice the gross pecuniary loss inflicted on another
  Mandatory special assessment of $100

Count Three: Conspiracy to Commit Assault with a Dangerous Weapon in Aid of
Racketeering (18 U.S.C. § 1959(a)(6))
  Maximum term of 3 years' imprisonment
  Maximum term of 3 years' supervised release
  Maximum fine of the greatest of either: (a) $250,000; (b) twice the gross pecuniary gain
  to the defendant; or (c) twice the gross pecuniary loss inflicted on another
  Mandatory special assessment of $100

Count Four: Use/Possession of Firearm in Furtherance of Crime of Violence (18 U.S.C. §§
924(c) & 2)
  Maximum term of life imprisonment
  Mandatory minimum term of 5, 7, or 10 years' imprisonment, to be imposed consecutive
  to any other term of imprisonment
  Maximum term of supervised release of 5 years
  Maximum fine of the greatest of either: (a) $250,000; (b) twice the gross pecuniary gain
  to the defendant; or (c) twice the gross pecuniary loss inflicted on another
  Mandatory special assessment of $100

AO 257 (Rev. 6/78)

## DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT

BY: ☐ COMPLAINT ☐ INFORMATION ☑ INDICTMENT ☐ SUPERSEDING

**OFFENSE CHARGED**

See attached

☐ Petty
☐ Minor
☐ Misde-meanor
☑ Felony

PENALTY:
See attached

---

**PROCEEDING**

Name of Complaintant Agency, or Person (&Title, if any)
Special Agent Christopher Merendino, Dept. of Homeland Security/ICE

☐ person is awaiting trial in another Federal or State Court, give name of court

☐ this person/proceeding is transferred from another district per (circle one) FRCrP 20, 21 or 40. Show District

☐ this is a reprosecution of charges previously dismissed which were dismissed on motion of:  **SHOW DOCKET NO.**
☐ U.S. Att'y ☐ Defense

☐ this prosecution relates to a pending case involving this same defendant  **MAGISTRATE CASE NO.**
☐ prior proceedings or appearance(s) before U.S. Magistrate regarding this defendant were recorded under

Name and Office of Person
Furnishing Information on THIS FORM  **JOSEPH P. RUSSONIELLO**
☑ U.S. Att'y ☐ Other U.S. Agency

Name of Asst. U.S. Att'y
(if assigned)  W.S. Wilson Leung

---

Name of District Court, and/or Judge/Magistrate Location
NORTHERN DISTRICT OF CALIFORNIA

**DEFENDANT - U.S.**

RODRIGO MOLINA

DISTRICT COURT NUMBER

---

**DEFENDANT**

**IS *NOT* IN CUSTODY**

1) ☑ Has not been arrested, pending outcome of this proceeding. If not detained give date any prior summons was served on above charges

2) ☐ Is a Fugitive

3) ☐ Is on Bail or Release from (show District)

**IS IN CUSTODY**

4) ☐ On this charge

5) ☐ On another conviction

6) ☐ Awaiting trial on other charges  } ☐ Fed'l ☐ State

If answer to (6) is "Yes", show name of institution

Has detainer been filed?  ☐ Yes  If "Yes" give date filed
☐ No

**DATE OF ARREST**  Month/Day/Year

Or... if Arresting Agency & Warrant were not

**DATE TRANSFERRED TO U.S. CUSTODY**  Month/Day/Year

☐ This report amends AO 257 previously submitted

---

**ADDITIONAL INFORMATION OR COMMENTS**

PROCESS:
☐ SUMMONS ☐ NO PROCESS* ☑ WARRANT  Bail Amount: No bail

If Summons, complete following:
☐ Arraignment ☐ Initial Appearance
Defendant Address:

*Where defendant previously apprehended on complaint, no new summons or warrant needed, since Magistrate has scheduled arraignment

Date/Time: _____

Before Judge: _____

Comments:

## RODRIGO MOLINA, a/k/a "Little Payaso," a/k/a "Payaso"

Count One: Racketeering Conspiracy (18 U.S.C. § 1962(d))
  Maximum term of life imprisonment
  Maximum term of 5 years' supervised release
  Maximum fine of the greatest of either: (a) $250,000; (b) twice the gross pecuniary gain
  to the defendant; or (c) twice the gross pecuniary loss inflicted on another
  Mandatory special assessment of $100

Count Two: Conspiracy to Commit Murder in Aid of Racketeering (18 U.S.C. § 1959(a)(5))
  Maximum term of 10 years' imprisonment
  Maximum term of 3 years' supervised release
  Maximum fine of the greatest of either: (a) $250,000; (b) twice the gross pecuniary gain
  to the defendant; or (c) twice the gross pecuniary loss inflicted on another
  Mandatory special assessment of $100

Count Three: Conspiracy to Commit Assault with a Dangerous Weapon in Aid of
Racketeering (18 U.S.C. § 1959(a)(6))
  Maximum term of 3 years' imprisonment
  Maximum term of 3 years' supervised release
  Maximum fine of the greatest of either: (a) $250,000; (b) twice the gross pecuniary gain
  to the defendant; or (c) twice the gross pecuniary loss inflicted on another
  Mandatory special assessment of $100

Count Four: Use/Possession of Firearm in Furtherance of Crime of Violence (18 U.S.C. §§
924(c) & 2)
  Maximum term of life imprisonment
  Mandatory minimum term of 5, 7, or 10 years' imprisonment, to be imposed consecutive
  to any other term of imprisonment
  Maximum term of supervised release of 5 years
  Maximum fine of the greatest of either: (a) $250,000; (b) twice the gross pecuniary gain
  to the defendant; or (c) twice the gross pecuniary loss inflicted on another
  Mandatory special assessment of $100

Counts Thirty-Eight, Thirty-Nine, Forty-Five, Forty-Six, and Forty-Seven: Attempted
Exportation of Stolen Vehicle (18 U.S.C. §§ 553(a) & 2)
  For *each* count:
  Maximum term of 10 years' imprisonment
  Maximum term of 3 years' supervised release
  Maximum fine of the greatest of either: (a) $250,000; (b) twice the gross pecuniary gain
  to the defendant; or (c) twice the gross pecuniary loss inflicted on another
  Mandatory special assessment of $100

AO 257 (Rev. 6/78)

## DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT

BY: ☐ COMPLAINT ☐ INFORMATION ☑ INDICTMENT
☐ SUPERSEDING

---- OFFENSE CHARGED ----

See attached

☐ Petty
☐ Minor
☐ Misde-
meanor
☑ Felony

PENALTY:

See attached

---- PROCEEDING ----

Name of Complaintant Agency, or Person (&Title, if any)
Special Agent Christopher Merendino, Dept. of Homeland Security/ICE

☐ person is awaiting trial in another Federal or State
Court, give name of court

☐ this person/proceeding is transferred from another
district per (circle one) FRCrP 20, 21 or 40. Show
District

☐ this is a reprosecution of
charges previously dismissed
which were dismissed on                    **SHOW**
motion of:                              **DOCKET NO.**
☐ U.S. Att'y ☐ Defense

☐ this prosecution relates to a
pending case involving this same
defendant                          **MAGISTRATE**
☐ prior proceedings or appearance(s)    **CASE NO.**
before U.S. Magistrate regarding
this defendant were recorded under

Name and Office of Person
Furnishing Information on     **JOSEPH P. RUSSONIELLO**
THIS FORM
☑ U.S. Att'y ☐ Other U.S. Agency

Name of Asst. U.S. Att'y
(if assigned)     W.S. Wilson Leung

---- Name of District Court, and/or Judge/Magistrate Location ----
NORTHERN DISTRICT OF CALIFORNIA

---- DEFENDANT - U.S. ----

▶ MAURICIO URIAS

DISTRICT COURT NUMBER

---- DEFENDANT ----

### IS *NOT* IN CUSTODY

Has not been arrested, pending outcome this proceeding.
1) ☑ If not detained give date any prior summons
was served on above charges

2) ☐ Is a Fugitive

3) ☐ Is on Bail or Release from (show District)

### IS IN CUSTODY

4) ☐ On this charge

5) ☐ On another conviction
6) ☐ Awaiting trial on other charges     } ☐ Fed'l ☐ State

If answer to (6) is "Yes", show name of institution

Has detainer     ☐ Yes     If "Yes"
been filed?      ☐ No      give date
filed

**DATE OF**        Month/Day/Year
**ARREST**  ▶

Or... if Arresting Agency & Warrant were not

**DATE TRANSFERRED** ▶     Month/Day/Year
**TO U.S. CUSTODY**

☐ This report amends AO 257 previously submitted

---- ADDITIONAL INFORMATION OR COMMENTS ----

PROCESS:
☐ SUMMONS ☐ NO PROCESS*  ☑ WARRANT     Bail Amount: No bail

If Summons, complete following:
☐ Arraignment ☐ Initial Appearance     *Where defendant previously apprehended on complaint, no new summons
or warrant needed, since Magistrate has scheduled arraignment
Defendant Address:

Date/Time:

Before Judge:

Comments:

## MAURICIO URIAS, a/k/a Puppet"

Count One: Racketeering Conspiracy (18 U.S.C. § 1962(d))
Maximum term of life imprisonment
Maximum term of 5 years' supervised release
Maximum fine of the greatest of either: (a) $250,000; (b) twice the gross pecuniary gain
to the defendant; or (c) twice the gross pecuniary loss inflicted on another
Mandatory special assessment of $100

Count Two: Conspiracy to Commit Murder in Aid of Racketeering (18 U.S.C. § 1959(a)(5))
Maximum term of 10 years' imprisonment
Maximum term of 3 years' supervised release
Maximum fine of the greatest of either: (a) $250,000; (b) twice the gross pecuniary gain
to the defendant; or (c) twice the gross pecuniary loss inflicted on another
Mandatory special assessment of $100

Count Three: Conspiracy to Commit Assault with a Dangerous Weapon in Aid of
Racketeering (18 U.S.C. § 1959(a)(6))
Maximum term of 3 years' imprisonment
Maximum term of 3 years' supervised release
Maximum fine of the greatest of either: (a) $250,000; (b) twice the gross pecuniary gain
to the defendant; or (c) twice the gross pecuniary loss inflicted on another
Mandatory special assessment of $100

Count Four: Use/Possession of Firearm in Furtherance of Crime of Violence (18 U.S.C. §§
924(c) & 2)
Maximum term of life imprisonment
Mandatory minimum term of 5, 7, or 10 years' imprisonment, to be imposed consecutive
to any other term of imprisonment
Maximum term of supervised release of 5 years
Maximum fine of the greatest of either: (a) $250,000; (b) twice the gross pecuniary gain
to the defendant; or (c) twice the gross pecuniary loss inflicted on another
Mandatory special assessment of $100

Count Twenty-Six: Conspiracy to Distribute/Possess with Intent to Distribute 50 Grams or
More of Actual Methamphetamine and a Quantity of Cocaine (21 U.S.C. § 846 and
841(b)(1)(A))
Maximum term of life imprisonment
Mandatory minimum term of 10 years' imprisonment
Maximum term of supervised release of life
Mandatory minimum term of 5 years' supervised release
Maximum fine of the greatest of either: (a) $4 million; (b) twice the gross pecuniary gain
to the defendant; or (c) twice the gross pecuniary loss inflicted on another
Mandatory special assessment of $100

Counts Twenty-Seven, Twenty-Eight, Twenty-Nine, Thirty: Distribution/Possession with
Intent to Distribute 5 Grams or More of Actual Methamphetamine (21 U.S.C. §§ 841(a)(1) &
(b)(1)(B), and 18 U.S.C. § 2)

For *each* count:

Maximum term of 40 years' imprisonment

Mandatory minimum term of 5 years' imprisonment

Maximum term of supervised release of life

Mandatory minimum term of 4 years' supervised release

Maximum fine of the greatest of either: (a) $2 million; (b) twice the gross pecuniary gain
to the defendant; or (c) twice the gross pecuniary loss inflicted on another

Mandatory special assessment of $100

Counts Thirty-One, Thirty-Two, Thirty-Three, and Thirty-Four: Distribution/Possession with
Intent to Distribute a Quantity of Cocaine (21 U.S.C. §§ 841(a)(1) & (b)(1)(C), and 18
U.S.C. § 2)

For *each* count:

Maximum term of 20 years' imprisonment

Maximum term of supervised release of life

Mandatory minimum term of 3 years' supervised release

Maximum fine of the greatest of either: (a) $1 million; (b) twice the gross pecuniary gain
to the defendant; or (c) twice the gross pecuniary loss inflicted on another

Mandatory special assessment of $100

AO 257 (Rev. 6/78)

| **DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT** | |

BY: ☐ COMPLAINT ☐ INFORMATION ☑ INDICTMENT
☐ SUPERSEDING

─── **OFFENSE CHARGED** ───

See attached

☐ Petty
☐ Minor
☐ Misde-meanor
☑ Felony

PENALTY:
See attached

███████████████

─── **PROCEEDING** ───
Name of Complaintant Agency, or Person (&Title, if any)
Special Agent Christopher Merendino, Dept. of Homeland Security/ICE

☐ person is awaiting trial in another Federal or State Court, give name of court

☐ this person/proceeding is transferred from another district per (circle one) FRCrP 20, 21 or 40. Show District

☐ this is a reprosecution of charges previously dismissed which were dismissed on   **SHOW**
motion of:   **DOCKET NO.**
  ☐ U.S. Att'y ☐ Defense
☐ this prosecution relates to a pending case involving this same defendant   **MAGISTRATE**
☐ prior proceedings or appearance(s)   **CASE NO.**
before U.S. Magistrate regarding
this defendant were recorded under

Name and Office of Person
Furnishing Information on   **JOSEPH P. RUSSONIELLO**
THIS FORM
  ☑ U.S. Att'y ☐ Other U.S. Agency

Name of Asst. U.S. Att'y
(if assigned)   W.S. Wilson Leung

───────────────────────

Name of District Court, and/or Judge/Magistrate Location
NORTHERN DISTRICT OF CALIFORNIA

**DEFENDANT - U.S.**

JUDITH SOSA

DISTRICT COURT NUMBER

─── **DEFENDANT** ───

**IS *NOT* IN CUSTODY**
  Has not been arrested, pending outcome this proceeding.
1) ☑ If not detained give date any prior summons was served on above charges

2) ☐ Is a Fugitive

3) ☐ Is on Bail or Release from (show District)

**IS IN CUSTODY**
4) ☐ On this charge

5) ☐ On another conviction
6) ☐ Awaiting trial on other charges   ☐ Fed'l ☐ State

If answer to (6) is "Yes", show name of institution

Has detainer   ☐ Yes   If "Yes"
been filed?   ☐ No   give date filed

**DATE OF ARREST**   Month/Day/Year

Or... if Arresting Agency & Warrant were not

**DATE TRANSFERRED TO U.S. CUSTODY**   Month/Day/Year

☐ This report amends AO 257 previously submitted

─── **ADDITIONAL INFORMATION OR COMMENTS** ───

PROCESS:
  ☐ SUMMONS ☐ NO PROCESS* ☑ WARRANT   Bail Amount: No bail

If Summons, complete following:
  ☐ Arraignment ☐ Initial Appearance   *Where defendant previously apprehended on complaint, no new summons or warrant needed, since Magistrate has scheduled arraignment
  Defendant Address:

Date/Time:

Before Judge:

Comments:

## JUDITH SOSA, a/k/a "J-Dubbs"

Count Twenty-Six: Conspiracy to Distribute/Possess with Intent to Distribute 50 Grams or More of Actual Methamphetamine (21 U.S.C. § 846 and 841(b)(1)(A))

Maximum term of life imprisonment

Mandatory minimum term of 10 years' imprisonment

Maximum term of supervised release of life

Mandatory minimum term of 5 years' supervised release

Maximum fine of the greatest of either: (a) $4 million; (b) twice the gross pecuniary gain to the defendant; or (c) twice the gross pecuniary loss inflicted on another

Mandatory special assessment of $100

Counts Twenty-Seven, Twenty-Eight, Twenty-Nine, and Thirty: Distribution/Possession with Intent to Distribute 5 Grams or More of Actual Methamphetamine (21 U.S.C. §§ 841(a)(1) & (b)(1)(B), and 18 U.S.C. § 2)

For *each* count:

Maximum term of 40 years' imprisonment

Mandatory minimum term of 5 years' imprisonment

Maximum term of supervised release of life

Mandatory minimum term of 4 years' supervised release

Maximum fine of the greatest of either: (a) $2 million; (b) twice the gross pecuniary gain to the defendant; or (c) twice the gross pecuniary loss inflicted on another

Mandatory special assessment of $100

AO 257 (Rev. 6/78)

## DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT

BY: ☐ COMPLAINT ☐ INFORMATION ☑ INDICTMENT
☐ SUPERSEDING

────── OFFENSE CHARGED ──────

See attached

☐ Petty
☐ Minor
☐ Misde-
   meanor
☑ Felony

PENALTY:
See attached

────── PROCEEDING ──────

Name of Complaintant Agency, or Person (&Title, if any)
Special Agent Christopher Merendino, Dept. of Homeland Security/ICE

☐ person is awaiting trial in another Federal or State
   Court, give name of court

☐ this person/proceeding is transferred from another
   district per (circle one) FRCrP 20, 21 or 40. Show
   District

☐ this is a reprosecution of
   charges previously dismissed
   which were dismissed on
   motion of:
   ☐ U.S. Att'y ☐ Defense      } SHOW DOCKET NO.

☐ this prosecution relates to a
   pending case involving this same
   defendant

☐ prior proceedings or appearance(s)
   before U.S. Magistrate regarding
   this defendant were recorded under } MAGISTRATE CASE NO.

