# United States District Court

## FOR THE
## NORTHERN DISTRICT OF CALIFORNIA

### VENUE: SAN FRANCISCO

C C08 - 730 W HA

*FILED JO NOV -6 PM 4: 32*

### UNITED STATES OF AMERICA,

### V.

IVAN CERNA, a/k/a "Tigre;" MARVIN CARCAMO, a/k/a "Cyco," "Psycho," "Syco;"
ANGEL NOEL GUEVARA, a/k/a "Peloncito;" MORIS FLORES, a/k/a "Slow, "Slow Pain;"
GUILLERMO HERRERA, a/k/a "Shorty,""Sparky;" JONATHAN CRUZ-RAMIREZ,a/k/a "Soldado;"
WALTER CRUZ-ZAVALA, a/k/a "Sombra;" WALTER PALMA, a/k/a "Kapone," "Capon;"
DANIEL PORTILLO, a/k/a "Rustin,""Rooster;" ERICK LOPEZ,a/k/a "Spooky;"
CARLOS GARRIDO, a/k/a "Tweety;" WALTER CHINCHILLA-LINAR, a/k/a "Demonio;"
CESAR ALVARADO, a/k/a "Momia;" ABRAHAM MARTINEZ, a/k/a "Goofy;"
JOSE ALVARADO, a/k/a "Joker;" DOUGLAS LARGAESPADA, a/k/a "Droopy;"
WILBERT CASTILLO,a/k/a "Cypress;" JOSE QUINTEROS, a/k/a "Fantasma;"
MELVIN MALDONADO, a/k/a "Estrano,""Stranger;" MANUEL FRANCO, a/k/a "Dreamer;"
RODRIGO MOLINA, a/k/a "Lil Payaso," "Payaso;" MAURICIO URIAS, a/k/a "Puppet;"
JUDITH SOSA, a/k/a "J-Dubbs;" JOHN LACSAMANA BRIEZ;
JOSE ANTUNEZ, a/k/a "Fino;" ARISTIDES CARCAMO, a/k/a "Indio;"
RAFAEL MONTOYA, a/k/a "Sapo;" RENE MONTES-MAYORGA, a/k/a "Negro;"
RODIL NOCHEZ, a/k/a "Chino," "Nieto;" DANIEL GONZALEZ, a/k/a "D;" and
MARLON LUMANG.

### DEFENDANT(S).

# SUPERSEDING INDICTMENT

18 U.S.C. § 1962(d) - RICO Conspiracy

18. U.S.C. § 1959 - Violent Crimes in Aid of Racketeering

18 U.S.C. § 924(c) - Use or Possession of Firearm in Furtherance of Crime of Violence

21 U.S.C. § 846 - Conspiracy to Distribute/Possess with Intent to Distribute Controlled Substance

21 U.S.C. § 841 (a)(1), (b)(1)(A), (b)(1)(B), and (b)(1)(C) - Distribution or Possession with Intent to Distribute Controlled Substance

18 U.S.C. § 1951(a) - Conspiracy to Commit Robbery Affecting Interstate Commerce

18 U.S.C. § 922(a)(1) - Unlicensed Firearms Dealing

18 U.S.C. §922(g)(5) - Alien in Possession of Firearm

18 U.S.C. § 553(a) - Attempted Exportation of Stolen Vehicle

18 U.S.C. § 2 - Aiding & Abetting

A true bill. *INDICT*

_____
Foreman

Filed in open court this ____ 6 ____ day of NOVEMBER 2008

_____

_____
Clerk

Bail, $ No bail warrants for Wilbert Castillo, Jose Quinteros, Daniel Gonzales

AO 257 (Rev. 6/78)

## DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT

BY: ☐ COMPLAINT ☐ INFORMATION ☑ INDICTMENT
                              ☑ SUPERSEDING

───── OFFENSE CHARGED ─────

See attached
                                    ☐ Petty
                                    ☐ Minor
                                    ☐ Misde-
                                       meanor
                                    ☑ Felony

PENALTY:
See attached

─── Name of District Court, and/or Judge/Magistrate Location ───
NORTHERN DISTRICT OF CALIFORNIA

─── DEFENDANT - U.S. ───

IVAN CERNA

DISTRICT COURT NUMBER      *WHA*

# CR 08      0730

─────── DEFENDANT ───────

**IS *NOT* IN CUSTODY**

1) ☐ Has not been arrested, pending outcome this proceeding.
       If not detained give date any prior summons
       was served on above charges

2) ☐ Is a Fugitive

3) ☐ Is on Bail or Release from (show District)

─────── PROCEEDING ───────
Name of Complaintant Agency, or Person (&Title, if any)
Special Agent Christopher Merendino, Dept. of Homeland Security/ICE

☐ person is awaiting trial in another Federal or State
    Court, give name of court

☐ this person/proceeding is transferred from another
    district per (circle one) FRCrP 20, 21 or 40. Show
    District

☐ this is a reprosecution of
☐ charges previously dismissed
    which were dismissed on                **SHOW**
    motion of:                          **DOCKET NO.**
    ☐ U.S. Att'y ☐ Defense
    this prosecution relates to a       Cr-08-730-WHA
☑ pending case involving this same
    defendant                          **MAGISTRATE**
☐ prior proceedings or appearance(s)   **CASE NO.**
    before U.S. Magistrate regarding
    this defendant were recorded under

Name and Office of Person
Furnishing Information on     **JOSEPH P. RUSSONIELLO**
THIS FORM
              ☑ U.S. Att'y ☐ Other U.S. Agency

Name of Asst. U.S. Att'y
(if assigned)      W.S. Wilson Leung

**IS IN CUSTODY**

4) ☑ On this charge

5) ☐ On another conviction
6) ☐ Awaiting trial on other    } ☐ Fed'l ☐ State
       charges
       If answer to (6) is "Yes", show name of institution

Has detainer      ☐ Yes    If "Yes"
been filed?       ☐ No     give date
                           filed

**DATE OF**          Month/Day/Year
**ARREST**

Or... if Arresting Agency & Warrant were not

**DATE TRANSFERRED**      Month/Day/Year
**TO U.S. CUSTODY**

☐ This report amends AO 257 previously submitted

─────── ADDITIONAL INFORMATION OR COMMENTS ───────

PROCESS:
☐ SUMMONS ☑ NO PROCESS* ☐ WARRANT   Bail Amount:

If Summons, complete following:
☐ Arraignment ☐ Initial Appearance   *Where defendant previously apprehended on complaint, no new summons
Defendant Address:                    or warrant needed, since Magistrate has scheduled arraignment

                                      Date/Time:

                                      Before Judge:

Comments:

**IVAN CERNA, a/k/a "Tigre"**

Count One: Racketeering Conspiracy (18 U.S.C. § 1962(d))
Maximum term of life imprisonment
Maximum term of 5 years' supervised release
Maximum fine of the greatest of either: (a) $250,000; (b) twice the gross pecuniary gain
to the defendant; or (c) twice the gross pecuniary loss inflicted on another
Mandatory special assessment of $100

Count Two: Conspiracy to Commit Murder in Aid of Racketeering (18 U.S.C. § 1959(a)(5))
Maximum term of 10 years' imprisonment
Maximum term of 3 years' supervised release
Maximum fine of the greatest of either: (a) $250,000; (b) twice the gross pecuniary gain
to the defendant; or (c) twice the gross pecuniary loss inflicted on another
Mandatory special assessment of $100

Count Three: Conspiracy to Commit Assault with a Dangerous Weapon in Aid of
Racketeering (18 U.S.C. § 1959(a)(6))
Maximum term of 3 years' imprisonment
Maximum term of 3 years' supervised release
Maximum fine of the greatest of either: (a) $250,000; (b) twice the gross pecuniary gain
to the defendant; or (c) twice the gross pecuniary loss inflicted on another
Mandatory special assessment of $100

Count Four: Use/Possession of Firearm in Furtherance of Crime of Violence (18 U.S.C. §§
924(c) & 2)
Maximum term of life imprisonment
Mandatory minimum term of 5, 7, or 10 years' imprisonment, to be imposed consecutive
to any other term of imprisonment
Maximum term of supervised release of 5 years
Maximum fine of the greatest of either: (a) $250,000; (b) twice the gross pecuniary gain
to the defendant; or (c) twice the gross pecuniary loss inflicted on another
Mandatory special assessment of $100

## DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT

BY: ☐ COMPLAINT  ☐ INFORMATION  ☑ INDICTMENT
☑ SUPERSEDING

**Name of District Court, and/or Judge/Magistrate Location**
NORTHERN DISTRICT OF CALIFORNIA

─── **OFFENSE CHARGED** ───

See attached

☐ Petty
☐ Minor
☐ Misde-
   meanor
☑ Felony

PENALTY:
See attached

─── **DEFENDANT - U.S.** ───

MARVIN CARCAMO

**DISTRICT COURT NUMBER**  *WHA*

CR 08     0730

─── **DEFENDANT** ───

**IS *NOT* IN CUSTODY**
1) ☐ Has not been arrested, pending outcome this proceeding.
   If not detained give date any prior summons
   was served on above charges

2) ☐ Is a Fugitive

3) ☐ Is on Bail or Release from (show District)

─────── **PROCEEDING** ───────
**Name of Complaintant Agency, or Person (&Title, if any)**
Special Agent Christopher Merendino, Dept. of Homeland Security/ICE

☐ person is awaiting trial in another Federal or State
Court, give name of court

☐ this person/proceeding is transferred from another
district per (circle one) FRCrP 20, 21 or 40. Show
District

☐ this is a reprosecution of
charges previously dismissed
which were dismissed on           **SHOW**
motion of:                        **DOCKET NO.**
☐ U.S. Att'y ☐ Defense
this prosecution relates to a     Cr-08-730-WHA
☐ pending case involving this same
defendant                         **MAGISTRATE**
☐ prior proceedings or appearance(s)  **CASE NO.**
before U.S. Magistrate regarding
this defendant were recorded under

Name and Office of Person
Furnishing Information on      **JOSEPH P. RUSSONIELLO**
THIS FORM
☑ U.S. Att'y ☐ Other U.S. Agency

Name of Asst. U.S. Att'y
(if assigned)   W.S. Wilson Leung

**IS IN CUSTODY**
4) ☑ On this charge

5) ☐ On another conviction
6) ☐ Awaiting trial on other  } ☐ Fed'l ☐ State
      charges
   If answer to (6) is "Yes", show name of institution

   San Francisco County Jail

Has detainer   ☐ Yes   If "Yes"
been filed?    ☐ No    give date
                       filed

**DATE OF**        Month/Day/Year
**ARREST**

Or... if Arresting Agency & Warrant were not

**DATE TRANSFERRED**   Month/Day/Year
**TO U.S. CUSTODY**

☐ This report amends AO 257 previously submitted

─── **ADDITIONAL INFORMATION OR COMMENTS** ───

**PROCESS:**
☐ SUMMONS ☑ NO PROCESS* ☐ WARRANT  Bail Amount:

If Summons, complete following:
☐ Arraignment ☐ Initial Appearance   *Where defendant previously apprehended on complaint, no new summons
Defendant Address:                    or warrant needed, since Magistrate has scheduled arraignment

Date/Time:

Before Judge:

Comments:

**MARVIN CARCAMO, a/k/a "Cyco," a/k/a "Psycho," a/k/a "Syco"**

Count One: Racketeering Conspiracy (18 U.S.C. § 1962(d))
    Maximum term of life imprisonment
    Maximum term of 5 years' supervised release
    Maximum fine of the greatest of either: (a) $250,000; (b) twice the gross pecuniary gain
    to the defendant; or (c) twice the gross pecuniary loss inflicted on another
    Mandatory special assessment of $100

Count Two: Conspiracy to Commit Murder in Aid of Racketeering (18 U.S.C. § 1959(a)(5))
    Maximum term of 10 years' imprisonment
    Maximum term of 3 years' supervised release
    Maximum fine of the greatest of either: (a) $250,000; (b) twice the gross pecuniary gain
    to the defendant; or (c) twice the gross pecuniary loss inflicted on another
    Mandatory special assessment of $100

Count Three: Conspiracy to Commit Assault with a Dangerous Weapon in Aid of
Racketeering (18 U.S.C. § 1959(a)(6))
    Maximum term of 3 years' imprisonment
    Maximum term of 3 years' supervised release
    Maximum fine of the greatest of either: (a) $250,000; (b) twice the gross pecuniary gain
    to the defendant; or (c) twice the gross pecuniary loss inflicted on another
    Mandatory special assessment of $100

Count Four: Use/Possession of Firearm in Furtherance of Crime of Violence (18 U.S.C. §§
924(c) & 2)
    Maximum term of life imprisonment
    Mandatory minimum term of 5, 7, or 10 years' imprisonment, to be imposed consecutive
    to any other term of imprisonment
    Maximum term of supervised release of 5 years
    Maximum fine of the greatest of either: (a) $250,000; (b) twice the gross pecuniary gain
    to the defendant; or (c) twice the gross pecuniary loss inflicted on another
    Mandatory special assessment of $100

Count Forty-One: Attempted Exportation of Stolen Vehicle (18 U.S.C. §§ 553(a) & 2)
    Maximum term of 10 years' imprisonment
    Maximum term of 3 years' supervised release
    Maximum fine of the greatest of either: (a) $250,000; (b) twice the gross pecuniary gain
    to the defendant; or (c) twice the gross pecuniary loss inflicted on another
    Mandatory special assessment of $100

AO 257 (Rev. 6/78)

**DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT**

| BY: ☐ COMPLAINT ☐ INFORMATION ☑ INDICTMENT ☑ SUPERSEDING | Name of District Court, and/or Judge/Magistrate Location<br>NORTHERN DISTRICT OF CALIFORNIA |

─── **OFFENSE CHARGED** ───

See attached

☐ Petty
☐ Minor
☐ Misde-meanor
☑ Felony

PENALTY:
See attached

─── **DEFENDANT - U.S.** ───

ANGEL NOEL GUEVARA

DISTRICT COURT NUMBER

CR 08    0730

─── **DEFENDANT** ─── *WHA*

**IS *NOT* IN CUSTODY**

1) ☐ Has not been arrested, pending outcome this proceeding. If not detained give date any prior summons was served on above charges

2) ☐ Is a Fugitive

3) ☐ Is on Bail or Release from (show District)

─── **PROCEEDING** ───

Name of Complaintant Agency, or Person (&Title, if any)
Special Agent Christopher Merendino, Dept. of Homeland Security/ICE

☐ person is awaiting trial in another Federal or State Court, give name of court

☐ this person/proceeding is transferred from another district per (circle one) FRCrP 20, 21 or 40. Show District

☐ this is a reprosecution of charges previously dismissed which were dismissed on motion of:
☐ U.S. Att'y ☐ Defense

☑ this prosecution relates to a pending case involving this same defendant

☐ prior proceedings or appearance(s) before U.S. Magistrate regarding this defendant were recorded under

**SHOW DOCKET NO.**

Cr-08-730-WHA

**MAGISTRATE CASE NO.**

**IS IN CUSTODY**

4) ☑ On this charge

5) ☐ On another conviction
6) ☐ Awaiting trial on other charges } ☐ Fed'l ☐ State

If answer to (6) is "Yes", show name of institution

Has detainer been filed? ☐ Yes ☐ No } If "Yes" give date filed

**DATE OF ARREST**  Month/Day/Year

Or... if Arresting Agency & Warrant were not

**DATE TRANSFERRED TO U.S. CUSTODY**  Month/Day/Year

Name and Office of Person Furnishing Information on THIS FORM  **JOSEPH P. RUSSONIELLO**

☑ U.S. Att'y ☐ Other U.S. Agency

Name of Asst. U.S. Att'y (if assigned)  W.S. Wilson Leung

☐ This report amends AO 257 previously submitted

─── **ADDITIONAL INFORMATION OR COMMENTS** ───

PROCESS:
☐ SUMMONS ☑ NO PROCESS* ☐ WARRANT  Bail Amount:

If Summons, complete following:
☐ Arraignment ☐ Initial Appearance
Defendant Address:

*Where defendant previously apprehended on complaint, no new summons or warrant needed, since Magistrate has scheduled arraignment

Date/Time: _____

Before Judge: _____

Comments:

## ANGEL NOEL GUEVARA, a/k/a "Peloncito"

Count One: Racketeering Conspiracy (18 U.S.C. § 1962(d))
Maximum term of life imprisonment
Maximum term of 5 years' supervised release
Maximum fine of the greatest of either: (a) $250,000; (b) twice the gross pecuniary gain
to the defendant; or (c) twice the gross pecuniary loss inflicted on another
Mandatory special assessment of $100

Count Two: Conspiracy to Commit Murder in Aid of Racketeering (18 U.S.C. § 1959(a)(5))
Maximum term of 10 years' imprisonment
Maximum term of 3 years' supervised release
Maximum fine of the greatest of either: (a) $250,000; (b) twice the gross pecuniary gain
to the defendant; or (c) twice the gross pecuniary loss inflicted on another
Mandatory special assessment of $100

Count Three: Conspiracy to Commit Assault with a Dangerous Weapon in Aid of
Racketeering (18 U.S.C. § 1959(a)(6))
Maximum term of 3 years' imprisonment
Maximum term of 3 years' supervised release
Maximum fine of the greatest of either: (a) $250,000; (b) twice the gross pecuniary gain
to the defendant; or (c) twice the gross pecuniary loss inflicted on another
Mandatory special assessment of $100

Count Four: Use/Possession of Firearm in Furtherance of Crime of Violence (18 U.S.C. §§
924(c) & 2)
Maximum term of life imprisonment
Mandatory minimum term of 5, 7, or 10 years' imprisonment, to be imposed consecutive
to any other term of imprisonment
Maximum term of supervised release of 5 years
Maximum fine of the greatest of either: (a) $250,000; (b) twice the gross pecuniary gain
to the defendant; or (c) twice the gross pecuniary loss inflicted on another
Mandatory special assessment of $100

Counts Five, Six, and Eight: Assault with a Dangerous Weapon in Aid of Racketeering (18
U.S.C. § 1959(a)(3) & 2)
For *each* count:
Maximum term of 20 years' imprisonment
Maximum term of 3 years' supervised release
Maximum fine of the greatest of either: (a) $250,000; (b) twice the gross pecuniary gain
to the defendant; or (c) twice the gross pecuniary loss inflicted on another
Mandatory special assessment of $100

<u>Counts Seven and Nine</u>: Attempted Murder in Aid of Racketeering (18 U.S.C. § 1959(a)(5)
& 2)

For *each* count:

Maximum term of 10 years' imprisonment

Maximum term of 3 years' supervised release

Maximum fine of the greatest of either: (a) $250,000; (b) twice the gross pecuniary gain
to the defendant; or (c) twice the gross pecuniary loss inflicted on another

Mandatory special assessment of $100

AO 257 (Rev. 6/78)

## DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT

BY: ☐ COMPLAINT  ☐ INFORMATION  ☑ INDICTMENT
☑ SUPERSEDING

—— OFFENSE CHARGED ——

See attached

☐ Petty
☐ Minor
☐ Misde-
  meanor
☑ Felony

PENALTY:
See attached

—————— Name of District Court, and/or Judge/Magistrate Location ——————
NORTHERN DISTRICT OF CALIFORNIA

—— DEFENDANT - U.S. ——

*WHA*

▶ MORIS FLORES

DISTRICT COURT NUMBER

**CR 08    0730**

—————— PROCEEDING ——————
Name of Complaintant Agency, or Person (&Title, if any)
Special Agent Christopher Merendino, Dept. of Homeland Security/ICE

☐ person is awaiting trial in another Federal or State
Court, give name of court

☐ this person/proceeding is transferred from another
district per (circle one) FRCrP 20, 21 or 40. Show
District

☐ this is a reprosecution of
charges previously dismissed
which were dismissed on
motion of:                           **SHOW**
☐ U.S. Att'y ☐ Defense      **DOCKET NO.**
this prosecution relates to a
☑ pending case involving this same       Cr-08-730-WHA
defendant
prior proceedings or appearance(s)   **MAGISTRATE**
☐ before U.S. Magistrate regarding   **CASE NO.**
this defendant were recorded under ▶

Name and Office of Person
Furnishing Information on       **JOSEPH P. RUSSONIELLO**
THIS FORM
☑ U.S. Att'y ☐ Other U.S. Agency

Name of Asst. U.S. Att'y
(if assigned)      W.S. Wilson Leung

—————— DEFENDANT ——————

## IS *NOT* IN CUSTODY
Has not been arrested, pending outcome this proceeding.
1) ☐ If not detained give date any prior summons
was served on above charges

2) ☐ Is a Fugitive

3) ☐ Is on Bail or Release from (show District)

## IS IN CUSTODY
4) ☑ On this charge

5) ☐ On another conviction
6) ☐ Awaiting trial on other  } ☐ Fed'l ☐ State
charges
If answer to (6) is "Yes", show name of Institution

Has detainer   ☐ Yes    If "Yes"
been filed?    ☐ No     give date
filed

**DATE OF** ▶    Month/Day/Year
**ARREST**
Or... if Arresting Agency & Warrant were not

**DATE TRANSFERRED** ▶    Month/Day/Year
**TO U.S. CUSTODY**

☐ This report amends AO 257 previously submitted

—————— ADDITIONAL INFORMATION OR COMMENTS ——————

PROCESS:
☐ SUMMONS ☑ NO PROCESS* ☐ WARRANT   Bail Amount:

If Summons, complete following:
☐ Arraignment ☐ Initial Appearance   *Where defendant previously apprehended on complaint, no new summons
Defendant Address:                  or warrant needed, since Magistrate has scheduled arraignment

Date/Time:

Before Judge:

Comments:

**MORIS FLORES, a/k/a "Slow," a/k/a "Slow Pain"**

Count One: Racketeering Conspiracy (18 U.S.C. § 1962(d))
Maximum term of life imprisonment
Maximum term of 5 years' supervised release
Maximum fine of the greatest of either: (a) $250,000; (b) twice the gross pecuniary gain
to the defendant; or (c) twice the gross pecuniary loss inflicted on another
Mandatory special assessment of $100

Count Two: Conspiracy to Commit Murder in Aid of Racketeering (18 U.S.C. § 1959(a)(5))
Maximum term of 10 years' imprisonment
Maximum term of 3 years' supervised release
Maximum fine of the greatest of either: (a) $250,000; (b) twice the gross pecuniary gain
to the defendant; or (c) twice the gross pecuniary loss inflicted on another
Mandatory special assessment of $100

Count Three: Conspiracy to Commit Assault with a Dangerous Weapon in Aid of
Racketeering (18 U.S.C. § 1959(a)(6))
Maximum term of 3 years' imprisonment
Maximum term of 3 years' supervised release
Maximum fine of the greatest of either: (a) $250,000; (b) twice the gross pecuniary gain
to the defendant; or (c) twice the gross pecuniary loss inflicted on another
Mandatory special assessment of $100

Count Four: Use/Possession of Firearm in Furtherance of Crime of Violence (18 U.S.C. §§
924(c) & 2)
Maximum term of life imprisonment
Mandatory minimum term of 5, 7, or 10 years' imprisonment, to be imposed consecutive
to any other term of imprisonment
Maximum term of supervised release of 5 years
Maximum fine of the greatest of either: (a) $250,000; (b) twice the gross pecuniary gain
to the defendant; or (c) twice the gross pecuniary loss inflicted on another
Mandatory special assessment of $100

AO 257 (Rev. 6/78)

## DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT

BY: ☐ COMPLAINT ☐ INFORMATION ☑ INDICTMENT
☑ SUPERSEDING

---- OFFENSE CHARGED ----

See attached
☐ Petty
☐ Minor
☐ Misde-
meanor
☑ Felony

PENALTY:
See attached

---- PROCEEDING ----
Name of Complaintant Agency, or Person (&Title, if any)
Special Agent Christopher Merendino, Dept. of Homeland Security/ICE

☐ person is awaiting trial in another Federal or State
Court, give name of court

☐ this person/proceeding is transferred from another
district per (circle one) FRCrP 20, 21 or 40. Show
District

☐ this is a reprosecution of
charges previously dismissed
which were dismissed on
motion of:
☐ U.S. Att'y ☐ Defense
this prosecution relates to a
☑ pending case involving this same
defendant
☐ prior proceedings or appearance(s)
before U.S. Magistrate regarding
this defendant were recorded under

SHOW
DOCKET NO.

Cr-08-730-WHA

MAGISTRATE
CASE NO.

Name and Office of Person
Furnishing Information on
THIS FORM          **JOSEPH P. RUSSONIELLO**
☑ U.S. Att'y ☐ Other U.S. Agency

Name of Asst. U.S. Att'y
(if assigned)     W.S. Wilson Leung

---- Name of District Court, and/or Judge/Magistrate Location ----
NORTHERN DISTRICT OF CALIFORNIA

---- DEFENDANT - U.S. ----

▶ GUILLERMO HERRERA

DISTRICT COURT NUMBER

CR 08          07 3 0

---- DEFENDANT ----

**IS *NOT* IN CUSTODY**                **WHA**
Has not been arrested, pending outcome this proceeding.
1) ☐ If not detained give date any prior summons
was served on above charges

2) ☐ Is a Fugitive

3) ☐ Is on Bail or Release from (show District)

**IS IN CUSTODY**
4) ☑ On this charge

5) ☐ On another conviction
6) ☐ Awaiting trial on other
charges          ☐ Fed'l ☐ State

If answer to (6) is "Yes", show name of institution

Has detainer     ☐ Yes    If "Yes"
been filed?      ☐ No     give date
filed

**DATE OF
ARREST** ▶          Month/Day/Year

Or... if Arresting Agency & Warrant were not
**DATE TRANSFERRED ▶**          Month/Day/Year
**TO U.S. CUSTODY**

☐ This report amends AO 257 previously submitted

---- ADDITIONAL INFORMATION OR COMMENTS ----

PROCESS:
☐ SUMMONS ☑ NO PROCESS* ☐ WARRANT    Bail Amount:

If Summons, complete following:
☐ Arraignment ☐ Initial Appearance      *Where defendant previously apprehended on complaint, no new summons
Defendant Address:                        or warrant needed, since Magistrate has scheduled arraignment

Date/Time: _____

Before Judge: _____

Comments: _____

## GUILLERMO HERRERA, a/k/a "Shorty," a/k/a "Sparky"

Count One: Racketeering Conspiracy (18 U.S.C. § 1962(d))
    Maximum term of life imprisonment
    Maximum term of 5 years' supervised release
    Maximum fine of the greatest of either: (a) $250,000; (b) twice the gross pecuniary gain
    to the defendant; or (c) twice the gross pecuniary loss inflicted on another
    Mandatory special assessment of $100

Count Two: Conspiracy to Commit Murder in Aid of Racketeering (18 U.S.C. § 1959(a)(5))
    Maximum term of 10 years' imprisonment
    Maximum term of 3 years' supervised release
    Maximum fine of the greatest of either: (a) $250,000; (b) twice the gross pecuniary gain
    to the defendant; or (c) twice the gross pecuniary loss inflicted on another
    Mandatory special assessment of $100

Count Three: Conspiracy to Commit Assault with a Dangerous Weapon in Aid of
Racketeering (18 U.S.C. § 1959(a)(6))
    Maximum term of 3 years' imprisonment
    Maximum term of 3 years' supervised release
    Maximum fine of the greatest of either: (a) $250,000; (b) twice the gross pecuniary gain
    to the defendant; or (c) twice the gross pecuniary loss inflicted on another
    Mandatory special assessment of $100

Count Ten: Murder in Aid of Racketeering (18 U.S.C. §§ 1959(a)(1) & 2)
    Maximum punishment is death
    Mandatory minimum term of life imprisonment
    Maximum term of supervised release of 5 years
    Maximum fine of the greatest of either: (a) $250,000; (b) twice the gross pecuniary gain
    to the defendant; or (c) twice the gross pecuniary loss inflicted on another
    Mandatory special assessment of $100

Count Eleven: Use/Possession of Firearm in Furtherance of Crime of Violence (18 U.S.C. §§
924(c) & 2)
    Maximum term of life imprisonment
    Mandatory minimum term of 5, 7, or 10 years' imprisonment, to be imposed consecutive
    to any other term of imprisonment
    Maximum term of supervised release of 5 years
    Maximum fine of the greatest of either: (a) $250,000; (b) twice the gross pecuniary gain
    to the defendant; or (c) twice the gross pecuniary loss inflicted on another
    Mandatory special assessment of $100

AO 257 (Rev. 6/78)

## DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT

BY: ☐ COMPLAINT ☐ INFORMATION ☑ INDICTMENT
☑ SUPERSEDING

─── OFFENSE CHARGED ───

See attached

☐ Petty
☐ Minor
☐ Misde-
meanor
☑ Felony

PENALTY:
See attached

─── PROCEEDING ───

Name of Complaintant Agency, or Person (&Title, if any)
Special Agent Christopher Merendino, Dept. of Homeland Security/ICE

☐ person is awaiting trial in another Federal or State
Court, give name of court

☐ this person/proceeding is transferred from another
district per (circle one) FRCrP 20, 21 or 40. Show
District

☐ this is a reprosecution of
charges previously dismissed
which were dismissed on
motion of:
☐ U.S. Att'y ☐ Defense
this prosecution relates to a
☑ pending case involving this same
defendant
☐ prior proceedings or appearance(s)
before U.S. Magistrate regarding
this defendant were recorded under

**SHOW**
**DOCKET NO.**

Cr-08-730-WHA

**MAGISTRATE**
**CASE NO.**

Name and Office of Person
Furnishing Information on
THIS FORM                **JOSEPH P. RUSSONIELLO**

☑ U.S. Att'y ☐ Other U.S. Agency

Name of Asst. U.S. Att'y
(if assigned)        W.S. Wilson Leung

─── Name of District Court, and/or Judge/Magistrate Location ───
NORTHERN DISTRICT OF CALIFORNIA

─── DEFENDANT - U.S. ───

▶ JONATHAN CRUZ-RAMIREZ

DISTRICT COURT NUMBER

0730

─── DEFENDANT ─── **WHA**

**IS *NOT* IN CUSTODY**
Has not been arrested, pending outcome this proceeding.
1) ☐ If not detained give date any prior summons
was served on above charges

2) ☐ Is a Fugitive

3) ☐ Is on Bail or Release from (show District)

**IS IN CUSTODY**

4) ☑ On this charge

5) ☐ On another conviction
6) ☐ Awaiting trial on other
charges                              } ☐ Fed'l ☐ State