Name and Office of Person
Furnishing Information on
THIS FORM           **JOSEPH P. RUSSONIELLO**

☑ U.S. Att'y ☐ Other U.S. Agency

Name of Asst. U.S. Att'y
(if assigned)    W.S. Wilson Leung

────────────────────────

Name of District Court, and/or Judge/Magistrate Location
NORTHERN DISTRICT OF CALIFORNIA

**FILED**

DEFENDANT - U.S.

OCT 16 2008

JOHN LACSAMAN BRIEZ

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

DISTRICT COURT NUMBER

**CR 08    0730**

**WHA**

────── DEFENDANT ──────

**IS _NOT_ IN CUSTODY**
   Has not been arrested, pending outcome this proceeding.
1) ☑ If not detained give date any prior summons
      was served on above charges

2) ☐ Is a Fugitive

3) ☐ Is on Bail or Release from (show District)

────────────────────────

**IS IN CUSTODY**

4) ☐ On this charge

5) ☐ On another conviction
6) ☐ Awaiting trial on other     } ☐ Fed'l ☐ State
      charges
      If answer to (6) is "Yes", show name of institution

Has detainer     ☐ Yes    } If "Yes"
been filed?      ☐ No      } give date
                              filed

DATE OF           Month/Day/Year
ARREST

Or... if Arresting Agency & Warrant were not

DATE TRANSFERRED    Month/Day/Year
TO U.S. CUSTODY

☐ This report amends AO 257 previously submitted

────── ADDITIONAL INFORMATION OR COMMENTS ──────

PROCESS:
☐ SUMMONS ☐ NO PROCESS*    ☑ WARRANT    Bail Amount: No bail

If Summons, complete following:
☐ Arraignment ☐ Initial Appearance    *Where defendant previously apprehended on complaint, no new summons
Defendant Address:                      or warrant needed, since Magistrate has scheduled arraignment

Date/Time:

Before Judge:

Comments:

**JOHN LACSAMAN BRIEZ**

Count Twenty-Six: Conspiracy to Distribute/Possess with Intent to Distribute 50 Grams or
More of Actual Methamphetamine (21 U.S.C. § 846 and 841(b)(1)(A))

Maximum term of life imprisonment

Mandatory minimum term of 10 years' imprisonment

Maximum term of supervised release of life

Mandatory minimum term of 5 years' supervised release

Maximum fine of the greatest of either: (a) $4 million; (b) twice the gross pecuniary gain
to the defendant; or (c) twice the gross pecuniary loss inflicted on another

Mandatory special assessment of $100

Counts Twenty-Seven, Twenty-Eight, and Thirty: Distribution/Possession with Intent to
Distribute 5 Grams or More of Actual Methamphetamine (21 U.S.C. §§ 841(a)(1) &
(b)(1)(B), and 18 U.S.C. § 2)

For *each* count:

Maximum term of 40 years' imprisonment

Mandatory minimum term of 5 years' imprisonment

Maximum term of supervised release of life

Mandatory minimum term of 4 years' supervised release

Maximum fine of the greatest of either: (a) $2 million; (b) twice the gross pecuniary gain
to the defendant; or (c) twice the gross pecuniary loss inflicted on another

Mandatory special assessment of $100

AO 257 (Rev. 6/78)

## DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT

BY: ☐ COMPLAINT ☐ INFORMATION ☑ INDICTMENT
☐ SUPERSEDING

--- OFFENSE CHARGED ---

See attached

☐ Petty
☐ Minor
☐ Misde-
    meanor
☑ Felony

PENALTY:
See attached

--- PROCEEDING ---

Name of Complaintant Agency, or Person (&Title, if any)
Special Agent Christopher Merendino, Dept. of Homeland Security/ICE

☐ person is awaiting trial in another Federal or State Court, give name of court

☐ this person/proceeding is transferred from another district per (circle one) FRCrP 20, 21 or 40. Show District

☐ this is a reprosecution of charges previously dismissed which were dismissed on motion of:
   ☐ U.S. Att'y ☐ Defense

**SHOW DOCKET NO.**

☐ this prosecution relates to a pending case involving this same defendant

☐ prior proceedings or appearance(s) before U.S. Magistrate regarding this defendant were recorded under

**MAGISTRATE CASE NO.**

Name and Office of Person
Furnishing Information on
THIS FORM

**JOSEPH P. RUSSONIELLO**

☑ U.S. Att'y ☐ Other U.S. Agency

Name of Asst. U.S. Att'y
(if assigned) W.S. Wilson Leung

---

Name of District Court, and/or Judge/Magistrate Location
NORTHERN DISTRICT OF CALIFORNIA

DEFENDANT - U.S.

JOSE ANTUNEZ

DISTRICT COURT NUMBER

--- DEFENDANT ---

**IS *NOT* IN CUSTODY**

Has not been arrested, pending outcome this proceeding.
1) ☑ If not detained give date any prior summons was served on above charges

2) ☐ Is a Fugitive

3) ☐ Is on Bail or Release from (show District)

**IS IN CUSTODY**

4) ☐ On this charge

5) ☐ On another conviction

6) ☐ Awaiting trial on other charges } ☐ Fed'l ☐ State

If answer to (6) is "Yes", show name of institution

Has detainer been filed? ☐ Yes ☐ No } If "Yes" give date filed

**DATE OF ARREST** Month/Day/Year

Or... if Arresting Agency & Warrant were not

**DATE TRANSFERRED TO U.S. CUSTODY** Month/Day/Year

☐ This report amends AO 257 previously submitted

--- ADDITIONAL INFORMATION OR COMMENTS ---

PROCESS:
☐ SUMMONS ☐ NO PROCESS* ☑ WARRANT Bail Amount: No bail

If Summons, complete following:
☐ Arraignment ☐ Initial Appearance
Defendant Address:

*Where defendant previously apprehended on complaint, no new summons or warrant needed, since Magistrate has scheduled arraignment

Date/Time:

Before Judge:

Comments:

**JOSE ANTUNEZ, a/k/a "Fino"**

Count Thirty-Five: Distribution/Possession with Intent to Distribute Controlled Substance
(21 U.S.C. §§ 841(a)(1) & (b)(1)(C), and 18 U.S.C. § 2)

Maximum term of 20 years' imprisonment

Maximum term of supervised release of life

Mandatory minimum term of 3 years' supervised release

Maximum fine of the greatest of either: (a) $1 million; (b) twice the gross pecuniary gain
to the defendant; or (c) twice the gross pecuniary loss inflicted on another

Mandatory special assessment of $100

AO 257 (Rev. 6/78)

## DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT

BY: ☐ COMPLAINT ☐ INFORMATION ☑ INDICTMENT
☐ SUPERSEDING

**Name of District Court, and/or Judge/Magistrate Location**
NORTHERN DISTRICT OF CALIFORNIA

─ OFFENSE CHARGED ─

See attached

☐ Petty
☐ Minor
☐ Misde-
    meanor
☑ Felony

PENALTY:
See attached

─ DEFENDANT - U.S. ─

RENE MONTES-MAYORGA

DISTRICT COURT NUMBER

─ PROCEEDING ─
**Name of Complaintant Agency, or Person (&Title, if any)**
Special Agent Christopher Merendino, Dept. of Homeland Security/ICE

☐ person is awaiting trial in another Federal or State Court, give name of court

☐ this person/proceeding is transferred from another district per (circle one) FRCrP 20, 21 or 40. Show District

☐ this is a reprosecution of charges previously dismissed which were dismissed on motion of: **SHOW DOCKET NO.**
    ☐ U.S. Att'y ☐ Defense

☐ this prosecution relates to a pending case involving this same defendant

☐ prior proceedings or appearance(s) before U.S. Magistrate regarding this defendant were recorded under **MAGISTRATE CASE NO.**

Name and Office of Person
Furnishing Information on
THIS FORM **JOSEPH P. RUSSONIELLO**
☑ U.S. Att'y ☐ Other U.S. Agency

Name of Asst. U.S. Att'y
(if assigned) W.S. Wilson Leung

─ DEFENDANT ─

**IS *NOT* IN CUSTODY**

1) ☑ Has not been arrested, pending outcome this proceeding.
       If not detained give date any prior summons was served on above charges

2) ☐ Is a Fugitive

3) ☐ Is on Bail or Release from (show District)

**IS IN CUSTODY**

4) ☐ On this charge

5) ☐ On another conviction

6) ☐ Awaiting trial on other charges } ☐ Fed'l ☐ State

If answer to (6) is "Yes", show name of institution

Has detainer been filed? ☐ Yes ☐ No } If "Yes" give date filed

**DATE OF ARREST** Month/Day/Year

Or... if Arresting Agency & Warrant were not

**DATE TRANSFERRED TO U.S. CUSTODY** Month/Day/Year

☐ This report amends AO 257 previously submitted

─ ADDITIONAL INFORMATION OR COMMENTS ─

PROCESS:
☐ SUMMONS ☐ NO PROCESS* ☑ WARRANT Bail Amount: No bail

If Summons, complete following:
☐ Arraignment ☐ Initial Appearance

*Where defendant previously apprehended on complaint, no new summons or warrant needed, since Magistrate has scheduled arraignment

Defendant Address:

Date/Time: _____

Before Judge: _____

Comments: _____

**RENE MONTES-MAYORGA, a/k/a "Negro"**

Count Thirty-Six: Engaging in the Unlicensed Business of Firearms Dealing (18 U.S.C. §§ 922(a)(1)(A) and 2)

Maximum term of 5 years' imprisonment

Maximum term of 3 years' supervised release

Maximum fine of the greatest of either: (a) $250,000; (b) twice the gross pecuniary gain to the defendant; or (c) twice the gross pecuniary loss inflicted on another

Mandatory special assessment of $100

Count Thirty-Seven: Alien in Possession of Firearm (18 U.S.C. § 922(g)(5))

Maximum term of 10 years' imprisonment

Maximum term of 3 years' supervised release

Maximum fine of the greatest of either: (a) $250,000; (b) twice the gross pecuniary gain to the defendant; or (c) twice the gross pecuniary loss inflicted on another

Mandatory special assessment of $100

AO 257 (Rev. 6/78)

## DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT

BY: ☐ COMPLAINT ☐ INFORMATION ☑ INDICTMENT
☐ SUPERSEDING

─── OFFENSE CHARGED ───

See attached
☐ Petty
☐ Minor
☐ Misde-
meanor
☑ Felony

PENALTY:
See attached

─── PROCEEDING ───
Name of Complaintant Agency, or Person (&Title, if any)
Special Agent Christopher Merendino, Dept. of Homeland Security/ICE

☐ person is awaiting trial in another Federal or State
Court, give name of court

☐ this person/proceeding is transferred from another
district per (circle one) FRCrP 20, 21 or 40. Show
District

☐ this is a reprosecution of
charges previously dismissed
which were dismissed on
motion of:
☐ U.S. Att'y ☐ Defense
**SHOW
DOCKET NO.**

☐ this prosecution relates to a
pending case involving this same
defendant
☐ prior proceedings or appearance(s)
before U.S. Magistrate regarding
this defendant were recorded under
**MAGISTRATE
CASE NO.**

Name and Office of Person
Furnishing Information on
THIS FORM **JOSEPH P. RUSSONIELLO**
☑ U.S. Att'y ☐ Other U.S. Agency

Name of Asst. U.S. Att'y
(if assigned) W.S. Wilson Leung

─── Name of District Court, and/or Judge/Magistrate Location ───
NORTHERN DISTRICT OF CALIFORNIA

─── DEFENDANT - U.S. ───
RODIL NOCHEZ

DISTRICT COURT NUMBER

─── DEFENDANT ───

**IS *NOT* IN CUSTODY**
1) ☑ Has not been arrested, pending outcome this proceeding.
If not detained give date any prior summons
was served on above charges

2) ☐ Is a Fugitive

3) ☐ Is on Bail or Release from (show District)

**IS IN CUSTODY**
4) ☐ On this charge

5) ☐ On another conviction
6) ☐ Awaiting trial on other charges } ☐ Fed'l ☐ State

If answer to (6) is "Yes", show name of institution

Has detainer ☐ Yes } If "Yes"
been filed? ☐ No } give date
filed

**DATE OF
ARREST** Month/Day/Year

Or... if Arresting Agency & Warrant were not

**DATE TRANSFERRED
TO U.S. CUSTODY** Month/Day/Year

☐ This report amends AO 257 previously submitted

─── ADDITIONAL INFORMATION OR COMMENTS ───

PROCESS:
☐ SUMMONS ☐ NO PROCESS* ☑ WARRANT Bail Amount: No bail

If Summons, complete following:
☐ Arraignment ☐ Initial Appearance
Defendant Address:

*Where defendant previously apprehended on complaint, no new summons
or warrant needed, since Magistrate has scheduled arraignment

Date/Time:

Before Judge:

Comments:

**RODIL NOCHEZ, a/k/a "Chino," a/k/a "Nieto"**

Counts Forty-Two, Forty-Three, Forty-Four, Forty-Eight, Forty-Nine, Fifty, Fifty-One, and Fifty-Two: Attempted Exportation of Stolen Vehicle (18 U.S.C. §§ 553(a) & 2)
   For *each* count:
   Maximum term of 10 years' imprisonment
   Maximum term of 3 years' supervised release
   Maximum fine of the greatest of either: (a) $250,000; (b) twice the gross pecuniary gain to the defendant; or (c) twice the gross pecuniary loss inflicted on another
   Mandatory special assessment of $100

## DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT

BY: ☐ COMPLAINT ☐ INFORMATION ☑ INDICTMENT
☐ SUPERSEDING

### OFFENSE CHARGED

See attached

☐ Petty
☐ Minor
☐ Misde-
   meanor
☑ Felony

PENALTY:
See attached

### PROCEEDING

Name of Complaintant Agency, or Person (&Title, if any)
Special Agent Christopher Merendino, Dept. of Homeland Security/ICE

☐ person is awaiting trial in another Federal or State
Court, give name of court

☐ this person/proceeding is transferred from another
district per (circle one) FRCrP 20, 21 or 40. Show
District

☐ this is a reprosecution of
charges previously dismissed
which were dismissed on
motion of:                    **SHOW**
  ☐ U.S. Att'y ☐ Defense      **DOCKET NO.**
☐ this prosecution relates to a
pending case involving this same
defendant                     **MAGISTRATE**
☐ prior proceedings or appearance(s)  **CASE NO.**
before U.S. Magistrate regarding
this defendant were recorded under

Name and Office of Person
Furnishing Information on      **JOSEPH P. RUSSONIELLO**
THIS FORM
         ☑ U.S. Att'y ☐ Other U.S. Agency

Name of Asst. U.S. Att'y
(if assigned)    W.S. Wilson Leung

---

Name of District Court, and/or Judge/Magistrate Location
NORTHERN DISTRICT OF CALIFORNIA

DEFENDANT - U.S.

DANIEL GONZALEZ

DISTRICT COURT NUMBER

## CR 08        0730

### DEFENDANT

**IS *NOT* IN CUSTODY**                    **WHA**
Has not been arrested, pending outcome this proceeding.
1) ☑  If not detained give date any prior summons
        was served on above charges

2) ☐  Is a Fugitive

3) ☐  Is on Bail or Release from (show District)

---

**IS IN CUSTODY**

4) ☐  On this charge

5) ☐  On another conviction
6) ☐  Awaiting trial on other  } ☐ Fed'l ☐ State
        charges
        If answer to (6) is "Yes", show name of Institution

Has detainer   ☐ Yes   If "Yes"
been filed?    ☐ No    give date
                       filed

**DATE OF**    Month/Day/Year
**ARREST**

Or... if Arresting Agency & Warrant were not
                              Month/Day/Year
**DATE TRANSFERRED**
**TO U.S. CUSTODY**

☐ This report amends AO 257 previously submitted

---

### ADDITIONAL INFORMATION OR COMMENTS

PROCESS:
☐ SUMMONS ☐ NO PROCESS* ☑ WARRANT  Bail Amount: No bail

If Summons, complete following:
☐ Arraignment ☐ Initial Appearance    *Where defendant previously apprehended on complaint, no new summons
Defendant Address:                      or warrant needed, since Magistrate has scheduled arraignment

                           Date/Time:

                           Before Judge:

Comments:

## DANIEL GONZALEZ, a/k/a "D"

Counts Forty-Two, Forty-Three, Forty-Four, Forty-Eight, Forty-Nine, Fifty, Fifty-One, and Fifty-Two: Attempted Exportation of Stolen Vehicle (18 U.S.C. §§ 553(a) & 2)

For *each* count:

Maximum term of 10 years' imprisonment

Maximum term of 3 years' supervised release

Maximum fine of the greatest of either: (a) $250,000; (b) twice the gross pecuniary gain to the defendant; or (c) twice the gross pecuniary loss inflicted on another

Mandatory special assessment of $100

AO 257 (Rev. 6/78)

## DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT

BY: ☐ COMPLAINT  ☐ INFORMATION  ☑ INDICTMENT
☐ SUPERSEDING

**Name of District Court, and/or Judge/Magistrate Location**
NORTHERN DISTRICT OF CALIFORNIA

### OFFENSE CHARGED

See attached

☐ Petty
☐ Minor
☐ Misde-
    meanor
☑ Felony

PENALTY:
See attached

**DEFENDANT - U.S.**

► MARLON LUMANG

DISTRICT COURT NUMBER

**CR 08    0730**

### PROCEEDING

Name of Complaintant Agency, or Person (&Title, if any)
Special Agent Christopher Merendino, Dept. of Homeland Security/ICE

☐ person is awaiting trial in another Federal or State
    Court, give name of court

☐ this person/proceeding is transferred from another
    district per (circle one) FRCrP 20, 21 or 40. Show
    District

☐ this is a reprosecution of
    charges previously dismissed
    which were dismissed on
    motion of:                          **SHOW**
    ☐ U.S. Att'y ☐ Defense    **DOCKET NO.**

☐ this prosecution relates to a
    pending case involving this same
    defendant                           **MAGISTRATE**
☐ prior proceedings or appearance(s)   **CASE NO.**
    before U.S. Magistrate regarding
    this defendant were recorded under ►

Name and Office of Person
Furnishing Information on      **JOSEPH P. RUSSONIELLO**
    THIS FORM
                        ☑ U.S. Att'y ☐ Other U.S. Agency

Name of Asst. U.S. Att'y
(if assigned)      W.S. Wilson Leung

### DEFENDANT

**IS NOT IN CUSTODY**
   Has not been arrested, pending outcome this proceeding.
1) ☐ If not detained give date any prior summons
      was served on above charges

2) ☐ Is a Fugitive

3) ☐ Is on Bail or Release from (show District)

**IS IN CUSTODY**

4) ☐ On this charge

5) ☐ On another conviction
6) ☑ Awaiting trial on other          }  ☐ Fed'l ☑ State
      charges

If answer to (6) is "Yes", show name of institution

San Mateo County Jail   Redwood City, CA

Has detainer      ☐ Yes    If "Yes"
been filed?       ☐ No     give date
                           filed

**DATE OF**                 Month/Day/Year
**ARREST**

Or... if Arresting Agency & Warrant were not

**DATE TRANSFERRED**        Month/Day/Year
**TO U.S. CUSTODY**

☐ This report amends AO 257 previously submitted

### ADDITIONAL INFORMATION OR COMMENTS

PROCESS:
☐ SUMMONS ☐ NO PROCESS* ☑ WARRANT    Bail Amount: No bail

   If Summons, complete following:
   ☐ Arraignment ☐ Initial Appearance    *Where defendant previously apprehended on complaint, no new summons
   Defendant Address:                     or warrant needed, since Magistrate has scheduled arraignment

                                          Date/Time:

                                          Before Judge:

   Comments:

## MARLON LUMANG

Counts Thirty-Eight and Forty: Attempted Exportation of Stolen Vehicle (18 U.S.C. §§ 553(a) & 2)

For *each* count:

Maximum term of 10 years' imprisonment

Maximum term of 3 years' supervised release

Maximum fine of the greatest of either: (a) $250,000; (b) twice the gross pecuniary gain to the defendant; or (c) twice the gross pecuniary loss inflicted on another

Mandatory special assessment of $100

# United States District Court

FOR THE

## NORTHERN DISTRICT OF CALIFORNIA

### VENUE: SAN FRANCISCO

## CR 08 ─ 0730

UNITED STATES OF AMERICA,

**WHA**

V.