If answer to (6) is "Yes", show name of Institution

Yuba County Jail

Has detainer     ☐ Yes     If "Yes"
been filed?      ☐ No      give date
filed

**DATE OF**
**ARREST**                Month/Day/Year

Or... if Arresting Agency & Warrant were not

**DATE TRANSFERRED**                Month/Day/Year
**TO U.S. CUSTODY**

☐ This report amends AO 257 previously submitted

─── ADDITIONAL INFORMATION OR COMMENTS ───

PROCESS:
☐ SUMMONS ☑ NO PROCESS* ☐ WARRANT   Bail Amount:

If Summons, complete following:
☐ Arraignment ☐ Initial Appearance   *Where defendant previously apprehended on complaint, no new summons
or warrant needed, since Magistrate has scheduled arraignment
Defendant Address:

Date/Time:

Before Judge:

Comments:

## JONATHAN CRUZ-RAMIREZ, a/k/a "Soldado"

Count One: Racketeering Conspiracy (18 U.S.C. § 1962(d))
Maximum term of life imprisonment
Maximum term of 5 years' supervised release
Maximum fine of the greatest of either: (a) $250,000; (b) twice the gross pecuniary gain to the defendant; or (c) twice the gross pecuniary loss inflicted on another
Mandatory special assessment of $100

Count Two: Conspiracy to Commit Murder in Aid of Racketeering (18 U.S.C. § 1959(a)(5))
Maximum term of 10 years' imprisonment
Maximum term of 3 years' supervised release
Maximum fine of the greatest of either: (a) $250,000; (b) twice the gross pecuniary gain to the defendant; or (c) twice the gross pecuniary loss inflicted on another
Mandatory special assessment of $100

Count Three: Conspiracy to Commit Assault with a Dangerous Weapon in Aid of Racketeering (18 U.S.C. § 1959(a)(6))
Maximum term of 3 years' imprisonment
Maximum term of 3 years' supervised release
Maximum fine of the greatest of either: (a) $250,000; (b) twice the gross pecuniary gain to the defendant; or (c) twice the gross pecuniary loss inflicted on another
Mandatory special assessment of $100

Count Four: Use/Possession of Firearm in Furtherance of Crime of Violence (18 U.S.C. §§ 924(c) & 2)
Maximum term of life imprisonment
Mandatory minimum term of 5, 7, or 10 years' imprisonment, to be imposed consecutive to any other term of imprisonment
Maximum term of supervised release of 5 years
Maximum fine of the greatest of either: (a) $250,000; (b) twice the gross pecuniary gain to the defendant; or (c) twice the gross pecuniary loss inflicted on another
Mandatory special assessment of $100

## DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT

BY: ☐ COMPLAINT  ☐ INFORMATION  ☑ INDICTMENT
☑ SUPERSEDING

**OFFENSE CHARGED**

See attached

☐ Petty
☐ Minor
☐ Misde-
meaner
☑ Felony

PENALTY:
See attached

---

**PROCEEDING**
Name of Complaintant Agency, or Person (&Title, if any)
Special Agent Christopher Merendino, Dept. of Homeland Security/ICE

☐ person is awaiting trial in another Federal or State
Court, give name of court

☐ this person/proceeding is transferred from another
district per (circle one) FRCrP 20, 21 or 40. Show
District

☐ this is a reprosecution of
charges previously dismissed
which were dismissed on
motion of:                           **SHOW**
☐ U.S. Att'y ☐ Defense              **DOCKET NO.**
                                      Cr-08-730-WHA
this prosecution relates to a
☑ pending case involving this same
defendant                            **MAGISTRATE**
☐ prior proceedings or appearance(s)  **CASE NO.**
before U.S. Magistrate regarding
this defendant were recorded under

Name and Office of Person
Furnishing Information on
THIS FORM                **JOSEPH P. RUSSONIELLO**
                ☑ U.S. Att'y ☐ Other U.S. Agency

Name of Asst. U.S. Att'y
(if assigned)    W.S. Wilson Leung

---

Name of District Court, and/or Judge/Magistrate Location
NORTHERN DISTRICT OF CALIFORNIA

**DEFENDANT - U.S.**

▶ WALTER CRUZ-ZAVALA

**DISTRICT COURT NUMBER**

# CR 08    0730

**DEFENDANT**

**IS *NOT* IN CUSTODY**
Has not been arrested, pending outcome this proceeding.
1) ☐ If not detained give date any prior summons
was served on above charges

2) ☐ Is a Fugitive

3) ☐ Is on Bail or Release from (show District)

**IS IN CUSTODY**

4) ☑ On this charge

5) ☐ On another conviction
6) ☐ Awaiting trial on other   } ☐ Fed'l ☐ State
charges

If answer to (6) is "Yes", show name of Institution

Has detainer    ☐ Yes     If "Yes"
been filed?     ☐ No       give date
                           filed

**DATE OF**     ▶ Month/Day/Year
**ARREST**

Or... if Arresting Agency & Warrant were not

**DATE TRANSFERRED** ▶ Month/Day/Year
**TO U.S. CUSTODY**

☐ This report amends AO 257 previously submitted

---

**ADDITIONAL INFORMATION OR COMMENTS**

PROCESS:
☐ SUMMONS ☑ NO PROCESS*  ☐ WARRANT    Bail Amount:

If Summons, complete following:
☐ Arraignment ☐ Initial Appearance    *Where defendant previously apprehended on complaint, no new summons
Defendant Address:                     or warrant needed, since Magistrate has scheduled arraignment

Date/Time:

Before Judge:

Comments:

## WALTER YOVANI CRUZ-ZAVALA, a/k/a "Sombra"

Count One: Racketeering Conspiracy (18 U.S.C. § 1962(d))
Maximum term of life imprisonment
Maximum term of 5 years' supervised release
Maximum fine of the greatest of either: (a) $250,000; (b) twice the gross pecuniary gain to the defendant; or (c) twice the gross pecuniary loss inflicted on another
Mandatory special assessment of $100

Count Two: Conspiracy to Commit Murder in Aid of Racketeering (18 U.S.C. § 1959(a)(5))
Maximum term of 10 years' imprisonment
Maximum term of 3 years' supervised release
Maximum fine of the greatest of either: (a) $250,000; (b) twice the gross pecuniary gain to the defendant; or (c) twice the gross pecuniary loss inflicted on another
Mandatory special assessment of $100

Count Three: Conspiracy to Commit Assault with a Dangerous Weapon in Aid of Racketeering (18 U.S.C. § 1959(a)(6))
Maximum term of 3 years' imprisonment
Maximum term of 3 years' supervised release
Maximum fine of the greatest of either: (a) $250,000; (b) twice the gross pecuniary gain to the defendant; or (c) twice the gross pecuniary loss inflicted on another
Mandatory special assessment of $100

Count Four: Use/Possession of Firearm in Furtherance of Crime of Violence (18 U.S.C. §§ 924(c) & 2)
Maximum term of life imprisonment
Mandatory minimum term of 5, 7, or 10 years' imprisonment, to be imposed consecutive to any other term of imprisonment
Maximum term of supervised release of 5 years
Maximum fine of the greatest of either: (a) $250,000; (b) twice the gross pecuniary gain to the defendant; or (c) twice the gross pecuniary loss inflicted on another
Mandatory special assessment of $100

AO 257 (Rev. 6/78)

## DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT

BY: ☐ COMPLAINT ☐ INFORMATION ☑ INDICTMENT
☑ SUPERSEDING

—— **OFFENSE CHARGED** ——

See attached

☐ Petty
☐ Minor
☐ Misde-
meanor
☑ Felony

PENALTY:
See attached

—— **Name of District Court, and/or Judge/Magistrate Location** ——
NORTHERN DISTRICT OF CALIFORNIA

—— **DEFENDANT - U.S.** ——

*WHA*

▸ WALTER PALMA

**DISTRICT COURT NUMBER**

08 0730

—————————— **DEFENDANT** ——————————

**IS *NOT* IN CUSTODY**

—— **PROCEEDING** ——
Name of Complainant Agency, or Person (&Title, if any)
Special Agent Christopher Merendino, Dept. of Homeland Security/ICE

☐ person is awaiting trial in another Federal or State
Court, give name of court

☐ this person/proceeding is transferred from another
district per (circle one) FRCrP 20, 21 or 40. Show
District

☐ this is a reprosecution of
charges previously dismissed
which were dismissed on **SHOW**
motion of: **DOCKET NO.**
☐ U.S. Att'y ☐ Defense
this prosecution relates to a **Cr-08-730-WHA**
☑ pending case involving this same
defendant **MAGISTRATE**
☐ prior proceedings or appearance(s) **CASE NO.**
before U.S. Magistrate regarding
this defendant were recorded under ▸

Name and Office of Person
Furnishing Information on
THIS FORM **JOSEPH P. RUSSONIELLO**
☑ U.S. Att'y ☐ Other U.S. Agency

Name of Asst. U.S. Att'y
(if assigned) W.S. Wilson Leung

1) ☐ Has not been arrested, pending outcome this proceeding.
If not detained give date any prior summons
was served on above charges ▸

2) ☐ Is a Fugitive

3) ☐ Is on Bail or Release from (show District)

**IS IN CUSTODY**

4) ☑ On this charge

5) ☐ On another conviction
6) ☐ Awaiting trial on other ☐ Fed'l ☐ State
charges
If answer to (6) is "Yes", show name of institution

Has detainer ☐ Yes If "Yes"
been filed? ☐ No give date
filed

**DATE OF
ARREST** ▸ Month/Day/Year

Or... if Arresting Agency & Warrant were not

**DATE TRANSFERRED** ▸ Month/Day/Year
**TO U.S. CUSTODY**

☐ This report amends AO 257 previously submitted

—————— **ADDITIONAL INFORMATION OR COMMENTS** ——————

PROCESS:
☐ SUMMONS ☑ NO PROCESS* ☐ WARRANT  Bail Amount:

If Summons, complete following:
☐ Arraignment ☐ Initial Appearance  *Where defendant previously apprehended on complaint, no new summons
Defendant Address:  or warrant needed, since Magistrate has scheduled arraignment

Date/Time:

Before Judge:

Comments:

**WALTER PALMA, a/k/a "Kapone," a/k/a "Capon"**

Count One: Racketeering Conspiracy (18 U.S.C. § 1962(d))
    Maximum term of life imprisonment
    Maximum term of 5 years' supervised release
    Maximum fine of the greatest of either: (a) $250,000; (b) twice the gross pecuniary gain
    to the defendant; or (c) twice the gross pecuniary loss inflicted on another
    Mandatory special assessment of $100

Count Two: Conspiracy to Commit Murder in Aid of Racketeering (18 U.S.C. § 1959(a)(5))
    Maximum term of 10 years' imprisonment
    Maximum term of 3 years' supervised release
    Maximum fine of the greatest of either: (a) $250,000; (b) twice the gross pecuniary gain
    to the defendant; or (c) twice the gross pecuniary loss inflicted on another
    Mandatory special assessment of $100

Count Three: Conspiracy to Commit Assault with a Dangerous Weapon in Aid of
Racketeering (18 U.S.C. § 1959(a)(6))
    Maximum term of 3 years' imprisonment
    Maximum term of 3 years' supervised release
    Maximum fine of the greatest of either: (a) $250,000; (b) twice the gross pecuniary gain
    to the defendant; or (c) twice the gross pecuniary loss inflicted on another
    Mandatory special assessment of $100

Counts Fourteen and Twenty-One: Use/Possession of Firearm in Furtherance of Crime of
Violence (18 U.S.C. §§ 924(c) & 2)
    For *each* count:
    Maximum term of life imprisonment
    Mandatory minimum term of 5, 7, or 10 years' imprisonment, to be imposed consecutive
    to any other term of imprisonment
    Maximum term of supervised release of 5 years
    Maximum fine of the greatest of either: (a) $250,000; (b) twice the gross pecuniary gain
    to the defendant; or (c) twice the gross pecuniary loss inflicted on another
    Mandatory special assessment of $100
    Mandatory minimum term of 25 years' imprisonment if convicted of *both* Counts
    Fourteen and Twenty-One, pursuant to 18 U.S.C. § 924(c)(1)(C)

Counts Twelve, Fifteen, Seventeen, and Nineteen: Assault with a Dangerous Weapon in Aid
of Racketeering (18 U.S.C. §§ 1959(a)(3) & 2)
    Maximum term of 20 years' imprisonment
    Maximum term of 3 years' supervised release
    Maximum fine of the greatest of either: (a) $250,000; (b) twice the gross pecuniary gain
    to the defendant; or (c) twice the gross pecuniary loss inflicted on another
    Mandatory special assessment of $100

Counts Thirteen, Sixteen, Eighteen, and Twenty: Attempted Murder in Aid of Racketeering
(18 U.S.C. §§ 1959(a)(5) and 2)

    Maximum term of 10 years' imprisonment

    Maximum term of 3 years' supervised release

    Maximum fine of the greatest of either: (a) $250,000; (b) twice the gross pecuniary gain
    to the defendant; or (c) twice the gross pecuniary loss inflicted on another

    Mandatory special assessment of $100

Counts Forty-Two, Forty-Six, Forty-Seven, and Forty-Eight: Attempted Exportation of
Stolen Vehicle (18 U.S.C. §§ 553(a) & 2)

    Maximum term of 10 years' imprisonment

    Maximum term of 3 years' supervised release

    Maximum fine of the greatest of either: (a) $250,000; (b) twice the gross pecuniary gain
    to the defendant; or (c) twice the gross pecuniary loss inflicted on another

    Mandatory special assessment of $100

AO 257 (Rev. 6/78)

## DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT

BY: ☐ COMPLAINT   ☐ INFORMATION   ☑ INDICTMENT
☑ SUPERSEDING

**Name of District Court, and/or Judge/Magistrate Location**
NORTHERN DISTRICT OF CALIFORNIA

### OFFENSE CHARGED

See attached

☐ Petty
☐ Minor
☐ Misde-
meanor
☑ Felony

PENALTY:
See attached

──── DEFENDANT - U.S. ────

▶ DANIEL PORTILLO                          *WHA*

DISTRICT COURT NUMBER

~~CR 08~~     ~~0730~~

### PROCEEDING
Name of Complaintant Agency, or Person (&Title, if any)
Special Agent Christopher Merendino, Dept. of Homeland Security/ICE

☐ person is awaiting trial in another Federal or State Court, give name of court

☐ this person/proceeding is transferred from another district per (circle one) FRCrP 20, 21 or 40. Show District

☐ this is a reprosecution of charges previously dismissed which were dismissed on motion of:
☐ U.S. Att'y   ☐ Defense

☑ this prosecution relates to a pending case involving this same defendant

☐ prior proceedings or appearance(s) before U.S. Magistrate regarding this defendant were recorded under ▶

SHOW
DOCKET NO.

Cr-08-730-WHA

MAGISTRATE
CASE NO.

Name and Office of Person
Furnishing Information on
THIS FORM          **JOSEPH P. RUSSONIELLO**

☑ U.S. Att'y   ☐ Other U.S. Agency

Name of Asst. U.S. Att'y
(if assigned)        W.S. Wilson Leung

──────── DEFENDANT ────────

**IS *NOT* IN CUSTODY**

1) ☐ Has not been arrested, pending outcome this proceeding.
If not detained give date any prior summons was served on above charges ▶

2) ☐ Is a Fugitive

3) ☐ Is on Bail or Release from (show District)

**IS IN CUSTODY**

4) ☑ On this charge

5) ☐ On another conviction

6) ☐ Awaiting trial on other charges

} ☐ Fed'l   ☐ State

If answer to (6) is "Yes", show name of institution

Has detainer   ☐ Yes   If "Yes"
been filed?    ☐ No    give date
filed

Month/Day/Year

**DATE OF
ARREST**

Month/Day/Year

Or... if Arresting Agency & Warrant were not

**DATE TRANSFERRED
TO U.S. CUSTODY** ▶

Month/Day/Year

☐ This report amends AO 257 previously submitted

──────── ADDITIONAL INFORMATION OR COMMENTS ────────

PROCESS:
☐ SUMMONS   ☑ NO PROCESS*   ☐ WARRANT   Bail Amount:

If Summons, complete following:
☐ Arraignment   ☐ Initial Appearance
Defendant Address:

*Where defendant previously apprehended on complaint, no new summons or warrant needed, since Magistrate has scheduled arraignment

Date/Time:

Before Judge:

Comments:

**DANIEL PORTILLO, a/k/a "Rustin," a/k/a "Rooster"**

Count One: Racketeering Conspiracy (18 U.S.C. § 1962(d))
    Maximum term of life imprisonment
    Maximum term of 5 years' supervised release
    Maximum fine of the greatest of either: (a) $250,000; (b) twice the gross pecuniary gain
    to the defendant; or (c) twice the gross pecuniary loss inflicted on another
    Mandatory special assessment of $100

Count Two: Conspiracy to Commit Murder in Aid of Racketeering (18 U.S.C. § 1959(a)(5))
    Maximum term of 10 years' imprisonment
    Maximum term of 3 years' supervised release
    Maximum fine of the greatest of either: (a) $250,000; (b) twice the gross pecuniary gain
    to the defendant; or (c) twice the gross pecuniary loss inflicted on another
    Mandatory special assessment of $100

Count Three: Conspiracy to Commit Assault with a Dangerous Weapon in Aid of
Racketeering (18 U.S.C. § 1959(a)(6))
    Maximum term of 3 years' imprisonment
    Maximum term of 3 years' supervised release
    Maximum fine of the greatest of either: (a) $250,000; (b) twice the gross pecuniary gain
    to the defendant; or (c) twice the gross pecuniary loss inflicted on another
    Mandatory special assessment of $100

Count Twenty-Two: Assault with a Dangerous Weapon in Aid of Racketeering (18 U.S.C. §§
1959(a)(3) & 2)
    Maximum term of 20 years' imprisonment
    Maximum term of 3 years' supervised release
    Maximum fine of the greatest of either: (a) $250,000; (b) twice the gross pecuniary gain
    to the defendant; or (c) twice the gross pecuniary loss inflicted on another
    Mandatory special assessment of $100

Count Twenty-Three: Use/Possession of Firearm in Furtherance of Crime of Violence (18
U.S.C. §§ 924(c) & 2)
    Maximum term of life imprisonment
    Mandatory minimum term of 5, 7, or 10 years' imprisonment, to be imposed consecutive
    to any other term of imprisonment
    Maximum term of supervised release of 5 years
    Maximum fine of the greatest of either: (a) $250,000; (b) twice the gross pecuniary gain
    to the defendant; or (c) twice the gross pecuniary loss inflicted on another
    Mandatory special assessment of $100

AO 257 (Rev. 6/78)

## DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT

BY: ☐ COMPLAINT ☐ INFORMATION ☑ INDICTMENT
☑ SUPERSEDING

― OFFENSE CHARGED ―

See attached

☐ Petty
☐ Minor
☐ Misde-meanor
☑ Felony

PENALTY:
See attached

― Name of District Court, and/or Judge/Magistrate Location ―
NORTHERN DISTRICT OF CALIFORNIA

― DEFENDANT - U.S. ―

ERICK LOPEZ

DISTRICT COURT NUMBER

**WHA**

**CR 08        0730**

― PROCEEDING ―
Name of Complaintant Agency, or Person (&Title, if any)
Special Agent Christopher Merendino, Dept. of Homeland Security/ICE

☐ person is awaiting trial in another Federal or State
Court, give name of court

☐ this person/proceeding is transferred from another
district per (circle one) FRCrP 20, 21 or 40.  Show
District

☐ this is a reprosecution of
charges previously dismissed
which were dismissed on
motion of:
☐ U.S. Att'y ☐ Defense
this prosecution relates to a
☑ pending case involving this same
defendant
☐ prior proceedings or appearance(s)
before U.S. Magistrate regarding
this defendant were recorded under

**SHOW
DOCKET NO.**

Cr-08-730-WHA

**MAGISTRATE
CASE NO.**

Name and Office of Person
Furnishing Information on
THIS FORM

**JOSEPH P. RUSSONIELLO**

☑ U.S. Att'y ☐ Other U.S. Agency

Name of Asst. U.S. Att'y
(if assigned)       W.S. Wilson Leung

― DEFENDANT ―

**IS *NOT* IN CUSTODY**
Has not been arrested, pending outcome this proceeding.
1) ☐ If not detained give date any prior summons
was served on above charges

2) ☐ Is a Fugitive

3) ☐ Is on Bail or Release from (show District)

**IS IN CUSTODY**

4) ☑ On this charge

5) ☐ On another conviction
6) ☐ Awaiting trial on other
charges           } ☐ Fed'l ☐ State

If answer to (6) is "Yes", show name of institution

Has detainer ☐ Yes } If "Yes"
been filed? ☐ No } give date
filed

**DATE OF
ARREST**              Month/Day/Year

Or... if Arresting Agency & Warrant were not

**DATE TRANSFERRED
TO U.S. CUSTODY**        Month/Day/Year

☐ This report amends AO 257 previously submitted

―――――――― ADDITIONAL INFORMATION OR COMMENTS ――――――――

PROCESS:
☐ SUMMONS ☑ NO PROCESS* ☐ WARRANT   Bail Amount:

If Summons, complete following:
☐ Arraignment ☐ Initial Appearance
Defendant Address:

*Where defendant previously apprehended on complaint, no new summons
or warrant needed, since Magistrate has scheduled arraignment

Date/Time:

Before Judge:

Comments:

## ERICK LOPEZ, a/k/a "Spooky"

Count One: Racketeering Conspiracy (18 U.S.C. § 1962(d))
    Maximum term of life imprisonment
    Maximum term of 5 years' supervised release
    Maximum fine of the greatest of either: (a) $250,000; (b) twice the gross pecuniary gain
    to the defendant; or (c) twice the gross pecuniary loss inflicted on another
    Mandatory special assessment of $100

Count Two: Conspiracy to Commit Murder in Aid of Racketeering (18 U.S.C. § 1959(a)(5))
    Maximum term of 10 years' imprisonment
    Maximum term of 3 years' supervised release
    Maximum fine of the greatest of either: (a) $250,000; (b) twice the gross pecuniary gain
    to the defendant; or (c) twice the gross pecuniary loss inflicted on another
    Mandatory special assessment of $100

Count Three: Conspiracy to Commit Assault with a Dangerous Weapon in Aid of
Racketeering (18 U.S.C. § 1959(a)(6))
    Maximum term of 3 years' imprisonment
    Maximum term of 3 years' supervised release
    Maximum fine of the greatest of either: (a) $250,000; (b) twice the gross pecuniary gain
    to the defendant; or (c) twice the gross pecuniary loss inflicted on another
    Mandatory special assessment of $100

Count Four: Use/Possession of Firearm in Furtherance of Crime of Violence (18 U.S.C. §§
924(c) & 2)
    Maximum term of life imprisonment
    Mandatory minimum term of 5, 7, or 10 years' imprisonment, to be imposed consecutive
    to any other term of imprisonment
    Maximum term of supervised release of 5 years
    Maximum fine of the greatest of either: (a) $250,000; (b) twice the gross pecuniary gain
    to the defendant; or (c) twice the gross pecuniary loss inflicted on another
    Mandatory special assessment of $100

AO 257 (Rev. 6/78)

## DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT

BY: ☐ COMPLAINT ☐ INFORMATION ☑ INDICTMENT
☑ SUPERSEDING

—— OFFENSE CHARGED ——

See attached

☐ Petty
☐ Minor
☐ Misde-
meanor
☑ Felony

PENALTY:
See attached

—— Name of District Court, and/or Judge/Magistrate Location ——
NORTHERN DISTRICT OF CALIFORNIA

—— DEFENDANT - U.S. ——

▶ CARLOS GARRIDO

DISTRICT COURT NUMBER

*WHA*

CR 08      0730

—— DEFENDANT ——

### IS *NOT* IN CUSTODY

1) ☐ Has not been arrested, pending outcome this proceeding.
If not detained give date any prior summons
was served on above charges

2) ☐ Is a Fugitive

3) ☐ Is on Bail or Release from (show District)

—— PROCEEDING ——
Name of Complaintant Agency, or Person (&Title, if any)
Special Agent Christopher Merendino, Dept. of Homeland Security/ICE

☐ person is awaiting trial in another Federal or State
Court, give name of court

☐ this person/proceeding is transferred from another
district per (circle one) FRCrP 20, 21 or 40. Show
District

☐ this is a reprosecution of
charges previously dismissed
which were dismissed on
motion of:
☐ U.S. Att'y ☐ Defense

**SHOW**
**DOCKET NO.**
Cr-08-730-WHA

☑ this prosecution relates to a
pending case involving this same
defendant
☐ prior proceedings or appearance(s)
before U.S. Magistrate regarding
this defendant were recorded under

**MAGISTRATE**
**CASE NO.**

### IS IN CUSTODY

4) ☑ On this charge

5) ☐ On another conviction
6) ☐ Awaiting trial on other charges   } ☐ Fed'l ☐ State

If answer to (6) is "Yes", show name of institution

Has detainer
been filed?   ☐ Yes   If "Yes"
             ☐ No    give date
                     filed

**DATE OF**
**ARREST**   ▶   Month/Day/Year

Or... if Arresting Agency & Warrant were not

**DATE TRANSFERRED**
**TO U.S. CUSTODY**   ▶   Month/Day/Year

Name and Office of Person
Furnishing Information on
THIS FORM         **JOSEPH P. RUSSONIELLO**
         ☑ U.S. Att'y ☐ Other U.S. Agency

Name of Asst. U.S. Att'y
(if assigned)   W.S. Wilson Leung

☐ This report amends AO 257 previously submitted

—— ADDITIONAL INFORMATION OR COMMENTS ——

PROCESS:
☐ SUMMONS ☑ NO PROCESS* ☐ WARRANT   Bail Amount:

If Summons, complete following:
☐ Arraignment ☐ Initial Appearance
Defendant Address:

*Where defendant previously apprehended on complaint, no new summons
or warrant needed, since Magistrate has scheduled arraignment

Date/Time:

Before Judge:

Comments:

## CARLOS GARRIDO, a/k/a "Tweety"

Count One: Racketeering Conspiracy (18 U.S.C. § 1962(d))
    Maximum term of life imprisonment
    Maximum term of 5 years' supervised release
    Maximum fine of the greatest of either: (a) $250,000; (b) twice the gross pecuniary gain
    to the defendant; or (c) twice the gross pecuniary loss inflicted on another
    Mandatory special assessment of $100

Count Two: Conspiracy to Commit Murder in Aid of Racketeering (18 U.S.C. § 1959(a)(5))
    Maximum term of 10 years' imprisonment
    Maximum term of 3 years' supervised release
    Maximum fine of the greatest of either: (a) $250,000; (b) twice the gross pecuniary gain
    to the defendant; or (c) twice the gross pecuniary loss inflicted on another
    Mandatory special assessment of $100

Count Three: Conspiracy to Commit Assault with a Dangerous Weapon in Aid of
Racketeering (18 U.S.C. § 1959(a)(6))
    Maximum term of 3 years' imprisonment
    Maximum term of 3 years' supervised release
    Maximum fine of the greatest of either: (a) $250,000; (b) twice the gross pecuniary gain
    to the defendant; or (c) twice the gross pecuniary loss inflicted on another
    Mandatory special assessment of $100

Count Four: Use/Possession of Firearm in Furtherance of Crime of Violence (18 U.S.C. §§
924(c) & 2)
    Maximum term of life imprisonment
    Mandatory minimum term of 5, 7, or 10 years' imprisonment, to be imposed consecutive
    to any other term of imprisonment
    Maximum term of supervised release of 5 years
    Maximum fine of the greatest of either: (a) $250,000; (b) twice the gross pecuniary gain
    to the defendant; or (c) twice the gross pecuniary loss inflicted on another
    Mandatory special assessment of $100

AO 257 (Rev. 6/78)

## DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT

BY: ☐ COMPLAINT  ☐ INFORMATION  ☑ INDICTMENT
☑ SUPERSEDING

--- OFFENSE CHARGED ---

See attached

☐ Petty
☐ Minor
☐ Misde-
meanor
☑ Felony

PENALTY:
See attached

--- Name of District Court, and/or Judge/Magistrate Location ---
NORTHERN DISTRICT OF CALIFORNIA

--- DEFENDANT - U.S. ---

▶ WALTER CHINCHILLA-LINAR

*WHA*

DISTRICT COURT NUMBER

Cr 08    0730

--- PROCEEDING ---
Name of Complainant Agency, or Person (&Title, if any)
Special Agent Christopher Merendino, Dept. of Homeland Security/ICE

☐ person is awaiting trial in another Federal or State
Court, give name of court

☐ this person/proceeding is transferred from another
district per (circle one) FRCrP 20, 21 or 40.  Show
District

☐ this is a reprosecution of
charges previously dismissed
which were dismissed on
motion of:                          **SHOW**
☐ U.S. Att'y ☐ Defense     **DOCKET NO.**
☑ this prosecution relates to a     Cr-08-730-WHA
pending case involving this same
defendant                           **MAGISTRATE**
☐ prior proceedings or appearance(s)  **CASE NO.**
before U.S. Magistrate regarding ▶
this defendant were recorded under

Name and Office of Person
Furnishing Information on
THIS FORM          **JOSEPH P. RUSSONIELLO**
☑ U.S. Att'y ☐ Other U.S. Agency

Name of Asst. U.S. Att'y
(if assigned)     W.S. Wilson Leung

--- DEFENDANT ---

**IS *NOT* IN CUSTODY**
Has not been arrested, pending outcome this proceeding.
1) ☐ If not detained give date any prior summons
was served on above charges

2) ☐ Is a Fugitive

3) ☐ Is on Bail or Release from (show District)

**IS IN CUSTODY**
4) ☑ On this charge
5) ☐ On another conviction
6) ☐ Awaiting trial on other     } ☐ Fed'l ☐ State
charges
If answer to (6) is "Yes", show name of Institution

Has detainer    ☐ Yes    If "Yes"
been filed?     ☐ No     give date
filed
Month/Day/Year

**DATE OF
ARREST** ▶

Or... if Arresting Agency & Warrant were not
Month/Day/Year

**DATE TRANSFERRED
TO U.S. CUSTODY** ▶

☐ This report amends AO 257 previously submitted

--- ADDITIONAL INFORMATION OR COMMENTS ---

PROCESS:
☐ SUMMONS  ☑ NO PROCESS*  ☐ WARRANT   Bail Amount:

If Summons, complete following:
☐ Arraignment ☐ Initial Appearance       *Where defendant previously apprehended on complaint, no new summons
or warrant needed, since Magistrate has scheduled arraignment
Defendant Address:

Date/Time:

Before Judge:

Comments:

**WALTER CHINCHILLA-LINAR, a/k/a "Demonio"**

Count One: Racketeering Conspiracy (18 U.S.C. § 1962(d))
   Maximum term of life imprisonment
   Maximum term of 5 years' supervised release
   Maximum fine of the greatest of either: (a) $250,000; (b) twice the gross pecuniary gain
   to the defendant; or (c) twice the gross pecuniary loss inflicted on another
   Mandatory special assessment of $100