IVAN CERNA, a/k/a "Tigre;"  MARVIN CARCAMO, a/k/a "Cyco," "Psycho," "Syco;"
ANGEL NOEL GUEVARA, a/k/a "Peloncito;"   MORIS FLORES, a/k/a "Slow, "Slow Pain;"
GUILLERMO HERRERA, a/k/a "Shorty,""Sparky;"   JONATHAN CRUZ-RAMIREZ,a/k/a "Soldado;"
WALTER CRUZ-ZAVALA, a/k/a "Sombra;"   WALTER PALMA, a/k/a "Kapone," "Capon;"
DANIEL PORTILLO, a/k/a "Rustin,""Rooster;"  ERICK LOPEZ,a/k/a "Spooky;"
CARLOS GARRIDO, a/k/a "Tweety;"   WALTER CHINCHILLA-LINAR, a/k/a "Demonio;"
CESAR ALVARADO, a/k/a "Momia;"   ABRAHAM MARTINEZ, a/k/a "Goofy;"
JOSE ALVARADO, a/k/a "Joker;"   DOUGLAS LARGAESPADA, a/k/a "Droopy;"
WILBERT CASTILLO,a/k/a "Cypress;"   JOSE QUINTEROS, a/k/a "Fantasma;"
MELVIN MALDONADO, a/k/a "Estrano,""Stranger;"  MANUEL FRANCO, a/k/a "Dreamer;"
RODRIGO MOLINA, a/k/a "Lil Payaso," "Payaso;"   MAURICIO URIAS, a/k/a "Puppet;"
JUDITH SOSA, a/k/a "J-Dubbs;"   JOHN LACSAMANA BRIEZ;
JOSE ANTUNEZ, a/k/a "Fino;"   RENE MONTES-MAYORGA, a/k/a "Negro;"
RODIL NOCHEZ, a/k/a "Chino," "Nieto;"   DANIEL GONZALEZ, a/k/a "D;" and
MARLON LUMANG.

### DEFENDANT(S).

## INDICTMENT

18 U.S.C. § 1962(d) — RICO conspiracy

18 U.S.C. § 1959 — Violent Crimes in Aid of Racketeering

18 U.S.C. § 924(c) — Use/Possession of Firearm in Furtherance of Crime of Violence

21 U.S.C. § 846 — Conspiracy to Distribute/Possess with Intent to Distribute Controlled Substance

21 U.S.C. § 841(a)(1), (b)(1)(B) and (b)(1)(c) — Distribution/Possession with Intent to Distribute Controlled Substance

18 U.S.C. § 922(a)(1) — Unlicensed Firearms Dealing

18 U.S.C. § 922(g)(5) — Alien in Possession of Firearm

18 U.S.C. § 553(a) — Attempted Exportation of Stolen Vehicle

18 U.S.C. § 2 — Aiding & Abetting

_INDICT_

A true bill.

_____
Foreman

Filed in open court this _16_ day of _OCTOBER_ _2008_

**BETTY FONG**

_____
EDWARD M. CHEN   Clerk
UNITED STATES MAGISTRATE JUDGE

Re-process :   Bail, $ _____
Attached list of Defendants — N, Bail warrants   (20 defendants)
O Press — no process   (9 Defendants)

Attachment to
Indictment
Face Sheet Arrest
Warrants

20

(1) IVAN CERNA,
      a/k/a "Tigre,"
(2) MARVIN CARCAMO,
      a/k/a "Cyco,"
      a/k/a "Psycho,"
      a/k/a "Syco,"
(3) ANGEL NOEL GUEVARA,
      a/k/a "Peloncito,"
(4) MORIS FLORES,
      a/k/a "Slow,"
      a/k/a "Slow Pain,"
(7) WALTER CRUZ-ZAVALA,
      a/k/a "Sombra,"
(9) DANIEL PORTILLO,
      a/k/a "Rustin,"
      a/k/a "Rooster,"
(12) WALTER CHINCHILLA-LINAR,
      a/k/a "Demonio,"
(17) WILBERT CASTILLO,
      a/k/a "Cypress,"
(18) JOSE QUINTEROS,
      a/k/a "Fantasma,"
(19) MELVIN MALDONADO,
      a/k/a "Estrano,"
      a/k/a "Stranger,"
(20) MANUEL FRANCO,
      a/k/a "Dreamer,"
(21) RODRIGO MOLINA,
      a/k/a "Lil Payaso,"
      a/k/a "Payaso,"
(22) MAURICIO URIAS,
      a/k/a "Puppet,"
(23) JUDITH SOSA,
      a/k/a "J-Dubbs,"
(24) JOHN LACSAMANA BRIEZ,
(25) JOSE ANTUNEZ,
      a/k/a "Fino,"
(26) RENE MONTES-MAYORGA,
      a/k/a "Negro,"
(27) RODIL NOCHEZ,
      a/k/a "Chino,"
      a/k/a "Nieto,"
(28) DANIEL GONZALEZ,
      a/k/a "D," and
(29) MARLON LUMANG,



JOSEPH P. RUSSONIELLO (CABN 44332)
United States Attorney

FILED
08 OCT 16 PM 4: 52
RICHARD W. WIEKING
CLERK U.S. DISTRICT COURT
NORTHERN DIST. OF CALIFORNIA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| UNITED STATES OF AMERICA, | ) | **CR 08 0730** |
|---|---|---|
| | ) | Criminal No: |
| v. | ) | |
| | ) | VIOLATIONS: **WHA** |
| (1) IVAN CERNA, | ) | |
| a/k/a "Tigre," | ) | 18 U.S.C. § 1962(d) — RICO conspiracy |
| (2) MARVIN CARCAMO, | ) | |
| a/k/a "Cyco," | ) | 18 U.S.C. § 1959 — Violent Crimes in |
| a/k/a "Psycho," | ) | Aid of Racketeering |
| a/k/a "Syco," | ) | |
| (3) ANGEL NOEL GUEVARA, | ) | 18 U.S.C. § 924(c) — Use/Possession of |
| a/k/a "Peloncito," | ) | Firearm in Furtherance of Crime of |
| (4) MORIS FLORES, | ) | Violence |
| a/k/a "Slow," | ) | |
| a/k/a "Slow Pain," | ) | 21 U.S.C. § 846 — Conspiracy to |
| (5) GUILLERMO HERRERA, | ) | Distribute/Possess with Intent to |
| a/k/a "Shorty," | ) | Distribute Controlled Substance |
| a/k/a "Sparky," | ) | |
| (6) JONATHAN CRUZ-RAMIREZ, | ) | 21 U.S.C. § 841(a)(1), (b)(1)(B) and |
| a/k/a "Soldado," | ) | (b)(1)(c) — Distribution/Possession |
| (7) WALTER CRUZ-ZAVALA, | ) | with Intent to Distribute Controlled |
| a/k/a "Sombra," | ) | Substance |
| (8) WALTER PALMA, | ) | |
| a/k/a "Kapone," | ) | 18 U.S.C. § 922(a)(1) — Unlicensed |
| a/k/a "Capon," | ) | Firearms Dealing |
| (9) DANIEL PORTILLO, | ) | |
| a/k/a "Rustin," | ) | 18 U.S.C. § 922(g)(5) — Alien in |
| a/k/a "Rooster," | ) | Possession of Firearm |
| (10) ERICK LOPEZ, | ) | |
| a/k/a "Spooky," | ) | 18 U.S.C. § 553(a) — Attempted |
| (11) CARLOS GARRIDO, | ) | Exportation of Stolen Vehicle |
| a/k/a "Tweety," | ) | |
| (12) WALTER CHINCHILLA-LINAR, | ) | 18 U.S.C. § 2 — Aiding & Abetting |
| a/k/a "Demonio," | ) | |
| | ) | SAN FRANCISCO VENUE |

1   (13) CESAR ALVARADO, )
        a/k/a "Momia," )
2   (14) ABRAHAM MARTINEZ, )
        a/k/a "Goofy," )
3   (15) JOSE ALVARADO, )
        a/k/a "Joker," )
4   (16) DOUGLAS LARGAESPADA, )
        a/k/a "Droopy," )
5   (17) WILBERT CASTILLO, )
        a/k/a "Cypress," )
6   (18) JOSE QUINTEROS, )
        a/k/a "Fantasma," )
7   (19) MELVIN MALDONADO, )
        a/k/a "Estrano," )
8         a/k/a "Stranger," )
  (20) MANUEL FRANCO, )
9         a/k/a "Dreamer," )
  (21) RODRIGO MOLINA, )
10        a/k/a "Lil Payaso," )
        a/k/a "Payaso," )
11   (22) MAURICIO URIAS, )
        a/k/a "Puppet," )
12   (23) JUDITH SOSA, )
        a/k/a "J-Dubbs," )
13   (24) JOHN LACSAMANA BRIEZ, )
  (25) JOSE ANTUNEZ, )
14         a/k/a "Fino," )
  (26) RENE MONTES-MAYORGA, )
15         a/k/a "Negro," )
  (27) RODIL NOCHEZ, )
16         a/k/a "Chino," )
        a/k/a "Nieto," )
17   (28) DANIEL GONZALEZ, )
        a/k/a "D," and )
18   (29) MARLON LUMANG, )
                 )
19        Defendants. )
                 )

20

21                      INDICTMENT

22   The Grand Jury charges:

23   COUNT ONE:           (18 U.S.C. § 1962(d) — Racketeering Conspiracy)

24   Introduction

25       1.    *La Mara Salvatrucha*, also known as the MS-13 gang (hereafter "MS-13"), is a

26   gang composed primarily of immigrants or descendants of immigrants from El Salvador, with

27   members operating in the State of California, including San Francisco, and throughout the United

28   States. The name "*Mara Salvatrucha*" is a combination of several slang terms. The word

                                  -2-                           INDICTMENT

1 "*Mara*" is the term used in El Salvador for "gang." The phrase "*Salvatrucha*" is a combination
2 of the words "*Salva*," which is an abbreviation for "Salvadoran," and "*trucha*," which is a slang
3 term for the warning "fear us," "look out," or "heads up."

4     2. In the United States, MS-13 originated in Los Angeles, California, where, among
5 other things, MS-13 members engaged in turf wars for the control of drug distribution locations.
6 MS-13 quickly spread to states across the country, including Virginia, Maryland, Tennessee, and
7 North Carolina, as well as other cities in California, including San Francisco, and elsewhere.

8     3. MS-13 is a national and international criminal organization with over 10,000
9 members regularly conducting gang activities in at least twenty states and the District of
10 Columbia, as well as in Mexico, Honduras, Guatemala, and El Salvador. MS-13 is one of the
11 largest street gangs in the United States. Gang members actively recruit members, including
12 juveniles, from communities with a large number of immigrants from El Salvador. Members,
13 however, can also have ethnic heritage from other Central American countries. In the United
14 States, MS-13 has been functioning since at least the 1980s.

15     4. At all times relevant to this Indictment, in order to join MS-13, members were
16 required to complete an initiation process, often referred to as being "jumped in" or "beat in" to
17 the gang. During this initiation, members of MS-13 beat the new member, usually until a gang
18 member finishes counting to thirteen out loud.

19     5. At all times relevant to this Indictment, some members of MS-13 signified their
20 membership by wearing tattoos reading "MARA SALVATRUCHA," "MS," "MS-13," or similar
21 slogans, often written in Gothic lettering. The gang colors of MS-13 are blue, black, and white,
22 and members often wear clothing of these colors bearing the number "13," or with numbers that,
23 when added together, total thirteen, such as "76." Also, MS-13 members from time to time
24 marked their territory or signified their presence through the use of graffiti with the words "MS"
25 or other identifying slogans. More recently, some MS-13 members have more discreetly and less
26 publicly signified their membership by hiding and avoiding such clothing and tattoos in order to
27 avoid detection by law enforcement. MS-13 members refer to one another by their gang names
28 or other nicknames and may not know fellow gang members except by these gang names.

                                 INDICTMENT

6. At all times relevant to the Indictment, members of MS-13 were expected to protect the name, reputation, and status of the gang from rival gang members and other persons. MS-13 members required that all individuals show respect and deference to the gang and its membership. To protect the gang and to enhance its reputation, MS-13 members were expected to use any means necessary to force respect from those who show disrespect, including acts of intimidation and violence. MS-13's creed is exemplified by one of its mottos, "*Mata, roba, viola, controlla,*" which translates in sum and substance to, "Kill, steal, rape, control."

7. At all times relevant to this Indictment, members of MS-13 engaged in criminal activity, including murder, attempted murder, narcotics distribution, assault, robbery, extortion, stealing vehicles, and obstructing justice by threatening and intimidating witnesses that they believed to be cooperating with law enforcement. MS-13 members were required to commit acts of violence to maintain membership and discipline within the gang, including violence against rival gang members or those they perceived to be rival gang members, as well as MS-13 members and associates who violated the gang's rules. As a result of MS-13's frequent use of violence, innocent persons were often injured or killed. Participation in criminal activity by an MS-13 member, particularly violent acts directed at rival gang members or as ordered by the gang leadership, increased the level of respect accorded that member, resulting in that member maintaining or increasing his position in the gang, and possibly resulting in recognition as a leader.

8. At all times relevant to this Indictment, MS-13 was organized in the Northern District of California and elsewhere in "cliques," that is, smaller groups operating in a specific city or region. MS-13 cliques sometimes worked together cooperatively to engage in criminal activity and to assist one another in avoiding detection by law enforcement. The cliques operated under the umbrella rules of MS-13. In the San Francisco Bay Area, these cliques include "20th Street," which has as its geographic epicenter the vicinity of 20th Street and Mission Street in San Francisco, and "*Pasadena Locos Sureños*," or "PLS," which is a clique that originated in the Los Angeles area and which has the city of Richmond as its geographic epicenter in the San Francisco Bay Area. Members of MS-13 in the San Francisco Bay Area often identify

-4- INDICTMENT

themselves as "*Sureños,*" a term that generally encompasses gang members who were born outside the United States and who claim Southern California as their base. The principal, although not the only, rivals to MS-13 in the San Francisco Bay Area are gang members who identify themselves as "*Norteños,*" a term that generally encompasses gang members who were born in the United States and who claim Northern California as their base. Whereas MS-13 and other *Sureño*-affiliated gangs claim blue as their gang color, *Norteños* claim the color red. One of the principal rules of MS-13 is that its members must attack and kill *Norteños* and other rivals whenever possible.

9. At all times relevant to this Indictment, MS-13 members attended gang meetings on a regular basis. Leaders of MS-13 cliques from across California periodically met to discuss gang rules and gang business, to resolve problems or issues involving the cliques, and to unite gang members. In San Francisco, members met to discuss, plan, and report on, among other things: gang organizational issues; illegal activity conducted on behalf of MS-13; acts of violence committed by MS-13 members against rival gang members and others; law enforcement activity against MS-13 members; and purging the gang of those suspected of cooperating with law enforcement. Members from other areas sometimes attended San Francisco MS-13 meetings.

10. The leaders of individual MS-13 cliques are typically called "shot callers" or "*La Palabra.*" Above the "shot callers" are MS-13 leaders, often referred to as the "big homies," some of whom are incarcerated in El Salvador, who convey their orders through, among other means, the use of telephones. The leaders of MS-13 resolve disputes between gang members, address organizational issues, and participate in significant gang decisions such as whether to assault or murder gang members, associates, and other individuals suspected of cooperating with law enforcement.