Count Two: Conspiracy to Commit Murder in Aid of Racketeering (18 U.S.C. § 1959(a)(5))
   Maximum term of 10 years' imprisonment
   Maximum term of 3 years' supervised release
   Maximum fine of the greatest of either: (a) $250,000; (b) twice the gross pecuniary gain
   to the defendant; or (c) twice the gross pecuniary loss inflicted on another
   Mandatory special assessment of $100

Count Three: Conspiracy to Commit Assault with a Dangerous Weapon in Aid of
Racketeering (18 U.S.C. § 1959(a)(6))
   Maximum term of 3 years' imprisonment
   Maximum term of 3 years' supervised release
   Maximum fine of the greatest of either: (a) $250,000; (b) twice the gross pecuniary gain
   to the defendant; or (c) twice the gross pecuniary loss inflicted on another
   Mandatory special assessment of $100

Count Four: Use/Possession of Firearm in Furtherance of Crime of Violence (18 U.S.C. §§
924(c) & 2)
   Maximum term of life imprisonment
   Mandatory minimum term of 5, 7, or 10 years' imprisonment, to be imposed consecutive
   to any other term of imprisonment
   Maximum term of supervised release of 5 years
   Maximum fine of the greatest of either: (a) $250,000; (b) twice the gross pecuniary gain
   to the defendant; or (c) twice the gross pecuniary loss inflicted on another
   Mandatory special assessment of $100

AO 257 (Rev. 6/78)

## DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT

BY: ☐ COMPLAINT  ☐ INFORMATION  ☑ INDICTMENT
                                                  ☑ SUPERSEDING

**Name of District Court, and/or Judge/Magistrate Location**
NORTHERN DISTRICT OF CALIFORNIA

#### OFFENSE CHARGED

See attached

☐ Petty
☐ Minor
☐ Misde-
   meanor
☑ Felony

**DEFENDANT - U.S.**

▶ CESAR ALVARADO                    *WHA*

**DISTRICT COURT NUMBER**

PENALTY:
See attached

## CR 08        0730

#### PROCEEDING

Name of Complaintant Agency, or Person (&Title, if any)
Special Agent Christopher Merendino, Dept. of Homeland Security/ICE

☐ person is awaiting trial in another Federal or State
   Court, give name of court

☐ this person/proceeding is transferred from another
   district per (circle one) FRCrP 20, 21 or 40. Show
   District

☐ this is a reprosecution of
   charges previously dismissed
   which were dismissed on          **SHOW**
   motion of:                       **DOCKET NO.**
   ☐ U.S. Att'y ☐ Defense
   this prosecution relates to a    Cr-08-730-WHA
☑ pending case involving this same
   defendant                        **MAGISTRATE**
☐ prior proceedings or appearance(s)  **CASE NO.**
   before U.S. Magistrate regarding
   this defendant were recorded under ▶

**DEFENDANT**

**IS *NOT* IN CUSTODY**
    Has not been arrested, pending outcome this proceeding.
1) ☐ If not detained give date any prior summons
    was served on above charges ▶

2) ☐ Is a Fugitive

3) ☐ Is on Bail or Release from (show District)

**IS IN CUSTODY**

4) ☑ On this charge

5) ☐ On another conviction
6) ☐ Awaiting trial on other  } ☐ Fed'l ☐ State
      charges
      If answer to (6) is "Yes", show name of institution

Has detainer     ☐ Yes    If "Yes"
been filed?      ☐ No   } give date
                            filed

**DATE OF**            Month/Day/Year
**ARREST**

    Or... if Arresting Agency & Warrant were not

**DATE TRANSFERRED** ▶    Month/Day/Year
**TO U.S. CUSTODY**

Name and Office of Person
Furnishing Information on      **JOSEPH P. RUSSONIELLO**
THIS FORM
              ☑ U.S. Att'y ☐ Other U.S. Agency

Name of Asst. U.S. Att'y
(if assigned)    W.S. Wilson Leung

☐ This report amends AO 257 previously submitted

#### ADDITIONAL INFORMATION OR COMMENTS

PROCESS:
☐ SUMMONS  ☑ NO PROCESS*  ☐ WARRANT   Bail Amount:

If Summons, complete following:
☐ Arraignment ☐ Initial Appearance    *Where defendant previously apprehended on complaint, no new summons
Defendant Address:                     or warrant needed, since Magistrate has scheduled arraignment

                                       Date/Time:

                                       Before Judge:

Comments:

**CESAR ALVARADO, a/k/a "Momia"**

Count One: Racketeering Conspiracy (18 U.S.C. § 1962(d))
    Maximum term of life imprisonment
    Maximum term of 5 years' supervised release
    Maximum fine of the greatest of either: (a) $250,000; (b) twice the gross pecuniary gain
    to the defendant; or (c) twice the gross pecuniary loss inflicted on another
    Mandatory special assessment of $100

Count Two: Conspiracy to Commit Murder in Aid of Racketeering (18 U.S.C. § 1959(a)(5))
    Maximum term of 10 years' imprisonment
    Maximum term of 3 years' supervised release
    Maximum fine of the greatest of either: (a) $250,000; (b) twice the gross pecuniary gain
    to the defendant; or (c) twice the gross pecuniary loss inflicted on another
    Mandatory special assessment of $100

Count Three: Conspiracy to Commit Assault with a Dangerous Weapon in Aid of
Racketeering (18 U.S.C. § 1959(a)(6))
    Maximum term of 3 years' imprisonment
    Maximum term of 3 years' supervised release
    Maximum fine of the greatest of either: (a) $250,000; (b) twice the gross pecuniary gain
    to the defendant; or (c) twice the gross pecuniary loss inflicted on another
    Mandatory special assessment of $100

Count Four: Use/Possession of Firearm in Furtherance of Crime of Violence (18 U.S.C. §§
924(c) & 2)
    Maximum term of life imprisonment
    Mandatory minimum term of 5, 7, or 10 years' imprisonment, to be imposed consecutive
    to any other term of imprisonment
    Maximum term of supervised release of 5 years
    Maximum fine of the greatest of either: (a) $250,000; (b) twice the gross pecuniary gain
    to the defendant; or (c) twice the gross pecuniary loss inflicted on another
    Mandatory special assessment of $100

AO 257 (Rev. 6/78)

## DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT

BY: ☐ COMPLAINT ☐ INFORMATION ☑ INDICTMENT
☑ SUPERSEDING

┌─ OFFENSE CHARGED ─

See attached

☐ Petty
☐ Minor
☐ Misde-
  meanor
☑ Felony

PENALTY:

See attached

┌─ PROCEEDING ─
Name of Complaintant Agency, or Person (&Title, if any)
Special Agent Christopher Merendino, Dept. of Homeland Security/ICE

☐ person is awaiting trial in another Federal or State
Court, give name of court

☐ this person/proceeding is transferred from another
district per (circle one) FRCrP 20, 21 or 40. Show
District

☐ this is a reprosecution of
charges previously dismissed
which were dismissed on
motion of:                      SHOW
☐ U.S. Att'y ☐ Defense    DOCKET NO.
this prosecution relates to a
☑ pending case involving this same  Cr-08-730-WHA
defendant
prior proceedings or appearance(s)   MAGISTRATE
☐ before U.S. Magistrate regarding   CASE NO.
this defendant were recorded under

Name and Office of Person
Furnishing Information on      JOSEPH P. RUSSONIELLO
THIS FORM
☑ U.S. Att'y ☐ Other U.S. Agency

Name of Asst. U.S. Att'y
(if assigned)    W.S. Wilson Leung

─ Name of District Court, and/or Judge/Magistrate Location ─
NORTHERN DISTRICT OF CALIFORNIA

┌─ DEFENDANT - U.S. ─

ABRAHAM MARTINEZ

DISTRICT COURT NUMBER

*WHA*

*CR 08 0730*

─ DEFENDANT ─

### IS *NOT* IN CUSTODY
Has not been arrested, pending outcome this proceeding.
1) ☐ If not detained give date any prior summons
was served on above charges

2) ☐ Is a Fugitive

3) ☐ Is on Bail or Release from (show District)

### IS IN CUSTODY
4) ☑ On this charge

5) ☐ On another conviction

6) ☐ Awaiting trial on other    } ☐ Fed'l ☐ State
charges

If answer to (6) is "Yes", show name of institution

Yuba County Jail

Has detainer    ☐ Yes    If "Yes"
been filed?     ☐ No     give date
                         filed

DATE OF        Month/Day/Year
ARREST

Or... if Arresting Agency & Warrant were not

DATE TRANSFERRED    Month/Day/Year
TO U.S. CUSTODY

☐ This report amends AO 257 previously submitted

─ ADDITIONAL INFORMATION OR COMMENTS ─

PROCESS:
☐ SUMMONS ☑ NO PROCESS* ☐ WARRANT  Bail Amount:

If Summons, complete following:
☐ Arraignment ☐ Initial Appearance   *Where defendant previously apprehended on complaint, no new summons
Defendant Address:                    or warrant needed, since Magistrate has scheduled arraignment

Date/Time:

Before Judge:

Comments:

## ABRAHAM MARTINEZ, a/k/a "Goofy"

Count One: Racketeering Conspiracy (18 U.S.C. § 1962(d))
    Maximum term of life imprisonment
    Maximum term of 5 years' supervised release
    Maximum fine of the greatest of either: (a) $250,000; (b) twice the gross pecuniary gain
    to the defendant; or (c) twice the gross pecuniary loss inflicted on another
    Mandatory special assessment of $100

Count Two: Conspiracy to Commit Murder in Aid of Racketeering (18 U.S.C. § 1959(a)(5))
    Maximum term of 10 years' imprisonment
    Maximum term of 3 years' supervised release
    Maximum fine of the greatest of either: (a) $250,000; (b) twice the gross pecuniary gain
    to the defendant; or (c) twice the gross pecuniary loss inflicted on another
    Mandatory special assessment of $100

Count Three: Conspiracy to Commit Assault with a Dangerous Weapon in Aid of
Racketeering (18 U.S.C. § 1959(a)(6))
    Maximum term of 3 years' imprisonment
    Maximum term of 3 years' supervised release
    Maximum fine of the greatest of either: (a) $250,000; (b) twice the gross pecuniary gain
    to the defendant; or (c) twice the gross pecuniary loss inflicted on another
    Mandatory special assessment of $100

Count Four: Use/Possession of Firearm in Furtherance of Crime of Violence (18 U.S.C. §§
924(c) & 2)
    Maximum term of life imprisonment
    Mandatory minimum term of 5, 7, or 10 years' imprisonment, to be imposed consecutive
    to any other term of imprisonment
    Maximum term of supervised release of 5 years
    Maximum fine of the greatest of either: (a) $250,000; (b) twice the gross pecuniary gain
    to the defendant; or (c) twice the gross pecuniary loss inflicted on another
    Mandatory special assessment of $100

Count Twenty-Four: Assault with a Dangerous Weapon in Aid of Racketeering (18 U.S.C.
§§ 1959(a)(3) & 2)
    Maximum term of 20 years' imprisonment
    Maximum term of 3 years' supervised release
    Maximum fine of the greatest of either: (a) $250,000; (b) twice the gross pecuniary gain
    to the defendant; or (c) twice the gross pecuniary loss inflicted on another
    Mandatory special assessment of $100

Count Twenty-Five: Attempted Murder in Aid of Racketeering (18 U.S.C. §§ 1959(a)(5) and 2)

Maximum term of 10 years' imprisonment

Maximum term of 3 years' supervised release

Maximum fine of the greatest of either: (a) $250,000; (b) twice the gross pecuniary gain to the defendant; or (c) twice the gross pecuniary loss inflicted on another

Mandatory special assessment of $100

AO 257 (Rev. 6/78)

## DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT

BY: ☐ COMPLAINT  ☐ INFORMATION  ☑ INDICTMENT
☑ SUPERSEDING

┌─── OFFENSE CHARGED ───

See attached

☐ Petty
☐ Minor
☐ Misde-
   meanor
☑ Felony

PENALTY:
See attached

┌─── PROCEEDING ───
Name of Complaintant Agency, or Person (&Title, if any)
Special Agent Christopher Merendino, Dept. of Homeland Security/ICE

☐ person is awaiting trial in another Federal or State
Court, give name of court

☐ this person/proceeding is transferred from another
district per (circle one) FRCrP 20, 21 or 40.  Show
District

☐ this is a reprosecution of
charges previously dismissed
which were dismissed on          **SHOW**
motion of:                       **DOCKET NO.**
   ☐ U.S. Att'y ☐ Defense
this prosecution relates to a    Cr-08-730-WHA
☑ pending case involving this same
defendant                        **MAGISTRATE**
☐ prior proceedings or appearance(s)  **CASE NO.**
before U.S. Magistrate regarding
this defendant were recorded under

Name and Office of Person
Furnishing Information on     **JOSEPH P. RUSSONIELLO**
THIS FORM
              ☑ U.S. Att'y ☐ Other U.S. Agency

Name of Asst. U.S. Att'y
(if assigned)     W.S. Wilson Leung

┌─── Name of District Court, and/or Judge/Magistrate Location ───
**NORTHERN DISTRICT OF CALIFORNIA**

┌─── DEFENDANT - U.S. ───

▸ JOSEPH ALVARADO                    *WHA*

DISTRICT COURT NUMBER

CR 08                              074

┌─────── DEFENDANT ───────
### IS *NOT* IN CUSTODY
Has not been arrested, pending outcome this proceeding.
1) ☐ If not detained give date any prior summons▸
was served on above charges

2) ☐ Is a Fugitive

3) ☐ Is on Bail or Release from (show District)

### IS IN CUSTODY
4) ☑ On this charge

5) ☐ On another conviction
6) ☐ Awaiting trial on other  } ☐ Fed'l ☐ State
     charges
If answer to (6) is "Yes", show name of Institution

Has detainer   ☐ Yes    If "Yes"
been filed?    ☐ No      give date
                         filed

**DATE OF**               Month/Day/Year
**ARREST**  ▸
Or... if Arresting Agency & Warrant were not

**DATE TRANSFERRED** ▸     Month/Day/Year
**TO U.S. CUSTODY**

☐ This report amends AO 257 previously submitted

┌─── ADDITIONAL INFORMATION OR COMMENTS ───
PROCESS:
☐ SUMMONS  ☑ NO PROCESS*  ☐ WARRANT   Bail Amount:

If Summons, complete following:
☐ Arraignment  ☐ Initial Appearance    *Where defendant previously apprehended on complaint, no new summons
Defendant Address:                      or warrant needed, since Magistrate has scheduled arraignment

Date/Time: _____

Before Judge: _____

Comments: _____

**JOSE ALVARADO, a/k/a "Joker"**

Count One: Racketeering Conspiracy (18 U.S.C. § 1962(d))
    Maximum term of life imprisonment
    Maximum term of 5 years' supervised release
    Maximum fine of the greatest of either: (a) $250,000; (b) twice the gross pecuniary gain
    to the defendant; or (c) twice the gross pecuniary loss inflicted on another
    Mandatory special assessment of $100

Count Two: Conspiracy to Commit Murder in Aid of Racketeering (18 U.S.C. § 1959(a)(5))
    Maximum term of 10 years' imprisonment
    Maximum term of 3 years' supervised release
    Maximum fine of the greatest of either: (a) $250,000; (b) twice the gross pecuniary gain
    to the defendant; or (c) twice the gross pecuniary loss inflicted on another
    Mandatory special assessment of $100

Count Three: Conspiracy to Commit Assault with a Dangerous Weapon in Aid of
Racketeering (18 U.S.C. § 1959(a)(6))
    Maximum term of 3 years' imprisonment
    Maximum term of 3 years' supervised release
    Maximum fine of the greatest of either: (a) $250,000; (b) twice the gross pecuniary gain
    to the defendant; or (c) twice the gross pecuniary loss inflicted on another
    Mandatory special assessment of $100

Count Four: Use/Possession of Firearm in Furtherance of Crime of Violence (18 U.S.C. §§
924(c) & 2)
    Maximum term of life imprisonment
    Mandatory minimum term of 5, 7, or 10 years' imprisonment, to be imposed consecutive
    to any other term of imprisonment
    Maximum term of supervised release of 5 years
    Maximum fine of the greatest of either: (a) $250,000; (b) twice the gross pecuniary gain
    to the defendant; or (c) twice the gross pecuniary loss inflicted on another
    Mandatory special assessment of $100

Count Twenty-Four: Assault with a Dangerous Weapon in Aid of Racketeering (18 U.S.C.
§§ 1959(a)(3) & 2)
    Maximum term of 20 years' imprisonment
    Maximum term of 3 years' supervised release
    Maximum fine of the greatest of either: (a) $250,000; (b) twice the gross pecuniary gain
    to the defendant; or (c) twice the gross pecuniary loss inflicted on another
    Mandatory special assessment of $100

AO 257 (Rev. 6/78)

## DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT

BY: ☐ COMPLAINT  ☐ INFORMATION  ☑ INDICTMENT

☑ SUPERSEDING

**OFFENSE CHARGED**

See attached

☐ Petty
☐ Minor
☐ Misde-
meanor
☑ Felony

PENALTY:

See attached

**Name of District Court, and/or Judge/Magistrate Location**

NORTHERN DISTRICT OF CALIFORNIA

**DEFENDANT - U.S.**

DOUGLAS LARGAESPADA

*WHA*

**DISTRICT COURT NUMBER**

**CR 08    0730**

**DEFENDANT**

**IS _NOT_ IN CUSTODY**

1) ☐ Has not been arrested, pending outcome this proceeding. If not detained give date any prior summons was served on above charges

2) ☐ Is a Fugitive

3) ☐ Is on Bail or Release from (show District)

**PROCEEDING**

**Name of Complaintant Agency, or Person (&Title, if any)**

Special Agent Christopher Merendino, Dept. of Homeland Security/ICE

☐ person is awaiting trial in another Federal or State Court, give name of court

☐ this person/proceeding is transferred from another district per (circle one) FRCrP 20, 21 or 40. Show District

☐ this is a reprosecution of charges previously dismissed which were dismissed on motion of:
☐ U.S. Att'y ☐ Defense
☑ this prosecution relates to a pending case involving this same defendant
☐ prior proceedings or appearance(s) before U.S. Magistrate regarding this defendant were recorded under

**SHOW
DOCKET NO.**

Cr-08-730-WHA

**MAGISTRATE
CASE NO.**

**IS IN CUSTODY**

4) ☑ On this charge

5) ☐ On another conviction

6) ☐ Awaiting trial on other charges  } ☐ Fed'l ☐ State

If answer to (6) is "Yes", show name of institution

Has detainer been filed?  ☐ Yes  ☐ No } If "Yes" give date filed

**DATE OF
ARREST**  Month/Day/Year

Or... if Arresting Agency & Warrant were not

**Name and Office of Person Furnishing Information on THIS FORM**

**JOSEPH P. RUSSONIELLO**

☑ U.S. Att'y  ☐ Other U.S. Agency

**Name of Asst. U.S. Att'y
(if assigned)**  W.S. Wilson Leung

**DATE TRANSFERRED
TO U.S. CUSTODY**  Month/Day/Year

☐ This report amends AO 257 previously submitted

**ADDITIONAL INFORMATION OR COMMENTS**

**PROCESS:**

☐ SUMMONS  ☑ NO PROCESS*  ☐ WARRANT    **Bail Amount:**

If Summons, complete following:

☐ Arraignment  ☐ Initial Appearance

**Defendant Address:**

*Where defendant previously apprehended on complaint, no new summons or warrant needed, since Magistrate has scheduled arraignment*

Date/Time:

Before Judge:

Comments:

## DOUGLAS LARGAESPADA, a/k/a "Droopy"

Count One: Racketeering Conspiracy (18 U.S.C. § 1962(d))
    Maximum term of life imprisonment
    Maximum term of 5 years' supervised release
    Maximum fine of the greatest of either: (a) $250,000; (b) twice the gross pecuniary gain
    to the defendant; or (c) twice the gross pecuniary loss inflicted on another
    Mandatory special assessment of $100

Count Two: Conspiracy to Commit Murder in Aid of Racketeering (18 U.S.C. § 1959(a)(5))
    Maximum term of 10 years' imprisonment
    Maximum term of 3 years' supervised release
    Maximum fine of the greatest of either: (a) $250,000; (b) twice the gross pecuniary gain
    to the defendant; or (c) twice the gross pecuniary loss inflicted on another
    Mandatory special assessment of $100

Count Three: Conspiracy to Commit Assault with a Dangerous Weapon in Aid of
Racketeering (18 U.S.C. § 1959(a)(6))
    Maximum term of 3 years' imprisonment
    Maximum term of 3 years' supervised release
    Maximum fine of the greatest of either: (a) $250,000; (b) twice the gross pecuniary gain
    to the defendant; or (c) twice the gross pecuniary loss inflicted on another
    Mandatory special assessment of $100

Count Four: Use/Possession of Firearm in Furtherance of Crime of Violence (18 U.S.C. §§
924(c) & 2)
    Maximum term of life imprisonment
    Mandatory minimum term of 5, 7, or 10 years' imprisonment, to be imposed consecutive
    to any other term of imprisonment
    Maximum term of supervised release of 5 years
    Maximum fine of the greatest of either: (a) $250,000; (b) twice the gross pecuniary gain
    to the defendant; or (c) twice the gross pecuniary loss inflicted on another
    Mandatory special assessment of $100

Count Twenty-Four: Assault with a Dangerous Weapon in Aid of Racketeering (18 U.S.C.
§§ 1959(a)(3) & 2)
    Maximum term of 20 years' imprisonment
    Maximum term of 3 years' supervised release
    Maximum fine of the greatest of either: (a) $250,000; (b) twice the gross pecuniary gain
    to the defendant; or (c) twice the gross pecuniary loss inflicted on another
    Mandatory special assessment of $100

AO 257 (Rev. 6/78)

## DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT

BY: ☐ COMPLAINT ☐ INFORMATION ☑ INDICTMENT
☑ SUPERSEDING

┌─ OFFENSE CHARGED ─────────

See attached

☐ Petty
☐ Minor
☐ Misde-
meanor
☑ Felony

PENALTY:
See attached

┌─ PROCEEDING ─────────
Name of Complaintant Agency, or Person (&Title, if any)
Special Agent Christopher Merendino, Dept. of Homeland Security/ICE

☐ person is awaiting trial in another Federal or State
Court, give name of court

☐ this person/proceeding is transferred from another
district per (circle one) FRCrP 20, 21 or 40. Show
District

☐ this is a reprosecution of
charges previously dismissed
which were dismissed on **SHOW**
motion of: **DOCKET NO.**
☐ U.S. Att'y ☐ Defense
this prosecution relates to a
☑ pending case involving this same
defendant
prior proceedings or appearance(s) **MAGISTRATE**
☐ before U.S. Magistrate regarding **CASE NO.**
this defendant were recorded under ▶

Cr-08-730-WHA

Name and Office of Person
Furnishing Information on
THIS FORM **JOSEPH P. RUSSONIELLO**
☑ U.S. Att'y ☐ Other U.S. Agency

Name of Asst. U.S. Att'y
(if assigned) W.S. Wilson Leung

┌─ Name of District Court, and/or Judge/Magistrate Location ─────────
NORTHERN DISTRICT OF CALIFORNIA

┌─ DEFENDANT - U.S. ─────────

*WHA*

WILBERT CASTILLO

DISTRICT COURT NUMBER

08          0730

┌─ DEFENDANT ─────────

**IS *NOT* IN CUSTODY**
Has not been arrested, pending outcome this proceeding.
1) ☑ If not detained give date any prior summons
was served on above charges ▶

2) ☐ Is a Fugitive

3) ☐ Is on Bail or Release from (show District)

**IS IN CUSTODY**
4) ☐ On this charge

5) ☐ On another conviction
6) ☐ Awaiting trial on other } ☐ Fed'l ☐ State
charges
If answer to (6) is "Yes", show name of institution

Has detainer ☐ Yes If "Yes"
been filed? ☐ No give date
filed

**DATE OF** Month/Day/Year
**ARREST** ▶

Or... if Arresting Agency & Warrant were not
**DATE TRANSFERRED** Month/Day/Year
**TO U.S. CUSTODY** ▶

☐ This report amends AO 257 previously submitted

┌─ ADDITIONAL INFORMATION OR COMMENTS ─────────

PROCESS:
☐ SUMMONS ☐ NO PROCESS* ☑ WARRANT Bail Amount: No bail

If Summons, complete following:
☐ Arraignment ☐ Initial Appearance *Where defendant previously apprehended on complaint, no new summons
Defendant Address: or warrant needed, since Magistrate has scheduled arraignment

Date/Time: _____

Before Judge: _____

Comments: _____

**WILBERT CASTILLO, a/k/a "Cypress"**

Count One: Racketeering Conspiracy (18 U.S.C. § 1962(d))
Maximum term of life imprisonment
Maximum term of 5 years' supervised release
Maximum fine of the greatest of either: (a) $250,000; (b) twice the gross pecuniary gain
to the defendant; or (c) twice the gross pecuniary loss inflicted on another
Mandatory special assessment of $100

Count Two: Conspiracy to Commit Murder in Aid of Racketeering (18 U.S.C. § 1959(a)(5))
Maximum term of 10 years' imprisonment
Maximum term of 3 years' supervised release
Maximum fine of the greatest of either: (a) $250,000; (b) twice the gross pecuniary gain
to the defendant; or (c) twice the gross pecuniary loss inflicted on another
Mandatory special assessment of $100

Count Three: Conspiracy to Commit Assault with a Dangerous Weapon in Aid of
Racketeering (18 U.S.C. § 1959(a)(6))
Maximum term of 3 years' imprisonment
Maximum term of 3 years' supervised release
Maximum fine of the greatest of either: (a) $250,000; (b) twice the gross pecuniary gain
to the defendant; or (c) twice the gross pecuniary loss inflicted on another
Mandatory special assessment of $100

Count Four: Use/Possession of Firearm in Furtherance of Crime of Violence (18 U.S.C. §§
924(c) & 2)
Maximum term of life imprisonment
Mandatory minimum term of 5, 7, or 10 years' imprisonment, to be imposed consecutive
to any other term of imprisonment
Maximum term of supervised release of 5 years
Maximum fine of the greatest of either: (a) $250,000; (b) twice the gross pecuniary gain
to the defendant; or (c) twice the gross pecuniary loss inflicted on another
Mandatory special assessment of $100

AO 257 (Rev. 6/78)

## DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT

BY: ☐ COMPLAINT   ☐ INFORMATION   ☑ INDICTMENT
                                  ☑ SUPERSEDING

┌─ OFFENSE CHARGED ─
See attached
                                        ☐ Petty
                                        ☐ Minor
                                        ☐ Misde-
                                            meanor
                                        ☑ Felony
PENALTY:
See attached

**Name of District Court, and/or Judge/Magistrate Location**
NORTHERN DISTRICT OF CALIFORNIA

┌─ DEFENDANT - U.S. ─
JOSE QUINTEROS

DISTRICT COURT NUMBER    *WHA*

┌───────── PROCEEDING ─────────
**Name of Complainant Agency, or Person (&Title, if any)**
Special Agent Christopher Merendino, Dept. of Homeland Security/ICE

☐ person is awaiting trial in another Federal or State
    Court, give name of court

☐ this person/proceeding is transferred from another
    district per (circle one) FRCrP 20, 21 or 40. Show
    District

☐ this is a reprosecution of
    charges previously dismissed
    which were dismissed on
    motion of:                    SHOW
    ☐ U.S. Att'y  ☐ Defense       DOCKET NO.
☑ this prosecution relates to a
    pending case involving this same    Cr-08-730-WHA
    defendant
☐ prior proceedings or appearance(s)   MAGISTRATE
    before U.S. Magistrate regarding    CASE NO.
    this defendant were recorded under

┌─ Name and Office of Person
   Furnishing Information on    **JOSEPH P. RUSSONIELLO**
        THIS FORM
                    ☑ U.S. Att'y  ☐ Other U.S. Agency

Name of Asst. U.S. Att'y
    (if assigned)    W.S. Wilson Leung

┌────────────────────── DEFENDANT ─
**IS *NOT* IN CUSTODY**
    Has not been arrested, pending outcome this proceeding.
1) ☑ If not detained give date any prior summons
        was served on above charges

2) ☐ Is a Fugitive

3) ☐ Is on Bail or Release from (show District)

**IS IN CUSTODY**
4) ☐ On this charge
5) ☐ On another conviction                          }
6) ☐ Awaiting trial on other      }   ☐ Fed'l  ☐ State
        charges
    If answer to (6) is "Yes", show name of institution

Has detainer     ☐ Yes    } If "Yes"
been filed?      ☐ No      } give date
                            filed
                          Month/Day/Year
**DATE OF
ARREST**
Or... if Arresting Agency & Warrant were not
                                    Month/Day/Year
**DATE TRANSFERRED
TO U.S. CUSTODY**

☐ This report amends AO 257 previously submitted

┌──────────── ADDITIONAL INFORMATION OR COMMENTS ─
PROCESS:
    ☐ SUMMONS   ☐ NO PROCESS*   ☑ WARRANT   Bail Amount: No bail
    If Summons, complete following:
        ☐ Arraignment   ☐ Initial Appearance    *Where defendant previously apprehended on complaint, no new summons
    Defendant Address:                            or warrant needed, since Magistrate has scheduled arraignment

                                Date/Time:
                                Before Judge:

Comments:

**JOSE QUINTEROS, a/k/a "Fantasma"**

Count One: Racketeering Conspiracy (18 U.S.C. § 1962(d))
Maximum term of life imprisonment
Maximum term of 5 years' supervised release
Maximum fine of the greatest of either: (a) $250,000; (b) twice the gross pecuniary gain
to the defendant; or (c) twice the gross pecuniary loss inflicted on another
Mandatory special assessment of $100

Count Two: Conspiracy to Commit Murder in Aid of Racketeering (18 U.S.C. § 1959(a)(5))
Maximum term of 10 years' imprisonment
Maximum term of 3 years' supervised release
Maximum fine of the greatest of either: (a) $250,000; (b) twice the gross pecuniary gain
to the defendant; or (c) twice the gross pecuniary loss inflicted on another
Mandatory special assessment of $100

Count Three: Conspiracy to Commit Assault with a Dangerous Weapon in Aid of
Racketeering (18 U.S.C. § 1959(a)(6))
Maximum term of 3 years' imprisonment
Maximum term of 3 years' supervised release
Maximum fine of the greatest of either: (a) $250,000; (b) twice the gross pecuniary gain
to the defendant; or (c) twice the gross pecuniary loss inflicted on another
Mandatory special assessment of $100