11. At all times relevant to this Indictment, MS-13 members paid dues that were collected at gang meetings. MS-13 members collected dues for the benefit of, and to be provided to, MS-13 gang members who were imprisoned in the United States, in El Salvador, and elsewhere. MS-13 members in San Francisco transferred funds to MS-13 members incarcerated in prison in El Salvador. MS-13 members also collected dues to buy firearms that they used to

1 | attack rivals and to conduct the affairs of MS-13.

2 | 12. At all times relevant to this Indictment, MS-13 members communicated about
3 | gang activities with other MS-13 members in San Francisco and elsewhere using mobile
4 | telephones, telephone text messages, notes or "kites," and other modes of communication.
5 | Additionally, MS-13 members used transnational and international money wire transfers to
6 | conduct and promote gang activities.

7 | The Racketeering Enterprise

8 | 13. MS-13, including its leadership, members and associates, in the Northern District
9 | of California, El Salvador, and elsewhere, constituted an "enterprise" as defined in Title 18,
10 | United States Code, Section 1961(4), that is, a group of individuals associated in fact. The
11 | enterprise constituted an ongoing organization whose members functioned as a continuing unit
12 | that had a common purpose of achieving the objectives of the enterprise. The enterprise was
13 | engaged in, and its activities affected, interstate and foreign commerce.

14 | Purposes of the Enterprise

15 | 14. The purposes of the MS-13 enterprise included the following:

16 | a. Preserving and protecting the power, territory, reputation, and profits of
17 | the enterprise through the use of intimidation, violence, threats of violence, assaults, and murder;

18 | b. Promoting and enhancing the enterprise and the activities of its members
19 | and associates, including, but not limited to, murder, attempted murder, narcotics trafficking,
20 | theft of vehicles, robberies, extortion, and other criminal activities;

21 | c. Keeping victims, potential victims, and community members in fear of the
22 | enterprise and its members and associates through violence and threats of violence;

23 | d. Providing financial support and information to MS-13 members, including
24 | those incarcerated in the United States and El Salvador; and

25 | e. Providing assistance to other MS-13 members who committed crimes for
26 | and on behalf of the gang, to hinder, obstruct, and prevent law enforcement officers from
27 | identifying the offenders, apprehending the offenders, and successfully prosecuting and
28 | punishing the offenders.

-6-                                                                          INDICTMENT

1 | The Defendants

2       15.     The defendant, IVAN CERNA, a/k/a "Tigre," is one of the more senior members
3 | of MS-13 in the San Francisco Bay Area. CERNA has been a member of MS-13's 20th Street
4 | clique since its inception. For a number of years, CERNA held the leadership of 20th Street.
5 | While the leader of 20th Street, CERNA, among other things, led meetings and directed MS-13
6 | members to do "work," that is, to attack and kill actual and suspected *Norteños*, as well as actual
7 | and suspected members of other gangs. CERNA also counseled MS-13 gang members to
8 | distribute narcotics and to identify and retaliate against individuals who were suspected of
9 | cooperating with law enforcement. CERNA stepped down from his leadership position when
10 | some members of MS-13 expressed dissatisfaction with his leadership of the gang, and CERNA
11 | assumed a lower profile within the gang when he learned that he had attracted the attention of
12 | law enforcement officers. Even so, CERNA remained in contact with members of the gang and
13 | continues to have a prominent role in the conduct of MS-13.

14       16.     The defendants, MARVIN CARCAMO, a/k/a "Cyco," a/k/a "Psycho," a/k/a
15 | "Syco," and ANGEL NOEL GUEVARA, a/k/a "Peloncito," are members of MS-13's 20th Street
16 | clique who succeeded IVAN CERNA, a/k/a "Tigre," to the leadership of 20th Street. Among
17 | other things, CARCAMO and GUEVARA pushed the gang more aggressively to "tax," that is, to
18 | extort money from, less powerful gangs, drug dealers, and other criminals, as well as to attack
19 | and kill actual and suspected *Norteños*, as well as actual and suspected members of other gangs.
20 | CARCAMO and GUEVARA also directed MS-13 gang members to distribute narcotics and to
21 | identify and retaliate against individuals who were suspected of cooperating with law
22 | enforcement. The day-to-day leadership provided by CARCAMO and GUEVARA diminished
23 | when they were each arrested and jailed, but both continue to be engaged in the conduct of MS-
24 | 13 even while incarcerated.

25       17.     The defendant, MORIS FLORES, a/k/a "Slow," a/k/a "Slow Pain," is a member
26 | of MS-13's 20th Street clique who succeeded the defendants, MARVIN CARCAMO, a/k/a
27 | "Cyco," a/k/a "Psycho," a/k/a "Syco," and ANGEL NOEL GUEVARA, a/k/a "Peloncito," as
28 | leader of 20th Street. Among other things, FLORES continued to pursue the agenda set by

1 CARCAMO and GUEVARA, directing MS-13 members to "tax" other gangs, drug dealers, and
2 other criminals, to attack and kill actual and suspected *Norteños*, as well as actual and suspected
3 members of other gangs, to distribute narcotics, and to identify and retaliate against individuals
4 who were suspected of cooperating with law enforcement.

5 18. The defendants, GUILLERMO HERRERA, a/k/a "Shorty," a/k/a "Sparky,"
6 JONATHAN CRUZ-RAMIREZ, a/k/a "Soldado," WALTER CRUZ-ZAVALA, a/k/a "Sombra,"
7 WALTER PALMA, a/k/a "Kapone," a/k/a "Capon," DANIEL PORTILLO, a/k/a "Rustin," a/k/a
8 "Rooster," ERICK LOPEZ, a/k/a "Spooky," WALTER CHINCHILLA-LINAR, a/k/a
9 "Demonio," CESAR ALVARADO, a/k/a "Momia," ABRAHAM MARTINEZ, a/k/a "Goofy,"
10 JOSE ALVARADO, a/k/a "Joker," DOUGLAS LARGAESPADA, a/k/a "Droopy," WILBERT
11 CASTILLO, a/k/a "Cypress," JOSE QUINTEROS, a/k/a "Fantasma," MELVIN MALDONADO,
12 a/k/a "Estrano," a/k/a "Stranger," MANUEL FRANCO, a/k/a "Dreamer," RODRIGO MOLINA,
13 a/k/a "Lil Payaso," a/k/a "Payaso," and MAURICIO URIAS, a/k/a "Puppet," are all members of
14 MS-13's 20th Street clique. The defendant, CARLOS GARRIDO, a/k/a "Tweety," is a member
15 of MS-13's PLS clique. Among other things, as members of MS-13, HERRERA, CRUZ-
16 RAMIREZ, CRUZ-ZAVALA, PALMA, PORTILLO, LOPEZ, GARRIDO, CHINCHILLA-
17 LINAR, CESAR ALVARADO, MARTINEZ, JOSE ALVARADO, LARGAESPADA,
18 CASTILLO, QUINTEROS, MALDONADO, FRANCO, MOLINA, and URIAS discussed and
19 agreed to "tax" other gangs, drug dealers, and other criminals, to attack and kill actual and
20 suspected *Norteños*, as well as actual and suspected members of other gangs, to distribute
21 narcotics, and to identify and retaliate against individuals who were suspected of cooperating
22 with law enforcement.

23 19. The defendants, who encompass both the membership and the leadership of MS-
24 13, acted individually, with each other, and also with non-member MS-13 associates in the
25 commission of racketeering activities and other criminal conduct.

26 //
27 //
28 //

1 | The Racketeering Conspiracy

2        20.      Beginning on a date unknown to the Grand Jury but since at least the late 1990s,

3 | and continuing up through and including the present, in the Northern District of California and

4 | elsewhere, the defendants

5 |                         IVAN CERNA, a/k/a "Tigre,"

6 |           MARVIN CARCAMO, a/k/a "Cyco," a/k/a "Psycho," a/k/a "Syco,"

7 |                    ANGEL NOEL GUEVARA, a/k/a "Peloncito,"

8 |                  MORIS FLORES, a/k/a "Slow," a/k/a "Slow Pain,"

9 |           GUILLERMO HERRERA, a/k/a "Shorty," a/k/a "Sparky,"

10 |              JONATHAN CRUZ-RAMIREZ, a/k/a "Soldado,"

11 |                  WALTER CRUZ-ZAVALA, a/k/a "Sombra,"

12 |             WALTER PALMA, a/k/a "Kapone," a/k/a "Capon,"

13 |           DANIEL PORTILLO, a/k/a "Rustin," a/k/a "Rooster,"

14 |                      ERICK LOPEZ, a/k/a "Spooky,"

15 |                      CARLOS GARRIDO, a/k/a "Tweety,"

16 |              WALTER CHINCHILLA-LINAR, a/k/a "Demonio,"

17 |                   CESAR ALVARADO, a/k/a "Momia,"

18 |                  ABRAHAM MARTINEZ, a/k/a "Goofy,"

19 |                    JOSE ALVARADO, a/k/a "Joker,"

20 |              DOUGLAS LARGAESPADA, a/k/a "Droopy,"

21 |                 WILBERT CASTILLO, a/k/a "Cypress,"

22 |                  JOSE QUINTEROS, a/k/a "Fantasma,"

23 |         MELVIN MALDONADO, a/k/a "Estrano,"a/k/a "Stranger,"

24 |                   MANUEL FRANCO, a/k/a "Dreamer,"

25 |           RODRIGO MOLINA, a/k/a "Lil Payaso," a/k/a "Payaso," and

26 |                    MAURICIO URIAS, a/k/a "Puppet,"

27 | together with others known and unknown, each being a person employed by and associated with

28 | MS-13, an enterprise engaged in, and the activities of which affected, interstate and foreign

1 commerce, unlawfully, knowingly, and intentionally did conspire to violate Title 18, United

2 States Code, Section 1962(c), that is to conduct and participate, directly and indirectly, in the

3 conduct of the affairs of the MS-13 enterprise through a pattern of racketeering activity, as

4 defined in Title 18, United States Code, Sections 1961(1) and (5), which pattern of racketeering

5 activity consisted of multiple acts involving offenses chargeable under the following provisions

6 of California law:

7          a.   Murder, attempted murder, conspiracy to commit murder, and solicitation

8              of murder, in violation of California Penal Code §§ 187, 188, 189, 182,

9              21a, 664, and 653f;

10          b.   Robbery, attempted robbery, and conspiracy to commit robbery, in

11              violation of California Penal Code §§ 211, 212.5, 213, 182, 21a, and 664;

12          c.   Extortion, attempted extortion, and conspiracy to commit extortion, in

13              violation of California Penal Code §§ 518, 519, 520, 524, and 182;

14 and multiple acts involving the following provisions of federal narcotics law:

15          d.   21 U.S.C. § 846 (Conspiracy to Distribute and Possess with Intent to

16              Distribute Controlled Substances);

17          e.   21 U.S.C. § 841(a)(1) (Distribution and Possession with Intent to

18              Distribute Methamphetamine and Cocaine);

19          f.   21 U.S.C. § 843(b) (Use of Communication Facility to Facilitate

20              Distribution of Controlled Substances);

21 and multiple acts indictable under the following provisions of federal law:

22          g.   18 U.S.C. § 1951 (Robbery and Extortion Affecting Interstate Commerce);

23          h.   18 U.S.C. § 1512 (Witness Retaliation and Tampering);

24          i.   18 U.S.C. § 1503 (Obstruction of Justice);

25          j.   18 U.S.C. § 2312 (Interstate Transportation of Stolen Vehicles).

26    21.   It was part of the conspiracy that each defendant agreed that a conspirator would

27 commit at least two acts of racketeering activity in the conduct of the affairs of the enterprise.

28 //

-10-                            INDICTMENT

1  Manner and Means of the Conspiracy

2      22.    It was part of the manner and means of the conspiracy that the defendants, as gang
3  members of MS-13, were required to have and did have regular meetings with other MS-13 gang
4  members to discuss, among other things: the structure and organization of the gang; past criminal
5  acts committed against rival gang members and others; MS-13 members who were arrested or
6  incarcerated; the disciplining of MS-13 members; police interactions with MS-13 members; the
7  identities of individuals suspected of cooperating with law enforcement and the proposed actions
8  to be taken against them; plans and agreements regarding the commission of future crimes,
9  including murder, extortion, narcotics distribution, robbery, illegal possession of firearms, and
10  assault, as well as ways to conceal these crimes; and the enforcement of gang rules.

11     23.    It was further part of the manner and means of the conspiracy that the defendants
12  and other members and associates of MS-13 agreed to purchase, maintain, and circulate a
13  collection of firearms for use in criminal activity by MS-13 members.

14     24.    It was further part of the manner and means of the conspiracy that the defendants
15  and other members and associates of MS-13 agreed that acts of violence, including murder,
16  attempted murder, and assault, would be committed by members and associates of MS-13 against
17  rival gang members and others when it suited the enterprise's purposes. MS-13 members also
18  used violence to impose discipline within the gang.

19     25.    It was further part of the manner and means of the conspiracy that the defendants
20  and other members and associates of MS-13 agreed to distribute narcotics, to use the telephone to
21  facilitate narcotics distribution, to commit robbery, extortion, and other crimes, and to conceal
22  their criminal activities by obstructing justice, threatening or intimidating witnesses, and other
23  means.

24  Overt Acts

25     26.    In furtherance of the conspiracy and to achieve the objectives thereof, at least one
26  conspirator performed or caused to be performed at least one of the following overt acts, among
27  others, in the Northern District of California and elsewhere:

28          (1)    On or about August 1, 2005, in San Francisco, California, IVAN CERNA,

1    a/k/a "Tigre," MARVIN CARCAMO, a/k/a "Cyco," "Psycho," a/k/a "Syco," and others known

2    and unknown, held a meeting to discuss MS-13 gang business.

3         (2)    On or about August 4, 2005, in San Francisco, California, WALTER

4    PALMA, a/k/a "Kapone," a/k/a "Capon," shot and wounded a person ("Victim-1").

5         (3)    On or about August 13, 2005, in San Francisco, California, IVAN

6    CERNA, a/k/a "Tigre," led a meeting of MS-13 gang members at which MS-13 gang business

7    was discussed, including the MS-13 rule requiring the killing of those who cooperate with law

8    enforcement.

9         (4)    On or about August 15, 2005, IVAN CERNA, a/k/a "Tigre," authorized

10   the sale of a firearm by an MS-13 member.

11        (5)    On or about August 22, 2005, WILBERT CASTILLO, a/k/a "Cypress,"

12   sold a firearm.

13        (6)    On or about September 10, 2005, in San Francisco, California, MARVIN

14   CARCAMO a/k/a "Cyco," a/k/a "Psycho," a/k/a "Syco," ANGEL NOEL GUEVARA, a/k/a

15   "Peloncito," MORIS FLORES, a/k/a "Slow," a/k/a "Slow Pain," DOUGLAS LARGAESPADA,

16   a/k/a "Droopy," WILBERT CASTILLO, a/k/a "Cypress,", JOSE QUINTEROS, a/k/a

17   "Fantasma," and others known and unknown, attended a meeting to discuss MS-13 gang

18   business, during which a new member was jumped in.

19        (7)    On or about October 27, 2005, in San Francisco, California, WALTER

20   PALMA, a/k/a "Kapone," a/k/a "Capon," WILBERT CASTILLO, a/k/a "Cypress," JOSE

21   QUINTEROS, a/k/a "Fantasma," and others were riding together in a car.

22        (8)    On or about October 27, 2005, in San Francisco, California, JOSE

23   QUINTEROS, a/k/a "Fantasma," possessed a dagger.

24        (9)    On or about October 29, 2005, in San Francisco, California, WALTER

25   PALMA, a/k/a "Kapone," a/k/a "Capon," shot and wounded three people ("Victim-2," "Victim-

26   3," and "Victim-4").

27        (10)   On or about November 2, 2005, in San Francisco, California, WALTER

28   PALMA, a/k/a "Kapone," a/k/a "Capon," possessed a firearm.

-12-                                                    INDICTMENT

1      (11)    On or about December 9, 2005, in South San Francisco, California,

2 DANIEL PORTILLO, a/k/a "Rustin," a/k/a Rooster," shot and wounded a person ("Victim-5).

3      (12)    On or about January 8, 2006, in San Francisco, California, ERICK

4 LOPEZ, a/k/a "Spooky," CARLOS GARRIDO, a/k/a "Tweety," and others known and unknown,

5 surrounded two people who were then shot and wounded.

6      (13)    On or about February 4, 2006, in San Francisco, California, MELVIN

7 MALDONADO, a/k/a "Estrano," a/k/a "Stranger," assaulted a person with an automobile

8 steering wheel lock commonly called "The Club."

9      (14)    On or about February 25, 2006, in San Francisco, California, CARLOS

10 GARRIDO, a/k/a "Tweety," possessed a firearm.

11     (15)    In or about early April 2006, IVAN CERNA, a/k/a "Tigre," approved the

12 purchase of a firearm.

13     (16)    On or about April 8, 2006, in San Francisco, California, WILBERT

14 CASTILLO, a/k/a "Cypress," MANUEL FRANCO, a/k/a "Dreamer," RODRIGO MOLINA,

15 a/k/a "Lil Payaso," a/k/a "Payaso," and others known and unknown, fought with members of a

16 rival gang.

17     (17)    On or about April 21, 2006, in San Francisco, California, IVAN CERNA,

18 a/k/a "Tigre," discussed a variety of MS-13 gang business, including the necessity for the gang's

19 members to arm themselves, the difficulty of "taxing" other gangs, and his disillusionment with

20 most of the gang's leaders in El Salvador.

21     (18)    On or about April 21, 2006, in San Francisco, California, IVAN CERNA,

22 a/k/a "Tigre," and others known and unknown, met with members of another gang and advised

23 them, among other things, that they and MS-13 needed to support each other.