Count Four: Use/Possession of Firearm in Furtherance of Crime of Violence (18 U.S.C. §§
924(c) & 2)
Maximum term of life imprisonment
Mandatory minimum term of 5, 7, or 10 years' imprisonment, to be imposed consecutive
to any other term of imprisonment
Maximum term of supervised release of 5 years
Maximum fine of the greatest of either: (a) $250,000; (b) twice the gross pecuniary gain
to the defendant; or (c) twice the gross pecuniary loss inflicted on another
Mandatory special assessment of $100

AO 257 (Rev. 6/78)

## DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT

BY: ☐ COMPLAINT ☐ INFORMATION ☑ INDICTMENT
☑ SUPERSEDING

─── **OFFENSE CHARGED** ───

See attached

☐ Petty
☐ Minor
☐ Misde-
meanor
☑ Felony

PENALTY:
See attached

─── **PROCEEDING** ───
Name of Complaintant Agency, or Person (&Title, if any)
Special Agent Christopher Merendino, Dept. of Homeland Security/ICE

☐ person is awaiting trial in another Federal or State
Court, give name of court

☐ this person/proceeding is transferred from another
district per (circle one) FRCrP 20, 21 or 40. Show
District

☐ this is a reprosecution of
charges previously dismissed
which were dismissed on **SHOW**
motion of: **DOCKET NO.**
☐ U.S. Att'y ☐ Defense
this prosecution relates to a Cr-08-730-WHA
☑ pending case involving this same
defendant **MAGISTRATE**
☐ prior proceedings or appearance(s) **CASE NO.**
before U.S. Magistrate regarding
this defendant were recorded under

Name and Office of Person
Furnishing Information on
THIS FORM **JOSEPH P. RUSSONIELLO**
☑ U.S. Att'y ☐ Other U.S. Agency

Name of Asst. U.S. Att'y
(if assigned) W.S. Wilson Leung

─── Name of District Court, and/or Judge/Magistrate Location ───
NORTHERN DISTRICT OF CALIFORNIA

─── **DEFENDANT - U.S.** ───

MELVIN MALDONADO

DISTRICT COURT NUMBER

**CR 08          0730**
─── **DEFENDANT** ───

**IS NOT IN CUSTODY**
1) ☐ Has not been arrested, pending outcome this proceeding.
If not detained give date any prior summons
was served on above charges

2) ☐ Is a Fugitive

3) ☐ Is on Bail or Release from (show District)

─── **IS IN CUSTODY** ───

4) ☑ On this charge

5) ☐ On another conviction
6) ☐ Awaiting trial on other } ☐ Fed'l ☐ State
charges
If answer to (6) is "Yes", show name of institution

Has detainer ☐ Yes } If "Yes"
been filed? ☐ No } give date
filed

**DATE OF** Month/Day/Year
**ARREST**
Or... if Arresting Agency & Warrant were not

**DATE TRANSFERRED** Month/Day/Year
**TO U.S. CUSTODY**

☐ This report amends AO 257 previously submitted

─── **ADDITIONAL INFORMATION OR COMMENTS** ───

PROCESS:
☐ SUMMONS ☑ NO PROCESS* ☐ WARRANT Bail Amount:

If Summons, complete following:
☐ Arraignment ☐ Initial Appearance *Where defendant previously apprehended on complaint, no new summons
Defendant Address: or warrant needed, since Magistrate has scheduled arraignment

Date/Time: _____

Before Judge: _____

Comments: _____

**MELVIN MALDONADO, a/k/a "Estrano," a/k/a "Stranger"**

Count One: Racketeering Conspiracy (18 U.S.C. § 1962(d))
    Maximum term of life imprisonment
    Maximum term of 5 years' supervised release
    Maximum fine of the greatest of either: (a) $250,000; (b) twice the gross pecuniary gain
    to the defendant; or (c) twice the gross pecuniary loss inflicted on another
    Mandatory special assessment of $100

Count Two: Conspiracy to Commit Murder in Aid of Racketeering (18 U.S.C. § 1959(a)(5))
    Maximum term of 10 years' imprisonment
    Maximum term of 3 years' supervised release
    Maximum fine of the greatest of either: (a) $250,000; (b) twice the gross pecuniary gain
    to the defendant; or (c) twice the gross pecuniary loss inflicted on another
    Mandatory special assessment of $100

Count Three: Conspiracy to Commit Assault with a Dangerous Weapon in Aid of
Racketeering (18 U.S.C. § 1959(a)(6))
    Maximum term of 3 years' imprisonment
    Maximum term of 3 years' supervised release
    Maximum fine of the greatest of either: (a) $250,000; (b) twice the gross pecuniary gain
    to the defendant; or (c) twice the gross pecuniary loss inflicted on another
    Mandatory special assessment of $100

Count Four: Use/Possession of Firearm in Furtherance of Crime of Violence (18 U.S.C. §§
924(c) & 2)
    Maximum term of life imprisonment
    Mandatory minimum term of 5, 7, or 10 years' imprisonment, to be imposed consecutive
    to any other term of imprisonment
    Maximum term of supervised release of 5 years
    Maximum fine of the greatest of either: (a) $250,000; (b) twice the gross pecuniary gain
    to the defendant; or (c) twice the gross pecuniary loss inflicted on another
    Mandatory special assessment of $100

AO 257 (Rev. 6/78)

## DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT

BY: ☐ COMPLAINT  ☐ INFORMATION  ☑ INDICTMENT
                                 ☑ SUPERSEDING

| OFFENSE CHARGED |
| --- |

See attached

☐ Petty
☐ Minor
☐ Misde-meanor
☑ Felony

PENALTY:
See attached

**Name of District Court, and/or Judge/Magistrate Location**
NORTHERN DISTRICT OF CALIFORNIA

**DEFENDANT - U.S.**

▶ MANUEL FRANCO

DISTRICT COURT NUMBER

CR 08   0730

**WHA**

---

### PROCEEDING
Name of Complaintant Agency, or Person (&Title, if any)
Special Agent Christopher Merendino, Dept. of Homeland Security/ICE

☐ person is awaiting trial in another Federal or State Court, give name of court

☐ this person/proceeding is transferred from another district per (circle one) FRCrP 20, 21 or 40. Show District

☐ this is a reprosecution of charges previously dismissed which were dismissed on motion of:
   ☐ U.S. Att'y  ☐ Defense

☑ this prosecution relates to a pending case involving this same defendant

☐ prior proceedings or appearance(s) before U.S. Magistrate regarding this defendant were recorded under

**SHOW DOCKET NO.**
Cr-08-730-WHA

**MAGISTRATE CASE NO.**

Name and Office of Person
Furnishing Information on
THIS FORM       **JOSEPH P. RUSSONIELLO**

☑ U.S. Att'y  ☐ Other U.S. Agency

Name of Asst. U.S. Att'y
(if assigned)      W.S. Wilson Leung

---

### DEFENDANT

**IS *NOT* IN CUSTODY**
1) ☐ Has not been arrested, pending outcome this proceeding. If not detained give date any prior summons was served on above charges

2) ☐ Is a Fugitive

3) ☐ Is on Bail or Release from (show District)

**IS IN CUSTODY**
4) ☑ On this charge
5) ☐ On another conviction
6) ☐ Awaiting trial on other charges  } ☐ Fed'l  ☐ State

If answer to (6) is "Yes", show name of institution

Has detainer been filed?  ☐ Yes  ☐ No  } If "Yes" give date filed

**DATE OF ARREST** ▶ Month/Day/Year

Or... if Arresting Agency & Warrant were not

**DATE TRANSFERRED TO U.S. CUSTODY** ▶ Month/Day/Year

☐ This report amends AO 257 previously submitted

---

### ADDITIONAL INFORMATION OR COMMENTS

PROCESS:
☐ SUMMONS  ☑ NO PROCESS*  ☐ WARRANT    Bail Amount:

If Summons, complete following:
☐ Arraignment  ☐ Initial Appearance
Defendant Address:

*Where defendant previously apprehended on complaint, no new summons or warrant needed, since Magistrate has scheduled arraignment

Date/Time:

Before Judge:

Comments:

**MANUEL FRANCO, a/k/a "Dreamer"**

Count One: Racketeering Conspiracy (18 U.S.C. § 1962(d))
    Maximum term of life imprisonment
    Maximum term of 5 years' supervised release
    Maximum fine of the greatest of either: (a) $250,000; (b) twice the gross pecuniary gain
    to the defendant; or (c) twice the gross pecuniary loss inflicted on another
    Mandatory special assessment of $100

Count Two: Conspiracy to Commit Murder in Aid of Racketeering (18 U.S.C. § 1959(a)(5))
    Maximum term of 10 years' imprisonment
    Maximum term of 3 years' supervised release
    Maximum fine of the greatest of either: (a) $250,000; (b) twice the gross pecuniary gain
    to the defendant; or (c) twice the gross pecuniary loss inflicted on another
    Mandatory special assessment of $100

Count Three: Conspiracy to Commit Assault with a Dangerous Weapon in Aid of
Racketeering (18 U.S.C. § 1959(a)(6))
    Maximum term of 3 years' imprisonment
    Maximum term of 3 years' supervised release
    Maximum fine of the greatest of either: (a) $250,000; (b) twice the gross pecuniary gain
    to the defendant; or (c) twice the gross pecuniary loss inflicted on another
    Mandatory special assessment of $100

Count Four: Use/Possession of Firearm in Furtherance of Crime of Violence (18 U.S.C. §§
924(c) & 2)
    Maximum term of life imprisonment
    Mandatory minimum term of 5, 7, or 10 years' imprisonment, to be imposed consecutive
    to any other term of imprisonment
    Maximum term of supervised release of 5 years
    Maximum fine of the greatest of either: (a) $250,000; (b) twice the gross pecuniary gain
    to the defendant; or (c) twice the gross pecuniary loss inflicted on another
    Mandatory special assessment of $100

AO 257 (Rev. 6/78)

## DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT

BY: ☐ COMPLAINT ☐ INFORMATION ☑ INDICTMENT ☑ SUPERSEDING

─── OFFENSE CHARGED ───

See attached

☐ Petty
☐ Minor
☐ Misde-meanor
☑ Felony

PENALTY:
See attached

─── Name of District Court, and/or Judge/Magistrate Location ───
NORTHERN DISTRICT OF CALIFORNIA

─── DEFENDANT - U.S. ───

RODRIGO MOLINA                    *WHA*

DISTRICT COURT NUMBER

0730

─── DEFENDANT ───

**IS NOT IN CUSTODY**
Has not been arrested, pending outcome this proceeding.
1) ☐ If not detained give date any prior summons was served on above charges

2) ☐ Is a Fugitive

3) ☐ Is on Bail or Release from (show District)

─── PROCEEDING ───
Name of Complaintant Agency, or Person (&Title, if any)
Special Agent Christopher Mcrendino, Dept. of Homeland Security/ICE

☐ person is awaiting trial in another Federal or State Court, give name of court

☐ this person/proceeding is transferred from another district per (circle one) FRCrP 20, 21 or 40. Show District

☐ this is a reprosecution of charges previously dismissed which were dismissed on motion of:
☐ U.S. Att'y ☐ Defense

☑ this prosecution relates to a pending case involving this same defendant

☐ prior proceedings or appearance(s) before U.S. Magistrate regarding this defendant were recorded under

**SHOW DOCKET NO.**
Cr-08-730-WHA

**MAGISTRATE CASE NO.**

Name and Office of Person Furnishing Information on THIS FORM
**JOSEPH P. RUSSONIELLO**
☑ U.S. Att'y ☐ Other U.S. Agency

Name of Asst. U.S. Att'y
(if assigned)   W.S. Wilson Leung

**IS IN CUSTODY**
4) ☑ On this charge
5) ☐ On another conviction
6) ☐ Awaiting trial on other charges    } ☐ Fed'l ☐ State

If answer to (6) is "Yes", show name of institution

Has detainer been filed?   ☐ Yes ☐ No   } If "Yes" give date filed

**DATE OF ARREST**   Month/Day/Year

Or... if Arresting Agency & Warrant were not

**DATE TRANSFERRED TO U.S. CUSTODY**   Month/Day/Year

☐ This report amends AO 257 previously submitted

─── ADDITIONAL INFORMATION OR COMMENTS ───

PROCESS:
☐ SUMMONS ☑ NO PROCESS* ☐ WARRANT   Bail Amount:

If Summons, complete following:
☐ Arraignment ☐ Initial Appearance
Defendant Address:

*Where defendant previously apprehended on complaint, no new summons or warrant needed, since Magistrate has scheduled arraignment

Date/Time:

Before Judge:

Comments:

**RODRIGO MOLINA, a/k/a "Little Payaso," a/k/a "Payaso"**

Count One: Racketeering Conspiracy (18 U.S.C. § 1962(d))
    Maximum term of life imprisonment
    Maximum term of 5 years' supervised release
    Maximum fine of the greatest of either: (a) $250,000; (b) twice the gross pecuniary gain
    to the defendant; or (c) twice the gross pecuniary loss inflicted on another
    Mandatory special assessment of $100

Count Two: Conspiracy to Commit Murder in Aid of Racketeering (18 U.S.C. § 1959(a)(5))
    Maximum term of 10 years' imprisonment
    Maximum term of 3 years' supervised release
    Maximum fine of the greatest of either: (a) $250,000; (b) twice the gross pecuniary gain
    to the defendant; or (c) twice the gross pecuniary loss inflicted on another
    Mandatory special assessment of $100

Count Three: Conspiracy to Commit Assault with a Dangerous Weapon in Aid of
Racketeering (18 U.S.C. § 1959(a)(6))
    Maximum term of 3 years' imprisonment
    Maximum term of 3 years' supervised release
    Maximum fine of the greatest of either: (a) $250,000; (b) twice the gross pecuniary gain
    to the defendant; or (c) twice the gross pecuniary loss inflicted on another
    Mandatory special assessment of $100

Count Four: Use/Possession of Firearm in Furtherance of Crime of Violence (18 U.S.C. §§
924(c) & 2)
    Maximum term of life imprisonment
    Mandatory minimum term of 5, 7, or 10 years' imprisonment, to be imposed consecutive
    to any other term of imprisonment
    Maximum term of supervised release of 5 years
    Maximum fine of the greatest of either: (a) $250,000; (b) twice the gross pecuniary gain
    to the defendant; or (c) twice the gross pecuniary loss inflicted on another
    Mandatory special assessment of $100

Counts Thirty-Nine, Forty, Forty-Six, Forty-Seven, and Forty-Eight: Attempted Exportation
of Stolen Vehicle (18 U.S.C. §§ 553(a) & 2)
    For *each* count:
    Maximum term of 10 years' imprisonment
    Maximum term of 3 years' supervised release
    Maximum fine of the greatest of either: (a) $250,000; (b) twice the gross pecuniary gain
    to the defendant; or (c) twice the gross pecuniary loss inflicted on another
    Mandatory special assessment of $100

AO 257 (Rev. 6/78)

**DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT**

BY: ☐ COMPLAINT  ☐ INFORMATION  ☑ INDICTMENT    |  **Name of District Court, and/or Judge/Magistrate Location**
☑ SUPERSEDING

**OFFENSE CHARGED**

See attached
☐ Petty
☐ Minor
☐ Misde-meanor
☑ Felony

PENALTY:
See attached

| **Name of District Court, and/or Judge/Magistrate Location** |
| NORTHERN DISTRICT OF CALIFORNIA |

**DEFENDANT - U.S.**

MAURICIO URIAS

DISTRICT COURT NUMBER    *WHA*

**CR 08       0730**

**DEFENDANT**

**IS *NOT* IN CUSTODY**

1) ☐ Has not been arrested, pending outcome this proceeding. If not detained give date any prior summons was served on above charges

2) ☐ Is a Fugitive

3) ☐ Is on Bail or Release from (show District)

**PROCEEDING**

Name of Complainant Agency, or Person (&Title, if any)
Special Agent Christopher Merendino, Dept. of Homeland Security/ICE

☐ person is awaiting trial in another Federal or State Court, give name of court

☐ this person/proceeding is transferred from another district per (circle one) FRCrP 20, 21 or 40. Show District

☐ this is a reprosecution of charges previously dismissed which were dismissed on motion of:
   ☐ U.S. Att'y  ☐ Defense
☑ this prosecution relates to a pending case involving this same defendant
☐ prior proceedings or appearance(s) before U.S. Magistrate regarding this defendant were recorded under

**SHOW DOCKET NO.**
Cr-08-730-WHA

**MAGISTRATE CASE NO.**

**IS IN CUSTODY**

4) ☑ On this charge

5) ☐ On another conviction

6) ☐ Awaiting trial on other charges    } ☐ Fed'l  ☐ State

If answer to (6) is "Yes", show name of Institution

Has detainer been filed?  ☐ Yes  ☐ No    } If "Yes" give date filed

**DATE OF ARREST**    Month/Day/Year

Or... if Arresting Agency & Warrant were not

**DATE TRANSFERRED TO U.S. CUSTODY**    Month/Day/Year

Name and Office of Person Furnishing Information on THIS FORM    **JOSEPH P. RUSSONIELLO**
☑ U.S. Att'y  ☐ Other U.S. Agency

Name of Asst. U.S. Att'y (if assigned)    W.S. Wilson Leung

☐ This report amends AO 257 previously submitted

**ADDITIONAL INFORMATION OR COMMENTS**

PROCESS:
☐ SUMMONS  ☑ NO PROCESS*  ☐ WARRANT    Bail Amount:

If Summons, complete following:
☐ Arraignment  ☐ Initial Appearance
Defendant Address:

*Where defendant previously apprehended on complaint, no new summons or warrant needed, since Magistrate has scheduled arraignment

Date/Time:

Before Judge:

Comments:

**MAURICIO URIAS, a/k/a Puppet"**

Count One: Racketeering Conspiracy (18 U.S.C. § 1962(d))
Maximum term of life imprisonment
Maximum term of 5 years' supervised release
Maximum fine of the greatest of either: (a) $250,000; (b) twice the gross pecuniary gain
to the defendant; or (c) twice the gross pecuniary loss inflicted on another
Mandatory special assessment of $100

Count Two: Conspiracy to Commit Murder in Aid of Racketeering (18 U.S.C. § 1959(a)(5))
Maximum term of 10 years' imprisonment
Maximum term of 3 years' supervised release
Maximum fine of the greatest of either: (a) $250,000; (b) twice the gross pecuniary gain
to the defendant; or (c) twice the gross pecuniary loss inflicted on another
Mandatory special assessment of $100

Count Three: Conspiracy to Commit Assault with a Dangerous Weapon in Aid of
Racketeering (18 U.S.C. § 1959(a)(6))
Maximum term of 3 years' imprisonment
Maximum term of 3 years' supervised release
Maximum fine of the greatest of either: (a) $250,000; (b) twice the gross pecuniary gain
to the defendant; or (c) twice the gross pecuniary loss inflicted on another
Mandatory special assessment of $100

Count Four: Use/Possession of Firearm in Furtherance of Crime of Violence (18 U.S.C. §§
924(c) & 2)
Maximum term of life imprisonment
Mandatory minimum term of 5, 7, or 10 years' imprisonment, to be imposed consecutive
to any other term of imprisonment
Maximum term of supervised release of 5 years
Maximum fine of the greatest of either: (a) $250,000; (b) twice the gross pecuniary gain
to the defendant; or (c) twice the gross pecuniary loss inflicted on another
Mandatory special assessment of $100

Count Twenty-Six: Conspiracy to Distribute/Possess with Intent to Distribute 50 Grams or
More of Actual Methamphetamine and a Quantity of Cocaine (21 U.S.C. § 846 and
841(b)(1)(A))
Maximum term of life imprisonment
Mandatory minimum term of 10 years' imprisonment
Maximum term of supervised release of life
Mandatory minimum term of 5 years' supervised release
Maximum fine of the greatest of either: (a) $4 million; (b) twice the gross pecuniary gain
to the defendant; or (c) twice the gross pecuniary loss inflicted on another
Mandatory special assessment of $100

<u>Counts Twenty-Seven, Twenty-Eight, Twenty-Nine, Thirty</u>: Distribution/Possession with
Intent to Distribute 5 Grams or More of Actual Methamphetamine (21 U.S.C. §§ 841(a)(1) &
(b)(1)(B), and 18 U.S.C. § 2)

For *each* count:

Maximum term of 40 years' imprisonment

Mandatory minimum term of 5 years' imprisonment

Maximum term of supervised release of life

Mandatory minimum term of 4 years' supervised release

Maximum fine of the greatest of either: (a) $2 million; (b) twice the gross pecuniary gain
to the defendant; or (c) twice the gross pecuniary loss inflicted on another

Mandatory special assessment of $100

<u>Counts Thirty-One, Thirty-Two, Thirty-Three, and Thirty-Four</u>: Distribution/Possession with
Intent to Distribute a Quantity of Cocaine (21 U.S.C. §§ 841(a)(1) & (b)(1)(C), and 18
U.S.C. § 2)

For *each* count:

Maximum term of 20 years' imprisonment

Maximum term of supervised release of life

Mandatory minimum term of 3 years' supervised release

Maximum fine of the greatest of either: (a) $1 million; (b) twice the gross pecuniary gain
to the defendant; or (c) twice the gross pecuniary loss inflicted on another

Mandatory special assessment of $100

AO 257 (Rev. 6/78)

## DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT

BY: ☐ COMPLAINT   ☐ INFORMATION   ☑ INDICTMENT
☑ SUPERSEDING

**Name of District Court, and/or Judge/Magistrate Location**
NORTHERN DISTRICT OF CALIFORNIA

### OFFENSE CHARGED

See attached

☐ Petty
☐ Minor
☐ Misde-meanor
☑ Felony

PENALTY:
See attached

**DEFENDANT - U.S.**

JUDITH SOSA

**DISTRICT COURT NUMBER**

*WHA*

CR 08     0730

### DEFENDANT

### PROCEEDING
Name of Complaintant Agency, or Person (&Title, if any)
Special Agent Christopher Merendino, Dept. of Homeland Security/ICE

☐ person is awaiting trial in another Federal or State Court, give name of court

☐ this person/proceeding is transferred from another district per (circle one) FRCrP 20, 21 or 40. Show District

☐ this is a reprosecution of charges previously dismissed which were dismissed on motion of:          **SHOW**
☐ U.S. Att'y ☐ Defense          **DOCKET NO.**
this prosecution relates to a
☑ pending case involving this same          Cr-08-730-WHA
defendant
☐ prior proceedings or appearance(s)          **MAGISTRATE**
before U.S. Magistrate regarding          **CASE NO.**
this defendant were recorded under

Name and Office of Person
Furnishing Information on          **JOSEPH P. RUSSONIELLO**
THIS FORM
☑ U.S. Att'y ☐ Other U.S. Agency

Name of Asst. U.S. Att'y
(if assigned)          W.S. Wilson Leung

**IS *NOT* IN CUSTODY**
  Has not been arrested, pending outcome this proceeding.
1) ☐ If not detained give date any prior summons
     was served on above charges

2) ☐ Is a Fugitive

3) ☑ Is on Bail or Release from (show District)

     NDCA

**IS IN CUSTODY**

4) ☐ On this charge

5) ☐ On another conviction
6) ☐ Awaiting trial on other charges          } ☐ Fed'l ☐ State

     If answer to (6) is "Yes", show name of institution

Has detainer     ☐ Yes     If "Yes"
been filed?      ☐ No       give date
                            filed

**DATE OF          Month/Day/Year
ARREST**

Or... if Arresting Agency & Warrant were not

**DATE TRANSFERRED          Month/Day/Year
TO U.S. CUSTODY**

☐ This report amends AO 257 previously submitted

### ADDITIONAL INFORMATION OR COMMENTS

PROCESS:
☐ SUMMONS ☑ NO PROCESS*     ☐ WARRANT     Bail Amount:

If Summons, complete following:
☐ Arraignment ☐ Initial Appearance     *Where defendant previously apprehended on complaint, no new summons
Defendant Address:          or warrant needed, since Magistrate has scheduled arraignment

Date/Time:

Before Judge:

Comments:

**JUDITH SOSA, a/k/a "J-Dubbs"**

Count Twenty-Six: Conspiracy to Distribute/Possess with Intent to Distribute 50 Grams or
More of Actual Methamphetamine (21 U.S.C. § 846 and 841(b)(1)(A))

Maximum term of life imprisonment

Mandatory minimum term of 10 years' imprisonment

Maximum term of supervised release of life

Mandatory minimum term of 5 years' supervised release

Maximum fine of the greatest of either: (a) $4 million; (b) twice the gross pecuniary gain
to the defendant; or (c) twice the gross pecuniary loss inflicted on another

Mandatory special assessment of $100

Counts Twenty-Seven, Twenty-Eight, Twenty-Nine, and Thirty: Distribution/Possession with
Intent to Distribute 5 Grams or More of Actual Methamphetamine (21 U.S.C. §§ 841(a)(1) &
(b)(1)(B), and 18 U.S.C. § 2)

For *each* count:

Maximum term of 40 years' imprisonment

Mandatory minimum term of 5 years' imprisonment

Maximum term of supervised release of life

Mandatory minimum term of 4 years' supervised release

Maximum fine of the greatest of either: (a) $2 million; (b) twice the gross pecuniary gain
to the defendant; or (c) twice the gross pecuniary loss inflicted on another

Mandatory special assessment of $100

AO 257 (Rev. 6/78)

## DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT

BY: ☐ COMPLAINT ☐ INFORMATION ☑ INDICTMENT ☑ SUPERSEDING

___ Name of District Court, and/or Judge/Magistrate Location ___
NORTHERN DISTRICT OF CALIFORNIA

--- OFFENSE CHARGED ---

See attached

☐ Petty
☐ Minor
☐ Misde-meanor
☑ Felony

PENALTY:
See attached

--- DEFENDANT - U.S. ---

JOHN LACSAMANA BRIEZ

DISTRICT COURT NUMBER

*WHA*

--- PROCEEDING ---
Name of Complaintant Agency, or Person (&Title, if any)
Special Agent Christopher Merendino, Dept. of Homeland Security/ICE

☐ person is awaiting trial in another Federal or State Court, give name of court

☐ this person/proceeding is transferred from another district per (circle one) FRCrP 20, 21 or 40. Show District

☐ this is a reprosecution of charges previously dismissed which were dismissed on motion of:       **SHOW DOCKET NO.**
  ☐ U.S. Att'y ☐ Defense

☑ this prosecution relates to a pending case involving this same defendant       Cr-08-730-WHA

☐ prior proceedings or appearance(s) before U.S. Magistrate regarding this defendant were recorded under       **MAGISTRATE CASE NO.**

Name and Office of Person
Furnishing Information on
THIS FORM       **JOSEPH P. RUSSONIELLO**
  ☑ U.S. Att'y ☐ Other U.S. Agency

Name of Asst. U.S. Att'y
(if assigned)       W.S. Wilson Leung

--- DEFENDANT ---

**IS *NOT* IN CUSTODY**
  Has not been arrested, pending outcome this proceeding.
1) ☐ If not detained give date any prior summons was served on above charges

2) ☐ Is a Fugitive

3) ☐ Is on Bail or Release from (show District)

**IS IN CUSTODY**

4) ☑ On this charge

5) ☐ On another conviction
6) ☐ Awaiting trial on other charges       } ☐ Fed'l ☐ State

If answer to (6) is "Yes", show name of Institution

Has detainer
been filed?   ☐ Yes   } If "Yes" give date filed
              ☐ No

**DATE OF ARREST**       Month/Day/Year

Or... if Arresting Agency & Warrant were not

**DATE TRANSFERRED TO U.S. CUSTODY**       Month/Day/Year

☐ This report amends AO 257 previously submitted

--- ADDITIONAL INFORMATION OR COMMENTS ---

PROCESS:
  ☐ SUMMONS ☑ NO PROCESS* ☐ WARRANT    Bail Amount:

  If Summons, complete following:
  ☐ Arraignment ☐ Initial Appearance
  Defendant Address:

*Where defendant previously apprehended on complaint, no new summons or warrant needed, since Magistrate has scheduled arraignment

Date/Time:

Before Judge:

Comments:

**JOHN LACSAMANA BRIEZ**

Count Twenty-Six: Conspiracy to Distribute/Possess with Intent to Distribute 50 Grams or More of Actual Methamphetamine (21 U.S.C. § 846 and 841(b)(1)(A))

Maximum term of life imprisonment

Mandatory minimum term of 10 years' imprisonment

Maximum term of supervised release of life

Mandatory minimum term of 5 years' supervised release

Maximum fine of the greatest of either: (a) $4 million; (b) twice the gross pecuniary gain to the defendant; or (c) twice the gross pecuniary loss inflicted on another

Mandatory special assessment of $100

Counts Twenty-Seven, Twenty-Eight, and Thirty: Distribution/Possession with Intent to Distribute 5 Grams or More of Actual Methamphetamine (21 U.S.C. §§ 841(a)(1) & (b)(1)(B), and 18 U.S.C. § 2)

For *each* count:

Maximum term of 40 years' imprisonment

Mandatory minimum term of 5 years' imprisonment

Maximum term of supervised release of life

Mandatory minimum term of 4 years' supervised release

Maximum fine of the greatest of either: (a) $2 million; (b) twice the gross pecuniary gain to the defendant; or (c) twice the gross pecuniary loss inflicted on another

Mandatory special assessment of $100

AO 257 (Rev. 6/78)

## DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT

BY: ☐ COMPLAINT ☐ INFORMATION ☑ INDICTMENT
☑ SUPERSEDING

─── OFFENSE CHARGED ───

See attached

☐ Petty
☐ Minor
☐ Misde-
meanor
☑ Felony

PENALTY:
See attached

─── PROCEEDING ───
Name of Complaintant Agency, or Person (&Title, if any)
Special Agent Christopher Merendino, Dept. of Homeland Security/ICE

☐ person is awaiting trial in another Federal or State
Court, give name of court

☐ this person/proceeding is transferred from another
district per (circle one) FRCrP 20, 21 or 40. Show
District

☐ this is a reprosecution of
charges previously dismissed
which were dismissed on                    **SHOW**
motion of:                          **DOCKET NO.**
☐ U.S. Att'y ☐ Defense
this prosecution relates to a          Cr-08-730-WHA
☑ pending case involving this same
defendant                        **MAGISTRATE**
☐ prior proceedings or appearance(s)    **CASE NO.**
before U.S. Magistrate regarding
this defendant were recorded under

Name and Office of Person
Furnishing Information on      **JOSEPH P. RUSSONIELLO**
THIS FORM
☑ U.S. Att'y ☐ Other U.S. Agency

Name of Asst. U.S. Att'y
(if assigned)   W.S. Wilson Leung

─── Name of District Court, and/or Judge/Magistrate Location ───
NORTHERN DISTRICT OF CALIFORNIA