24     (19)    On or about June 8, 2006, MARVIN CARCAMO, a/k/a "Cyco," a/k/a

25 "Psycho," a/k/a "Syco," JOSE QUINTEROS, a/k/a "Fantasma," and other known and unknown,

26 traveled from the San Francisco Bay Area to Reno, Nevada, to meet with other MS-13 members,

27 including Rene Montes-Mayorga, a/k/a "Negro."

28     (20)    On or about July 3, 2006, in San Francisco, California, MARVIN

1  CARCAMO, a/k/a "Cyco," a/k/a "Psycho," a/k/a "Syco," and DOUGLAS LARGAESPADA,

2  a/k/a "Droopy," beat and attempted to rob a person.

3  (21) On or about October 13, 2006, in Richmond, California, RODRIGO

4  MOLINA, a/k/a "Lil Payaso," a/k/a "Payaso," and Marlon Lumang delivered a stolen 1998

5  Honda Civic to a law enforcement officer operating in an undercover capacity ("UC-1").

6  (22) On or about October 19, 2006, in Richmond, California, RODRIGO

7  MOLINA, a/k/a "Lil Payaso," a/k/a "Payaso," delivered a stolen 1992 Honda Civic to UC-1.

8  (23) On or about October 19, 2006, in Richmond, California, MARVIN

9  CARCAMO, a/k/a "Cyco," a/k/a "Psycho," a/k/a "Syco," and Marlon Lumang delivered a stolen

10  2000 Honda Civic to UC-1.

11  (24) On or about November 13, 2006, in Richmond, California, WALTER

12  PALMA, a/k/a "Kapone," a/k/a "Capon," delivered a stolen 2001 Chevrolet Suburban to UC-1.

13  (25) On or about December 1, 2006, in Richmond, California, WALTER

14  PALMA, a/k/a "Kapone," a/k/a "Capon," and RODRIGO MOLINA, a/k/a "Lil Payaso," a/k/a

15  "Payaso," delivered a stolen 2004 Toyota Matrix to UC-1.

16  (26) On or about December 11, 2006, Richmond, California, WALTER

17  PALMA, a/k/a "Kapone," a/k/a "Capon," and RODRIGO MOLINA, a/k/a "Lil Payaso," a/k/a

18  "Payaso," delivered two stolen 2003 Toyota Matrixes to UC-1.

19  (27) On or about January 9, 2007, in Richmond, California, WALTER

20  PALMA, a/k/a "Kapone," a/k/a "Capon," and RODRIGO MOLINA, a/k/a "Lil Payaso," a/k/a

21  "Payaso," received payment for the sale of two stolen automobiles.

22  (28) On or about February 9, 2007, in San Francisco, California, members of

23  MS-13 gathered for the purpose of meeting with members of another gang to discuss, among

24  other things, the "taxing" of drug dealers in the Tenderloin District.

25  (29) On or about February 13, 2007, in San Francisco, California, MARVIN

26  CARCAMO, a/k/a "Cyco," a/k/a "Psycho," a/k/a "Syco," ANGEL NOEL GUEVARA, a/k/a

27  "Peloncito," and others known and unknown, beat and robbed a drug dealer who refused to pay

28  "tax."

-14- INDICTMENT

1         (30)    On or about February 16, 2007, in San Francisco, California, MARVIN

2 CARCAMO a/k/a "Cyco," a/k/a "Psycho," a/k/a "Syco," and ANGEL NOEL GUEVARA, a/k/a

3 "Peloncito," met with leaders of another gang to negotiate, among other things, the "taxing" of

4 drug dealers in the Tenderloin District.

5         (31)    On or about April 18, 2007, in San Francisco, California, RODRIGO

6 MOLINA, a/k/a "Lil Payaso," a/k/a "Payaso," sold cocaine base, in a form commonly known as

7 "crack," to a police officer operating in an undercover capacity.

8         (32)    On or about May 12, 2007, in Oakland, California, MARVIN CARCAMO

9 a/k/a "Cyco," a/k/a "Psycho," a/k/a "Syco," possessed a firearm.

10         (33)    On or about June 13, 2007, in San Francisco, California, an unindicted co-

11 conspirator shot and wounded a person.

12         (34)    On or about July 13, 2007, in San Francisco, California, MAURICIO

13 URIAS, a/k/a "Puppet," distributed a quantity of cocaine.

14         (35)    On or about August 17, 2007, in San Francisco, California, MAURICIO

15 URIAS, a/k/a "Puppet," distributed a quantity of cocaine.

16         (36)    On or about August 22, 2007, in San Francisco, California, IVAN

17 CERNA, a/k/a "Tigre," WALTER PALMA, a/k/a "Kapone," a/k/a "Capon," ABRAHAM

18 MARTINEZ, a/k/a "Goofy," JOSE ALVARADO, a/k/a "Joker," and others known and

19 unknown, attended a gang meeting during which they discussed, among other things, the

20 collection of gang dues from members, dissension within the gang, gang rules, and the

21 enforcement of discipline within the gang.

22         (37)    On or about August 26, 2007, in San Francisco, California, IVAN

23 CERNA, a/k/a "Tigre," MARVIN CARCAMO, a/k/a "Cyco," a/k/a "Psycho," a/k/a "Syco,"

24 ANGEL NOEL GUEVARA, a/k/a "Peloncito," MORIS FLORES, a/k/a "Slow," a/k/a "Slow

25 Pain," WALTER PALMA, a/k/a "Kapone," a/k/a "Capon," JOSE ALVARADO, a/k/a "Joker,"

26 and others known and unknown, attended a gang meeting during which they discussed, among

27 other things, problems among MS-13 cliques in the Los Angeles, California area, consulting with

28 leaders in El Salvador about gang business, other gangs' resistance to paying MS-13's "tax," and

1 obtaining money to purchase firearms through the sale of narcotics.

2     (38) On or about September 4, 2007, in San Francisco, California, MARVIN
3 CARCAMO, a/k/a "Cyco," a/k/a "Psycho," a/k/a "Syco," ordered MS-13 members known and
4 unknown to go to the Tenderloin District and collect "tax" from drug dealers.

5     (39) On or about September 4, 2007, in San Francisco, California, MARVIN
6 CARCAMO, a/k/a "Cyco," a/k/a "Psycho," a/k/a "Syco," received "tax" money collected by
7 other MS-13 members.

8     (40) On or about September 4, 2007, in San Francisco, California, ANGEL
9 NOEL GUEVARA, a/k/a "Peloncito," received narcotics that other MS-13 members took from
10 drug dealers.

11     (41) On or about September 13, 2007, in San Francisco, California, following
12 an MS-13 gang meeting, MARVIN CARCAMO, a/k/a "Cyco," a/k/a "Psycho," a/k/a "Syco,"
13 ANGEL NOEL GUEVARA, a/k/a "Peloncito," MORIS FLORES, a/k/a "Slow," a/k/a "Slow
14 Pain," and others known and unknown, went to the Tenderloin District to kill the leaders of a
15 rival gang.

16     (42) On or about September 14, 2007, in San Francisco, California,
17 MAURICIO URIAS, a/k/a "Puppet," distributed a quantity of cocaine.

18     (43) On or about December 26, 2007, in San Francisco, California, ANGEL
19 NOEL GUEVARA, a/k/a "Peloncito," and an accomplice stabbed and wounded a person
20 ("Victim-6").

21     (44) On or about December 26, 2007, in San Francisco, California, ANGEL
22 NOEL GUEVARA, a/k/a "Peloncito," and an accomplice stabbed and wounded two people
23 ("Victim-7" and "Victim-8").

24     (45) On or about January 22, 2008, in San Francisco, California, MAURICIO
25 URIAS, a/k/a "Puppet," distributed a quantity of cocaine.

26     (46) On or about January 28, 2008, in San Francisco, California, MORIS
27 FLORES, a/k/a "Slow," a/k/a "Slow Pain," JONATHAN CRUZ-RAMIREZ, a/k/a "Soldado,"
28 WALTER CRUZ-ZAVALA, a/k/a "Sombra," and others known and unknown attended an MS-

-16- INDICTMENT

1 13 gang meeting and discussed, among other things, the failure of a rival gang to pay MS-13's
2 "tax" and the need to assassinate one of the captains of the rival gang ("Victim-9").

3        (47)    On or about February 8, 2008, in San Francisco, California, MORIS
4 FLORES, a/k/a "Slow," a/k/a "Slow Pain," led an MS-13 gang meeting attended by others
5 known and unknown and, among other things, discussed the assassination of Victim-9.

6        (48)    On or about March 29, 2008, in San Francisco, California, WALTER
7 CHINCHILLA-LINAR, a/k/a "Demonio," shot at several people.

8        (49)    On or about March 30, 2008, in San Francisco, California, ERICK
9 LOPEZ, a/k/a "Spooky," possessed a firearm.

10        (50)    On or about May 17, 2008, in San Francisco, California, MORIS
11 FLORES, a/k/a "Slow," a/k/a "Slow Pain," and others known and unknown, flashed gang signs
12 at passing motorists.

13        (51)    On or about June 2, 2008, in San Francisco, California, MORIS FLORES,
14 a/k/a "Slow," a/k/a "Slow Pain," ordered several MS-13 gang members to collect "tax" from
15 drug dealers in the Tenderloin District.

16        (52)    On or about June 2, 2008, in San Francisco, California, GUILLERMO
17 HERRERA, a/k/a "Shorty," a/k/a "Sparky," JONATHAN CRUZ-RAMIREZ, a/k/a "Soldado,"
18 WALTER CRUZ-ZAVALA, a/k/a "Sombra," WALTER CHINCHILLA-LINAR, a/k/a
19 "Demonio," and others known and unknown, traveled to the Tenderloin District to collect money
20 forcibly from drug dealers.

21        (53)    On or about June 2, 2008, in San Francisco, California, WALTER CRUZ-
22 ZAVALA, a/k/a "Sombra," brandished a knife at a drug dealer.

23        (54)    On or about June 9, 2008, in San Francisco, California, GUILLERMO
24 HERRERA, a/k/a "Shorty," a/k/a "Sparky," WALTER CRUZ-ZAVALA, a/k/a "Sombra," and
25 others known and unknown, forcibly collected money from drug dealers in the Tenderloin
26 District.

27        (55)    On or about June 19, 2008, in San Francisco, California, JOSE
28 MARTINEZ, a/k/a "Goofy," JOSE ALVARADO, a/k/a "Joker," and DOUGLAS

-17-                                                          INDICTMENT

1 LARGAESPADA, a/k/a "Droopy," stabbed and wounded a person ("Victim-10").

2 (56) On or about August 25, 2008, in San Francisco, California, CESAR
3 ALVARADO, a/k/a "Momia," discussed the "taxing" of drug dealers in the Tenderloin District
4 with other MS-13 gang members.

5 (57) On or about July 11, 2008, in San Francisco, California, GUILLERMO
6 HERRERA, a/k/a "Shorty," a/k/a "Sparky," shot and killed a person ("Victim-11").

7 (58) On or about July 11, 2008, in Oakland, California, MANUEL FRANCO,
8 a/k/a "Dreamer," picked up GUILLERMO HERRERA, a/k/a "Shorty," a/k/a "Sparky," and
9 others known and unknown and drove them to San Francisco.

10 (59) On or about July 25, 2008, in San Francisco, California, JONATHAN
11 CRUZ-RAMIREZ, a/k/a "Soldado," possessed a firearm.

12 (60) On or about July 31, 2008, WALTER CHINCHILLA-LINAR, a/k/a
13 "Demonio," CESAR ALVARADO, a/k/a "Momia," and others known and unknown, robbed a
14 person and robbed and killed another person.

15 (61) On or about August 11, 2008, WALTER PALMA, a/k/a "Kapone," a/k/a
16 "Capon," possessed two loaded firearms.

17 (62) In or about the first half of August 2008, an unindicted co-conspirator who
18 is an MS-13 gang leader in El Salvador called a potential witness (the "Witness") in the San
19 Francisco Bay Area.

20 (63) On or about August 18, 2008, in the San Francisco Bay Area, California,
21 MORIS FLORES, a/k/a "Slow," a/k/a "Slow Pain," WALTER CHINCHILLA-LINAR, a/k/a
22 "Demonio," and others known and unknown, drove by the home of a relative of the Witness.

23 (64) On or about August 25, 2008, in San Francisco, California, MORIS
24 FLORES, a/k/a "Slow," a/k/a "Slow Pain," and others known and unknown were in a car
25 following the Witness as the Witness rode on a bus.

26 (65) On or about August 28, 2008, in the San Francisco Bay Area, MORIS
27 FLORES, a/k/a "Slow," a/k/a "Slow Pain," sat in a car outside the Witness's home and sent a
28 text message to the Witness requesting that the Witness come out.

-18- INDICTMENT

1   All in violation of Title 18, United States Code, Section 1962(d).

2   COUNT TWO:              (18 U.S.C. § 1959(a)(5) — Conspiracy to Commit Murder in Aid
3                           of Racketeering)

4   27.   Paragraphs 1 through 19 and 22 through 26 of this Indictment are realleged and
5   incorporated by reference as though fully set forth herein.

6   28.   At all times relevant to this Indictment, MS-13 constituted an enterprise as
7   defined in Title 18, United States Code, Section 1959(b)(2), that is, a group of individuals
8   associated in fact that was engaged in, and the activities of which affected, interstate and foreign
9   commerce. The enterprise constituted an ongoing organization whose members functioned as a
10  continuing unit for a common purpose of achieving the objectives of the enterprise.

11  29.   At all times relevant to this Indictment, MS-13, the above-described enterprise,
12  through its members and associates, engaged in racketeering activity, as defined in Title 18,
13  United States Code, Sections 1959(b)(1) and 1961(1), namely: murder, attempted murder,
14  conspiracy to commit murder, and solicitation of murder, in violation of California Penal Code,
15  Sections 187, 188, 189, 182, 21a, 664, and 653f; robbery, attempted robbery, and conspiracy to
16  commit robbery, in violation of California Penal Code, Sections 211, 212.5, 213, 182, 21a, and
17  664; extortion, attempted extortion, and conspiracy to commit extortion, in violation of
18  California Penal Code, Sections 518, 519, 520, 524, and 182; conspiracy to distribute and to
19  possess with intent to distribute controlled substances, in violation of Title 21, United States
20  Code, Section 846; distribution and possession with intent to distribute methamphetamine and
21  cocaine, in violation of Title 21, United States Code, Section 841(a)(1); robbery and extortion
22  affecting interstate commerce, attempted robbery and attempted extortion affecting interstate
23  commerce, and conspiracy to commit robbery and conspiracy to commit extortion affecting
24  interstate commerce, in violation of Title 18, United States Code, Section 1951; witness
25  retaliation and witness tampering, in violation of Title 18, United States Code, Section 1512;
26  obstruction of justice, in violation of Title 18, United States Code, Section 1503; and interstate
27  transportation of stolen vehicles, in violation of Title 18, United States Code, Section 2312.

28  30.   Beginning on a date unknown to the Grand Jury but since at least the late 1990s,

1  and continuing up through and including the present, in the Northern District of California and
2  elsewhere, as consideration for the receipt of, and as consideration for a promise and agreement
3  to pay, anything of pecuniary value from MS-13, and for the purpose of gaining entrance to and
4  maintaining and increasing position in MS-13, an enterprise engaged in racketeering activity, the
5  defendants

6                              IVAN CERNA, a/k/a "Tigre,"

7           MARVIN CARCAMO, a/k/a "Cyco," a/k/a "Psycho," a/k/a "Syco,"

8                       ANGEL NOEL GUEVARA, a/k/a "Peloncito,"

9                   MORIS FLORES, a/k/a "Slow," a/k/a "Slow Pain,"

10           GUILLERMO HERRERA, a/k/a "Shorty," a/k/a "Sparky,"

11               JONATHAN CRUZ-RAMIREZ, a/k/a "Soldado,"

12                   WALTER CRUZ-ZAVALA, a/k/a "Sombra,"

13               WALTER PALMA, a/k/a "Kapone," a/k/a "Capon,"

14           DANIEL PORTILLO, a/k/a "Rustin," a/k/a "Rooster,"

15                          ERICK LOPEZ, a/k/a "Spooky,"

16                       CARLOS GARRIDO, a/k/a "Tweety,"

17               WALTER CHINCHILLA-LINAR, a/k/a "Demonio,"

18                       CESAR ALVARADO, a/k/a "Momia,"

19                       ABRAHAM MARTINEZ, a/k/a "Goofy,"

20                       JOSE ALVARADO, a/k/a "Joker,"

21               DOUGLAS LARGAESPADA, a/k/a "Droopy,"

22                   WILBERT CASTILLO, a/k/a "Cypress,"

23                       JOSE QUINTEROS, a/k/a "Fantasma,"

24           MELVIN MALDONADO, a/k/a "Estrano,"a/k/a "Stranger,"

25                       MANUEL FRANCO, a/k/a "Dreamer,"

26           RODRIGO MOLINA, a/k/a "Lil Payaso," a/k/a "Payaso," and

27                       MAURICIO URIAS, a/k/a "Puppet,"

28  together with others known and unknown, unlawfully, knowingly, and intentionally did combine,

1 conspire, confederate, and agree together and with each other to commit murder, in violation of
2 California Penal Code Sections 187, 188, and 189, to wit, the defendants agreed together and
3 with each other to kill actual and suspected *Norteños*, actual and suspected members of other
4 gangs, and individuals suspected of cooperating with law enforcement, in order to maintain and
5 increase their standing within the racketeering enterprise known as MS-13.

6     All in violation of Title 18, United States Code, Section 1959(a)(5).

7 COUNT THREE:      (18 U.S.C. § 1959(a)(6) — Conspiracy to Commit Assault with a
8            Dangerous Weapon in Aid of Racketeering)

9     31.     Paragraphs 1 through 19, 22 through 26, and 28 through 29 of this Indictment are
10 realleged and incorporated by reference as though fully set forth herein.