─── DEFENDANT - U.S. ───

JOSE ANTUNEZ

DISTRICT COURT NUMBER

# CR 08      0730

─── DEFENDANT ───

**IS *NOT* IN CUSTODY**
Has not been arrested, pending outcome this proceeding.
1) ☐ If not detained give date any prior summons
was served on above charges

2) ☐ Is a Fugitive

3) ☐ Is on Bail or Release from (show District)

**IS IN CUSTODY**

4) ☑ On this charge

5) ☐ On another conviction
6) ☐ Awaiting trial on other        ☐ Fed'l ☐ State
charges
If answer to (6) is "Yes", show name of Institution

Has detainer     ☐ Yes      If "Yes"
been filed?      ☐ No       give date
filed

**DATE OF**           Month/Day/Year
**ARREST**

Or... if Arresting Agency & Warrant were not

**DATE TRANSFERRED**        Month/Day/Year
**TO U.S. CUSTODY**

☐ This report amends AO 257 previously submitted

─── ADDITIONAL INFORMATION OR COMMENTS ───

PROCESS:
☐ SUMMONS ☑ NO PROCESS* ☐ WARRANT   Bail Amount:

If Summons, complete following:
☐ Arraignment ☐ Initial Appearance    *Where defendant previously apprehended on complaint, no new summons
Defendant Address:                    or warrant needed, since Magistrate has scheduled arraignment

Date/Time:

Before Judge:

Comments:

**JOSE ANTUNEZ, a/k/a "Fino"**

Count Thirty-Five: Distribution/Possession with Intent to Distribute Controlled Substance
(21 U.S.C. §§ 841(a)(1) & (b)(1)(C), and 18 U.S.C. § 2)
Maximum term of 20 years' imprisonment
Maximum term of supervised release of life
Mandatory minimum term of 3 years' supervised release
Maximum fine of the greatest of either: (a) $1 million; (b) twice the gross pecuniary gain
to the defendant; or (c) twice the gross pecuniary loss inflicted on another
Mandatory special assessment of $100

AO 257 (Rev. 6/78)

## DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT

BY: ☐ COMPLAINT ☐ INFORMATION ☑ INDICTMENT
☑ SUPERSEDING

─── OFFENSE CHARGED ───

See attached

☐ Petty
☐ Minor
☐ Misde-
  meanor
☑ Felony

PENALTY:
See attached

─────── Name of District Court, and/or Judge/Magistrate Location ───────
NORTHERN DISTRICT OF CALIFORNIA

─── DEFENDANT - U.S. ───

RODIL NOCHEZ

DISTRICT COURT NUMBER

CR 08          0730
                         WHA

─────── DEFENDANT ───────

### PROCEEDING
Name of Complaintant Agency, or Person (&Title, if any)
Special Agent Christopher Merendino, Dept. of Homeland Security/ICE

☐ person is awaiting trial in another Federal or State
Court, give name of court

☐ this person/proceeding is transferred from another
district per (circle one) FRCrP 20, 21 or 40. Show
District

☐ this is a reprosecution of
charges previously dismissed
which were dismissed on
motion of:                    **SHOW**
☐ U.S. Att'y ☐ Defense    **DOCKET NO.**
this prosecution relates to a    Cr-08-730-WHA
☑ pending case involving this same
defendant              **MAGISTRATE**
☐ prior proceedings or appearance(s)    **CASE NO.**
before U.S. Magistrate regarding
this defendant were recorded under

Name and Office of Person
Furnishing Information on    **JOSEPH P. RUSSONIELLO**
THIS FORM
☑ U.S. Att'y ☐ Other U.S. Agency

Name of Asst. U.S. Att'y
(if assigned)    W.S. Wilson Leung

### IS *NOT* IN CUSTODY
Has not been arrested, pending outcome this proceeding.
1) ☐ If not detained give date any prior summons
was served on above charges

2) ☐ Is a Fugitive

3) ☑ Is on Bail or Release from (show District)

NDCA

### IS IN CUSTODY
4) ☐ On this charge

5) ☐ On another conviction
6) ☐ Awaiting trial on other    } ☐ Fed'l ☐ State
charges
If answer to (6) is "Yes", show name of Institution

Has detainer    ☐ Yes    If "Yes"
been filed?    ☐ No    give date
filed

**DATE OF**    Month/Day/Year
**ARREST**

Or... if Arresting Agency & Warrant were not

**DATE TRANSFERRED**    Month/Day/Year
**TO U.S. CUSTODY**

☐ This report amends AO 257 previously submitted

─────── ADDITIONAL INFORMATION OR COMMENTS ───────

PROCESS:
☐ SUMMONS ☑ NO PROCESS* ☐ WARRANT    Bail Amount:
If Summons, complete following:
☐ Arraignment ☐ Initial Appearance    *Where defendant previously apprehended on complaint, no new summons
Defendant Address:                or warrant needed, since Magistrate has scheduled arraignment

Date/Time:

Before Judge:

Comments:

**RODIL NOCHEZ, a/k/a "Chino," a/k/a "Nieto"**

Counts Forty-Three, Forty-Four, Forty-Five, Forty-Nine, Fifty, Fifty-One, Fifty-Two, and
Fifty-Three: Attempted Exportation of Stolen Vehicle (18 U.S.C. §§ 553(a) & 2)
    For *each* count:
    Maximum term of 10 years' imprisonment
    Maximum term of 3 years' supervised release
    Maximum fine of the greatest of either: (a) $250,000; (b) twice the gross pecuniary gain
    to the defendant; or (c) twice the gross pecuniary loss inflicted on another
    Mandatory special assessment of $100

AO 257 (Rev. 6/78)

## DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT

BY: ☐ COMPLAINT ☐ INFORMATION ☑ INDICTMENT
☑ SUPERSEDING

——— OFFENSE CHARGED ———

See attached

☐ Petty
☐ Minor
☐ Misde-
   meanor
☑ Felony

PENALTY:
See attached

——————— PROCEEDING ———————
Name of Complaintant Agency, or Person (&Title, if any)
Special Agent Christopher Merendino, Dept. of Homeland Security/ICE

☐ person is awaiting trial in another Federal or State
   Court, give name of court

☐ this person/proceeding is transferred from another
   district per (circle one) FRCrP 20, 21 or 40. Show
   District

☐ this is a reprosecution of
   charges previously dismissed
   which were dismissed on        **SHOW**
   motion of:                     **DOCKET NO.**
   ☐ U.S. Att'y ☐ Defense
   this prosecution relates to a         Cr-08-730-WHA
☑ pending case involving this same
   defendant                      **MAGISTRATE**
☐ prior proceedings or appearance(s)   **CASE NO.**
   before U.S. Magistrate regarding
   this defendant were recorded under

Name and Office of Person
Furnishing Information on      **JOSEPH P. RUSSONIELLO**
THIS FORM
              ☑ U.S. Att'y ☐ Other U.S. Agency

Name of Asst. U.S. Att'y
(if assigned)      W.S. Wilson Leung

—— Name of District Court, and/or Judge/Magistrate Location ——
NORTHERN DISTRICT OF CALIFORNIA

—— DEFENDANT - U.S. ——————————

DANIEL GONZALEZ

DISTRICT COURT NUMBER

**WHA**

—————————— DEFENDANT ——————————

**IS *NOT* IN CUSTODY**
   Has not been arrested, pending outcome this proceeding.
1) ☑ If not detained give date any prior summons
      was served on above charges

2) ☐ Is a Fugitive

3) ☐ Is on Bail or Release from (show District)

**IS IN CUSTODY**
4) ☐ On this charge

5) ☐ On another conviction
6) ☐ Awaiting trial on other     } ☐ Fed'l ☐ State
     charges
     If answer to (6) is "Yes", show name of institution

Has detainer    ☐ Yes }    If "Yes"
been filed?     ☐ No  }    give date
                           filed
**DATE OF**        Month/Day/Year
**ARREST**

Or... if Arresting Agency & Warrant were not

**DATE TRANSFERRED**      Month/Day/Year
**TO U.S. CUSTODY**

☐ This report amends AO 257 previously submitted

————— ADDITIONAL INFORMATION OR COMMENTS —————

PROCESS:
☐ SUMMONS ☐ NO PROCESS*   ☑ WARRANT   Bail Amount: No bail
   If Summons, complete following:
   ☐ Arraignment ☐ Initial Appearance   *Where defendant previously apprehended on complaint, no new summons
   Defendant Address:                    or warrant needed, since Magistrate has scheduled arraignment

                                         Date/Time:

                                         Before Judge:

Comments:

## DANIEL GONZALEZ, a/k/a "D"

Counts Forty-Three, Forty-Four, Forty-Five, Forty-Nine, Fifty, Fifty-One, Fifty-Two, and Fifty-Three: Attempted Exportation of Stolen Vehicle (18 U.S.C. §§ 553(a) & 2)

For *each* count:

Maximum term of 10 years' imprisonment

Maximum term of 3 years' supervised release

Maximum fine of the greatest of either: (a) $250,000; (b) twice the gross pecuniary gain to the defendant; or (c) twice the gross pecuniary loss inflicted on another

Mandatory special assessment of $100

AO 257 (Rev. 6/78)

## DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT

BY: ☐ COMPLAINT  ☐ INFORMATION  ☑ INDICTMENT
                                  ☑ SUPERSEDING

### OFFENSE CHARGED

See attached

☐ Petty
☐ Minor
☐ Misde-
   meanor
☑ Felony

PENALTY:
See attached

**Name of District Court, and/or Judge/Magistrate Location**
NORTHERN DISTRICT OF CALIFORNIA

**DEFENDANT - U.S.**

▸ MARLON LUMANG

**DISTRICT COURT NUMBER**

**WHA**

CR 08   0730

DEFENDANT

### PROCEEDING

Name of Complainant Agency, or Person (&Title, if any)
Special Agent Christopher Merendino, Dept. of Homeland Security/ICE

☐ person is awaiting trial in another Federal or State
   Court, give name of court

☐ this person/proceeding is transferred from another
   district per (circle one) FRCrP 20, 21 or 40. Show
   District

☐ this is a reprosecution of
   charges previously dismissed
   which were dismissed on
   motion of:                        **SHOW**
   ☐ U.S. Att'y ☐ Defense      **DOCKET NO.**
   this prosecution relates to a     Cr-08-730-WHA
☑ pending case involving this same
   defendant                         **MAGISTRATE**
   prior proceedings or appearance(s) **CASE NO.**
☐ before U.S. Magistrate regarding
   this defendant were recorded under ▸

Name and Office of Person
Furnishing Information on      **JOSEPH P. RUSSONIELLO**
   THIS FORM
                    ☑ U.S. Att'y  ☐ Other U.S. Agency

Name of Asst. U.S. Att'y
(if assigned)     W.S. Wilson Leung

**IS *NOT* IN CUSTODY**
   Has not been arrested, pending outcome this proceeding.
1) ☐ If not detained give date any prior summons
      was served on above charges ▸

2) ☐ Is a Fugitive

3) ☐ Is on Bail or Release from (show District)

**IS IN CUSTODY**

4) ☑ On this charge

5) ☐ On another conviction
6) ☐ Awaiting trial on other }  ☐ Fed'l  ☐ State
       charges
       If answer to (6) is "Yes", show name of institution

Has detainer   ☐ Yes   If "Yes"
been filed?    ☐ No  }  give date
                        filed

**DATE OF**         Month/Day/Year
**ARREST**

   Or... if Arresting Agency & Warrant were not

**DATE TRANSFERRED**    Month/Day/Year
**TO U.S. CUSTODY**

☐ This report amends AO 257 previously submitted

### ADDITIONAL INFORMATION OR COMMENTS

PROCESS:
   ☐ SUMMONS  ☑ NO PROCESS*  ☐ WARRANT   Bail Amount:

   If Summons, complete following:
   ☐ Arraignment  ☐ Initial Appearance    *Where defendant previously apprehended on complaint, no new summons
   Defendant Address:                      or warrant needed, since Magistrate has scheduled arraignment

                          Date/Time:

                          Before Judge:

   Comments:

## MARLON LUMANG

Counts Thirty-Nine and Forty-One: Attempted Exportation of Stolen Vehicle (18 U.S.C. §§ 553(a) & 2)

For *each* count:

Maximum term of 10 years' imprisonment

Maximum term of 3 years' supervised release

Maximum fine of the greatest of either: (a) $250,000; (b) twice the gross pecuniary gain to the defendant; or (c) twice the gross pecuniary loss inflicted on another

Mandatory special assessment of $100

AO 257 (Rev. 6/78)

# DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT

BY: ☐ COMPLAINT  ☐ INFORMATION  ☑ INDICTMENT

☑ SUPERSEDING

### OFFENSE CHARGED

See attached

☐ Petty
☐ Minor
☐ Misdemeanor
☑ Felony

PENALTY:
See attached

---

Name of District Court, and/or Judge/Magistrate Location
NORTHERN DISTRICT OF CALIFORNIA

### DEFENDANT - U.S.

▶ RENE MONTES-MAYORGA

DISTRICT COURT NUMBER

*WHA*

**CR 08      0730**

### DEFENDANT

**IS NOT IN CUSTODY**

1) ☐ Has not been arrested, pending outcome this proceeding. If not detained give date any prior summons was served on above charges

2) ☐ Is a Fugitive

3) ☐ Is on Bail or Release from (show District)

---

### PROCEEDING

Name of Complaintant Agency, or Person (&Title, if any)
Special Agent Christopher Merendino, Dept. of Homeland Security/ICE

☐ person is awaiting trial in another Federal or State Court, give name of court

☐ this person/proceeding is transferred from another district per (circle one) FRCrP 20, 21 or 40. Show District

☐ this is a reprosecution of charges previously dismissed which were dismissed on motion of: ☐ U.S. Att'y ☐ Defense

**SHOW DOCKET NO.**

☑ this prosecution relates to a pending case involving this same defendant

☐ prior proceedings or appearance(s) before U.S. Magistrate regarding this defendant were recorded under

Cr-08-730-WHA

**MAGISTRATE CASE NO.**

Name and Office of Person
Furnishing Information on THIS FORM        **JOSEPH P. RUSSONIELLO**

☑ U.S. Att'y ☐ Other U.S. Agency

Name of Asst. U.S. Att'y
(if assigned)        W.S. Wilson Leung

---

**IS IN CUSTODY**

4) ☑ On this charge

5) ☐ On another conviction

6) ☐ Awaiting trial on other charges        } ☐ Fed'l ☐ State

If answer to (6) is "Yes", show name of Institution

Has detainer been filed?        ☐ Yes        If "Yes" give date filed
☐ No

**DATE OF ARREST**        Month/Day/Year

Or... if Arresting Agency & Warrant were not

**DATE TRANSFERRED TO U.S. CUSTODY**        Month/Day/Year

☐ This report amends AO 257 previously submitted

---

### ADDITIONAL INFORMATION OR COMMENTS

PROCESS:
☐ SUMMONS ☑ NO PROCESS* ☐ WARRANT        Bail Amount:

If Summons, complete following:
☐ Arraignment ☐ Initial Appearance
Defendant Address:

*Where defendant previously apprehended on complaint, no new summons or warrant needed, since Magistrate has scheduled arraignment

Date/Time:

Before Judge:

Comments:

**RENE MONTES-MAYORGA, a/k/a "Negro"**

<u>Count Thirty-Seven</u>: Engaging in the Unlicensed Business of Firearms Dealing (18 U.S.C. §§ 922(a)(1)(A) and 2)

Maximum term of 5 years' imprisonment

Maximum term of 3 years' supervised release

Maximum fine of the greatest of either: (a) $250,000; (b) twice the gross pecuniary gain to the defendant; or (c) twice the gross pecuniary loss inflicted on another

Mandatory special assessment of $100

<u>Count Thirty-Eight</u>: Alien in Possession of Firearm (18 U.S.C. § 922(g)(5))

Maximum term of 10 years' imprisonment

Maximum term of 3 years' supervised release

Maximum fine of the greatest of either: (a) $250,000; (b) twice the gross pecuniary gain to the defendant; or (c) twice the gross pecuniary loss inflicted on another

Mandatory special assessment of $100

AO 257 (Rev. 6/78)

## DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT

BY: ☐ COMPLAINT ☐ INFORMATION ☑ INDICTMENT
                                  ☑ SUPERSEDING

**Name of District Court, and/or Judge/Magistrate Location**
NORTHERN DISTRICT OF CALIFORNIA

### OFFENSE CHARGED

See attached

☐ Petty
☐ Minor
☐ Misde-meanor
☑ Felony

**DEFENDANT - U.S.**

▸ ARISTIDES CARCAMO

*WHA*

**DISTRICT COURT NUMBER**

PENALTY:
See attached

CR 08 0730

### PROCEEDING

Name of Complaintant Agency, or Person (&Title, if any)
Special Agent Christopher Merendino, Dept. of Homeland Security/ICE

☐ person is awaiting trial in another Federal or State Court, give name of court

☐ this person/proceeding is transferred from another district per (circle one) FRCrP 20, 21 or 40. Show District

☐ this is a reprosecution of charges previously dismissed which were dismissed on motion of: **SHOW DOCKET NO.**
   ☐ U.S. Att'y ☐ Defense

☐ this prosecution relates to a pending case involving this same defendant
☑ prior proceedings or appearance(s) before U.S. Magistrate regarding this defendant were recorded under
   **MAGISTRATE CASE NO.**
   3-08-70721-JL

Name and Office of Person
Furnishing Information on THIS FORM
**JOSEPH P. RUSSONIELLO**
   ☑ U.S. Att'y ☐ Other U.S. Agency

Name of Asst. U.S. Att'y
(if assigned)    W.S. Wilson Leung

### DEFENDANT

**IS *NOT* IN CUSTODY**

1) ☐ Has not been arrested, pending outcome this proceeding. If not detained give date any prior summons was served on above charges

2) ☐ Is a Fugitive

3) ☐ Is on Bail or Release from (show District)

**IS IN CUSTODY**

4) ☑ On this charge

5) ☐ On another conviction
6) ☐ Awaiting trial on other charges    } ☐ Fed'l ☐ State

If answer to (6) is "Yes", show name of institution

Has detainer been filed?    ☐ Yes   } If "Yes" give date filed
                 ☐ No

**DATE OF ARREST** ▸    Month/Day/Year

Or... if Arresting Agency & Warrant were not

**DATE TRANSFERRED TO U.S. CUSTODY** ▸    Month/Day/Year

☐ This report amends AO 257 previously submitted

### ADDITIONAL INFORMATION OR COMMENTS

PROCESS:
☐ SUMMONS ☑ NO PROCESS* ☐ WARRANT    Bail Amount:

If Summons, complete following:
☐ Arraignment ☐ Initial Appearance
Defendant Address:

*Where defendant previously apprehended on complaint, no new summons or warrant needed, since Magistrate has scheduled arraignment

Date/Time:

Before Judge:

Comments:

## ARISTIDES CARCAMO

Count Thirty-Six: Conspiracy to Commit Robbery Affecting Interstate Commerce (18 U.S.C. § 1951(a))
Maximum term of 20 years' imprisonment
Maximum term of 3 years' supervised release
Maximum fine of the greatest of either: (a) $250,000; (b) twice the gross pecuniary gain to the defendant; or (c) twice the gross pecuniary loss inflicted on another
Mandatory special assessment of $100

AO 257 (Rev. 6/78)

## DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT

BY: ☐ COMPLAINT ☐ INFORMATION ☑ INDICTMENT
☑ SUPERSEDING

**Name of District Court, and/or Judge/Magistrate Location**
NORTHERN DISTRICT OF CALIFORNIA

### OFFENSE CHARGED

See attached

☐ Petty
☐ Minor
☐ Misde-
   meanor
☑ Felony

PENALTY:
See attached

─ DEFENDANT - U.S. ─

▶ RAFAEL MONTOYA

DISTRICT COURT NUMBER

### PROCEEDING

Name of Complaintant Agency, or Person (&Title, if any)
Special Agent Christopher Merendino, Dept. of Homeland Security/ICE

☐ person is awaiting trial in another Federal or State
Court, give name of court

☐ this person/proceeding is transferred from another
district per (circle one) FRCrP 20, 21 or 40. Show
District

☐ this is a reprosecution of
charges previously dismissed
which were dismissed on
motion of:          **SHOW**
☐ U.S. Att'y ☐ Defense  **DOCKET NO.**

☐ this prosecution relates to a
pending case involving this same
defendant          **MAGISTRATE**
☑ prior proceedings or appearance(s)   **CASE NO.**
before U.S. Magistrate regarding
this defendant were recorded under   3-08-70721-JL

Name and Office of Person
Furnishing Information on    **JOSEPH P. RUSSONIELLO**
THIS FORM

☑ U.S. Att'y ☐ Other U.S. Agency

Name of Asst. U.S. Att'y
(if assigned)    W.S. Wilson Leung

### DEFENDANT

**IS *NOT* IN CUSTODY**
Has not been arrested, pending outcome this proceeding.
1) ☐ If not detained give date any prior summons
was served on above charges

2) ☐ Is a Fugitive

3) ☐ Is on Bail or Release from (show District)

**IS IN CUSTODY**
4) ☑ On this charge

5) ☐ On another conviction
6) ☐ Awaiting trial on other   } ☐ Fed'l ☐ State
charges

If answer to (6) is "Yes", show name of institution

Has detainer   ☐ Yes   If "Yes"
been filed?   ☐ No   give date
filed

**DATE OF**   Month/Day/Year
**ARREST**

Or... if Arresting Agency & Warrant were not

**DATE TRANSFERRED**   Month/Day/Year
**TO U.S. CUSTODY**

☐ This report amends AO 257 previously submitted

### ADDITIONAL INFORMATION OR COMMENTS

PROCESS:
☐ SUMMONS ☑ NO PROCESS* ☐ WARRANT   Bail Amount:

If Summons, complete following:
☐ Arraignment ☐ Initial Appearance
Defendant Address:

*Where defendant previously apprehended on complaint, no new summons
or warrant needed, since Magistrate has scheduled arraignment

Date/Time:

Before Judge:

Comments:

## RAFAEL MONTOYA

Count Thirty-Six: Conspiracy to Commit Robbery Affecting Interstate Commerce (18 U.S.C. § 1951(a))

Maximum term of 20 years' imprisonment

Maximum term of 3 years' supervised release

Maximum fine of the greatest of either: (a) $250,000; (b) twice the gross pecuniary gain to the defendant; or (c) twice the gross pecuniary loss inflicted on another

Mandatory special assessment of $100

1  JOSEPH P. RUSSONIELLO (CABN 44332)
   United States Attorney

2

FILED

3

08 NOV -6 PM 4: 32

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

4

5

6

7

8

## UNITED STATES DISTRICT COURT

9

## NORTHERN DISTRICT OF CALIFORNIA

10

### SAN FRANCISCO DIVISION

11

| 12 | UNITED STATES OF AMERICA, | ) | Criminal No: CR08-730WHA |
|---|---|---|---|
| 13 | v. | ) | VIOLATIONS: |

14  (1) IVAN CERNA,
        a/k/a "Tigre,"
15  (2) MARVIN CARCAMO,
        a/k/a "Cyco,"
16      a/k/a "Psycho,"
        a/k/a "Syco,"
17  (3) ANGEL NOEL GUEVARA,
        a/k/a "Peloncito,"
18  (4) MORIS FLORES,
        a/k/a "Slow,"
19      a/k/a "Slow Pain,"
    (5) GUILLERMO HERRERA,
20      a/k/a "Shorty,"
        a/k/a "Sparky,"
21  (6) JONATHAN CRUZ-RAMIREZ,
        a/k/a "Soldado,"
22  (7) WALTER CRUZ-ZAVALA,
        a/k/a "Sombra,"
23  (8) WALTER PALMA,
        a/k/a "Kapone,"
24      a/k/a "Capon,"
    (9) DANIEL PORTILLO,
25      a/k/a "Rustin,"
        a/k/a "Rooster,"
26  (10) ERICK LOPEZ,
        a/k/a "Spooky,"
27  (11) CARLOS GARRIDO,
        a/k/a "Tweety,"
28  (12) WALTER CHINCHILLA-LINAR,
        a/k/a "Demonio,"

18 U.S.C. § 1962(d) — RICO conspiracy

18 U.S.C. § 1959 — Violent Crimes in
Aid of Racketeering

18 U.S.C. § 924(c) — Use or Possession
of Firearm in Furtherance of Crime of
Violence

21 U.S.C. § 846 — Conspiracy to
Distribute/Possess with Intent to
Distribute Controlled Substance

21 U.S.C. § 841(a)(1), (b)(1)(A),
(b)(1)(B), and (b)(1)(C) —
Distribution or Possession with Intent
to Distribute Controlled Substance

18 U.S.C. § 1951(a) — Conspiracy to
Commit Robbery Affecting Interstate
Commerce

18 U.S.C. § 922(a)(1) — Unlicensed
Firearms Dealing

18 U.S.C. § 922(g)(5) — Alien in
Possession of Firearm

18 U.S.C. § 553(a) — Attempted
Exportation of Stolen Vehicle

18 U.S.C. § 2 — Aiding & Abetting

SAN FRANCISCO VENUE

1  (13) CESAR ALVARADO,  )
       a/k/a "Momia,"  )
2  (14) ABRAHAM MARTINEZ,  )
       a/k/a "Goofy,"  )
3  (15) JOSE ALVARADO,  )
       a/k/a "Joker,"  )
4  (16) DOUGLAS LARGAESPADA,  )
       a/k/a "Droopy,"  )
5  (17) WILBERT CASTILLO,  )
       a/k/a "Cypress,"  )
6  (18) JOSE QUINTEROS,  )
       a/k/a "Fantasma,"  )
7  (19) MELVIN MALDONADO,  )
       a/k/a "Estrano,"  )
8      a/k/a "Stranger,"  )
   (20) MANUEL FRANCO,  )
9      a/k/a "Dreamer,"  )
   (21) RODRIGO MOLINA,  )
10     a/k/a "Lil Payaso,"  )
       a/k/a "Payaso,"  )
11 (22) MAURICIO URIAS,  )
       a/k/a "Puppet,"  )
12 (23) JUDITH SOSA,  )
       a/k/a "J-Dubbs,"  )
13 (24) JOHN LACSAMANA BRIEZ,  )
   (25) JOSE ANTUNEZ,  )
14     a/k/a "Fino,"  )
   (26) ARISTIDES CARCAMO,  )
15     a/k/a "Indio,"  )
   (27) RAFAEL MONTOYA,  )
16     a/k/a "Sapo,"  )
   (28) RENE MONTES-MAYORGA,  )
17     a/k/a "Negro,"  )
   (29) RODIL NOCHEZ,  )
18     a/k/a "Chino,"  )
       a/k/a "Nieto,"  )
19 (30) DANIEL GONZALEZ,  )
       a/k/a "D," and  )
20 (31) MARLON LUMANG,  )
                                    )
21     Defendants.  )
                                    )

23              FIRST SUPERSEDING INDICTMENT

24  The Grand Jury charges:

25  COUNT ONE:          (18 U.S.C. § 1962(d) — Racketeering Conspiracy)

26  Introduction

27     1.    *La Mara Salvatrucha*, also known as the MS-13 gang (hereafter "MS-13"), is a

28  gang composed primarily of immigrants or descendants of immigrants from El Salvador, with

                              -2-              FIRST SUPERSEDING INDICTMENT

1 members operating in the State of California, including San Francisco, and throughout the United
2 States. The name "*Mara Salvatrucha*" is a combination of several slang terms. The word
3 "*Mara*" is the term used in El Salvador for "gang." The phrase "*Salvatrucha*" is a combination
4 of the words "*Salva*," which is an abbreviation for "Salvadoran," and "*trucha*," which is a slang
5 term for the warning "fear us," "look out," or "heads up."

6     2.    In the United States, MS-13 originated in Los Angeles, California, where, among
7 other things, MS-13 members engaged in turf wars for the control of drug distribution locations.
8 MS-13 quickly spread to states across the country, including Virginia, Maryland, Tennessee, and
9 North Carolina, as well as other cities in California, including San Francisco, and elsewhere.

10     3.    MS-13 is a national and international criminal organization with over 10,000
11 members regularly conducting gang activities in at least twenty states and the District of
12 Columbia, as well as in Mexico, Honduras, Guatemala, and El Salvador. MS-13 is one of the
13 largest street gangs in the United States. Gang members actively recruit members, including
14 juveniles, from communities with a large number of immigrants from El Salvador. Members,
15 however, can also have ethnic heritage from other Central American countries. In the United
16 States, MS-13 has been functioning since at least the 1980s.

17     4.    At all times relevant to this Indictment, in order to join MS-13, members were
18 required to complete an initiation process, often referred to as being "jumped in" or "beat in" to
19 the gang. During this initiation, members of MS-13 beat the new member, usually until a gang
20 member finishes counting to thirteen out loud.

21     5.    At all times relevant to this Indictment, some members of MS-13 signified their
22 membership by wearing tattoos reading "MARA SALVATRUCHA," "MS," "MS-13," or similar
23 slogans, often written in Gothic lettering. The gang colors of MS-13 are blue, black, and white,
24 and members often wear clothing of these colors bearing the number "13," or with numbers that,
25 when added together, total thirteen, such as "76." Also, MS-13 members from time to time
26 marked their territory or signified their presence through the use of graffiti with the words "MS"
27 or other identifying slogans. More recently, some MS-13 members have more discreetly and less
28 publicly signified their membership by hiding and avoiding such clothing and tattoos in order to

1 | avoid detection by law enforcement. MS-13 members refer to one another by their gang names
2 | or other nicknames and may not know fellow gang members except by these gang names.

3 |     6.     At all times relevant to the Indictment, members of MS-13 were expected to
4 | protect the name, reputation, and status of the gang from rival gang members and other persons.
5 | MS-13 members required that all individuals show respect and deference to the gang and its
6 | membership. To protect the gang and to enhance its reputation, MS-13 members were expected
7 | to use any means necessary to force respect from those who show disrespect, including acts of
8 | intimidation and violence. MS-13's creed is exemplified by one of its mottos, "*Mata, roba,*
9 | *viola, controlla,*" which translates in sum and substance to, "Kill, steal, rape, control."

10 |     7.     At all times relevant to this Indictment, members of MS-13 engaged in criminal
11 | activity, including murder, attempted murder, narcotics distribution, assault, robbery, extortion,
12 | stealing vehicles, and obstructing justice by threatening and intimidating witnesses that they
13 | believed to be cooperating with law enforcement. MS-13 members were required to commit acts
14 | of violence to maintain membership and discipline within the gang, including violence against
15 | rival gang members or those they perceived to be rival gang members, as well as MS-13
16 | members and associates who violated the gang's rules. As a result of MS-13's frequent use of
17 | violence, innocent persons were often injured or killed. Participation in criminal activity by an
18 | MS-13 member, particularly violent acts directed at rival gang members or as ordered by the
19 | gang leadership, increased the level of respect accorded that member, resulting in that member
20 | maintaining or increasing his position in the gang, and possibly resulting in recognition as a
21 | leader.