11     32.     Beginning on a date unknown to the Grand Jury but since at least the late 1990s,
12 and continuing up through and including the present, in the Northern District of California and
13 elsewhere, as consideration for the receipt of, and as consideration for a promise and agreement
14 to pay, anything of pecuniary value from MS-13, and for the purpose of gaining entrance to and
15 maintaining and increasing position in MS-13, an enterprise engaged in racketeering activity, the
16 defendants

17               IVAN CERNA, a/k/a "Tigre,"

18     MARVIN CARCAMO, a/k/a "Cyco," a/k/a "Psycho," a/k/a "Syco,"

19         ANGEL NOEL GUEVARA, a/k/a "Peloncito,"

20         MORIS FLORES, a/k/a "Slow," a/k/a "Slow Pain,"

21     GUILLERMO HERRERA, a/k/a "Shorty," a/k/a "Sparky,"

22       JONATHAN CRUZ-RAMIREZ, a/k/a "Soldado,"

23         WALTER CRUZ-ZAVALA, a/k/a "Sombra,"

24     WALTER PALMA, a/k/a "Kapone," a/k/a "Capon,"

25     DANIEL PORTILLO, a/k/a "Rustin," a/k/a "Rooster,"

26           ERICK LOPEZ, a/k/a "Spooky,"

27         CARLOS GARRIDO, a/k/a "Tweety,"

28     WALTER CHINCHILLA-LINAR, a/k/a "Demonio,"

-21-           INDICTMENT

1 | CESAR ALVARADO, a/k/a "Momia,"
2 | ABRAHAM MARTINEZ, a/k/a "Goofy,"
3 | JOSE ALVARADO, a/k/a "Joker,"
4 | DOUGLAS LARGAESPADA, a/k/a "Droopy,"
5 | WILBERT CASTILLO, a/k/a "Cypress,"
6 | JOSE QUINTEROS, a/k/a "Fantasma,"
7 | MELVIN MALDONADO, a/k/a "Estrano,"a/k/a "Stranger,"
8 | MANUEL FRANCO, a/k/a "Dreamer,"
9 | RODRIGO MOLINA, a/k/a "Lil Payaso," a/k/a "Payaso," and
10 | MAURICIO URIAS, a/k/a "Puppet,"

11 together with others known and unknown, unlawfully, knowingly, and intentionally did combine,

12 conspire, confederate, and agree together and with each other to commit assault with a dangerous

13 weapon, in violation of California Penal Code Section 245(a)(1), to wit, the defendants agreed

14 together and with each other to attack with firearms, knives, and other dangerous weapons actual

15 and suspected *Norteños*, actual and suspected members of other gangs, and individuals suspected

16 of cooperating with law enforcement, in order to maintain and increase their standing within the

17 racketeering enterprise known as MS-13.

18 All in violation of Title 18, United States Code, Section 1959(a)(6).

19 COUNT FOUR: (18 U.S.C. §§ 924(c)(1)(A) and 2 — Use/Possession of Firearm in

20 Furtherance of Crime of Violence)

21 33. Beginning on a date unknown to the Grand Jury but since at least the late 1990s,

22 and continuing up through and including the present, in the Northern District of California and

23 elsewhere, the defendants

24 | IVAN CERNA, a/k/a "Tigre,"
25 | MARVIN CARCAMO, a/k/a "Cyco," a/k/a "Psycho," a/k/a "Syco,"
26 | ANGEL NOEL GUEVARA, a/k/a "Peloncito,"
27 | MORIS FLORES, a/k/a "Slow," a/k/a "Slow Pain,"

28

-22- INDICTMENT

1      JONATHAN CRUZ-RAMIREZ, a/k/a "Soldado,"

2      WALTER CRUZ-ZAVALA, a/k/a "Sombra,"

3      ERICK LOPEZ, a/k/a "Spooky,"

4      CARLOS GARRIDO, a/k/a "Tweety,"

5      WALTER CHINCHILLA-LINAR, a/k/a "Demonio,"

6      CESAR ALVARADO, a/k/a "Momia,"

7      ABRAHAM MARTINEZ, a/k/a "Goofy,"

8      JOSE ALVARADO, a/k/a "Joker,"

9      DOUGLAS LARGAESPADA, a/k/a "Droopy,"

10      WILBERT CASTILLO, a/k/a "Cypress,"

11      JOSE QUINTEROS, a/k/a "Fantasma,"

12      MELVIN MALDONADO, a/k/a "Estrano,"a/k/a "Stranger,"

13      MANUEL FRANCO, a/k/a "Dreamer,"

14      RODRIGO MOLINA, a/k/a "Lil Payaso," a/k/a "Payaso," and

15      MAURICIO URIAS, a/k/a "Puppet,"

16  together with others known and unknown, unlawfully, willfully, and knowingly did use and carry

17  a firearm during and in relation to a crime of violence for which they may be prosecuted in a

18  court of the United States, namely, the MS-13 racketeering conspiracy charged in Count One of

19  this Indictment, the conspiracy to commit murder in aid of racketeering charged in Count Two of

20  this Indictment, and the conspiracy to commit assault with a dangerous weapon in aid of

21  racketeering charged in Count Three of this Indictment, and did possess a firearm in furtherance

22  of the offenses charged in Count One, Count Two, and Count Three of this Indictment, and did

23  brandish a firearm in furtherance of the offenses charged in Count One, Count Two, and Count

24  Three of this Indictment, and did discharge a firearm in furtherance of the offenses charged in

25  Count One, Count Two, and Count Three of this Indictment.

26      All in violation of Title 18, United States Code, Section 924(c)(1)(A) and 2.

27  //

28  //

-23-                                        INDICTMENT

COUNT FIVE:                    (18 U.S.C. § 1959(a)(3) — Assault with a Dangerous Weapon in

Aid of Racketeering of Victim-6)

34.     Paragraphs 1 through 19, 22 through 26, and 28 through 29 of this Indictment are realleged and incorporated by reference as though fully set forth herein.

35.     On or about December 26, 2007, in the Northern District of California, as consideration for the receipt of, and as consideration for a promise and agreement to pay, anything of pecuniary value from MS-13, and for the purpose of gaining entrance to and maintaining and increasing position in MS-13, an enterprise engaged in racketeering activity, the defendant

ANGEL NOEL GUEVARA, a/ka "Peloncito,"

unlawfully, knowingly, and intentionally did assault Victim-6 with a dangerous weapon, in violation of California Penal Code Section 245(a)(1).

All in violation of Title 18, United States Code, Section 1959(a)(3).

COUNT SIX:                     (18 U.S.C. § 1959(a)(3) — Assault with a Dangerous Weapon in

Aid of Racketeering of Victim-7)

36.     Paragraphs 1 through 19, 22 through 26, and 28 through 29 of this Indictment are realleged and incorporated by reference as though fully set forth herein.

37.     On or about December 26, 2007, in the Northern District of California, as consideration for the receipt of, and as consideration for a promise and agreement to pay, anything of pecuniary value from MS-13, and for the purpose of gaining entrance to and maintaining and increasing position in MS-13, an enterprise engaged in racketeering activity, the defendant

ANGEL NOEL GUEVARA, a/k/a "Peloncito,"

unlawfully, knowingly, and intentionally did assault Victim-7 with a dangerous weapon, in violation of California Penal Code Section 245(a)(1).

All in violation of Title 18, United States Code, Section 1959(a)(3).

COUNT SEVEN:                   (18 U.S.C. § 1959(a)(5) — Attempted Murder in Aid of

Racketeering of Victim-7)

38.     Paragraphs 1 through 19, 22 through 26, and 28 through 29 of this Indictment are

-24-                                        INDICTMENT

1 realleged and incorporated by reference as though fully set forth herein.

2     39.    On or about December 26, 2007, in the Northern District of California, as
3 consideration for the receipt of, and as consideration for a promise and agreement to pay, anything
4 of pecuniary value from MS-13, and for the purpose of gaining entrance to and maintaining and
5 increasing position in MS-13, an enterprise engaged in racketeering activity, the defendant

6                 ANGEL NOEL GUEVARA, a/k/a "Peloncito,"

7 unlawfully, knowingly, and intentionally did attempt to murder Victim-7, in violation of
8 California Penal Code Sections 187, 188, 189, 21a, and 664.

9     All in violation of Title 18, United States Code, Section 1959(a)(5).

10 COUNT EIGHT:         (18 U.S.C. §§ 1959(a)(3) and 2 — Assault with a Dangerous
11                 Weapon in Aid of Racketeering of Victim-8)

12     40.    Paragraphs 1 through 19, 22 through 26, and 28 through 29 of this Indictment are
13 realleged and incorporated by reference as though fully set forth herein.

14     41.    On or about December 26, 2007, in the Northern District of California, as
15 consideration for the receipt of, and as consideration for a promise and agreement to pay, anything
16 of pecuniary value from MS-13, and for the purpose of gaining entrance to and maintaining and
17 increasing position in MS-13, an enterprise engaged in racketeering activity, the defendant

18                 ANGEL NOEL GUEVARA, a/k/a "Peloncito,"

19 unlawfully, knowingly, and intentionally did assault Victim-8 with a dangerous weapon, in
20 violation of California Penal Code Sections 245(a)(1) and 31.

21     All in violation of Title 18, United States Code, Sections 1959(a)(3) and 2.

22 COUNT NINE:         (18 U.S.C. §§ 1959(a)(5) and 2 — Attempted Murder in Aid of
23                 Racketeering of Victim-8)

24     42.    Paragraphs 1 through 19, 22 through 26, and 28 through 29 of this Indictment are
25 realleged and incorporated by reference as though fully set forth herein.

26     43.    On or about December 26, 2007, in the Northern District of California, as
27 consideration for the receipt of, and as consideration for a promise and agreement to pay, anything
28 of pecuniary value from MS-13, and for the purpose of gaining entrance to and maintaining and

-25-                 INDICTMENT

1 increasing position in MS-13, an enterprise engaged in racketeering activity, the defendant

2                    ANGEL NOEL GUEVARA, a/k/a "Peloncito,"

3 unlawfully, knowingly, and intentionally did attempt to murder Victim-8, in violation of

4 California Penal Code Sections 187, 188, 189, 21a, 664, and 31.

5        All in violation of Title 18, United States Code, Sections 1959(a)(5) and 2.

6 COUNT TEN:                (18 U.S.C. § 1959(a)(1) — Murder in Aid of Racketeering of

7                           Victim-11)

8        44.    Paragraphs 1 through 19, 22 through 26, and 28 through 29 of this Indictment are

9 realleged and incorporated by reference as though fully set forth herein.

10       45.    On or about July 11, 2008, in the Northern District of California, as consideration

11 for the receipt of, and as consideration for a promise and agreement to pay, anything of pecuniary

12 value from MS-13, and for the purpose of gaining entrance to and maintaining and increasing

13 position in MS-13, an enterprise engaged in racketeering activity, the defendant

14                    GUILLERMO HERRERA, a/k/a "Shorty," a/k/a "Sparky,"

15 together with others known and unknown, unlawfully, knowingly, and intentionally did

16 deliberately and with premeditation murder Victim-11, in violation of California Penal Code

17 Sections 187, 188, and 189.

18       All in violation of Title 18, United States Code, Section 1959(a)(1).

19 COUNT ELEVEN:             (18 U.S.C. § 924(c)(1)(A) — Use/Possession of Firearm in ·

20                           Furtherance of Crime of Violence)

21       46.    On or about July 11, 2008, in the Northern District of California, the defendant

22                    GUILLERMO HERRERA, a/k/a "Shorty," a/k/a "Sparky,"

23 together with others known and unknown, unlawfully, willfully, and knowingly did use and carry

24 a firearm during and in relation to a crime of violence for which he may be prosecuted in a court

25 of the United States, namely, the murder in aid of racketeering of Victim-11 charged in Count Ten

26 of this Indictment, and did possess a firearm in furtherance of the offense charged in Count Ten of

27 this Indictment, and did brandish a firearm in furtherance of the offense charged in Count Ten of

28 this Indictment, and did discharge a firearm in furtherance of the offense charged in Count Ten of

-26-                                    INDICTMENT

1 | this Indictment.

2 | All in violation of Title 18, United States Code, Section 924(c)(1)(A).

3 | COUNT TWELVE: (18 U.S.C. § 1959(a)(3) — Assault with a Dangerous Weapon in

4 | Aid of Racketeering of Victim-1)

5 | 47. Paragraphs 1 through 19, 22 through 26, and 28 through 29 of this Indictment are

6 | realleged and incorporated by reference as though fully set forth herein.

7 | 48. On or about August 4, 2005, in the Northern District of California, as

8 | consideration for the receipt of, and as consideration for a promise and agreement to pay, anything

9 | of pecuniary value from MS-13, and for the purpose of gaining entrance to and maintaining and

10 | increasing position in MS-13, an enterprise engaged in racketeering activity, the defendant

11 | WALTER PALMA, a/k/a "Kapone," a/k/a "Capon,"

12 | unlawfully, knowingly, and intentionally did assault Victim-1 with a dangerous weapon, in

13 | violation of California Penal Code Section 245(a)(1).

14 | All in violation of Title 18, United States Code, Section 1959(a)(3).

15 | COUNT THIRTEEN: (18 U.S.C. § 1959(a)(5) — Attempted Murder in Aid of

16 | Racketeering of Victim-1)

17 | 49. Paragraphs 1 through 19, 22 through 26, and 28 through 29 of this Indictment are

18 | realleged and incorporated by reference as though fully set forth herein.

19 | 50. On or about August 4, 2005, in the Northern District of California, as

20 | consideration for the receipt of, and as consideration for a promise and agreement to pay, anything

21 | of pecuniary value from MS-13, and for the purpose of gaining entrance to and maintaining and

22 | increasing position in MS-13, an enterprise engaged in racketeering activity, the defendant

23 | WALTER PALMA, a/k/a "Kapone," a/k/a "Capon,"

24 | unlawfully, knowingly, and intentionally did attempt to murder Victim-1, in violation of

25 | California Penal Code Sections 187, 188, 189, 21a, and 664.

26 | All in violation of Title 18, United States Code, Section 1959(a)(5).

27 | //

28 | //

-27- INDICTMENT

1 COUNT FOURTEEN: (18 U.S.C. § 924(c)(1)(A) — Use/Possession of Firearm in

2 Furtherance of Crime of Violence)

3 51. On or about August 4, 2005, in the Northern District of California, the defendant

4 WALTER PALMA, a/k/a "Kapone," a/k/a "Capon,"

5 together with others known and unknown, unlawfully, willfully, and knowingly did use and carry
6 a firearm during and in relation to a crime of violence for which he may be prosecuted in a court
7 of the United States, namely, the assault with a dangerous weapon in aid of racketeering of
8 Victim-1 charged in Count Twelve of this Indictment and the attempted murder in aid of
9 racketeering of Victim-1 charged in Count Thirteen of this Indictment, and did possess a firearm
10 in furtherance of the offenses charged in Count Twelve and Count Thirteen of this Indictment, and
11 did brandish a firearm in furtherance of the offenses charged in Count Twelve and Thirteen of this
12 Indictment, and did discharge a firearm in furtherance of the offenses charged in Count Twelve
13 and Count Thirteen of this Indictment.

14 All in violation of Title 18, United States Code, Section 924(c)(1)(A).

15 COUNT FIFTEEN: (18 U.S.C. § 1959(a)(3) — Assault with a Dangerous Weapon in

16 Aid of Racketeering of Victim-2)

17 52. Paragraphs 1 through 19, 22 through 26, and 28 through 29 of this Indictment are
18 realleged and incorporated by reference as though fully set forth herein.

19 53. On or about October 29, 2005, in the Northern District of California, as
20 consideration for the receipt of, and as consideration for a promise and agreement to pay, anything
21 of pecuniary value from MS-13, and for the purpose of gaining entrance to and maintaining and
22 increasing position in MS-13, an enterprise engaged in racketeering activity, the defendant

23 WALTER PALMA, a/k/a "Kapone," a/k/a "Capon,"

24 unlawfully, knowingly, and intentionally did assault Victim-2 with a dangerous weapon, in
25 violation of California Penal Code Section 245(a)(1).

26 All in violation of Title 18, United States Code, Section 1959(a)(3).

27 //

28

-28- INDICTMENT

1  COUNT SIXTEEN:          (18 U.S.C. § 1959(a)(5) — Attempted Murder in Aid of
2                          Racketeering of Victim-2)

3      54.    Paragraphs 1 through 19, 22 through 26, and 28 through 29 of this Indictment are
4  realleged and incorporated by reference as though fully set forth herein.

5      55.    On or about October 29, 2005, in the Northern District of California, as
6  consideration for the receipt of, and as consideration for a promise and agreement to pay, anything
7  of pecuniary value from MS-13, and for the purpose of gaining entrance to and maintaining and
8  increasing position in MS-13, an enterprise engaged in racketeering activity, the defendant

9                  WALTER PALMA, a/k/a "Kapone," a/k/a "Capon,"

10  unlawfully, knowingly, and intentionally did attempt to murder Victim-2, in violation of
11  California Penal Code Sections 187, 188, 189, 21a, and 664.

12      All in violation of Title 18, United States Code, Section 1959(a)(5).

13  COUNT SEVENTEEN:        (18 U.S.C. § 1959(a)(3) — Assault with a Dangerous Weapon in
14                          Aid of Racketeering of Victim-3)

15      56.    Paragraphs 1 through 19, 22 through 26, and 28 through 29 of this Indictment are
16  realleged and incorporated by reference as though fully set forth herein.