22 |     8.     At all times relevant to this Indictment, MS-13 was organized in the Northern
23 | District of California and elsewhere in "cliques," that is, smaller groups operating in a specific
24 | city or region. MS-13 cliques sometimes worked together cooperatively to engage in criminal
25 | activity and to assist one another in avoiding detection by law enforcement. The cliques operated
26 | under the umbrella rules of MS-13. In the San Francisco Bay Area, these cliques include "20th
27 | Street," which has as its geographic epicenter the vicinity of 20th Street and Mission Street in San
28 | Francisco, and "*Pasadena Locos Sureños,*" or "PLS," which is a clique that originated in the Los

1 Angeles area and which has the city of Richmond as its geographic epicenter in the San
2 Francisco Bay Area. Members of MS-13 in the San Francisco Bay Area often identify
3 themselves as "*Sureños*," a term that generally encompasses gang members who were born
4 outside the United States and who claim Southern California as their base. The principal,
5 although not the only, rivals to MS-13 in the San Francisco Bay Area are gang members who
6 identify themselves as "*Norteños,*" a term that generally encompasses gang members who were
7 born in the United States and who claim Northern California as their base. Whereas MS-13 and
8 other *Sureño*-affiliated gangs claim blue as their gang color, *Norteños* claim the color red. One
9 of the principal rules of MS-13 is that its members must attack and kill *Norteños* and other rivals
10 whenever possible.

11     9.     At all times relevant to this Indictment, MS-13 members attended gang meetings
12 on a regular basis. Leaders of MS-13 cliques from across California periodically met to discuss
13 gang rules and gang business, to resolve problems or issues involving the cliques, and to unite
14 gang members. In San Francisco, members met to discuss, plan, and report on, among other
15 things: gang organizational issues; illegal activity conducted on behalf of MS-13; acts of violence
16 committed by MS-13 members against rival gang members and others; law enforcement activity
17 against MS-13 members; and purging the gang of those suspected of cooperating with law
18 enforcement. Members from other areas sometimes attended San Francisco MS-13 meetings.

19     10.     The leaders of individual MS-13 cliques are typically called "shot callers" or "*La
20 Palabra*." Above the "shot callers" are MS-13 leaders, often referred to as the "big homies,"
21 some of whom are incarcerated in El Salvador, who convey their orders through, among other
22 means, the use of telephones. The leaders of MS-13 resolve disputes between gang members,
23 address organizational issues, and participate in significant gang decisions such as whether to
24 assault or murder gang members, associates, and other individuals suspected of cooperating with
25 law enforcement.

26     11.     At all times relevant to this Indictment, MS-13 members paid dues that were
27 collected at gang meetings. MS-13 members collected dues for the benefit of, and to be provided
28 to, MS-13 gang members who were imprisoned in the United States, in El Salvador, and

1 elsewhere. MS-13 members in San Francisco transferred funds to MS-13 members incarcerated
2 in prison in El Salvador. MS-13 members also collected dues to buy firearms that they used to
3 attack rivals and to conduct the affairs of MS-13.

4     12.    At all times relevant to this Indictment, MS-13 members communicated about
5 gang activities with other MS-13 members in San Francisco and elsewhere using mobile
6 telephones, telephone text messages, notes or "kites," and other modes of communication.
7 Additionally, MS-13 members used transnational and international money wire transfers to
8 conduct and promote gang activities.

9 The Racketeering Enterprise

10     13.    MS-13, including its leadership, members and associates, in the Northern District
11 of California, El Salvador, and elsewhere, constituted an "enterprise" as defined in Title 18,
12 United States Code, Section 1961(4), that is, a group of individuals associated in fact. The
13 enterprise constituted an ongoing organization whose members functioned as a continuing unit
14 that had a common purpose of achieving the objectives of the enterprise. The enterprise was
15 engaged in, and its activities affected, interstate and foreign commerce.

16 Purposes of the Enterprise

17     14.    The purposes of the MS-13 enterprise included the following:

18     a.    Preserving and protecting the power, territory, reputation, and profits of
19 the enterprise through the use of intimidation, violence, threats of violence, assaults, and murder;

20     b.    Promoting and enhancing the enterprise and the activities of its members
21 and associates, including, but not limited to, murder, attempted murder, narcotics trafficking,
22 theft of vehicles, robberies, extortion, and other criminal activities;

23     c.    Keeping victims, potential victims, and community members in fear of the
24 enterprise and its members and associates through violence and threats of violence;

25     d.    Providing financial support and information to MS-13 members, including
26 those incarcerated in the United States and El Salvador; and

27     e.    Providing assistance to other MS-13 members who committed crimes for
28 and on behalf of the gang, to hinder, obstruct, and prevent law enforcement officers from

-6-            FIRST SUPERSEDING INDICTMENT

1 identifying the offenders, apprehending the offenders, and successfully prosecuting and
2 punishing the offenders.

3 The Defendants

4     15.    The defendant, IVAN CERNA, a/k/a "Tigre," is one of the more senior members
5 of MS-13 in the San Francisco Bay Area. CERNA has been a member of MS-13's 20th Street
6 clique since its inception. For a number of years, CERNA held the leadership of 20th Street.
7 While the leader of 20th Street, CERNA, among other things, led meetings and directed MS-13
8 members to do "work," that is, to attack and kill actual and suspected *Norteños*, as well as actual
9 and suspected members of other gangs. CERNA also counseled MS-13 gang members to
10 distribute narcotics and to identify and retaliate against individuals who were suspected of
11 cooperating with law enforcement. CERNA stepped down from his leadership position when
12 some members of MS-13 expressed dissatisfaction with his leadership of the gang, and CERNA
13 assumed a lower profile within the gang when he learned that he had attracted the attention of
14 law enforcement officers. Even so, CERNA remained in contact with members of the gang and
15 continues to have a prominent role in the conduct of MS-13.

16     16.    The defendants, MARVIN CARCAMO, a/k/a "Cyco," a/k/a "Psycho," a/k/a
17 "Syco," and ANGEL NOEL GUEVARA, a/k/a "Peloncito," are members of MS-13's 20th Street
18 clique who succeeded IVAN CERNA, a/k/a "Tigre," to the leadership of 20th Street. Among
19 other things, CARCAMO and GUEVARA pushed the gang more aggressively to "tax," that is, to
20 extort money from, less powerful gangs, drug dealers, and other criminals, as well as to attack
21 and kill actual and suspected *Norteños*, as well as actual and suspected members of other gangs.
22 CARCAMO and GUEVARA also directed MS-13 gang members to distribute narcotics and to
23 identify and retaliate against individuals who were suspected of cooperating with law
24 enforcement. The day-to-day leadership provided by CARCAMO and GUEVARA diminished
25 when they were each arrested and jailed, but both continue to be engaged in the conduct of MS-
26 13 even while incarcerated.

27     17.    The defendant, MORIS FLORES, a/k/a "Slow," a/k/a "Slow Pain," is a member
28 of MS-13's 20th Street clique who succeeded the defendants, MARVIN CARCAMO, a/k/a

-7-           FIRST SUPERSEDING INDICTMENT

1 "Cyco," a/k/a "Psycho," a/k/a "Syco," and ANGEL NOEL GUEVARA, a/k/a "Peloncito," as

2 leader of 20th Street. Among other things, FLORES continued to pursue the agenda set by

3 CARCAMO and GUEVARA, directing MS-13 members to "tax" other gangs, drug dealers, and

4 other criminals, to attack and kill actual and suspected *Norteños*, as well as actual and suspected

5 members of other gangs, to distribute narcotics, and to identify and retaliate against individuals

6 who were suspected of cooperating with law enforcement.

7 18. The defendants, GUILLERMO HERRERA, a/k/a "Shorty," a/k/a "Sparky,"

8 JONATHAN CRUZ-RAMIREZ, a/k/a "Soldado," WALTER CRUZ-ZAVALA, a/k/a "Sombra,"

9 WALTER PALMA, a/k/a "Kapone," a/k/a "Capon," DANIEL PORTILLO, a/k/a "Rustin," a/k/a

10 "Rooster," ERICK LOPEZ, a/k/a "Spooky," WALTER CHINCHILLA-LINAR, a/k/a

11 "Demonio," CESAR ALVARADO, a/k/a "Momia," ABRAHAM MARTINEZ, a/k/a "Goofy,"

12 JOSE ALVARADO, a/k/a "Joker," DOUGLAS LARGAESPADA, a/k/a "Droopy," WILBERT

13 CASTILLO, a/k/a "Cypress," JOSE QUINTEROS, a/k/a "Fantasma," MELVIN MALDONADO,

14 a/k/a "Estrano," a/k/a "Stranger," MANUEL FRANCO, a/k/a "Dreamer," RODRIGO MOLINA,

15 a/k/a "Lil Payaso," a/k/a "Payaso," and MAURICIO URIAS, a/k/a "Puppet," are all members of

16 MS-13's 20th Street clique. The defendant, CARLOS GARRIDO, a/k/a "Tweety," is a member

17 of MS-13's PLS clique. Among other things, as members of MS-13, HERRERA, CRUZ-

18 RAMIREZ, CRUZ-ZAVALA, PALMA, PORTILLO, LOPEZ, GARRIDO, CHINCHILLA-

19 LINAR, CESAR ALVARADO, MARTINEZ, JOSE ALVARADO, LARGAESPADA,

20 CASTILLO, QUINTEROS, MALDONADO, FRANCO, MOLINA, and URIAS discussed and

21 agreed to "tax" other gangs, drug dealers, and other criminals, to attack and kill actual and

22 suspected *Norteños*, as well as actual and suspected members of other gangs, to distribute

23 narcotics, and to identify and retaliate against individuals who were suspected of cooperating

24 with law enforcement.

25 19. The defendants, who encompass both the membership and the leadership of MS-

26 13, acted individually, with each other, and also with non-member MS-13 associates in the

27 commission of racketeering activities and other criminal conduct.

28 //

-8- FIRST SUPERSEDING INDICTMENT

1 | <u>The Racketeering Conspiracy</u>

2 |     20.    Beginning on a date unknown to the Grand Jury but since at least the late 1990s,

3 | and continuing up through and including the present, in the Northern District of California and

4 | elsewhere, the defendants

5 | IVAN CERNA, a/k/a "Tigre,"

6 | MARVIN CARCAMO, a/k/a "Cyco," a/k/a "Psycho," a/k/a "Syco,"

7 | ANGEL NOEL GUEVARA, a/k/a "Peloncito,"

8 | MORIS FLORES, a/k/a "Slow," a/k/a "Slow Pain,"

9 | GUILLERMO HERRERA, a/k/a "Shorty," a/k/a "Sparky,"

10 | JONATHAN CRUZ-RAMIREZ, a/k/a "Soldado,"

11 | WALTER CRUZ-ZAVALA, a/k/a "Sombra,"

12 | WALTER PALMA, a/k/a "Kapone," a/k/a "Capon,"

13 | DANIEL PORTILLO, a/k/a "Rustin," a/k/a "Rooster,"

14 | ERICK LOPEZ, a/k/a "Spooky,"

15 | CARLOS GARRIDO, a/k/a "Tweety,"

16 | WALTER CHINCHILLA-LINAR, a/k/a "Demonio,"

17 | CESAR ALVARADO, a/k/a "Momia,"

18 | ABRAHAM MARTINEZ, a/k/a "Goofy,"

19 | JOSE ALVARADO, a/k/a "Joker,"

20 | DOUGLAS LARGAESPADA, a/k/a "Droopy,"

21 | WILBERT CASTILLO, a/k/a "Cypress,"

22 | JOSE QUINTEROS, a/k/a "Fantasma,"

23 | MELVIN MALDONADO, a/k/a "Estrano,"a/k/a "Stranger,"

24 | MANUEL FRANCO, a/k/a "Dreamer,"

25 | RODRIGO MOLINA, a/k/a "Lil Payaso," a/k/a "Payaso," and

26 | MAURICIO URIAS, a/k/a "Puppet,"

27 | together with others known and unknown, each being a person employed by and associated with

28 | MS-13, an enterprise engaged in, and the activities of which affected, interstate and foreign

1 commerce, unlawfully, knowingly, and intentionally did conspire to violate Title 18, United
2 States Code, Section 1962(c), that is to conduct and participate, directly and indirectly, in the
3 conduct of the affairs of the MS-13 enterprise through a pattern of racketeering activity, as
4 defined in Title 18, United States Code, Sections 1961(1) and (5), which pattern of racketeering
5 activity consisted of multiple acts involving offenses chargeable under the following provisions
6 of California law:

7     a.    Murder, attempted murder, conspiracy to commit murder, and solicitation
8           of murder, in violation of California Penal Code §§ 187, 188, 189, 182,
9           21a, 664, and 653f;

10     b.    Robbery, attempted robbery, and conspiracy to commit robbery, in
11           violation of California Penal Code §§ 211, 212.5, 213, 182, 21a, and 664;

12     c.    Extortion, attempted extortion, and conspiracy to commit extortion, in
13           violation of California Penal Code §§ 518, 519, 520, 524, and 182;

14 and multiple acts involving the following provisions of federal narcotics law:

15     d.    21 U.S.C. § 846 (Conspiracy to Distribute and Possess with Intent to
16           Distribute Controlled Substances);

17     e.    21 U.S.C. § 841(a)(1) (Distribution and Possession with Intent to
18           Distribute Methamphetamine and Cocaine);

19     f.    21 U.S.C. § 843(b) (Use of Communication Facility to Facilitate
20           Distribution of Controlled Substances);

21 and multiple acts indictable under the following provisions of federal law:

22     g.    18 U.S.C. § 1951 (Robbery and Extortion Affecting Interstate Commerce);

23     h.    18 U.S.C. § 1512 (Witness Retaliation and Tampering);

24     i.    18 U.S.C. § 1503 (Obstruction of Justice);

25     j.    18 U.S.C. § 2312 (Interstate Transportation of Stolen Vehicles).

26    21.    It was part of the conspiracy that each defendant agreed that a conspirator would
27 commit at least two acts of racketeering activity in the conduct of the affairs of the enterprise.
28 //

1 Manner and Means of the Conspiracy

2      22.   It was part of the manner and means of the conspiracy that the defendants, as gang
3 members of MS-13, were required to have and did have regular meetings with other MS-13 gang
4 members to discuss, among other things: the structure and organization of the gang; past criminal
5 acts committed against rival gang members and others; MS-13 members who were arrested or
6 incarcerated; the disciplining of MS-13 members; police interactions with MS-13 members; the
7 identities of individuals suspected of cooperating with law enforcement and the proposed actions
8 to be taken against them; plans and agreements regarding the commission of future crimes,
9 including murder, extortion, narcotics distribution, robbery, illegal possession of firearms, and
10 assault, as well as ways to conceal these crimes; and the enforcement of gang rules.

11      23.   It was further part of the manner and means of the conspiracy that the defendants
12 and other members and associates of MS-13 agreed to purchase, maintain, and circulate a
13 collection of firearms for use in criminal activity by MS-13 members.

14      24.   It was further part of the manner and means of the conspiracy that the defendants
15 and other members and associates of MS-13 agreed that acts of violence, including murder,
16 attempted murder, and assault, would be committed by members and associates of MS-13 against
17 rival gang members and others when it suited the enterprise's purposes. MS-13 members also
18 used violence to impose discipline within the gang.

19      25.   It was further part of the manner and means of the conspiracy that the defendants
20 and other members and associates of MS-13 agreed to distribute narcotics, to use the telephone to
21 facilitate narcotics distribution, to commit robbery, extortion, and other crimes, and to conceal
22 their criminal activities by obstructing justice, threatening or intimidating witnesses, and other
23 means.

24 Overt Acts

25      26.   In furtherance of the conspiracy and to achieve the objectives thereof, at least one
26 conspirator performed or caused to be performed at least one of the following overt acts, among
27 others, in the Northern District of California and elsewhere:

28 //

-11-          FIRST SUPERSEDING INDICTMENT

1        (1)    On or about August 1, 2005, in San Francisco, California, IVAN CERNA,

2 a/k/a "Tigre," MARVIN CARCAMO, a/k/a "Cyco," "Psycho," a/k/a "Syco," and others known

3 and unknown, held a meeting to discuss MS-13 gang business.

4        (2)    On or about August 4, 2005, in San Francisco, California, WALTER

5 PALMA, a/k/a "Kapone," a/k/a "Capon," shot and wounded a person ("Victim-1").

6        (3)    On or about August 13, 2005, in San Francisco, California, IVAN

7 CERNA, a/k/a "Tigre," led a meeting of MS-13 gang members at which MS-13 gang business

8 was discussed, including the MS-13 rule requiring the killing of those who cooperate with law

9 enforcement.

10        (4)    On or about August 15, 2005, IVAN CERNA, a/k/a "Tigre," authorized

11 the sale of a firearm by an MS-13 member.

12        (5)    On or about August 22, 2005, WILBERT CASTILLO, a/k/a "Cypress,"

13 sold a firearm.

14        (6)    On or about September 10, 2005, in San Francisco, California, MARVIN

15 CARCAMO a/k/a "Cyco," a/k/a "Psycho," a/k/a "Syco," ANGEL NOEL GUEVARA, a/k/a

16 "Peloncito," MORIS FLORES, a/k/a "Slow," a/k/a "Slow Pain," DOUGLAS LARGAESPADA,

17 a/k/a "Droopy," WILBERT CASTILLO, a/k/a "Cypress,", JOSE QUINTEROS, a/k/a

18 "Fantasma," and others known and unknown, attended a meeting to discuss MS-13 gang

19 business, during which a new member was jumped in.

20        (7)    On or about October 27, 2005, in San Francisco, California, WALTER

21 PALMA, a/k/a "Kapone," a/k/a "Capon," WILBERT CASTILLO, a/k/a "Cypress," JOSE

22 QUINTEROS, a/k/a "Fantasma," and others were riding together in a car.

23        (8)    On or about October 27, 2005, in San Francisco, California, JOSE

24 QUINTEROS, a/k/a "Fantasma," possessed a dagger.

25        (9)    On or about October 29, 2005, in San Francisco, California, WALTER

26 PALMA, a/k/a "Kapone," a/k/a "Capon," shot and wounded three people ("Victim-2," "Victim-

27 3," and "Victim-4").

28 //

1          (10)    On or about November 2, 2005, in San Francisco, California, WALTER

2    PALMA, a/k/a "Kapone," a/k/a "Capon," possessed a firearm.

3          (11)    On or about December 9, 2005, in South San Francisco, California,

4    DANIEL PORTILLO, a/k/a "Rustin," a/k/a Rooster," shot and wounded a person ("Victim-5).

5          (12)    On or about January 8, 2006, in San Francisco, California, ERICK

6    LOPEZ, a/k/a "Spooky," CARLOS GARRIDO, a/k/a "Tweety," and others known and unknown,

7    surrounded two people who were then shot and wounded.

8          (13)    On or about February 4, 2006, in San Francisco, California, MELVIN

9    MALDONADO, a/k/a "Estrano," a/k/a "Stranger," assaulted a person with an automobile

10   steering wheel lock commonly called "The Club."

11         (14)    On or about February 25, 2006, in San Francisco, California, CARLOS

12   GARRIDO, a/k/a "Tweety," possessed a firearm.

13         (15)    In or about early April 2006, IVAN CERNA, a/k/a "Tigre," approved the

14   purchase of a firearm.

15         (16)    On or about April 8, 2006, in San Francisco, California, WILBERT

16   CASTILLO, a/k/a "Cypress," MANUEL FRANCO, a/k/a "Dreamer," RODRIGO MOLINA,

17   a/k/a "Lil Payaso," a/k/a "Payaso," and others known and unknown, fought with members of a

18   rival gang.

19         (17)    On or about April 21, 2006, in San Francisco, California, IVAN CERNA,

20   a/k/a "Tigre," discussed a variety of MS-13 gang business, including the necessity for the gang's

21   members to arm themselves, the difficulty of "taxing" other gangs, and his disillusionment with

22   most of the gang's leaders in El Salvador.

23         (18)    On or about April 21, 2006, in San Francisco, California, IVAN CERNA,

24   a/k/a "Tigre," and others known and unknown, met with members of another gang and advised

25   them, among other things, that they and MS-13 needed to support each other.

26         (19)    On or about June 8, 2006, MARVIN CARCAMO, a/k/a "Cyco," a/k/a

27   "Psycho," a/k/a "Syco," JOSE QUINTEROS, a/k/a "Fantasma," and other known and unknown,

28   traveled from the San Francisco Bay Area to Reno, Nevada, to meet with other MS-13 members,

1  including Rene Montes-Mayorga, a/k/a "Negro."

2       (20)   On or about July 3, 2006, in San Francisco, California, MARVIN
3  CARCAMO, a/k/a "Cyco," a/k/a "Psycho," a/k/a "Syco," and DOUGLAS LARGAESPADA,
4  a/k/a "Droopy," beat and attempted to rob a person.

5       (21)   On or about October 13, 2006, in Richmond, California, RODRIGO
6  MOLINA, a/k/a "Lil Payaso," a/k/a "Payaso," and Marlon Lumang delivered a stolen 1998
7  Honda Civic to a law enforcement officer operating in an undercover capacity ("UC-1").

8       (22)   On or about October 19, 2006, in Richmond, California, RODRIGO
9  MOLINA, a/k/a "Lil Payaso," a/k/a "Payaso," delivered a stolen 1992 Honda Civic to UC-1.

10       (23)   On or about October 19, 2006, in Richmond, California, MARVIN
11  CARCAMO, a/k/a "Cyco," a/k/a "Psycho," a/k/a "Syco," and Marlon Lumang delivered a stolen
12  2000 Honda Civic to UC-1.

13       (24)   On or about November 13, 2006, in Richmond, California, WALTER
14  PALMA, a/k/a "Kapone," a/k/a "Capon," delivered a stolen 2001 Chevrolet Suburban to UC-1.

15       (25)   On or about December 1, 2006, in Richmond, California, WALTER
16  PALMA, a/k/a "Kapone," a/k/a "Capon," and RODRIGO MOLINA, a/k/a "Lil Payaso," a/k/a
17  "Payaso," delivered a stolen 2004 Toyota Matrix to UC-1.

18       (26)   On or about December 11, 2006, Richmond, California, WALTER
19  PALMA, a/k/a "Kapone," a/k/a "Capon," and RODRIGO MOLINA, a/k/a "Lil Payaso," a/k/a
20  "Payaso," delivered two stolen 2003 Toyota Matrixes to UC-1.

21       (27)   On or about January 9, 2007, in Richmond, California, WALTER
22  PALMA, a/k/a "Kapone," a/k/a "Capon," and RODRIGO MOLINA, a/k/a "Lil Payaso," a/k/a
23  "Payaso," received payment for the sale of two stolen automobiles.

24       (28)   On or about February 9, 2007, in San Francisco, California, members of
25  MS-13 gathered for the purpose of meeting with members of another gang to discuss, among
26  other things, the "taxing" of drug dealers in the Tenderloin District.

27       (29)   On or about February 13, 2007, in San Francisco, California, MARVIN
28  CARCAMO, a/k/a "Cyco," a/k/a "Psycho," a/k/a "Syco," ANGEL NOEL GUEVARA, a/k/a

1 "Peloncito," and others known and unknown, beat and robbed a drug dealer who refused to pay
2 "tax."

3      (30)    On or about February 16, 2007, in San Francisco, California, MARVIN
4 CARCAMO a/k/a "Cyco," a/k/a "Psycho," a/k/a "Syco," and ANGEL NOEL GUEVARA, a/k/a
5 "Peloncito," met with leaders of another gang to negotiate, among other things, the "taxing" of
6 drug dealers in the Tenderloin District.

7      (31)    On or about April 18, 2007, in San Francisco, California, RODRIGO
8 MOLINA, a/k/a "Lil Payaso," a/k/a "Payaso," sold cocaine base, in a form commonly known as
9 "crack," to a police officer operating in an undercover capacity.

10      (32)    On or about May 12, 2007, in Oakland, California, MARVIN CARCAMO
11 a/k/a "Cyco," a/k/a "Psycho," a/k/a "Syco," possessed a firearm.

12      (33)    On or about June 13, 2007, in San Francisco, California, an unindicted co-
13 conspirator shot and wounded a person.

14      (34)    On or about July 13, 2007, in San Francisco, California, MAURICIO
15 URIAS, a/k/a "Puppet," distributed a quantity of cocaine.

16      (35)    On or about August 17, 2007, in San Francisco, California, MAURICIO
17 URIAS, a/k/a "Puppet," distributed a quantity of cocaine.

18      (36)    On or about August 22, 2007, in San Francisco, California, IVAN
19 CERNA, a/k/a "Tigre," WALTER PALMA, a/k/a "Kapone," a/k/a "Capon," ABRAHAM
20 MARTINEZ, a/k/a "Goofy," JOSE ALVARADO, a/k/a "Joker," and others known and
21 unknown, attended a gang meeting during which they discussed, among other things, the
22 collection of gang dues from members, dissension within the gang, gang rules, and the
23 enforcement of discipline within the gang.

24      (37)    On or about August 26, 2007, in San Francisco, California, IVAN
25 CERNA, a/k/a "Tigre," MARVIN CARCAMO, a/k/a "Cyco," a/k/a "Psycho," a/k/a "Syco,"
26 ANGEL NOEL GUEVARA, a/k/a "Peloncito," MORIS FLORES, a/k/a "Slow," a/k/a "Slow
27 Pain," WALTER PALMA, a/k/a "Kapone," a/k/a "Capon," JOSE ALVARADO, a/k/a "Joker,"
28 and others known and unknown, attended a gang meeting during which they discussed, among

1    other things, problems among MS-13 cliques in the Los Angeles, California area, consulting with

2    leaders in El Salvador about gang business, other gangs' resistance to paying MS-13's "tax," and

3    obtaining money to purchase firearms through the sale of narcotics.

4              (38)    On or about September 4, 2007, in San Francisco, California, MARVIN

5    CARCAMO, a/k/a "Cyco," a/k/a "Psycho," a/k/a "Syco," ordered MS-13 members known and

6    unknown to go to the Tenderloin District and collect "tax" from drug dealers.

7              (39)    On or about September 4, 2007, in San Francisco, California, MARVIN

8    CARCAMO, a/k/a "Cyco," a/k/a "Psycho," a/k/a "Syco," received "tax" money collected by

9    other MS-13 members.

10             (40)    On or about September 4, 2007, in San Francisco, California, ANGEL

11    NOEL GUEVARA, a/k/a "Peloncito," received narcotics that other MS-13 members took from

12    drug dealers.

13             (41)    On or about September 13, 2007, in San Francisco, California, following

14    an MS-13 gang meeting, MARVIN CARCAMO, a/k/a "Cyco," a/k/a "Psycho," a/k/a "Syco,"

15    ANGEL NOEL GUEVARA, a/k/a "Peloncito," MORIS FLORES, a/k/a "Slow," a/k/a "Slow

16    Pain," and others known and unknown, went to the Tenderloin District to kill the leaders of a

17    rival gang.

18             (42)    On or about September 14, 2007, in San Francisco, California,

19    MAURICIO URIAS, a/k/a "Puppet," distributed a quantity of cocaine.

20             (43)    On or about December 26, 2007, in San Francisco, California, ANGEL

21    NOEL GUEVARA, a/k/a "Peloncito," and an accomplice stabbed and wounded a person

22    ("Victim-6").

23             (44)    On or about December 26, 2007, in San Francisco, California, ANGEL

24    NOEL GUEVARA, a/k/a "Peloncito," and an accomplice stabbed and wounded two people

25    ("Victim-7" and "Victim-8").

26             (45)    On or about January 22, 2008, in San Francisco, California, MAURICIO

27    URIAS, a/k/a "Puppet," distributed a quantity of cocaine.

28    //

-16-             FIRST SUPERSEDING INDICTMENT

1    (46)    On or about January 28, 2008, in San Francisco, California, MORIS
2  FLORES, a/k/a "Slow," a/k/a "Slow Pain," JONATHAN CRUZ-RAMIREZ, a/k/a "Soldado,"
3  WALTER CRUZ-ZAVALA, a/k/a "Sombra," and others known and unknown attended an MS-
4  13 gang meeting and discussed, among other things, the failure of a rival gang to pay MS-13's
5  "tax" and the need to assassinate one of the captains of the rival gang ("Victim-9").

6    (47)    On or about February 8, 2008, in San Francisco, California, MORIS
7  FLORES, a/k/a "Slow," a/k/a "Slow Pain," led an MS-13 gang meeting attended by others
8  known and unknown and, among other things, discussed the assassination of Victim-9.

9    (48)    On or about March 29, 2008, in San Francisco, California, WALTER
10  CHINCHILLA-LINAR, a/k/a "Demonio," shot at several people.

11    (49)    On or about March 30, 2008, in San Francisco, California, ERICK
12  LOPEZ, a/k/a "Spooky," possessed a firearm.

13    (50)    On or about May 17, 2008, in San Francisco, California, MORIS
14  FLORES, a/k/a "Slow," a/k/a "Slow Pain," and others known and unknown, flashed gang signs
15  at passing motorists.

16    (51)    On or about June 2, 2008, in San Francisco, California, MORIS FLORES,
17  a/k/a "Slow," a/k/a "Slow Pain," ordered several MS-13 gang members to collect "tax" from
18  drug dealers in the Tenderloin District.

19    (52)    On or about June 2, 2008, in San Francisco, California, GUILLERMO
20  HERRERA, a/k/a "Shorty," a/k/a "Sparky," JONATHAN CRUZ-RAMIREZ, a/k/a "Soldado,"
21  WALTER CRUZ-ZAVALA, a/k/a "Sombra," WALTER CHINCHILLA-LINAR, a/k/a
22  "Demonio," and others known and unknown, traveled to the Tenderloin District to collect money
23  forcibly from drug dealers.

24    (53)    On or about June 2, 2008, in San Francisco, California, WALTER CRUZ-
25  ZAVALA, a/k/a "Sombra," brandished a knife at a drug dealer.

26    (54)    On or about June 9, 2008, in San Francisco, California, GUILLERMO
27  HERRERA, a/k/a "Shorty," a/k/a "Sparky," WALTER CRUZ-ZAVALA, a/k/a "Sombra," and
28  others known and unknown, forcibly collected money from drug dealers in the Tenderloin

-17-                           FIRST SUPERSEDING INDICTMENT

1 District.

2          (55)    On or about June 19, 2008, in San Francisco, California, JOSE

3 MARTINEZ, a/k/a "Goofy," JOSE ALVARADO, a/k/a "Joker," and DOUGLAS

4 LARGAESPADA, a/k/a "Droopy," stabbed and wounded a person ("Victim-10").

5          (56)    On or about August 25, 2008, in San Francisco, California, CESAR

6 ALVARADO, a/k/a "Momia," discussed the "taxing" of drug dealers in the Tenderloin District

7 with other MS-13 gang members.