17      57.    On or about October 29, 2005, in the Northern District of California, as
18  consideration for the receipt of, and as consideration for a promise and agreement to pay, anything
19  of pecuniary value from MS-13, and for the purpose of gaining entrance to and maintaining and
20  increasing position in MS-13, an enterprise engaged in racketeering activity, the defendant

21                  WALTER PALMA, a/k/a "Kapone," a/k/a "Capon,"

22  unlawfully, knowingly, and intentionally did assault Victim-3 with a dangerous weapon, in
23  violation of California Penal Code Section 245(a)(1).

24      All in violation of Title 18, United States Code, Section 1959(a)(3).

25  COUNT EIGHTEEN:         (18 U.S.C. § 1959(a)(5) — Attempted Murder in Aid of
26                          Racketeering of Victim-3)

27      58.    Paragraphs 1 through 19, 22 through 26, and 28 through 29 of this Indictment are
28  realleged and incorporated by reference as though fully set forth herein.

-29-                                                    INDICTMENT

1      59.    On or about October 29, 2005, in the Northern District of California, as

2 consideration for the receipt of, and as consideration for a promise and agreement to pay, anything

3 of pecuniary value from MS-13, and for the purpose of gaining entrance to and maintaining and

4 increasing position in MS-13, an enterprise engaged in racketeering activity, the defendant

5                  WALTER PALMA, a/k/a "Kapone," a/k/a "Capon,"

6 unlawfully, knowingly, and intentionally did attempt to murder Victim-3, in violation of

7 California Penal Code Sections 187, 188, 189, 21a, and 664.

8      All in violation of Title 18, United States Code, Section 1959(a)(5).

9 COUNT NINETEEN:    (18 U.S.C. § 1959(a)(3) — Assault with a Dangerous Weapon in

10                  Aid of Racketeering of Victim-4)

11      60.    Paragraphs 1 through 19, 22 through 26, and 28 through 29 of this Indictment are

12 realleged and incorporated by reference as though fully set forth herein.

13      61.    On or about October 29, 2005, in the Northern District of California, as

14 consideration for the receipt of, and as consideration for a promise and agreement to pay, anything

15 of pecuniary value from MS-13, and for the purpose of gaining entrance to and maintaining and

16 increasing position in MS-13, an enterprise engaged in racketeering activity, the defendant

17                  WALTER PALMA, a/k/a "Kapone," a/k/a "Capon,"

18 unlawfully, knowingly, and intentionally did assault Victim-4 with a dangerous weapon, in

19 violation of California Penal Code Section 245(a)(1).

20      All in violation of Title 18, United States Code, Section 1959(a)(3).

21 COUNT TWENTY:    (18 U.S.C. § 1959(a)(5) — Attempted Murder in Aid of

22                  Racketeering of Victim-4)

23      62.    Paragraphs 1 through 19, 22 through 26, and 28 through 29 of this Indictment are

24 realleged and incorporated by reference as though fully set forth herein.

25      63.    On or about October 29, 2005, in the Northern District of California, as

26 consideration for the receipt of, and as consideration for a promise and agreement to pay, anything

27 of pecuniary value from MS-13, and for the purpose of gaining entrance to and maintaining and

28 increasing position in MS-13, an enterprise engaged in racketeering activity, the defendant

-30-                  INDICTMENT

1                 WALTER PALMA, a/k/a "Kapone," a/k/a "Capon,"

2 unlawfully, knowingly, and intentionally did attempt to murder Victim-4, in violation of

3 California Penal Code Sections 187, 188, 189, 21a, and 664.

4        All in violation of Title 18, United States Code, Section 1959(a)(5).

5 COUNT TWENTY-ONE:      (18 U.S.C. § 924(c)(1)(A) — Use/Possession of Firearm in

6                               Furtherance of Crime of Violence)

7        64.      On or about October 29, 2005, in the Northern District of California, the

8 defendant

9                 WALTER PALMA, a/k/a "Kapone," a/k/a "Capon,"

10 together with others known and unknown, unlawfully, willfully, and knowingly did use and carry

11 a firearm during and in relation to a crime of violence for which he may be prosecuted in a court

12 of the United States, namely, the assault with a dangerous weapon in aid of racketeering of

13 Victim-2, Victim-3, and Victim-4 charged in Count Fifteen, Count Seventeen, and Count

14 Nineteen of this Indictment, and the attempted murder in aid of racketeering of Victim-2, Victim-

15 3, and Victim-4 charged in Count Sixteen, Count Eighteen, and Count Twenty of this Indictment,

16 and did possess a firearm in furtherance of the offenses charged in Count Fifteen, Count Sixteen,

17 Count Seventeen, Count Eighteen, Count Nineteen, and Count Twenty of this Indictment, and did

18 brandish a firearm in furtherance of the offenses charged in Count Fifteen, Count Sixteen, Count

19 Seventeen, Count Eighteen, Count Nineteen, and Count Twenty of this Indictment, and did

20 discharge a firearm in furtherance of the offenses charged in Count Fifteen, Count Sixteen, Count

21 Seventeen, Count Eighteen, Count Nineteen, and Count Twenty of this Indictment.

22        All in violation of Title 18, United States Code, Section 924(c)(1)(A).

23 COUNT TWENTY-TWO:      (18 U.S.C. § 1959(a)(3) — Assault with a Dangerous Weapon in

24                               Aid of Racketeering of Victim-5)

25        65.      Paragraphs 1 through 19, 22 through 26, and 28 through 29 of this Indictment are

26 realleged and incorporated by reference as though fully set forth herein.

27        66.      On or about December 9, 2005, in the Northern District of California, as

28 consideration for the receipt of, and as consideration for a promise and agreement to pay, anything

                                              -31-                                         INDICTMENT

1 of pecuniary value from MS-13, and for the purpose of gaining entrance to and maintaining and

2 increasing position in MS-13, an enterprise engaged in racketeering activity, the defendant

3 DANIEL PORTILLO, a/k/a "Rustin," a/k/a "Rooster,"

4 unlawfully, knowingly, and intentionally did assault Victim-5 with a dangerous weapon, in

5 violation of California Penal Code Section 245(a)(1).

6 All in violation of Title 18, United States Code, Section 1959(a)(3).

7 COUNT TWENTY-THREE: (18 U.S.C. § 924(c)(1)(A) — Use/Possession of Firearm in

8 Furtherance of Crime of Violence)

9 67. On or about December 9, 2005, in the Northern District of California, the

10 defendant

11 DANIEL PORTILLO, a/k/a "Rustin," a/k/a "Rooster,"

12 together with others known and unknown, unlawfully, willfully, and knowingly did use and carry

13 a firearm during and in relation to a crime of violence for which he may be prosecuted in a court

14 of the United States, namely, the assault with a dangerous weapon in aid of racketeering of

15 Victim-5 charged in Count Twenty-Two of this Indictment, and did possess a firearm in

16 furtherance of the offense charged in Count Twenty-Two of this Indictment, and did brandish a

17 firearm in furtherance of the offense charged in Count Twenty-Two of this Indictment, and did

18 discharge a firearm in furtherance of the offense charged in Count Twenty-Two of this Indictment.

19 All in violation of Title 18, United States Code, Section 924(c)(1)(A).

20 COUNT TWENTY-FOUR: (18 U.S.C. §§ 1959(a)(3) and 2 — Assault with a Dangerous

21 Weapon in Aid of Racketeering of Victim-10)

22 68. Paragraphs 1 through 19, 22 through 26, and 28 through 29 of this Indictment are

23 realleged and incorporated by reference as though fully set forth herein.

24 69. On or about June 19, 2008, in the Northern District of California, as consideration

25 for the receipt of, and as consideration for a promise and agreement to pay, anything of pecuniary

26 value from MS-13, and for the purpose of gaining entrance to and maintaining and increasing

27 position in MS-13, an enterprise engaged in racketeering activity, the defendants

28 //

-32- INDICTMENT

1     ABRAHAM MARTINEZ, a/k/a "Goofy,"

2     JOSE ALVARADO, a/k/a "Joker," and

3     DOUGLAS LARGAESPADA, a/k/a "Droopy,"

4 unlawfully, knowingly, and intentionally did assault Victim-10 with a dangerous weapon, in

5 violation of California Penal Code Sections 245(a)(1) and 31.

6     All in violation of Title 18, United States Code, Sections 1959(a)(3) and 2.

7 COUNT TWENTY-FIVE:     (18 U.S.C. § 1959(a)(5) — Attempted Murder in Aid of

8     Racketeering of Victim-10)

9     70.     Paragraphs 1 through 19, 22 through 26, and 28 through 29 of this Indictment are

10 realleged and incorporated by reference as though fully set forth herein.

11     71.     On or about June 19, 2008, in the Northern District of California, as consideration

12 for the receipt of, and as consideration for a promise and agreement to pay, anything of pecuniary

13 value from MS-13, and for the purpose of gaining entrance to and maintaining and increasing

14 position in MS-13, an enterprise engaged in racketeering activity, the defendant

15     ABRAHAM MARTINEZ, a/k/a "Goofy,"

16 unlawfully, knowingly, and intentionally did attempt to murder Victim-10, in violation of

17 California Penal Code Sections 187, 188, 189, 21a, and 664.

18     All in violation of Title 18, United States Code, Section 1959(a)(5).

19 COUNT TWENTY-SIX:     (21 U.S.C. § 846 — Conspiracy to Distribute/Possess with Intent

20     to Distribute Controlled Substances)

21     72.     From at least in or about 2006, up through and including in or about January

22 2008, in the Northern District of California, the defendants

23     MAURICIO URIAS, a/k/a "Puppet,"

24     JUDITH SOSA, a/k/a "J-Dubbs," and

25     JOHN LACSAMANA BRIEZ,

26 and others known and unknown, unlawfully, knowingly, and intentionally did combine, conspire,

27 confederate, and agree together and with each other to violate the narcotics laws of the United

28 States.

-33-                                                      INDICTMENT

1    73.    It was a part and an object of the conspiracy that the defendants

2    MAURICIO URIAS, a/k/a "Puppet,"

3    JUDITH SOSA, a/k/a "J-Dubbs," and

4    JOHN LACSAMANA BRIEZ,

5 and others known and unknown, unlawfully, knowingly, and intentionally would and did

6 distribute and possess with intent to distribute a controlled substance, to wit, 50 grams or more of

7 actual methamphetamine, in violation of Title 21, United States Code, Section 841(a)(1) and

8 (b)(1)(A).

9    74.    It was further a part and an object of the conspiracy that the defendant

10    MAURICIO URIAS, a/k/a "Puppet,"

11 and others known and unknown, unlawfully, knowingly, and intentionally would and did

12 distribute and possess with intent to distribute a controlled substance, to wit, 500 grams or more

13 of mixtures and substances containing a detectable amount of cocaine, in violation of Title 21,

14 United States Code, Section 841(a)(1) and(b)(1)(B).

15    All in violation of Title 21, United States Code, Section 846.

16 COUNT TWENTY-SEVEN: (21 U.S.C. § 841(a)(1) and (b)(1)(B) and 18 U.S.C. § 2 —

17    Distribution/Possession with Intent to Distribute Controlled

18    Substance)

19    75.    On or about May 24, 2006, in the Northern District of California, the defendants

20    MAURICIO URIAS, a/k/a "Puppet,"

21    JUDITH SOSA, a/k/a "J-Dubbs," and

22    JOHN LACSAMANA BRIEZ,

23 unlawfully, knowingly, and intentionally did distribute and possess with intent to distribute a

24 controlled substance, to wit, 5 grams or more of actual methamphetamine.

25    All in violation of Title 21, United States Code, Section 841(a)(1) and(b)(1)(B), and Title

26 18, United States Code, Section 2.

27 //

28 //

-34-    INDICTMENT

1 COUNT TWENTY-EIGHT: (21 U.S.C. § 841(a)(1) and (b)(1)(B) and 18 U.S.C. § 2 —
2                               Distribution/Possession with Intent to Distribute Controlled
3                               Substance)
4        76.      On or about June 28, 2006, in the Northern District of California, the defendants
5                               MAURICIO URIAS, a/k/a "Puppet,"
6                               JUDITH SOSA, a/k/a "J-Dubbs," and
7                               JOHN LACSAMANA BRIEZ,
8 unlawfully, knowingly, and intentionally did distribute and possess with intent to distribute a
9 controlled substance, to wit, 5 grams or more of actual methamphetamine.
10       All in violation of Title 21, United States Code, Section 841(a)(1) and(b)(1)(B), and Title
11 18, United States Code, Section 2.
12 COUNT TWENTY-NINE: (21 U.S.C. § 841(a)(1) and (b)(1)(B) and 18 U.S.C. § 2 —
13                               Distribution/Possession with Intent to Distribute Controlled
14                               Substance)
15       77.      On or about July 11, 2006, in the Northern District of California, the defendants
16                               MAURICIO URIAS, a/k/a "Puppet," and
17                               JUDITH SOSA, a/k/a "J-Dubbs,"
18 unlawfully, knowingly, and intentionally did distribute and possess with intent to distribute a
19 controlled substance, to wit, 5 grams or more of actual methamphetamine.
20       All in violation of Title 21, United States Code, Section 841(a)(1) and(b)(1)(B), and Title
21 18, United States Code, Section 2.
22 COUNT THIRTY:          (21 U.S.C. § 841(a)(1) and (b)(1)(B) and 18 U.S.C. § 2 —
23                               Distribution/Possession with Intent to Distribute Controlled
24                               Substance)
25       78.      On or about January 23, 2007, in the Northern District of California, the
26 defendants
27 //
28 //

-35-                                                          INDICTMENT

1    MAURICIO URIAS, a/k/a "Puppet,"

2    JUDITH SOSA, a/k/a "J-Dubbs," and

3    JOHN LACSAMANA BRIEZ,

4  unlawfully, knowingly, and intentionally did distribute and possess with intent to distribute a

5  controlled substance, to wit, 5 grams or more of actual methamphetamine.

6    All in violation of Title 21, United States Code, Section 841(a)(1) and(b)(1)(B), and Title

7  18, United States Code, Section 2.

8  COUNT THIRTY-ONE:    (21 U.S.C. § 841(a)(1) and (b)(1)(C) and 18 U.S.C. § 2 —

9    Distribution/Possession with Intent to Distribute Controlled

10    Substance)

11    79.    On or about July 13, 2007, in the Northern District of California, the defendant

12    MAURICIO URIAS, a/k/a "Puppet,"

13  unlawfully, knowingly, and intentionally did distribute and possess with intent to distribute a

14  controlled substance, to wit, approximately 56.7 grams of mixtures and substances containing a

15  detectable amount of cocaine.

16    All in violation of Title 21, United States Code, Section 841(a)(1) and(b)(1)(C), and Title

17  18, United States Code, Section 2.

18  COUNT THIRTY-TWO:    (21 U.S.C. § 841(a)(1) and (b)(1)(C) and 18 U.S.C. § 2 —

19    Distribution/Possession with Intent to Distribute Controlled

20    Substance)

21    80.    On or about August 17, 2007, in the Northern District of California, the defendant

22    MAURICIO URIAS, a/k/a "Puppet,"

23  unlawfully, knowingly, and intentionally did distribute and possess with intent to distribute a

24  controlled substance, to wit, approximately 85.05 grams of mixtures and substances containing a

25  detectable amount of cocaine.

26    All in violation of Title 21, United States Code, Section 841(a)(1) and(b)(1)(C), and Title

27  18, United States Code, Section 2.

28  //

-36-    INDICTMENT

1 | COUNT THIRTY-THREE: (21 U.S.C. § 841(a)(1) and (b)(1)(C) and 18 U.S.C. § 2 —

2 | Distribution/Possession with Intent to Distribute Controlled

3 | Substance)

4 | 81. On or about September 14, 2007, in the Northern District of California, the

5 | defendant

6 | MAURICIO URIAS, a/k/a "Puppet,"

7 | unlawfully, knowingly, and intentionally did distribute and possess with intent to distribute a

8 | controlled substance, to wit, approximately 255.15 grams of mixtures and substances containing a

9 | detectable amount of cocaine.

10 | All in violation of Title 21, United States Code, Section 841(a)(1) and(b)(1)(C), and Title

11 | 18, United States Code, Section 2.

12 | COUNT THIRTY-FOUR: (21 U.S.C. § 841(a)(1) and (b)(1)(C) and 18 U.S.C. § 2 —

13 | Distribution/Possession with Intent to Distribute Controlled

14 | Substance)

15 | 82. On or about January 22, 2008, in the Northern District of California, the defendant

16 | MAURICIO URIAS, a/k/a "Puppet,"

17 | unlawfully, knowingly, and intentionally did distribute and possess with intent to distribute a

18 | controlled substance, to wit, approximately 113.40 grams of mixtures and substances containing a

19 | detectable amount of cocaine.

20 | All in violation of Title 21, United States Code, Section 841(a)(1) and(b)(1)(C), and Title

21 | 18, United States Code, Section 2.

22 | COUNT THIRTY-FIVE: (21 U.S.C. § 841(a)(1) and (b)(1)(C) and 18 U.S.C. § 2 —

23 | Distribution/Possession with Intent to Distribute Controlled

24 | Substance)

25 | 83. On or about May 31, 2007, in the Northern District of California, the defendant

26 | JOSE ANTUNEZ, a/k/a "Fino,"

27 | unlawfully, knowingly, and intentionally did distribute and possess with intent to distribute a

28 | controlled substance, to wit, approximately 28.35 grams of mixtures and substances containing a

-37- INDICTMENT

1  detectable amount of cocaine.

2  All in violation of Title 21, United States Code, Section 841(a)(1) and(b)(1)(C), and Title
3  18, United States Code, Section 2.