8          (57)    On or about July 11, 2008, in San Francisco, California, GUILLERMO

9 HERRERA, a/k/a "Shorty," a/k/a "Sparky," shot and killed a person ("Victim-11").

10         (58)    On or about July 11, 2008, in Oakland, California, MANUEL FRANCO,

11 a/k/a "Dreamer," picked up GUILLERMO HERRERA, a/k/a "Shorty," a/k/a "Sparky," and

12 others known and unknown and drove them to San Francisco.

13         (59)    On or about July 25, 2008, in San Francisco, California, JONATHAN

14 CRUZ-RAMIREZ, a/k/a "Soldado," possessed a firearm.

15         (60)    On or about July 31, 2008, WALTER CHINCHILLA-LINAR, a/k/a

16 "Demonio," CESAR ALVARADO, a/k/a "Momia," and others known and unknown, robbed a

17 person and robbed and killed another person.

18         (61)    On or about August 11, 2008, WALTER PALMA, a/k/a "Kapone," a/k/a

19 "Capon," possessed two loaded firearms.

20         (62)    In or about the first half of August 2008, an unindicted co-conspirator who

21 is an MS-13 gang leader in El Salvador called a potential witness (the "Witness") in the San

22 Francisco Bay Area.

23         (63)    On or about August 18, 2008, in the San Francisco Bay Area, California,

24 MORIS FLORES, a/k/a "Slow," a/k/a "Slow Pain," WALTER CHINCHILLA-LINAR, a/k/a

25 "Demonio," and others known and unknown, drove by the home of a relative of the Witness.

26         (64)    On or about August 25, 2008, in San Francisco, California, MORIS

27 FLORES, a/k/a "Slow," a/k/a "Slow Pain," and others known and unknown were in a car

28 following the Witness as the Witness rode on a bus.

(65)    On or about August 28, 2008, in the San Francisco Bay Area, MORIS FLORES, a/k/a "Slow," a/k/a "Slow Pain," sat in a car outside the Witness's home and sent a text message to the Witness requesting that the Witness come out.

All in violation of Title 18, United States Code, Section 1962(d).

COUNT TWO:              (18 U.S.C. § 1959(a)(5) — Conspiracy to Commit Murder in Aid of Racketeering)

27.     Paragraphs 1 through 19 and 22 through 26 of this Indictment are realleged and incorporated by reference as though fully set forth herein.

28.     At all times relevant to this Indictment, MS-13 constituted an enterprise as defined in Title 18, United States Code, Section 1959(b)(2), that is, a group of individuals associated in fact that was engaged in, and the activities of which affected, interstate and foreign commerce. The enterprise constituted an ongoing organization whose members functioned as a continuing unit for a common purpose of achieving the objectives of the enterprise.

29.     At all times relevant to this Indictment, MS-13, the above-described enterprise, through its members and associates, engaged in racketeering activity, as defined in Title 18, United States Code, Sections 1959(b)(1) and 1961(1), namely: murder, attempted murder, conspiracy to commit murder, and solicitation of murder, in violation of California Penal Code, Sections 187, 188, 189, 182, 21a, 664, and 653f; robbery, attempted robbery, and conspiracy to commit robbery, in violation of California Penal Code, Sections 211, 212.5, 213, 182, 21a, and 664; extortion, attempted extortion, and conspiracy to commit extortion, in violation of California Penal Code, Sections 518, 519, 520, 524, and 182; conspiracy to distribute and to possess with intent to distribute controlled substances, in violation of Title 21, United States Code, Section 846; distribution and possession with intent to distribute methamphetamine and cocaine, in violation of Title 21, United States Code, Section 841(a)(1); robbery and extortion affecting interstate commerce, attempted robbery and attempted extortion affecting interstate commerce, and conspiracy to commit robbery and conspiracy to commit extortion affecting interstate commerce, in violation of Title 18, United States Code, Section 1951; witness retaliation and witness tampering, in violation of Title 18, United States Code, Section 1512;

1 obstruction of justice, in violation of Title 18, United States Code, Section 1503; and interstate
2 transportation of stolen vehicles, in violation of Title 18, United States Code, Section 2312.

3      30.     Beginning on a date unknown to the Grand Jury but since at least the late 1990s,
4 and continuing up through and including the present, in the Northern District of California and
5 elsewhere, as consideration for the receipt of, and as consideration for a promise and agreement
6 to pay, anything of pecuniary value from MS-13, and for the purpose of gaining entrance to and
7 maintaining and increasing position in MS-13, an enterprise engaged in racketeering activity, the
8 defendants

9                                IVAN CERNA, a/k/a "Tigre,"

10      MARVIN CARCAMO, a/k/a "Cyco," a/k/a "Psycho," a/k/a "Syco,"

11            ANGEL NOEL GUEVARA, a/k/a "Peloncito,"

12          MORIS FLORES, a/k/a "Slow," a/k/a "Slow Pain,"

13     GUILLERMO HERRERA, a/k/a "Shorty," a/k/a "Sparky,"

14         JONATHAN CRUZ-RAMIREZ, a/k/a "Soldado,"

15          WALTER CRUZ-ZAVALA, a/k/a "Sombra,"

16      WALTER PALMA, a/k/a "Kapone," a/k/a "Capon,"

17     DANIEL PORTILLO, a/k/a "Rustin," a/k/a "Rooster,"

18              ERICK LOPEZ, a/k/a "Spooky,"

19            CARLOS GARRIDO, a/k/a "Tweety,"

20     WALTER CHINCHILLA-LINAR, a/k/a "Demonio,"

21           CESAR ALVARADO, a/k/a "Momia,"

22         ABRAHAM MARTINEZ, a/k/a "Goofy,"

23           JOSE ALVARADO, a/k/a "Joker,"

24     DOUGLAS LARGAESPADA, a/k/a "Droopy,"

25         WILBERT CASTILLO, a/k/a "Cypress,"

26        JOSE QUINTEROS, a/k/a "Fantasma,"

27   MELVIN MALDONADO, a/k/a "Estrano,"a/k/a "Stranger,"

28         MANUEL FRANCO, a/k/a "Dreamer,"

1             RODRIGO MOLINA, a/k/a "Lil Payaso," a/k/a "Payaso," and

2                     MAURICIO URIAS, a/k/a "Puppet,"

3 together with others known and unknown, unlawfully, knowingly, and intentionally did combine,

4 conspire, confederate, and agree together and with each other to commit murder, in violation of

5 California Penal Code Sections 187, 188, and 189, to wit, the defendants agreed together and

6 with each other to kill actual and suspected *Norteños*, actual and suspected members of other

7 gangs, and individuals suspected of cooperating with law enforcement, in order to maintain and

8 increase their standing within the racketeering enterprise known as MS-13.

9      All in violation of Title 18, United States Code, Section 1959(a)(5).

10 COUNT THREE:        (18 U.S.C. § 1959(a)(6) — Conspiracy to Commit Assault with a

11                  Dangerous Weapon in Aid of Racketeering)

12     31.     Paragraphs 1 through 19, 22 through 26, and 28 through 29 of this Indictment are

13 realleged and incorporated by reference as though fully set forth herein.

14     32.     Beginning on a date unknown to the Grand Jury but since at least the late 1990s,

15 and continuing up through and including the present, in the Northern District of California and

16 elsewhere, as consideration for the receipt of, and as consideration for a promise and agreement

17 to pay, anything of pecuniary value from MS-13, and for the purpose of gaining entrance to and

18 maintaining and increasing position in MS-13, an enterprise engaged in racketeering activity, the

19 defendants

20                    IVAN CERNA, a/k/a "Tigre,"

21      MARVIN CARCAMO, a/k/a "Cyco," a/k/a "Psycho," a/k/a "Syco,"

22            ANGEL NOEL GUEVARA, a/k/a "Peloncito,"

23           MORIS FLORES, a/k/a "Slow," a/k/a "Slow Pain,"

24       GUILLERMO HERRERA, a/k/a "Shorty," a/k/a "Sparky,"

25         JONATHAN CRUZ-RAMIREZ, a/k/a "Soldado,"

26            WALTER CRUZ-ZAVALA, a/k/a "Sombra,"

27         WALTER PALMA, a/k/a "Kapone," a/k/a "Capon,"

28       DANIEL PORTILLO, a/k/a "Rustin," a/k/a "Rooster,"

-21-                FIRST SUPERSEDING INDICTMENT

| | |
|---|---|
| 1 | ERICK LOPEZ, a/k/a "Spooky," |
| 2 | CARLOS GARRIDO, a/k/a "Tweety," |
| 3 | WALTER CHINCHILLA-LINAR, a/k/a "Demonio," |
| 4 | CESAR ALVARADO, a/k/a "Momia," |
| 5 | ABRAHAM MARTINEZ, a/k/a "Goofy," |
| 6 | JOSE ALVARADO, a/k/a "Joker," |
| 7 | DOUGLAS LARGAESPADA, a/k/a "Droopy," |
| 8 | WILBERT CASTILLO, a/k/a "Cypress," |
| 9 | JOSE QUINTEROS, a/k/a "Fantasma," |
| 10 | MELVIN MALDONADO, a/k/a "Estrano,"a/k/a "Stranger," |
| 11 | MANUEL FRANCO, a/k/a "Dreamer," |
| 12 | RODRIGO MOLINA, a/k/a "Lil Payaso," a/k/a "Payaso," and |
| 13 | MAURICIO URIAS, a/k/a "Puppet," |

together with others known and unknown, unlawfully, knowingly, and intentionally did combine, conspire, confederate, and agree together and with each other to commit assault with a dangerous weapon, in violation of California Penal Code Section 245(a)(1), to wit, the defendants agreed together and with each other to attack with firearms, knives, and other dangerous weapons actual and suspected *Norteños*, actual and suspected members of other gangs, and individuals suspected of cooperating with law enforcement, in order to maintain and increase their standing within the racketeering enterprise known as MS-13.

All in violation of Title 18, United States Code, Section 1959(a)(6).

COUNT FOUR: (18 U.S.C. §§ 924(c)(1)(A) and 2 — Use/Possession of Firearm in Furtherance of Crime of Violence)

33. Beginning on a date unknown to the Grand Jury but since at least the late 1990s, and continuing up through and including the present, in the Northern District of California and elsewhere, the defendants

IVAN CERNA, a/k/a "Tigre,"

MARVIN CARCAMO, a/k/a "Cyco," a/k/a "Psycho," a/k/a "Syco,"

-22- FIRST SUPERSEDING INDICTMENT

1           ANGEL NOEL GUEVARA, a/k/a "Peloncito,"

2           MORIS FLORES, a/k/a "Slow," a/k/a "Slow Pain,"

3           JONATHAN CRUZ-RAMIREZ, a/k/a "Soldado,"

4           WALTER CRUZ-ZAVALA, a/k/a "Sombra,"

5           ERICK LOPEZ, a/k/a "Spooky,"

6           CARLOS GARRIDO, a/k/a "Tweety,"

7           WALTER CHINCHILLA-LINAR, a/k/a "Demonio,"

8           CESAR ALVARADO, a/k/a "Momia,"

9           ABRAHAM MARTINEZ, a/k/a "Goofy,"

10           JOSE ALVARADO, a/k/a "Joker,"

11           DOUGLAS LARGAESPADA, a/k/a "Droopy,"

12           WILBERT CASTILLO, a/k/a "Cypress,"

13           JOSE QUINTEROS, a/k/a "Fantasma,"

14           MELVIN MALDONADO, a/k/a "Estrano,"a/k/a "Stranger,"

15           MANUEL FRANCO, a/k/a "Dreamer,"

16           RODRIGO MOLINA, a/k/a "Lil Payaso," a/k/a "Payaso," and

17           MAURICIO URIAS, a/k/a "Puppet,"

18 together with others known and unknown, unlawfully, willfully, and knowingly did use and carry 19 a firearm during and in relation to a crime of violence for which they may be prosecuted in a 20 court of the United States, namely, the MS-13 racketeering conspiracy charged in Count One of 21 this Indictment, the conspiracy to commit murder in aid of racketeering charged in Count Two of 22 this Indictment, and the conspiracy to commit assault with a dangerous weapon in aid of 23 racketeering charged in Count Three of this Indictment, and did possess a firearm in furtherance 24 of the offenses charged in Count One, Count Two, and Count Three of this Indictment, and did 25 brandish a firearm in furtherance of the offenses charged in Count One, Count Two, and Count 26 Three of this Indictment, and did discharge a firearm in furtherance of the offenses charged in 27 Count One, Count Two, and Count Three of this Indictment.

28      All in violation of Title 18, United States Code, Section 924(c)(1)(A) and 2.

-23-           FIRST SUPERSEDING INDICTMENT

1   <u>COUNT FIVE</u>:         (18 U.S.C. § 1959(a)(3) — Assault with a Dangerous Weapon in

2                               Aid of Racketeering of Victim-6)

3      34.    Paragraphs 1 through 19, 22 through 26, and 28 through 29 of this Indictment are

4   realleged and incorporated by reference as though fully set forth herein.

5      35.    On or about December 26, 2007, in the Northern District of California, as

6   consideration for the receipt of, and as consideration for a promise and agreement to pay,

7   anything of pecuniary value from MS-13, and for the purpose of gaining entrance to and

8   maintaining and increasing position in MS-13, an enterprise engaged in racketeering activity, the

9   defendant

10                     ANGEL NOEL GUEVARA, a/ka "Peloncito,"

11   unlawfully, knowingly, and intentionally did assault Victim-6 with a dangerous weapon, in

12   violation of California Penal Code Section 245(a)(1).

13      All in violation of Title 18, United States Code, Section 1959(a)(3).

14   <u>COUNT SIX</u>:          (18 U.S.C. § 1959(a)(3) — Assault with a Dangerous Weapon in

15                                Aid of Racketeering of Victim-7)

16      36.    Paragraphs 1 through 19, 22 through 26, and 28 through 29 of this Indictment are

17   realleged and incorporated by reference as though fully set forth herein.

18      37.    On or about December 26, 2007, in the Northern District of California, as

19   consideration for the receipt of, and as consideration for a promise and agreement to pay, anything

20   of pecuniary value from MS-13, and for the purpose of gaining entrance to and maintaining and

21   increasing position in MS-13, an enterprise engaged in racketeering activity, the defendant

22                     ANGEL NOEL GUEVARA, a/k/a "Peloncito,"

23   unlawfully, knowingly, and intentionally did assault Victim-7 with a dangerous weapon, in

24   violation of California Penal Code Section 245(a)(1).

25      All in violation of Title 18, United States Code, Section 1959(a)(3).

26   <u>COUNT SEVEN</u>:      (18 U.S.C. § 1959(a)(5) — Attempted Murder in Aid of

27                              Racketeering of Victim-7)

28      38.    Paragraphs 1 through 19, 22 through 26, and 28 through 29 of this Indictment are

1 realleged and incorporated by reference as though fully set forth herein.

2       39.    On or about December 26, 2007, in the Northern District of California, as

3 consideration for the receipt of, and as consideration for a promise and agreement to pay, anything

4 of pecuniary value from MS-13, and for the purpose of gaining entrance to and maintaining and

5 increasing position in MS-13, an enterprise engaged in racketeering activity, the defendant

6                       ANGEL NOEL GUEVARA, a/k/a "Peloncito,"

7 unlawfully, knowingly, and intentionally did attempt to murder Victim-7, in violation of

8 California Penal Code Sections 187, 188, 189, 21a, and 664.

9       All in violation of Title 18, United States Code, Section 1959(a)(5).

10 COUNT EIGHT:          (18 U.S.C. §§ 1959(a)(3) and 2 — Assault with a Dangerous

11                       Weapon in Aid of Racketeering of Victim-8)

12       40.    Paragraphs 1 through 19, 22 through 26, and 28 through 29 of this Indictment are

13 realleged and incorporated by reference as though fully set forth herein.

14       41.    On or about December 26, 2007, in the Northern District of California, as

15 consideration for the receipt of, and as consideration for a promise and agreement to pay, anything

16 of pecuniary value from MS-13, and for the purpose of gaining entrance to and maintaining and

17 increasing position in MS-13, an enterprise engaged in racketeering activity, the defendant

18                       ANGEL NOEL GUEVARA, a/k/a "Peloncito,"

19 unlawfully, knowingly, and intentionally did assault Victim-8 with a dangerous weapon, in

20 violation of California Penal Code Sections 245(a)(1) and 31.

21       All in violation of Title 18, United States Code, Sections 1959(a)(3) and 2.

22 COUNT NINE:          (18 U.S.C. §§ 1959(a)(5) and 2 — Attempted Murder in Aid of

23                       Racketeering of Victim-8)

24       42.    Paragraphs 1 through 19, 22 through 26, and 28 through 29 of this Indictment are

25 realleged and incorporated by reference as though fully set forth herein.

26       43.    On or about December 26, 2007, in the Northern District of California, as

27 consideration for the receipt of, and as consideration for a promise and agreement to pay, anything

28 of pecuniary value from MS-13, and for the purpose of gaining entrance to and maintaining and

1 increasing position in MS-13, an enterprise engaged in racketeering activity, the defendant

2                 ANGEL NOEL GUEVARA, a/k/a "Peloncito,"

3 unlawfully, knowingly, and intentionally did attempt to murder Victim-8, in violation of

4 California Penal Code Sections 187, 188, 189, 21a, 664, and 31.

5       All in violation of Title 18, United States Code, Sections 1959(a)(5) and 2.

6 COUNT TEN:          (18 U.S.C. § 1959(a)(1) — Murder in Aid of Racketeering of

7                 Victim-11)

8     44.     Paragraphs 1 through 19, 22 through 26, and 28 through 29 of this Indictment are

9 realleged and incorporated by reference as though fully set forth herein.

10     45.     On or about July 11, 2008, in the Northern District of California, as consideration

11 for the receipt of, and as consideration for a promise and agreement to pay, anything of pecuniary

12 value from MS-13, and for the purpose of gaining entrance to and maintaining and increasing

13 position in MS-13, an enterprise engaged in racketeering activity, the defendant

14            GUILLERMO HERRERA, a/k/a "Shorty," a/k/a "Sparky,"

15 together with others known and unknown, unlawfully, knowingly, and intentionally did

16 deliberately and with premeditation murder Victim-11, in violation of California Penal Code

17 Sections 187, 188, and 189.

18       All in violation of Title 18, United States Code, Section 1959(a)(1).

19 COUNT ELEVEN:      (18 U.S.C. § 924(c)(1)(A) — Use/Possession of Firearm in

20                Furtherance of Crime of Violence)

21     46.     On or about July 11, 2008, in the Northern District of California, the defendant

22           GUILLERMO HERRERA, a/k/a "Shorty," a/k/a "Sparky,"

23 together with others known and unknown, unlawfully, willfully, and knowingly did use and carry

24 a firearm during and in relation to a crime of violence for which he may be prosecuted in a court

25 of the United States, namely, the murder in aid of racketeering of Victim-11 charged in Count Ten

26 of this Indictment, and did possess a firearm in furtherance of the offense charged in Count Ten of

27 this Indictment, and did brandish a firearm in furtherance of the offense charged in Count Ten of

28 this Indictment, and did discharge a firearm in furtherance of the offense charged in Count Ten of

1  this Indictment.

2      All in violation of Title 18, United States Code, Section 924(c)(1)(A).

3  COUNT TWELVE:              (18 U.S.C. § 1959(a)(3) — Assault with a Dangerous Weapon in

4                             Aid of Racketeering of Victim-1)

5      47.    Paragraphs 1 through 19, 22 through 26, and 28 through 29 of this Indictment are

6  realleged and incorporated by reference as though fully set forth herein.

7      48.    On or about August 4, 2005, in the Northern District of California, as

8  consideration for the receipt of, and as consideration for a promise and agreement to pay, anything

9  of pecuniary value from MS-13, and for the purpose of gaining entrance to and maintaining and

10 increasing position in MS-13, an enterprise engaged in racketeering activity, the defendant

11                 WALTER PALMA, a/k/a "Kapone," a/k/a "Capon,"

12 unlawfully, knowingly, and intentionally did assault Victim-1 with a dangerous weapon, in

13 violation of California Penal Code Section 245(a)(1).

14     All in violation of Title 18, United States Code, Section 1959(a)(3).

15 COUNT THIRTEEN:           (18 U.S.C. § 1959(a)(5) — Attempted Murder in Aid of

16                             Racketeering of Victim-1)

17     49.    Paragraphs 1 through 19, 22 through 26, and 28 through 29 of this Indictment are

18 realleged and incorporated by reference as though fully set forth herein.

19     50.    On or about August 4, 2005, in the Northern District of California, as

20 consideration for the receipt of, and as consideration for a promise and agreement to pay, anything

21 of pecuniary value from MS-13, and for the purpose of gaining entrance to and maintaining and

22 increasing position in MS-13, an enterprise engaged in racketeering activity, the defendant

23                 WALTER PALMA, a/k/a "Kapone," a/k/a "Capon,"

24 unlawfully, knowingly, and intentionally did attempt to murder Victim-1, in violation of

25 California Penal Code Sections 187, 188, 189, 21a, and 664.

26     All in violation of Title 18, United States Code, Section 1959(a)(5).

27 //

28 //

1 | COUNT FOURTEEN:  (18 U.S.C. § 924(c)(1)(A) — Use/Possession of Firearm in

2 | Furtherance of Crime of Violence)

3 | 51. On or about August 4, 2005, in the Northern District of California, the defendant

4 | WALTER PALMA, a/k/a "Kapone," a/k/a "Capon,"

5 | together with others known and unknown, unlawfully, willfully, and knowingly did use and carry

6 | a firearm during and in relation to a crime of violence for which he may be prosecuted in a court

7 | of the United States, namely, the assault with a dangerous weapon in aid of racketeering of

8 | Victim-1 charged in Count Twelve of this Indictment and the attempted murder in aid of

9 | racketeering of Victim-1 charged in Count Thirteen of this Indictment, and did possess a firearm

10 | in furtherance of the offenses charged in Count Twelve and Count Thirteen of this Indictment, and

11 | did brandish a firearm in furtherance of the offenses charged in Count Twelve and Thirteen of this

12 | Indictment, and did discharge a firearm in furtherance of the offenses charged in Count Twelve

13 | and Count Thirteen of this Indictment.

14 | All in violation of Title 18, United States Code, Section 924(c)(1)(A).

15 | COUNT FIFTEEN:  (18 U.S.C. § 1959(a)(3) — Assault with a Dangerous Weapon in

16 | Aid of Racketeering of Victim-2)

17 | 52. Paragraphs 1 through 19, 22 through 26, and 28 through 29 of this Indictment are

18 | realleged and incorporated by reference as though fully set forth herein.

19 | 53. On or about October 29, 2005, in the Northern District of California, as

20 | consideration for the receipt of, and as consideration for a promise and agreement to pay, anything

21 | of pecuniary value from MS-13, and for the purpose of gaining entrance to and maintaining and

22 | increasing position in MS-13, an enterprise engaged in racketeering activity, the defendant

23 | WALTER PALMA, a/k/a "Kapone," a/k/a "Capon,"

24 | unlawfully, knowingly, and intentionally did assault Victim-2 with a dangerous weapon, in

25 | violation of California Penal Code Section 245(a)(1).

26 | All in violation of Title 18, United States Code, Section 1959(a)(3).

27 | //

28 |

-28-                FIRST SUPERSEDING INDICTMENT

1 COUNT SIXTEEN:           (18 U.S.C. § 1959(a)(5) — Attempted Murder in Aid of

2                          Racketeering of Victim-2)

3      54.     Paragraphs 1 through 19, 22 through 26, and 28 through 29 of this Indictment are

4 realleged and incorporated by reference as though fully set forth herein.

5      55.     On or about October 29, 2005, in the Northern District of California, as

6 consideration for the receipt of, and as consideration for a promise and agreement to pay, anything

7 of pecuniary value from MS-13, and for the purpose of gaining entrance to and maintaining and

8 increasing position in MS-13, an enterprise engaged in racketeering activity, the defendant

9                     WALTER PALMA, a/k/a "Kapone," a/k/a "Capon,"

10 unlawfully, knowingly, and intentionally did attempt to murder Victim-2, in violation of

11 California Penal Code Sections 187, 188, 189, 21a, and 664.

12     All in violation of Title 18, United States Code, Section 1959(a)(5).

13 COUNT SEVENTEEN:         (18 U.S.C. § 1959(a)(3) — Assault with a Dangerous Weapon in

14                          Aid of Racketeering of Victim-3)

15     56.     Paragraphs 1 through 19, 22 through 26, and 28 through 29 of this Indictment are

16 realleged and incorporated by reference as though fully set forth herein.

17     57.     On or about October 29, 2005, in the Northern District of California, as

18 consideration for the receipt of, and as consideration for a promise and agreement to pay, anything

19 of pecuniary value from MS-13, and for the purpose of gaining entrance to and maintaining and

20 increasing position in MS-13, an enterprise engaged in racketeering activity, the defendant

21                     WALTER PALMA, a/k/a "Kapone," a/k/a "Capon,"

22 unlawfully, knowingly, and intentionally did assault Victim-3 with a dangerous weapon, in

23 violation of California Penal Code Section 245(a)(1).

24     All in violation of Title 18, United States Code, Section 1959(a)(3).

25 COUNT EIGHTEEN:          (18 U.S.C. § 1959(a)(5) — Attempted Murder in Aid of

26                          Racketeering of Victim-3)

27     58.     Paragraphs 1 through 19, 22 through 26, and 28 through 29 of this Indictment are

28 realleged and incorporated by reference as though fully set forth herein.

1    59.    On or about October 29, 2005, in the Northern District of California, as

2  consideration for the receipt of, and as consideration for a promise and agreement to pay, anything

3  of pecuniary value from MS-13, and for the purpose of gaining entrance to and maintaining and

4  increasing position in MS-13, an enterprise engaged in racketeering activity, the defendant

5                    WALTER PALMA, a/k/a "Kapone," a/k/a "Capon,"

6  unlawfully, knowingly, and intentionally did attempt to murder Victim-3, in violation of

7  California Penal Code Sections 187, 188, 189, 21a, and 664.

8        All in violation of Title 18, United States Code, Section 1959(a)(5).

9  COUNT NINETEEN:        (18 U.S.C. § 1959(a)(3) — Assault with a Dangerous Weapon in

10                        Aid of Racketeering of Victim-4)

11    60.    Paragraphs 1 through 19, 22 through 26, and 28 through 29 of this Indictment are

12  realleged and incorporated by reference as though fully set forth herein.

13    61.    On or about October 29, 2005, in the Northern District of California, as

14  consideration for the receipt of, and as consideration for a promise and agreement to pay, anything

15  of pecuniary value from MS-13, and for the purpose of gaining entrance to and maintaining and

16  increasing position in MS-13, an enterprise engaged in racketeering activity, the defendant

17                    WALTER PALMA, a/k/a "Kapone," a/k/a "Capon,"

18  unlawfully, knowingly, and intentionally did assault Victim-4 with a dangerous weapon, in

19  violation of California Penal Code Section 245(a)(1).

20        All in violation of Title 18, United States Code, Section 1959(a)(3).

21  COUNT TWENTY:        (18 U.S.C. § 1959(a)(5) — Attempted Murder in Aid of

22                        Racketeering of Victim-4)

23    62.    Paragraphs 1 through 19, 22 through 26, and 28 through 29 of this Indictment are

24  realleged and incorporated by reference as though fully set forth herein.

25    63.    On or about October 29, 2005, in the Northern District of California, as

26  consideration for the receipt of, and as consideration for a promise and agreement to pay, anything

27  of pecuniary value from MS-13, and for the purpose of gaining entrance to and maintaining and

28  increasing position in MS-13, an enterprise engaged in racketeering activity, the defendant

1  WALTER PALMA, a/k/a "Kapone," a/k/a "Capon,"

2  unlawfully, knowingly, and intentionally did attempt to murder Victim-4, in violation of

3  California Penal Code Sections 187, 188, 189, 21a, and 664.

4  All in violation of Title 18, United States Code, Section 1959(a)(5).

5  COUNT TWENTY-ONE:    (18 U.S.C. § 924(c)(1)(A) — Use/Possession of Firearm in

6  Furtherance of Crime of Violence)

7  64.    On or about October 29, 2005, in the Northern District of California, the

8  defendant

9  WALTER PALMA, a/k/a "Kapone," a/k/a "Capon,"

10 together with others known and unknown, unlawfully, willfully, and knowingly did use and carry

11 a firearm during and in relation to a crime of violence for which he may be prosecuted in a court

12 of the United States, namely, the assault with a dangerous weapon in aid of racketeering of

13 Victim-2, Victim-3, and Victim-4 charged in Count Fifteen, Count Seventeen, and Count

14 Nineteen of this Indictment, and the attempted murder in aid of racketeering of Victim-2, Victim-

15 3, and Victim-4 charged in Count Sixteen, Count Eighteen, and Count Twenty of this Indictment,

16 and did possess a firearm in furtherance of the offenses charged in Count Fifteen, Count Sixteen,

17 Count Seventeen, Count Eighteen, Count Nineteen, and Count Twenty of this Indictment, and did

18 brandish a firearm in furtherance of the offenses charged in Count Fifteen, Count Sixteen, Count

19 Seventeen, Count Eighteen, Count Nineteen, and Count Twenty of this Indictment, and did

20 discharge a firearm in furtherance of the offenses charged in Count Fifteen, Count Sixteen, Count

21 Seventeen, Count Eighteen, Count Nineteen, and Count Twenty of this Indictment.

22 All in violation of Title 18, United States Code, Section 924(c)(1)(A).

23 COUNT TWENTY-TWO:    (18 U.S.C. § 1959(a)(3) — Assault with a Dangerous Weapon in

24 Aid of Racketeering of Victim-5)

25 65.    Paragraphs 1 through 19, 22 through 26, and 28 through 29 of this Indictment are

26 realleged and incorporated by reference as though fully set forth herein.

27 66.    On or about December 9, 2005, in the Northern District of California, as

28 consideration for the receipt of, and as consideration for a promise and agreement to pay, anything

-31-    FIRST SUPERSEDING INDICTMENT

1  of pecuniary value from MS-13, and for the purpose of gaining entrance to and maintaining and
2  increasing position in MS-13, an enterprise engaged in racketeering activity, the defendant
3              DANIEL PORTILLO, a/k/a "Rustin," a/k/a "Rooster,"
4  unlawfully, knowingly, and intentionally did assault Victim-5 with a dangerous weapon, in
5  violation of California Penal Code Section 245(a)(1).