4  COUNT THIRTY-SIX:  (18 U.S.C. §§ 922(a)(1)(A) and 2 — Engaging in the Unlicensed
5  Business of Firearms Dealing)

6  84.  From at least in or about 2006, up through and including in or about May 2007, in
7  the Northern District of California and elsewhere, the defendant

8  RENE MONTES-MAYORGA, a/k/a "Negro,"

9  not being a licensed importer, licensed manufacturer, and licensed dealer, unlawfully, willfully,
10  and knowingly did engage in the business of importing, manufacturing, and dealing in firearms,
11  and in the course of such business shipped, transported, and received firearms in interstate and
12  foreign commerce, including two SKS assault rifles, a 12-gauge shotgun, and a .22-caliber rifle.

13  All in violation of Title 18, United States Code, Sections 922(a)(1)(A) and 2.

14  COUNT THIRTY-SEVEN:  (18 U.S.C. § 922(g)(5) — Alien in Possession of a Firearm)

15  85.  On or about February 1, 2007, in the Northern District of California, the defendant
16  RENE MONTES-MAYORGA, a/k/a "Negro,"

17  then being an alien illegally and unlawfully in the United States, unlawfully, willfully, and
18  knowingly did possess a firearm, to wit, an SKS assault rifle, in and affecting interstate
19  commerce.

20  All in violation of Title 18, United States Code, Section 922(g)(5).

21  COUNT THIRTY-EIGHT:  (18 U.S.C. §§ 553(a) and 2 — Attempted Exportation of Stolen
22  Vehicle)

23  86.  On or about October 13, 2006, in the Northern District of California, the
24  defendants

25  RODRIGO MOLINA, a/k/a "Lil Payaso," a/k/a "Payaso," and
26  MARLON LUMANG,

27  unlawfully, knowingly, and intentionally did attempt to export a motor vehicle, to wit, a 1998
28  Honda Civic, VIN 1HGEJ7127WL062810, knowing the motor vehicle to have been stolen.

-38-  INDICTMENT

1           All in violation of Title 18, United States Code, Sections 553(a) and 2.

2 COUNT THIRTY-NINE:     (18 U.S.C. §§ 553(a) and 2 — Attempted Exportation of Stolen

3                         Vehicle)

4       87.     On or about October 19, 2006, in the Northern District of California, the

5 defendant

6                 RODRIGO MOLINA, a/k/a "Lil Payaso," a/k/a "Payaso,"

7 unlawfully, knowingly, and intentionally did attempt to export a motor vehicle, to wit, a 1992

8 Honda Civic, VIN JHMEH9692NS005882, knowing the motor vehicle to have been stolen.

9           All in violation of Title 18, United States Code, Sections 553(a) and 2.

10 COUNT FORTY:           (18 U.S.C. §§ 553(a) and 2 — Attempted Exportation of Stolen

11                         Vehicle)

12       88.     On or about October 19, 2006, in the Northern District of California, the

13 defendants

14            MARVIN CARCAMO, a/k/a "Cyco," a/k/a "Psycho," a/k/a "Syco," and

15                        MARLON LUMANG,

16 unlawfully, knowingly, and intentionally did attempt to export a motor vehicle, to wit, a 2000

17 Honda Civic, VIN 2HGEJ6619YH605469, knowing the motor vehicle to have been stolen.

18           All in violation of Title 18, United States Code, Sections 553(a) and 2.

19 COUNT FORTY-ONE:     (18 U.S.C. §§ 553(a) and 2 — Attempted Exportation of Stolen

20                         Vehicle)

21       89.     On or about November 13, 2006, in the Northern District of California, the

22 defendant

23               WALTER PALMA, a/k/a "Kapone," a/k/a "Capon,"

24 unlawfully, knowingly, and intentionally did attempt to export a motor vehicle, to wit, a 2001

25 Chevy Suburban, VIN 3GNFK16T91G264236, knowing the motor vehicle to have been stolen.

26           All in violation of Title 18, United States Code, Sections 553(a) and 2.

27 //

28 //

-39-                         INDICTMENT

1 COUNT FORTY-TWO: (18 U.S.C. §§ 553(a) and 2 — Attempted Exportation of Stolen
2 Vehicle)

3 90. On or about November 17, 2006, in the Northern District of California, the
4 defendants

5 RODIL NOCHEZ, a/k/a "Chino," a/k/a "Nieto," and

6 DANIEL GONZALEZ, a/k/a "D,"

7 unlawfully, knowingly, and intentionally did attempt to export a motor vehicle, to wit, a 2003

8 Toyota Matrix, VIN 2T1KR32E54C072265, knowing the motor vehicle to have been stolen.

9 All in violation of Title 18, United States Code, Sections 553(a) and 2.

10 COUNT FORTY-THREE: (18 U.S.C. §§ 553(a) and 2 — Attempted Exportation of Stolen
11 Vehicle)

12 91. On or about November 22, 2006, in the Northern District of California, the
13 defendants

14 RODIL NOCHEZ, a/k/a "Chino," a/k/a "Nieto," and

15 DANIEL GONZALEZ, a/k/a "D,"

16 unlawfully, knowingly, and intentionally did attempt to export a motor vehicle, to wit, a 2001

17 Toyota 4Runner, VIN JT3HN86RX10341372, knowing the motor vehicle to have been stolen.

18 All in violation of Title 18, United States Code, Sections 553(a) and 2.

19 COUNT FORTY-FOUR: (18 U.S.C. §§ 553(a) and 2 — Attempted Exportation of Stolen
20 Vehicle)

21 92. On or about November 28, 2006, in the Northern District of California, the
22 defendants

23 RODIL NOCHEZ, a/k/a "Chino," a/k/a "Nieto," and

24 DANIEL GONZALEZ, a/k/a "D,"

25 unlawfully, knowingly, and intentionally did attempt to export a motor vehicle, to wit, a 2000

26 Toyota 4Runner, VIN JT3HN86R7Y0279911, knowing the motor vehicle to have been stolen.

27 All in violation of Title 18, United States Code, Sections 553(a) and 2.

28 //

-40- INDICTMENT

1  COUNT FORTY-FIVE:  (18 U.S.C. §§ 553(a) and 2 — Attempted Exportation of Stolen
2  Vehicle)

3  93.  On or about December 1, 2006, in the Northern District of California, the
4  defendants

5  WALTER PALMA, a/k/a "Kapone," a/k/a "Capon," and

6  RODRIGO MOLINA, a/k/a "Lil Payaso," a/k/a "Payaso,"

7  unlawfully, knowingly, and intentionally did attempt to export a motor vehicle, to wit, a 2004

8  Toyota Matrix, VIN 2T1KR32E7YC197592, knowing the motor vehicle to have been stolen.

9  All in violation of Title 18, United States Code, Sections 553(a) and 2.

10  COUNT FORTY-SIX:  (18 U.S.C. §§ 553(a) and 2 — Attempted Exportation of Stolen
11  Vehicle)

12  94.  On or about December 11, 2006, in the Northern District of California, the
13  defendants

14  WALTER PALMA, a/k/a "Kapone," a/k/a "Capon," and

15  RODRIGO MOLINA, a/k/a "Lil Payaso," a/k/a "Payaso,"

16  unlawfully, knowingly, and intentionally did attempt to export a motor vehicle, to wit, a 2003

17  Toyota Matrix, VIN 2T1KR32E03C125681, knowing the motor vehicle to have been stolen.

18  All in violation of Title 18, United States Code, Sections 553(a) and 2.

19  COUNT FORTY-SEVEN:  (18 U.S.C. §§ 553(a) and 2 — Attempted Exportation of Stolen
20  Vehicle)

21  95.  On or about December 11, 2006, in the Northern District of California, the
22  defendants

23  WALTER PALMA, a/k/a "Kapone," a/k/a "Capon," and

24  RODRIGO MOLINA, a/k/a "Lil Payaso," a/k/a "Payaso,"

25  unlawfully, knowingly, and intentionally did attempt to export a motor vehicle, to wit, a 2003

26  Toyota Matrix, VIN 2T1KR32E23C060994, knowing the motor vehicle to have been stolen.

27  All in violation of Title 18, United States Code, Sections 553(a) and 2.

28  //

-41-  INDICTMENT

1 COUNT FORTY-EIGHT: (18 U.S.C. §§ 553(a) and 2 — Attempted Exportation of Stolen

2 Vehicle)

3 96. On or about January 9, 2007, in the Northern District of California, the defendants

4 RODIL NOCHEZ, a/k/a "Chino," a/k/a "Nieto," and

5 DANIEL GONZALEZ, a/k/a "D,"

6 unlawfully, knowingly, and intentionally did attempt to export a motor vehicle, to wit, a 2002

7 Toyota 4Runner, VIN JT3GN86R120224003, knowing the motor vehicle to have been stolen.

8 All in violation of Title 18, United States Code, Sections 553(a) and 2.

9 COUNT FORTY-NINE: (18 U.S.C. §§ 553(a) and 2 — Attempted Exportation of Stolen

10 Vehicle)

11 97. On or about January 9, 2007, in the Northern District of California, the defendants

12 RODIL NOCHEZ, a/k/a "Chino," a/k/a "Nieto," and

13 DANIEL GONZALEZ, a/k/a "D,"

14 unlawfully, knowingly, and intentionally did attempt to export a motor vehicle, to wit, a 2002

15 Toyota Tacoma, VIN 5TEGN92N42Z137331, knowing the motor vehicle to have been stolen.

16 All in violation of Title 18, United States Code, Sections 553(a) and 2.

17 COUNT FIFTY: (18 U.S.C. §§ 553(a) and 2 — Attempted Exportation of Stolen Vehicle)

18 98. On or about January 17, 2007, in the Northern District of California, the

19 defendants

20 RODIL NOCHEZ, a/k/a "Chino," a/k/a "Nieto," and

21 DANIEL GONZALEZ, a/k/a "D,"

22 unlawfully, knowingly, and intentionally did attempt to export a motor vehicle, to wit, a 2003

23 Toyota Tacoma, VIN 5TEGN92N81Z879763, knowing the motor vehicle to have been stolen.

24 All in violation of Title 18, United States Code, Sections 553(a) and 2.

25 COUNT FIFTY-ONE: (18 U.S.C. §§ 553(a) and 2 — Attempted Exportation of Stolen

26 Vehicle)

27 99. On or about January 17, 2007, in the Northern District of California, the

28 defendants

-42- INDICTMENT

1    RODIL NOCHEZ, a/k/a "Chino," a/k/a "Nieto," and

2    DANIEL GONZALEZ, a/k/a "D,"

3  unlawfully, knowingly, and intentionally did attempt to export a motor vehicle, to wit, a 2003

4  Toyota Tacoma, VIN 5TEWN72N63Z194342, knowing the motor vehicle to have been stolen.

5    All in violation of Title 18, United States Code, Sections 553(a) and 2.

6  COUNT FIFTY-TWO:    (18 U.S.C. §§ 553(a) and 2 — Attempted Exportation of Stolen

7    Vehicle)

8    100.    On or about January 17, 2007, in the Northern District of California, the

9  defendants

10    RODIL NOCHEZ, a/k/a "Chino," a/k/a "Nieto," and

11    DANIEL GONZALEZ, a/k/a "D,"

12  unlawfully, knowingly, and intentionally did attempt to export a motor vehicle, to wit, a 2003

13  Toyota Tacoma, VIN 5TEGN92N03Z166312, knowing the motor vehicle to have been stolen.

14    All in violation of Title 18, United States Code, Sections 553(a) and 2.

15  NOTICE OF SPECIAL SENTENCING FACTORS REGARDING COUNT ONE

16  Number 1: Conspiracy to Commit Murder in the First Degree

17    101.    Beginning on a date unknown to the Grand Jury but since at least the late 1990s,

18  and continuing up through and including the present, in the Northern District of California, the

19  defendants

20    IVAN CERNA, a/k/a "Tigre,"

21    MARVIN CARCAMO, a/k/a "Cyco," a/k/a "Psycho," a/k/a "Syco,"

22    ANGEL NOEL GUEVARA, a/k/a "Peloncito,"

23    MORIS FLORES, a/k/a "Slow," a/k/a "Slow Pain,"

24    GUILLERMO HERRERA, a/k/a "Shorty," a/k/a "Sparky,"

25    JONATHAN CRUZ-RAMIREZ, a/k/a "Soldado,"

26    WALTER CRUZ-ZAVALA, a/k/a "Sombra,"

27    WALTER PALMA, a/k/a "Kapone," a/k/a "Capon,"

28    DANIEL PORTILLO, a/k/a "Rustin," a/k/a "Rooster,"

-43-    INDICTMENT

1                  ERICK LOPEZ, a/k/a "Spooky,"

2                  CARLOS GARRIDO, a/k/a "Tweety,"

3           WALTER CHINCHILLA-LINAR, a/k/a "Demonio,"

4                CESAR ALVARADO, a/k/a "Momia,"

5              ABRAHAM MARTINEZ, a/k/a "Goofy,"

6                  JOSE ALVARADO, a/k/a "Joker,"

7             DOUGLAS LARGAESPADA, a/k/a "Droopy,"

8               WILBERT CASTILLO, a/k/a "Cypress,"

9                 JOSE QUINTEROS, a/k/a "Fantasma,"

10       MELVIN MALDONADO, a/k/a "Estrano,"a/k/a "Stranger,"

11                MANUEL FRANCO, a/k/a "Dreamer,"

12      RODRIGO MOLINA, a/k/a "Lil Payaso," a/k/a "Payaso," and

13                 MAURICIO URIAS, a/k/a "Puppet,"

14 and others known and unknown, unlawfully, knowingly, and intentionally did combine, conspire,

15 confederate, and agree together and with each other to kill deliberately and with premeditation

16 another person, and a conspirator committed an overt act in furtherance of the conspiracy, in

17 violation of California Penal Code Sections 187, 188, 189, and 182, to wit, the defendants agreed

18 together and with each other to kill actual and suspected *Norteños*, actual and suspected members

19 of other gangs, and individuals suspected of cooperating with law enforcement.

20 Number 2: GUILLERMO HERRERA — First Degree Murder of Victim-11

21         102.    On or about July 11, 2008, in the Northern District of California, the defendant

22                GUILLERMO HERRERA, a/k/a "Shorty," a/k/a "Sparky,"

23 unlawfully, knowingly, and intentionally did deliberately and with premeditation kill Victim-11,

24 in violation of California Penal Code Sections 187, 188, and 189.

25 Number 3: ANGEL NOEL GUEVARA — Attempted First Degree Murder of Victim-7

26         103.    On or about December 26, 2007, in the Northern District of California, the

27 defendant

28               ANGEL NOEL GUEVARA, a/k/a "Peloncito,"

                               INDICTMENT

1 unlawfully, knowingly, and intentionally did deliberately and with premeditation attempt to kill

2 Victim-7, in violation of California Penal Code Sections 187, 188, 189, 21a, and 664.

3 Number 4: ANGEL NOEL GUEVARA — Attempted First Degree Murder of Victim-8

4     104.   On or about December 26, 2007, in the Northern District of California, the

5 defendant

6                 ANGEL NOEL GUEVARA, a/k/a "Peloncito,"

7 unlawfully, knowingly, and intentionally did deliberately and with premeditation attempt to kill

8 Victim-8, in violation of California Penal Code Sections 187, 188, 189, 21a, and 664.

9 Number 5: WALTER PALMA — Attempted First Degree Murder of Victim-1

10     105.   On or about August 4, 2005, in the Northern District of California, the defendant

11              WALTER PALMA, a/k/a "Kapone," a/k/a "Capon,"

12 unlawfully, knowingly, and intentionally did deliberately and with premeditation attempt to kill

13 Victim-1, in violation of California Penal Code Sections 187, 188, 189, 21a, and 664.

14 Number 6: WALTER PALMA — Attempted First Degree Murder of Victim-2

15     106.   On or about October 29, 2005, in the Northern District of California, the

16 defendant

17              WALTER PALMA, a/k/a "Kapone," a/k/a "Capon,"

18 unlawfully, knowingly, and intentionally did deliberately and with premeditation attempt to kill

19 Victim-2, in violation of California Penal Code Sections 187, 188, 189, 21a, and 664.

20 Number 7: WALTER PALMA — Attempted First Degree Murder of Victim-3

21     107.   On or about October 29, 2005, in the Northern District of California, the

22 defendant

23              WALTER PALMA, a/k/a "Kapone," a/k/a "Capon,"

24 unlawfully, knowingly, and intentionally did deliberately and with premeditation attempt to kill

25 Victim-3, in violation of California Penal Code Sections 187, 188, 189, 21a, and 664.

26 Number 8: WALTER PALMA — Attempted First Degree Murder of Victim-4

27     108.   On or about October 29, 2005, in the Northern District of California, the

28 defendant

               INDICTMENT

1    WALTER PALMA, a/k/a "Kapone," a/k/a "Capon,"

2   unlawfully, knowingly, and intentionally did deliberately and with premeditation attempt to kill

3   Victim-4, in violation of California Penal Code Sections 187, 188, 189, 21a, and 664.

4   Number 9: MAURICIO URIAS — Conspiracy to Distribute 50 Grams or More of Actual

5   Methamphetamine

6       109.    From at least in or about 2006, up through and including in or about January

7   2008, in the Northern District of California, the defendant

8                    MAURICIO URIAS, a/k/a "Puppet,"

9   and others known and unknown, unlawfully, knowingly, and intentionally did combine, conspire,

10  confederate, and agree together and with each other to distribute and possess with intent to

11  distribute 50 grams or more of actual methamphetamine, in violation of Title 21, United States

12  Code, Sections 841(a)(1) and(b)(1)(A) and 846.

13

14  DATED:                              A TRUE BILL
          $11- 16-08$

15

16                                      FOREPERSON

17

18

19  JOSEPH P. RUSSONIELLO
    United States Attorney

20

21

22  BRIAN J. STRETCH
    Chief, Criminal Division

23

24

25  (Approved as to form: _____ )

26                      AUSA W.S. Wilson Leong
                        Trial Attorney Laura Gwinn

27

28

                            -46-                    INDICTMENT