6         All in violation of Title 18, United States Code, Section 1959(a)(3).

7  COUNT TWENTY-THREE:  (18 U.S.C. § 924(c)(1)(A) — Use/Possession of Firearm in
8                          Furtherance of Crime of Violence)

9         67.    On or about December 9, 2005, in the Northern District of California, the
10 defendant

11             DANIEL PORTILLO, a/k/a "Rustin," a/k/a "Rooster,"

12 together with others known and unknown, unlawfully, willfully, and knowingly did use and carry
13 a firearm during and in relation to a crime of violence for which he may be prosecuted in a court
14 of the United States, namely, the assault with a dangerous weapon in aid of racketeering of
15 Victim-5 charged in Count Twenty-Two of this Indictment, and did possess a firearm in
16 furtherance of the offense charged in Count Twenty-Two of this Indictment, and did brandish a
17 firearm in furtherance of the offense charged in Count Twenty-Two of this Indictment, and did
18 discharge a firearm in furtherance of the offense charged in Count Twenty-Two of this Indictment.

19        All in violation of Title 18, United States Code, Section 924(c)(1)(A).

20 COUNT TWENTY-FOUR:   (18 U.S.C. §§ 1959(a)(3) and 2 — Assault with a Dangerous
21                          Weapon in Aid of Racketeering of Victim-10)

22        68.    Paragraphs 1 through 19, 22 through 26, and 28 through 29 of this Indictment are
23 realleged and incorporated by reference as though fully set forth herein.

24        69.    On or about June 19, 2008, in the Northern District of California, as consideration
25 for the receipt of, and as consideration for a promise and agreement to pay, anything of pecuniary
26 value from MS-13, and for the purpose of gaining entrance to and maintaining and increasing
27 position in MS-13, an enterprise engaged in racketeering activity, the defendants
28 //

1                     ABRAHAM MARTINEZ, a/k/a "Goofy,"

2                     JOSE ALVARADO, a/k/a "Joker," and

3                   DOUGLAS LARGAESPADA, a/k/a "Droopy,"

4 unlawfully, knowingly, and intentionally did assault Victim-10 with a dangerous weapon, in

5 violation of California Penal Code Sections 245(a)(1) and 31.

6        All in violation of Title 18, United States Code, Sections 1959(a)(3) and 2.

7 COUNT TWENTY-FIVE:     (18 U.S.C. § 1959(a)(5) — Attempted Murder in Aid of

8                          Racketeering of Victim-10)

9        70.      Paragraphs 1 through 19, 22 through 26, and 28 through 29 of this Indictment are

10 realleged and incorporated by reference as though fully set forth herein.

11        71.      On or about June 19, 2008, in the Northern District of California, as consideration

12 for the receipt of, and as consideration for a promise and agreement to pay, anything of pecuniary

13 value from MS-13, and for the purpose of gaining entrance to and maintaining and increasing

14 position in MS-13, an enterprise engaged in racketeering activity, the defendant

15                     ABRAHAM MARTINEZ, a/k/a "Goofy,"

16 unlawfully, knowingly, and intentionally did attempt to murder Victim-10, in violation of

17 California Penal Code Sections 187, 188, 189, 21a, and 664.

18        All in violation of Title 18, United States Code, Section 1959(a)(5).

19 COUNT TWENTY-SIX:      (21 U.S.C. § 846 — Conspiracy to Distribute/Possess with Intent

20                         to Distribute Controlled Substances)

21        72.      From at least in or about 2006, up through and including in or about January

22 2008, in the Northern District of California, the defendants

23                     MAURICIO URIAS, a/k/a "Puppet,"

24                     JUDITH SOSA, a/k/a "J-Dubbs," and

25                     JOHN LACSAMANA BRIEZ,

26 and others known and unknown, unlawfully, knowingly, and intentionally did combine, conspire,

27 confederate, and agree together and with each other to violate the narcotics laws of the United

28 States.

1    73.    It was a part and an object of the conspiracy that the defendants

2                        MAURICIO URIAS, a/k/a "Puppet,"

3                        JUDITH SOSA, a/k/a "J-Dubbs," and

4                        JOHN LACSAMANA BRIEZ,

5   and others known and unknown, unlawfully, knowingly, and intentionally would and did

6   distribute and possess with intent to distribute a controlled substance, to wit, 50 grams or more of

7   actual methamphetamine, in violation of Title 21, United States Code, Section 841(a)(1) and

8   (b)(1)(A).

9    74.    It was further a part and an object of the conspiracy that the defendant

10                        MAURICIO URIAS, a/k/a "Puppet,"

11  and others known and unknown, unlawfully, knowingly, and intentionally would and did

12  distribute and possess with intent to distribute a controlled substance, to wit, 500 grams or more

13  of mixtures and substances containing a detectable amount of cocaine, in violation of Title 21,

14  United States Code, Section 841(a)(1) and(b)(1)(B).

15       All in violation of Title 21, United States Code, Section 846.

16  COUNT TWENTY-SEVEN:  (21 U.S.C. § 841(a)(1) and (b)(1)(B) and 18 U.S.C. § 2 —

17                        Distribution/Possession with Intent to Distribute Controlled

18                        Substance)

19    75.    On or about May 24, 2006, in the Northern District of California, the defendants

20                        MAURICIO URIAS, a/k/a "Puppet,"

21                        JUDITH SOSA, a/k/a "J-Dubbs," and

22                        JOHN LACSAMANA BRIEZ,

23  unlawfully, knowingly, and intentionally did distribute and possess with intent to distribute a

24  controlled substance, to wit, 5 grams or more of actual methamphetamine.

25       All in violation of Title 21, United States Code, Section 841(a)(1) and(b)(1)(B), and Title

26  18, United States Code, Section 2.

27  //

28  //

1  COUNT TWENTY-EIGHT:  (21 U.S.C. § 841(a)(1) and (b)(1)(B) and 18 U.S.C. § 2 —

2  Distribution/Possession with Intent to Distribute Controlled

3  Substance)

4  76.  On or about June 28, 2006, in the Northern District of California, the defendants

5  MAURICIO URIAS, a/k/a "Puppet,"

6  JUDITH SOSA, a/k/a "J-Dubbs," and

7  JOHN LACSAMANA BRIEZ,

8  unlawfully, knowingly, and intentionally did distribute and possess with intent to distribute a

9  controlled substance, to wit, 5 grams or more of actual methamphetamine.

10  All in violation of Title 21, United States Code, Section 841(a)(1) and(b)(1)(B), and Title

11  18, United States Code, Section 2.

12  COUNT TWENTY-NINE:  (21 U.S.C. § 841(a)(1) and (b)(1)(B) and 18 U.S.C. § 2 —

13  Distribution/Possession with Intent to Distribute Controlled

14  Substance)

15  77.  On or about July 11, 2006, in the Northern District of California, the defendants

16  MAURICIO URIAS, a/k/a "Puppet," and

17  JUDITH SOSA, a/k/a "J-Dubbs,"

18  unlawfully, knowingly, and intentionally did distribute and possess with intent to distribute a

19  controlled substance, to wit, 5 grams or more of actual methamphetamine.

20  All in violation of Title 21, United States Code, Section 841(a)(1) and(b)(1)(B), and Title

21  18, United States Code, Section 2.

22  COUNT THIRTY:  (21 U.S.C. § 841(a)(1) and (b)(1)(B) and 18 U.S.C. § 2 —

23  Distribution/Possession with Intent to Distribute Controlled

24  Substance)

25  78.  On or about January 23, 2007, in the Northern District of California, the

26  defendants

27  //

28  //

1                      MAURICIO URIAS, a/k/a "Puppet,"

2                      JUDITH SOSA, a/k/a "J-Dubbs," and

3                      JOHN LACSAMANA BRIEZ,

4 unlawfully, knowingly, and intentionally did distribute and possess with intent to distribute a

5 controlled substance, to wit, 5 grams or more of actual methamphetamine.

6        All in violation of Title 21, United States Code, Section 841(a)(1) and(b)(1)(B), and Title

7 18, United States Code, Section 2.

8 COUNT THIRTY-ONE:     (21 U.S.C. § 841(a)(1) and (b)(1)(C) and 18 U.S.C. § 2 —

9                      Distribution/Possession with Intent to Distribute Controlled

10                      Substance)

11        79.     On or about July 13, 2007, in the Northern District of California, the defendant

12                      MAURICIO URIAS, a/k/a "Puppet,"

13 unlawfully, knowingly, and intentionally did distribute and possess with intent to distribute a

14 controlled substance, to wit, approximately 56.7 grams of mixtures and substances containing a

15 detectable amount of cocaine.

16        All in violation of Title 21, United States Code, Section 841(a)(1) and(b)(1)(C), and Title

17 18, United States Code, Section 2.

18 COUNT THIRTY-TWO:     (21 U.S.C. § 841(a)(1) and (b)(1)(C) and 18 U.S.C. § 2 —

19                      Distribution/Possession with Intent to Distribute Controlled

20                      Substance)

21        80.     On or about August 17, 2007, in the Northern District of California, the defendant

22                      MAURICIO URIAS, a/k/a "Puppet,"

23 unlawfully, knowingly, and intentionally did distribute and possess with intent to distribute a

24 controlled substance, to wit, approximately 85.05 grams of mixtures and substances containing a

25 detectable amount of cocaine.

26        All in violation of Title 21, United States Code, Section 841(a)(1) and(b)(1)(C), and Title

27 18, United States Code, Section 2.

28 //

1 COUNT THIRTY-THREE: (21 U.S.C. § 841(a)(1) and (b)(1)(C) and 18 U.S.C. § 2 —
2 Distribution/Possession with Intent to Distribute Controlled
3 Substance)

4 81. On or about September 14, 2007, in the Northern District of California, the
5 defendant

6 MAURICIO URIAS, a/k/a "Puppet,"

7 unlawfully, knowingly, and intentionally did distribute and possess with intent to distribute a
8 controlled substance, to wit, approximately 255.15 grams of mixtures and substances containing a
9 detectable amount of cocaine.

10 All in violation of Title 21, United States Code, Section 841(a)(1) and(b)(1)(C), and Title
11 18, United States Code, Section 2.

12 COUNT THIRTY-FOUR: (21 U.S.C. § 841(a)(1) and (b)(1)(C) and 18 U.S.C. § 2 —
13 Distribution/Possession with Intent to Distribute Controlled
14 Substance)

15 82. On or about January 22, 2008, in the Northern District of California, the defendant
16 MAURICIO URIAS, a/k/a "Puppet,"

17 unlawfully, knowingly, and intentionally did distribute and possess with intent to distribute a
18 controlled substance, to wit, approximately 113.40 grams of mixtures and substances containing a
19 detectable amount of cocaine.

20 All in violation of Title 21, United States Code, Section 841(a)(1) and(b)(1)(C), and Title
21 18, United States Code, Section 2.

22 COUNT THIRTY-FIVE: (21 U.S.C. § 841(a)(1) and (b)(1)(C) and 18 U.S.C. § 2 —
23 Distribution/Possession with Intent to Distribute Controlled
24 Substance)

25 83. On or about May 31, 2007, in the Northern District of California, the defendant
26 JOSE ANTUNEZ, a/k/a "Fino,"

27 unlawfully, knowingly, and intentionally did distribute and possess with intent to distribute a
28 controlled substance, to wit, approximately 28.35 grams of mixtures and substances containing a

1  detectable amount of cocaine.

2      All in violation of Title 21, United States Code, Section 841(a)(1) and(b)(1)(C), and Title
3  18, United States Code, Section 2.

4  COUNT THIRTY-SIX:      (18 U.S.C. § 1951(a) — Conspiracy to Commit Robbery Affecting
5                                          Interstate Commerce)

6      84.    From at least in on or about October 10, 2008, up through and including on or
7  about October 22, 2008, in the Northern District of California, the defendants

8                          ARISTIDES CARCAMO, a/k/a "Indio," and

9                          RAFAEL MONTOYA, a/k/a "Sapo,"

10  and others known and unknown, unlawfully, willfully, and intentionally did combine, conspire,
11  confederate, and agree together and with each other to commit robbery, as that term is defined in
12  Title 18, United States Code, Section 1951(b)(1), and thereby to obstruct, delay, and affect
13  commerce and the movement of articles and commodities in commerce, as that term is defined in
14  Title 18, United States Code, Section 1951(b)(3), to wit, CARCAMO, MONTOYA, and others
15  known and unknown, agreed and planned to rob a jeweler whose wares traveled in interstate and
16  foreign commerce.

17      All in violation of Title 18, United States Code, Section 1951(a).

18  COUNT THIRTY-SEVEN:   (18 U.S.C. §§ 922(a)(1)(A) and 2 — Engaging in the Unlicensed
19                                          Business of Firearms Dealing)

20      85.    From at least in or about 2006, up through and including in or about May 2007, in
21  the Northern District of California and elsewhere, the defendant

22                          RENE MONTES-MAYORGA, a/k/a "Negro,"

23  not being a licensed importer, licensed manufacturer, and licensed dealer, unlawfully, willfully,
24  and knowingly did engage in the business of importing, manufacturing, and dealing in firearms,
25  and in the course of such business shipped, transported, and received firearms in interstate and
26  foreign commerce, including two SKS assault rifles, a 12-gauge shotgun, and a .22-caliber rifle.

27      All in violation of Title 18, United States Code, Sections 922(a)(1)(A) and 2.

28  //

-38-                          FIRST SUPERSEDING INDICTMENT

1  COUNT THIRTY-EIGHT:  (18 U.S.C. § 922(g)(5) — Alien in Possession of a Firearm)

2      86.    On or about February 1, 2007, in the Northern District of California, the defendant

3                    RENE MONTES-MAYORGA, a/k/a "Negro,"

4  then being an alien illegally and unlawfully in the United States, unlawfully, willfully, and

5  knowingly did possess a firearm, to wit, an SKS assault rifle, in and affecting interstate

6  commerce.

7      All in violation of Title 18, United States Code, Section 922(g)(5).

8  COUNT THIRTY-NINE:    (18 U.S.C. §§ 553(a) and 2 — Attempted Exportation of Stolen

9                    Vehicle)

10     87.    On or about October 13, 2006, in the Northern District of California, the

11  defendants

12              RODRIGO MOLINA, a/k/a "Lil Payaso," a/k/a "Payaso," and

13                      MARLON LUMANG,

14  unlawfully, knowingly, and intentionally did attempt to export a motor vehicle, to wit, a 1998

15  Honda Civic, VIN 1HGEJ7127WL062810, knowing the motor vehicle to have been stolen.

16      All in violation of Title 18, United States Code, Sections 553(a) and 2.

17  COUNT FORTY:    (18 U.S.C. §§ 553(a) and 2 — Attempted Exportation of Stolen Vehicle)

18     88.    On or about October 19, 2006, in the Northern District of California, the

19  defendant

20              RODRIGO MOLINA, a/k/a "Lil Payaso," a/k/a "Payaso,"

21  unlawfully, knowingly, and intentionally did attempt to export a motor vehicle, to wit, a 1992

22  Honda Civic, VIN JHMEH9692NS005882, knowing the motor vehicle to have been stolen.

23      All in violation of Title 18, United States Code, Sections 553(a) and 2.

24  COUNT FORTY-ONE:    (18 U.S.C. §§ 553(a) and 2 — Attempted Exportation of Stolen

25                    Vehicle)

26     89.    On or about October 19, 2006, in the Northern District of California, the

27  defendants

28  //

1      MARVIN CARCAMO, a/k/a "Cyco," a/k/a "Psycho," a/k/a "Syco," and

2                              MARLON LUMANG,

3  unlawfully, knowingly, and intentionally did attempt to export a motor vehicle, to wit, a 2000

4  Honda Civic, VIN 2HGEJ6619YH605469, knowing the motor vehicle to have been stolen.

5          All in violation of Title 18, United States Code, Sections 553(a) and 2.

6  COUNT FORTY-TWO:          (18 U.S.C. §§ 553(a) and 2 — Attempted Exportation of Stolen

7                              Vehicle)

8          90.    On or about November 13, 2006, in the Northern District of California, the

9  defendant

10                     WALTER PALMA, a/k/a "Kapone," a/k/a "Capon,"

11 unlawfully, knowingly, and intentionally did attempt to export a motor vehicle, to wit, a 2001

12 Chevy Suburban, VIN 3GNFK16T91G264236, knowing the motor vehicle to have been stolen.

13         All in violation of Title 18, United States Code, Sections 553(a) and 2.

14 COUNT FORTY-THREE:        (18 U.S.C. §§ 553(a) and 2 — Attempted Exportation of Stolen

15                              Vehicle)

16         91.    On or about November 17, 2006, in the Northern District of California, the

17 defendants

18                     RODIL NOCHEZ, a/k/a "Chino," a/k/a "Nieto," and

19                         DANIEL GONZALEZ, a/k/a "D,"

20 unlawfully, knowingly, and intentionally did attempt to export a motor vehicle, to wit, a 2003

21 Toyota Matrix, VIN 2T1KR32E54C072265, knowing the motor vehicle to have been stolen.

22         All in violation of Title 18, United States Code, Sections 553(a) and 2.

23 COUNT FORTY-FOUR:         (18 U.S.C. §§ 553(a) and 2 — Attempted Exportation of Stolen

24                              Vehicle)

25         92.    On or about November 22, 2006, in the Northern District of California, the

26 defendants

27                     RODIL NOCHEZ, a/k/a "Chino," a/k/a "Nieto," and

28                         DANIEL GONZALEZ, a/k/a "D,"

1 unlawfully, knowingly, and intentionally did attempt to export a motor vehicle, to wit, a 2001

2 Toyota 4Runner, VIN JT3HN86RX10341372, knowing the motor vehicle to have been stolen.

3      All in violation of Title 18, United States Code, Sections 553(a) and 2.

4 COUNT FORTY-FIVE:     (18 U.S.C. §§ 553(a) and 2 — Attempted Exportation of Stolen

5                                  Vehicle)

6      93.     On or about November 28, 2006, in the Northern District of California, the

7 defendants

8                  RODIL NOCHEZ, a/k/a "Chino," a/k/a "Nieto," and

9                       DANIEL GONZALEZ, a/k/a "D,"

10 unlawfully, knowingly, and intentionally did attempt to export a motor vehicle, to wit, a 2000

11 Toyota 4Runner, VIN JT3HN86R7Y0279911, knowing the motor vehicle to have been stolen.

12      All in violation of Title 18, United States Code, Sections 553(a) and 2.

13 COUNT FORTY-SIX:     (18 U.S.C. §§ 553(a) and 2 — Attempted Exportation of Stolen

14                                  Vehicle)

15      94.     On or about December 1, 2006, in the Northern District of California, the

16 defendants

17                 WALTER PALMA, a/k/a "Kapone," a/k/a "Capon," and

18                 RODRIGO MOLINA, a/k/a "Lil Payaso," a/k/a "Payaso,"

19 unlawfully, knowingly, and intentionally did attempt to export a motor vehicle, to wit, a 2004

20 Toyota Matrix, VIN 2T1KR32E7YC197592, knowing the motor vehicle to have been stolen.

21      All in violation of Title 18, United States Code, Sections 553(a) and 2.

22 COUNT FORTY-SEVEN:    (18 U.S.C. §§ 553(a) and 2 — Attempted Exportation of Stolen

23                                  Vehicle)

24      95.     On or about December 11, 2006, in the Northern District of California, the

25 defendants

26                 WALTER PALMA, a/k/a "Kapone," a/k/a "Capon," and

27                 RODRIGO MOLINA, a/k/a "Lil Payaso," a/k/a "Payaso,"

28 unlawfully, knowingly, and intentionally did attempt to export a motor vehicle, to wit, a 2003

-41-                                 FIRST SUPERSEDING INDICTMENT

1  Toyota Matrix, VIN 2T1KR32E03C125681, knowing the motor vehicle to have been stolen.

2  All in violation of Title 18, United States Code, Sections 553(a) and 2.

3  COUNT FORTY-EIGHT:    (18 U.S.C. §§ 553(a) and 2 — Attempted Exportation of Stolen

4  Vehicle)

5  96.    On or about December 11, 2006, in the Northern District of California, the

6  defendants

7  WALTER PALMA, a/k/a "Kapone," a/k/a "Capon," and

8  RODRIGO MOLINA, a/k/a "Lil Payaso," a/k/a "Payaso,"

9  unlawfully, knowingly, and intentionally did attempt to export a motor vehicle, to wit, a 2003

10  Toyota Matrix, VIN 2T1KR32E23C060994, knowing the motor vehicle to have been stolen.

11  All in violation of Title 18, United States Code, Sections 553(a) and 2.

12  COUNT FORTY-NINE:    (18 U.S.C. §§ 553(a) and 2 — Attempted Exportation of Stolen

13  Vehicle)

14  97.    On or about January 9, 2007, in the Northern District of California, the defendants

15  RODIL NOCHEZ, a/k/a "Chino," a/k/a "Nieto," and

16  DANIEL GONZALEZ, a/k/a "D,"

17  unlawfully, knowingly, and intentionally did attempt to export a motor vehicle, to wit, a 2002

18  Toyota 4Runner, VIN JT3GN86R120224003, knowing the motor vehicle to have been stolen.

19  All in violation of Title 18, United States Code, Sections 553(a) and 2.

20  COUNT FIFTY:    (18 U.S.C. §§ 553(a) and 2 — Attempted Exportation of Stolen

21  Vehicle)

22  98.    On or about January 9, 2007, in the Northern District of California, the defendants

23  RODIL NOCHEZ, a/k/a "Chino," a/k/a "Nieto," and

24  DANIEL GONZALEZ, a/k/a "D,"

25  unlawfully, knowingly, and intentionally did attempt to export a motor vehicle, to wit, a 2002

26  Toyota Tacoma, VIN 5TEGN92N42Z137331, knowing the motor vehicle to have been stolen.

27  All in violation of Title 18, United States Code, Sections 553(a) and 2.

28  //

1  COUNT FIFTY-ONE:          (18 U.S.C. §§ 553(a) and 2 — Attempted Exportation of Stolen
2                            Vehicle)

3          99.    On or about January 17, 2007, in the Northern District of California, the
4  defendants

5                      RODIL NOCHEZ, a/k/a "Chino," a/k/a "Nieto," and
6                              DANIEL GONZALEZ, a/k/a "D,"

7  unlawfully, knowingly, and intentionally did attempt to export a motor vehicle, to wit, a 2003
8  Toyota Tacoma, VIN 5TEGN92N81Z879763, knowing the motor vehicle to have been stolen.

9          All in violation of Title 18, United States Code, Sections 553(a) and 2.

10 COUNT FIFTY-TWO:          (18 U.S.C. §§ 553(a) and 2 — Attempted Exportation of Stolen
11                            Vehicle)

12         100.   On or about January 17, 2007, in the Northern District of California, the
13 defendants

14                     RODIL NOCHEZ, a/k/a "Chino," a/k/a "Nieto," and
15                             DANIEL GONZALEZ, a/k/a "D,"

16 unlawfully, knowingly, and intentionally did attempt to export a motor vehicle, to wit, a 2003
17 Toyota Tacoma, VIN 5TEWN72N63Z194342, knowing the motor vehicle to have been stolen.

18         All in violation of Title 18, United States Code, Sections 553(a) and 2.

19 COUNT FIFTY-THREE:        (18 U.S.C. §§ 553(a) and 2 — Attempted Exportation of Stolen
20                            Vehicle)

21         101.   On or about January 17, 2007, in the Northern District of California, the
22 defendants

23                     RODIL NOCHEZ, a/k/a "Chino," a/k/a "Nieto," and
24                             DANIEL GONZALEZ, a/k/a "D,"

25 unlawfully, knowingly, and intentionally did attempt to export a motor vehicle, to wit, a 2003
26 Toyota Tacoma, VIN 5TEGN92N03Z166312, knowing the motor vehicle to have been stolen.

27         All in violation of Title 18, United States Code, Sections 553(a) and 2.

28 //

                                            -43-                    FIRST SUPERSEDING INDICTMENT

1 NOTICE OF SPECIAL SENTENCING FACTORS REGARDING COUNT ONE

2 Number 1: Conspiracy to Commit Murder in the First Degree

3     102.    Beginning on a date unknown to the Grand Jury but since at least the late 1990s,

4 and continuing up through and including the present, in the Northern District of California, the

5 defendants

6                   IVAN CERNA, a/k/a "Tigre,"

7    MARVIN CARCAMO, a/k/a "Cyco," a/k/a "Psycho," a/k/a "Syco,"

8         ANGEL NOEL GUEVARA, a/k/a "Peloncito,"

9        MORIS FLORES, a/k/a "Slow," a/k/a "Slow Pain,"

10     GUILLERMO HERRERA, a/k/a "Shorty," a/k/a "Sparky,"

11      JONATHAN CRUZ-RAMIREZ, a/k/a "Soldado,"

12       WALTER CRUZ-ZAVALA, a/k/a "Sombra,"

13     WALTER PALMA, a/k/a "Kapone," a/k/a "Capon,"

14    DANIEL PORTILLO, a/k/a "Rustin," a/k/a "Rooster,"

15         ERICK LOPEZ, a/k/a "Spooky,"

16       CARLOS GARRIDO, a/k/a "Tweety,"

17     WALTER CHINCHILLA-LINAR, a/k/a "Demonio,"

18       CESAR ALVARADO, a/k/a "Momia,"

19     ABRAHAM MARTINEZ, a/k/a "Goofy,"

20       JOSE ALVARADO, a/k/a "Joker,"

21    DOUGLAS LARGAESPADA, a/k/a "Droopy,"

22     WILBERT CASTILLO, a/k/a "Cypress,"

23      JOSE QUINTEROS, a/k/a "Fantasma,"

24   MELVIN MALDONADO, a/k/a "Estrano,"a/k/a "Stranger,"

25      MANUEL FRANCO, a/k/a "Dreamer,"

26   RODRIGO MOLINA, a/k/a "Lil Payaso," a/k/a "Payaso," and

27      MAURICIO URIAS, a/k/a "Puppet,"

28 and others known and unknown, unlawfully, knowingly, and intentionally did combine, conspire,

1  confederate, and agree together and with each other to kill deliberately and with premeditation

2  another person, and a conspirator committed an overt act in furtherance of the conspiracy, in

3  violation of California Penal Code Sections 187, 188, 189, and 182, to wit, the defendants agreed

4  together and with each other to kill actual and suspected *Norteños*, actual and suspected members

5  of other gangs, and individuals suspected of cooperating with law enforcement.

6  Number 2: GUILLERMO HERRERA — First Degree Murder of Victim-11

7  103.   On or about July 11, 2008, in the Northern District of California, the defendant

8  GUILLERMO HERRERA, a/k/a "Shorty," a/k/a "Sparky,"

9  unlawfully, knowingly, and intentionally did deliberately and with premeditation kill Victim-11,

10  in violation of California Penal Code Sections 187, 188, and 189.

11  Number 3: ANGEL NOEL GUEVARA — Attempted First Degree Murder of Victim-7

12  104.   On or about December 26, 2007, in the Northern District of California, the

13  defendant

14  ANGEL NOEL GUEVARA, a/k/a "Peloncito,"

15  unlawfully, knowingly, and intentionally did deliberately and with premeditation attempt to kill

16  Victim-7, in violation of California Penal Code Sections 187, 188, 189, 21a, and 664.

17  Number 4: ANGEL NOEL GUEVARA — Attempted First Degree Murder of Victim-8

18  105.   On or about December 26, 2007, in the Northern District of California, the

19  defendant

20  ANGEL NOEL GUEVARA, a/k/a "Peloncito,"

21  unlawfully, knowingly, and intentionally did deliberately and with premeditation attempt to kill

22  Victim-8, in violation of California Penal Code Sections 187, 188, 189, 21a, and 664.

23  Number 5: WALTER PALMA — Attempted First Degree Murder of Victim-1

24  106.   On or about August 4, 2005, in the Northern District of California, the defendant

25  WALTER PALMA, a/k/a "Kapone," a/k/a "Capon,"

26  unlawfully, knowingly, and intentionally did deliberately and with premeditation attempt to kill

27  Victim-1, in violation of California Penal Code Sections 187, 188, 189, 21a, and 664.

28  //

-45-                                      FIRST SUPERSEDING INDICTMENT

1 Number 6: WALTER PALMA — Attempted First Degree Murder of Victim-2

2       107.    On or about October 29, 2005, in the Northern District of California, the

3 defendant

4                     WALTER PALMA, a/k/a "Kapone," a/k/a "Capon,"

5 unlawfully, knowingly, and intentionally did deliberately and with premeditation attempt to kill

6 Victim-2, in violation of California Penal Code Sections 187, 188, 189, 21a, and 664.

7 Number 7: WALTER PALMA — Attempted First Degree Murder of Victim-3

8       108.    On or about October 29, 2005, in the Northern District of California, the

9 defendant

10                     WALTER PALMA, a/k/a "Kapone," a/k/a "Capon,"

11 unlawfully, knowingly, and intentionally did deliberately and with premeditation attempt to kill

12 Victim-3, in violation of California Penal Code Sections 187, 188, 189, 21a, and 664.

13 Number 8: WALTER PALMA — Attempted First Degree Murder of Victim-4

14       109.    On or about October 29, 2005, in the Northern District of California, the

15 defendant

16                     WALTER PALMA, a/k/a "Kapone," a/k/a "Capon,"

17 unlawfully, knowingly, and intentionally did deliberately and with premeditation attempt to kill

18 Victim-4, in violation of California Penal Code Sections 187, 188, 189, 21a, and 664.

19 //

20 //

21 //

22 //

23 //

24 //

25 //

26 //

27 //

28 //

1 | <u>Number 9: MAURICIO URIAS — Conspiracy to Distribute 50 Grams or More of Actual</u>

2 | <u>Methamphetamine</u>

3 |     110.    From at least in or about 2006, up through and including in or about January

4 | 2008, in the Northern District of California, the defendant

5 |                  MAURICIO URIAS, a/k/a "Puppet,"

6 | and others known and unknown, unlawfully, knowingly, and intentionally did combine, conspire,

7 | confederate, and agree together and with each other to distribute and possess with intent to

8 | distribute 50 grams or more of actual methamphetamine, in violation of Title 21, United States

9 | Code, Sections 841(a)(1) and(b)(1)(A) and 846.

10 |

11 | DATED:  11–06–08         A TRUE BILL

12 |

13 |                             FOREPERSON

14 |

15 |

16 | JOSEPH P. RUSSONIELLO
| United States Attorney

17 |

18 |

19 | BRIAN J. STRETCH
| Chief, Criminal Division

20 |

21 |

22 | (Approved as to form:

23 |                 AUSA W.S. Wilson Leung
|                 Trial Attorney Laura Gwinn

24 |

25 |

26 |

27 |

28 |