# United States District Court

## FOR THE
## NORTHERN DISTRICT OF CALIFORNIA

### VENUE: SAN FRANCISCO

$08 - 730$  W HA

### UNITED STATES OF AMERICA,

### V.

IVAN CERNA, a/k/a "Tigre;" MARVIN CARCAMO, a/k/a "Cyco," "Psycho," "Syco;"
ANGEL NOEL GUEVARA, a/k/a "Peloncito;" MORIS FLORES, a/k/a "Slow," "Slow Pain;"
GUILLERMO HERRERA, a/k/a "Shorty,""Sparky;" JONATHAN CRUZ-RAMIREZ, a/k/a "Soldado;"
WALTER CRUZ-ZAVALA, a/k/a "Sombra;" WALTER PALMA, a/k/a "Kapone," "Capon;"
DANIEL PORTILLO, a/k/a "Rustin,""Rooster;" ERICK LOPEZ, a/k/a "Spooky;"
CARLOS GARRIDO, a/k/a "Tweety;" WALTER CHINCHILLA-LINAR, a/k/a "Demonio;"
CESAR ALVARADO, a/k/a "Momia;" ABRAHAM MARTINEZ, a/k/a "Goofy;"
JOSE ALVARADO, a/k/a "Joker;" DOUGLAS LARGAESPADA, a/k/a "Droopy;"
WILBERT CASTILLO, a/k/a "Cypress;" JOSE QUINTEROS, a/k/a "Fantasma;"
MELVIN MALDONADO, a/k/a "Estrano,""Stranger;" MANUEL FRANCO, a/k/a "Dreamer;"
RODRIGO MOLINA, a/k/a "Lil Payaso," "Payaso;" MAURICIO URIAS, a/k/a "Puppet;"
JUDITH SOSA, a/k/a "J-Dubbs;" JOHN LACSAMANA BRIEZ;
JOSE ANTUNEZ, a/k/a "Fino;" ARISTIDES CARCAMO, a/k/a "Indio;"
RAFAEL MONTOYA, a/k/a "Sapo;" RENE MONTES-MAYORGA, a/k/a "Negro;"
RODIL NOCHEZ, a/k/a "Chino," "Nieto;" DANIEL GONZALEZ, a/k/a "D;" and
MARLON LUMANG.

### DEFENDANT(S).

# SECOND SUPERSEDING INDICTMENT

18 U.S.C. § 1962(d) - RICO Conspiracy

18. U.S.C. § 1959 - Violent Crimes in Aid of Racketeering

18 U.S.C. § 924(c) - Use or Possession of Firearm in Furtherance of Crime of Violence

21 U.S.C. § 846 - Conspiracy to Distribute/Possess with Intent to Distribute Controlled Substance

21 U.S.C. § 841 (a)(1), (b)(1)(A), (b)(1)(B), and (b)(1)(C) - Distribution or Possession with Intent to Distribute Controlled Substance

18 U.S.C. § 1951(a) - Conspiracy to Commit Robbery Affecting Interstate Commerce

18 U.S.C. § 922(a)(1) - Unlicensed Firearms Dealing

18 U.S.C. §922(g)(5) - Alien in Possession of Firearm

18 U.S.C. § 553(a) - Attempted Exportation of Stolen Vehicle

18 U.S.C. § 2 - Aiding & Abetting

A true bill.

_____
Foreman

Filed in open court this ___29___ day of JANUARY 2009

_____
Clerk

Bail, $ No bail arrest warrants

AO 257 (Rev. 6/78)

## DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT

BY: ☐ COMPLAINT  ☐ INFORMATION  ☑ INDICTMENT

☑ SUPERSEDING

---- OFFENSE CHARGED ----

See attached

☐ Petty
☐ Minor
☐ Misde-
    meanor
☑ Felony

PENALTY:
See attached

---- PROCEEDING ----

Name of Complaintant Agency, or Person (&Title, if any)
Special Agents Ben Horton/John Moore, Dept. of Homeland Security/ICE

☐ person is awaiting trial in another Federal or State
Court, give name of court

☐ this person/proceeding is transferred from another
district per (circle one) FRCrP 20, 21 or 40. Show
District

☐ this is a reprosecution of
charges previously dismissed
which were dismissed on
motion of:
☐ U.S. Att'y ☐ Defense

☑ this prosecution relates to a
pending case involving this same
defendant

☐ prior proceedings or appearance(s)
before U.S. Magistrate regarding
this defendant were recorded under

**SHOW**
**DOCKET NO.**

Cr-08-730-WHA

**MAGISTRATE**
**CASE NO.**

Name and Office of Person
Furnishing Information on
THIS FORM        **JOSEPH P. RUSSONIELLO**

☑ U.S. Att'y ☐ Other U.S. Agency

Name of Asst. U.S. Att'y
(if assigned)    W.S. Wilson Leung

---- Name of District Court, and/or Judge/Magistrate Location ----
NORTHERN DISTRICT OF CALIFORNIA

---- DEFENDANT - U.S. ----

MARLON LUMANG

F I L E D

DISTRICT COURT NUMBER

JAN 2 9 2009
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

---- DEFENDANT ----

**IS *NOT* IN CUSTODY**

Has not been arrested, pending outcome of this proceeding.
1) ☐ If not detained give date any prior summons
       was served on above charges

2) ☐ Is a Fugitive

3) ☐ Is on Bail or Release from (show District)

---

**IS IN CUSTODY**

4) ☑ On this charge

5) ☐ On another conviction
6) ☐ Awaiting trial on other     } ☐ Fed'l ☐ State
       charges

If answer to (6) is "Yes", show name of institution

Has detainer   ☐ Yes   } If "Yes"
been filed?    ☐ No    } give date
                        } filed

**DATE OF**            Month/Day/Year
**ARREST**

Or... if Arresting Agency & Warrant were not

**DATE TRANSFERRED**   Month/Day/Year
**TO U.S. CUSTODY**

☐ This report amends AO 257 previously submitted

---- ADDITIONAL INFORMATION OR COMMENTS ----

PROCESS:
☐ SUMMONS ☑ NO PROCESS* ☐ WARRANT   Bail Amount:

If Summons, complete following:
☐ Arraignment ☐ Initial Appearance    *Where defendant previously apprehended on complaint, no new summons
Defendant Address:                      or warrant needed, since Magistrate has scheduled arraignment

Date/Time:

Before Judge:

Comments:

## (31) MARLON LUMANG

Counts Thirty-Nine and Forty-One: Attempted Exportation of Stolen Vehicle (18 U.S.C. §§ 553(a) & 2)

For *each* count:

Maximum term of 10 years' imprisonment

Maximum term of 3 years' supervised release

Maximum fine of the greatest of either: (a) $250,000; (b) twice the gross pecuniary gain to the defendant; or (c) twice the gross pecuniary loss inflicted on another

Mandatory special assessment of $100

| DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION IN U.S. DISTRICT COURT |
|---|

BY: ☐ COMPLAINT ☐ INFORMATION ☑ INDICTMENT
☑ SUPERSEDING

**OFFENSE CHARGED**

See attached

☐ Petty
☐ Minor
☐ Misdemeanor
☑ Felony

PENALTY:
See attached

**PROCEEDING**

Name of Complaintant Agency, or Person (&Title, if any)
Special Agents Ben Horton/John Moore, Dept. of Homeland Security/ICE

☐ person is awaiting trial in another Federal or State
Court, give name of court

☐ this person/proceeding is transferred from another
district per (circle one) FRCrP 20, 21 or 40. Show
District

☐ this is a reprosecution of
charges previously dismissed
which were dismissed on
motion of:
☐ U.S. Att'y ☐ Defense
☑ this prosecution relates to a
pending case involving this same
defendant
☐ prior proceedings or appearance(s)
before U.S. Magistrate regarding
this defendant were recorded under

**SHOW
DOCKET NO.**
Cr-08-730-WHA

**MAGISTRATE
CASE NO.**

Name and Office of Person
Furnishing Information on
THIS FORM  **JOSEPH P. RUSSONIELLO**
☑ U.S. Att'y ☐ Other U.S. Agency

Name of Asst. U.S. Att'y
(if assigned)  W.S. Wilson Leung

---

Name of District Court, and/or Judge/Magistrate Location
NORTHERN DISTRICT OF CALIFORNIA

**DEFENDANT - U.S.**

DANIEL GONZALEZ

DISTRICT COURT NUMBER

---

**DEFENDANT**

**IS NOT IN CUSTODY**
1) ☑ Has not been arrested, pending outcome this proceeding.
If not detained give date any prior summons
was served on above charges

2) ☐ Is a Fugitive

3) ☐ Is on Bail or Release from (show District)

**IS IN CUSTODY**
4) ☐ On this charge

5) ☐ On another conviction

6) ☐ Awaiting trial on other charges  } ☐ Fed'l ☐ State

If answer to (6) is "Yes", show name of institution

Has detainer
been filed?  ☐ Yes  If "Yes"
☐ No  give date
filed

**DATE OF
ARREST**  Month/Day/Year

Or... if Arresting Agency & Warrant were not

**DATE TRANSFERRED
TO U.S. CUSTODY**  Month/Day/Year

☐ This report amends AO 257 previously submitted

---

**ADDITIONAL INFORMATION OR COMMENTS**

PROCESS:
☐ SUMMONS ☐ NO PROCESS* ☑ WARRANT  Bail Amount:  No bail

If Summons, complete following:
☐ Arraignment ☐ Initial Appearance
Defendant Address:

*Where defendant previously apprehended on complaint, no new summons
or warrant needed, since Magistrate has scheduled arraignment*

Date/Time:

Before Judge:

Comments:

## (30) DANIEL GONZALEZ, a/k/a "D" --- NOT IN CUSTODY

Counts Forty-Three, Forty-Four, Forty-Five, Forty-Nine, Fifty, Fifty-One, Fifty-Two, and Fifty-Three: Attempted Exportation of Stolen Vehicle (18 U.S.C. §§ 553(a) & 2)
    For *each* count:
    Maximum term of 10 years' imprisonment
    Maximum term of 3 years' supervised release
    Maximum fine of the greatest of either: (a) $250,000; (b) twice the gross pecuniary gain to the defendant; or (c) twice the gross pecuniary loss inflicted on another
    Mandatory special assessment of $100

AO 257 (Rev. 6/78)

**DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT**

| BY: ☐ COMPLAINT ☐ INFORMATION ☑ INDICTMENT | Name of District Court, and/or Judge/Magistrate Location |
|---|---|
| ☑ SUPERSEDING | NORTHERN DISTRICT OF CALIFORNIA |

**OFFENSE CHARGED**

See attached

☐ Petty
☐ Minor
☐ Misde-meanor
☑ Felony

PENALTY:
See attached

**DEFENDANT - U.S.**

RODIL NOCHEZ

DISTRICT COURT NUMBER

**DEFENDANT**

**IS *NOT* IN CUSTODY**

1) ☐ Has not been arrested, pending outcome this proceeding.
   If not detained give date any prior summons
   was served on above charges

2) ☐ Is a Fugitive

3) ☑ Is on Bail or Release from (show District)

NDCA

**IS IN CUSTODY**

4) ☐ On this charge

5) ☐ On another conviction
6) ☐ Awaiting trial on other charges      } ☐ Fed'l ☐ State

   If answer to (6) is "Yes", show name of Institution

**PROCEEDING**

Name of Complaintant Agency, or Person (&Title, if any)
Special Agents Ben Horton/John Moore, Dept. of Homeland Security/ICE

☐ person is awaiting trial in another Federal or State Court, give name of court

☐ this person/proceeding is transferred from another district per (circle one) FRCrP 20, 21 or 40. Show District

☐ this is a reprosecution of charges previously dismissed which were dismissed on motion of:      **SHOW DOCKET NO.**
   ☐ U.S. Att'y ☐ Defense

this prosecution relates to a pending case involving this same defendant      Cr-08-730-WHA

☑ pending case involving this same defendant

☐ prior proceedings or appearance(s) before U.S. Magistrate regarding this defendant were recorded under      **MAGISTRATE CASE NO.**

| Has detainer been filed? | ☐ Yes ☐ No | } | If "Yes" give date filed |
|---|---|---|---|

DATE OF ARREST      Month/Day/Year

Or... if Arresting Agency & Warrant were not

DATE TRANSFERRED TO U.S. CUSTODY      Month/Day/Year

Name and Office of Person
Furnishing Information on THIS FORM      **JOSEPH P. RUSSONIELLO**
☑ U.S. Att'y ☐ Other U.S. Agency

Name of Asst. U.S. Att'y
(if assigned)      W.S. Wilson Leung

☐ This report amends AO 257 previously submitted

**ADDITIONAL INFORMATION OR COMMENTS**

PROCESS:
☐ SUMMONS ☑ NO PROCESS* ☐ WARRANT      Bail Amount:

If Summons, complete following:
☐ Arraignment ☐ Initial Appearance
Defendant Address:

*Where defendant previously apprehended on complaint, no new summons or warrant needed, since Magistrate has scheduled arraignment

Date/Time:

Before Judge:

Comments:

**(29) RODIL NOCHEZ, a/k/a "Chino," a/k/a "Nieto"**

Counts Forty-Three, Forty-Four, Forty-Five, Forty-Nine, Fifty, Fifty-One, Fifty-Two, and
Fifty-Three: Attempted Exportation of Stolen Vehicle (18 U.S.C. §§ 553(a) & 2)

For *each* count:

Maximum term of 10 years' imprisonment

Maximum term of 3 years' supervised release

Maximum fine of the greatest of either: (a) $250,000; (b) twice the gross pecuniary gain
to the defendant; or (c) twice the gross pecuniary loss inflicted on another

Mandatory special assessment of $100

34

AO 257 (Rev. 6/78)

## DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT

BY: ☐ COMPLAINT ☐ INFORMATION ☑ INDICTMENT
☑ SUPERSEDING

─── OFFENSE CHARGED ───

See attached

☐ Petty
☐ Minor
☐ Misde-meanor
☑ Felony

PENALTY:
See attached

─── PROCEEDING ───
Name of Complaintant Agency, or Person (&Title, if any)
Special Agents Ben Horton/John Moore, Dept. of Homeland Security/ICE

☐ person is awaiting trial in another Federal or State Court, give name of court

☐ this person/proceeding is transferred from another district per (circle one) FRCrP 20, 21 or 40. Show District

☐ this is a reprosecution of charges previously dismissed which were dismissed on motion of:
☐ U.S. Att'y ☐ Defense

**SHOW DOCKET NO.**

☑ this prosecution relates to a pending case involving this same defendant

Cr-08-730-WHA

☐ prior proceedings or appearance(s) before U.S. Magistrate regarding this defendant were recorded under

**MAGISTRATE CASE NO.**

Name and Office of Person Furnishing Information on THIS FORM    **JOSEPH P. RUSSONIELLO**

☑ U.S. Att'y ☐ Other U.S. Agency

Name of Asst. U.S. Att'y
(if assigned)    W.S. Wilson Leung

─── Name of District Court, and/or Judge/Magistrate Location ───
NORTHERN DISTRICT OF CALIFORNIA

─── DEFENDANT - U.S. ───

RENE MONTES-MAYORGA

DISTRICT COURT NUMBER

─────────── DEFENDANT ───────────

**IS *NOT* IN CUSTODY**
   Has not been arrested, pending outcome this proceeding.
1) ☐ If not detained give date any prior summons was served on above charges

2) ☐ Is a Fugitive

3) ☐ Is on Bail or Release from (show District)

─────

**IS IN CUSTODY**

4) ☑ On this charge

5) ☐ On another conviction

6) ☐ Awaiting trial on other charges    } ☐ Fed'l ☐ State

   If answer to (6) is "Yes", show name of institution

Has detainer been filed?    ☐ Yes    If "Yes" give date filed
                            ☐ No

**DATE OF ARREST**    Month/Day/Year

Or... if Arresting Agency & Warrant were not

**DATE TRANSFERRED TO U.S. CUSTODY**    Month/Day/Year

☐ This report amends AO 257 previously submitted

─────── ADDITIONAL INFORMATION OR COMMENTS ───────

**PROCESS:**
☐ SUMMONS ☑ NO PROCESS* ☐ WARRANT    Bail Amount:

If Summons, complete following:
☐ Arraignment ☐ Initial Appearance
Defendant Address:

*Where defendant previously apprehended on complaint, no new summons or warrant needed, since Magistrate has scheduled arraignment

Date/Time:

Before Judge:

Comments:

**(28) RENE MONTES-MAYORGA, a/k/a "Negro"**

Count Thirty-Seven: Engaging in the Unlicensed Business of Firearms Dealing (18 U.S.C. §§ 922(a)(1)(A) and 2)

Maximum term of 5 years' imprisonment

Maximum term of 3 years' supervised release

Maximum fine of the greatest of either: (a) $250,000; (b) twice the gross pecuniary gain to the defendant; or (c) twice the gross pecuniary loss inflicted on another

Mandatory special assessment of $100

Count Thirty-Eight: Alien in Possession of Firearm (18 U.S.C. § 922(g)(5))

Maximum term of 10 years' imprisonment

Maximum term of 3 years' supervised release

Maximum fine of the greatest of either: (a) $250,000; (b) twice the gross pecuniary gain to the defendant; or (c) twice the gross pecuniary loss inflicted on another

Mandatory special assessment of $100

AO 257 (Rev. 6/78)

## DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT

BY: ☐ COMPLAINT ☐ INFORMATION ☑ INDICTMENT ☑ SUPERSEDING

**Name of District Court, and/or Judge/Magistrate Location**
NORTHERN DISTRICT OF CALIFORNIA

### OFFENSE CHARGED

See attached

☐ Petty
☐ Minor
☐ Misdemeanor
☑ Felony

PENALTY:
See attached

**DEFENDANT - U.S.**

▶ RAFAEL MONTOYA

DISTRICT COURT NUMBER

### PROCEEDING

Name of Complaintant Agency, or Person (&Title, if any)
Special Agents Ben Horton/John Moore, Dept. of Homeland Security/ICE

☐ person is awaiting trial in another Federal or State Court, give name of court

☐ this person/proceeding is transferred from another district per (circle one) FRCrP 20, 21 or 40. Show District

☐ this is a reprosecution of charges previously dismissed which were dismissed on motion of:
☐ U.S. Att'y ☐ Defense

**SHOW DOCKET NO.**

☑ this prosecution relates to a pending case involving this same defendant

Cr-08-730-WHA

☐ prior proceedings or appearance(s) before U.S. Magistrate regarding this defendant were recorded under

**MAGISTRATE CASE NO.**

Name and Office of Person
Furnishing Information on
THIS FORM

**JOSEPH P. RUSSONIELLO**

☑ U.S. Att'y ☐ Other U.S. Agency

Name of Asst. U.S. Att'y
(if assigned)   W.S. Wilson Leung

### DEFENDANT

**IS NOT IN CUSTODY**

1) ☐ Has not been arrested, pending outcome this proceeding. If not detained give date any prior summons was served on above charges

2) ☐ Is a Fugitive

3) ☐ Is on Bail or Release from (show District)

**IS IN CUSTODY**

4) ☑ On this charge

5) ☐ On another conviction

6) ☐ Awaiting trial on other charges    } ☐ Fed'l ☐ State

If answer to (6) is "Yes", show name of institution

Has detainer been filed?   ☐ Yes   If "Yes" give date filed
☐ No

DATE OF ARREST ▶   Month/Day/Year

Or... if Arresting Agency & Warrant were not

DATE TRANSFERRED ▶
TO U.S. CUSTODY   Month/Day/Year

☐ This report amends AO 257 previously submitted

### ADDITIONAL INFORMATION OR COMMENTS

PROCESS:
☐ SUMMONS ☑ NO PROCESS* ☐ WARRANT   Bail Amount:

If Summons, complete following:
☐ Arraignment ☐ Initial Appearance
Defendant Address:

*Where defendant previously apprehended on complaint, no new summons or warrant needed, since Magistrate has scheduled arraignment

Date/Time:

Before Judge:

Comments:

## (27) **RAFAEL MONTOYA**

Count One: Racketeering Conspiracy (18 U.S.C. § 1962(d))

Maximum term of life imprisonment

Maximum term of 5 years' supervised release

Maximum fine of the greatest of either: (a) $250,000; (b) twice the gross pecuniary gain to the defendant; or (c) twice the gross pecuniary loss inflicted on another

Mandatory special assessment of $100

Count Two: Conspiracy to Commit Murder in Aid of Racketeering (18 U.S.C. § 1959(a)(5))

Maximum term of 10 years' imprisonment

Maximum term of 3 years' supervised release

Maximum fine of the greatest of either: (a) $250,000; (b) twice the gross pecuniary gain to the defendant; or (c) twice the gross pecuniary loss inflicted on another

Mandatory special assessment of $100

Count Three: Conspiracy to Commit Assault with a Dangerous Weapon in Aid of Racketeering (18 U.S.C. § 1959(a)(6))

Maximum term of 3 years' imprisonment

Maximum term of 3 years' supervised release

Maximum fine of the greatest of either: (a) $250,000; (b) twice the gross pecuniary gain to the defendant; or (c) twice the gross pecuniary loss inflicted on another

Mandatory special assessment of $100

Count Four: Use/Possession of Firearm in Furtherance of Crime of Violence (18 U.S.C. §§ 924(c) & 2)

Maximum term of life imprisonment

Mandatory minimum term of 5, 7, or 10 years' imprisonment, to be imposed consecutive to any other term of imprisonment

Maximum term of supervised release of 5 years

Maximum fine of the greatest of either: (a) $250,000; (b) twice the gross pecuniary gain to the defendant; or (c) twice the gross pecuniary loss inflicted on another

Mandatory special assessment of $100

Count Thirty-Six: Conspiracy to Commit Robbery Affecting Interstate Commerce (18 U.S.C. § 1951(a))

Maximum term of 20 years' imprisonment

Maximum term of 3 years' supervised release

Maximum fine of the greatest of either: (a) $250,000; (b) twice the gross pecuniary gain to the defendant; or (c) twice the gross pecuniary loss inflicted on another

Mandatory special assessment of $100

# DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT

BY: ☐ COMPLAINT  ☐ INFORMATION  ☑ INDICTMENT
☑ SUPERSEDING

**Name of District Court, and/or Judge/Magistrate Location**
NORTHERN DISTRICT OF CALIFORNIA

## OFFENSE CHARGED

See attached

☐ Petty
☐ Minor
☐ Misde-meanor
☑ Felony

PENALTY:
See attached

### DEFENDANT - U.S.

▶ ARISTIDES CARCAMO

*FILED*

DISTRICT COURT NUMBER

JAN 2 0 2009

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

## PROCEEDING
**Name of Complaintant Agency, or Person (&Title, if any)**
Special Agents Ben Horton/John Moore, Dept. of Homeland Security/ICE

☐ person is awaiting trial in another Federal or State Court, give name of court

☐ this person/proceeding is transferred from another district per (circle one) FRCrP 20, 21 or 40. Show District

☐ this is a reprosecution of charges previously dismissed which were dismissed on motion of:
  ☐ U.S. Att'y ☐ Defense
  **SHOW DOCKET NO.**
☑ this prosecution relates to a pending case involving this same defendant
  **MAGISTRATE CASE NO.**
☐ prior proceedings or appearance(s) before U.S. Magistrate regarding this defendant were recorded under

Cr-08-730-WHA

**IS NOT IN CUSTODY**
1) ☐ Has not been arrested, pending outcome this proceeding.
   If not detained give date any prior summons was served on above charges

2) ☐ Is a Fugitive

3) ☑ Is on Bail or Release from (show District)

NDCA

**IS IN CUSTODY**
4) ☐ On this charge

5) ☐ On another conviction
6) ☐ Awaiting trial on other charges     } ☐ Fed'l ☐ State

If answer to (6) is "Yes", show name of institution

Has detainer been filed?  ☐ Yes ☐ No     If "Yes" give date filed

**DATE OF ARREST** ▶     Month/Day/Year

Or... if Arresting Agency & Warrant were not

**DATE TRANSFERRED TO U.S. CUSTODY** ▶     Month/Day/Year

Name and Office of Person Furnishing Information on THIS FORM
**JOSEPH P. RUSSONIELLO**
☑ U.S. Att'y ☐ Other U.S. Agency

Name of Asst. U.S. Att'y (if assigned)  W.S. Wilson Leung

☐ This report amends AO 257 previously submitted

## ADDITIONAL INFORMATION OR COMMENTS

PROCESS:
☐ SUMMONS ☐ NO PROCESS* ☑ WARRANT  Bail Amount: No bail

If Summons, complete following:
☐ Arraignment ☐ Initial Appearance
Defendant Address:

*Where defendant previously apprehended on complaint, no new summons or warrant needed, since Magistrate has scheduled arraignment

Date/Time:

Before Judge:

Comments:

## (26) ARISTIDES CARCAMO

Count One: Racketeering Conspiracy (18 U.S.C. § 1962(d))
Maximum term of life imprisonment
Maximum term of 5 years' supervised release
Maximum fine of the greatest of either: (a) $250,000; (b) twice the gross pecuniary gain
to the defendant; or (c) twice the gross pecuniary loss inflicted on another
Mandatory special assessment of $100

Count Two: Conspiracy to Commit Murder in Aid of Racketeering (18 U.S.C. § 1959(a)(5))
Maximum term of 10 years' imprisonment
Maximum term of 3 years' supervised release
Maximum fine of the greatest of either: (a) $250,000; (b) twice the gross pecuniary gain
to the defendant; or (c) twice the gross pecuniary loss inflicted on another
Mandatory special assessment of $100

Count Three: Conspiracy to Commit Assault with a Dangerous Weapon in Aid of
Racketeering (18 U.S.C. § 1959(a)(6))
Maximum term of 3 years' imprisonment
Maximum term of 3 years' supervised release
Maximum fine of the greatest of either: (a) $250,000; (b) twice the gross pecuniary gain
to the defendant; or (c) twice the gross pecuniary loss inflicted on another
Mandatory special assessment of $100

Count Four: Use/Possession of Firearm in Furtherance of Crime of Violence (18 U.S.C. §§
924(c) & 2)
Maximum term of life imprisonment
Mandatory minimum term of 5, 7, or 10 years' imprisonment, to be imposed consecutive
to any other term of imprisonment
Maximum term of supervised release of 5 years
Maximum fine of the greatest of either: (a) $250,000; (b) twice the gross pecuniary gain
to the defendant; or (c) twice the gross pecuniary loss inflicted on another
Mandatory special assessment of $100

Count Thirty-Six: Conspiracy to Commit Robbery Affecting Interstate Commerce (18 U.S.C.
§ 1951(a))
Maximum term of 20 years' imprisonment
Maximum term of 3 years' supervised release
Maximum fine of the greatest of either: (a) $250,000; (b) twice the gross pecuniary gain
to the defendant; or (c) twice the gross pecuniary loss inflicted on another
Mandatory special assessment of $100

Count Forty-One: Attempted Exportation of Stolen Vehicle (18 U.S.C. §§ 553(a) & 2)

    Maximum term of 10 years' imprisonment

    Maximum term of 3 years' supervised release

    Maximum fine of the greatest of either: (a) $250,000; (b) twice the gross pecuniary gain
to the defendant; or (c) twice the gross pecuniary loss inflicted on another

    Mandatory special assessment of $100

AO 257 (Rev. 6/78)

## DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT

BY: ☐ COMPLAINT ☐ INFORMATION ☑ INDICTMENT
☑ SUPERSEDING

---- OFFENSE CHARGED ----

See attached

☐ Petty
☐ Minor
☐ Misde-
meanor
☑ Felony

PENALTY:
See attached

---- PROCEEDING ----
Name of Complaintant Agency, or Person (&Title, if any)
Special Agents Ben Horton and John Moore, Dept. of Homeland Security/ICE

☐ person is awaiting trial in another Federal or State
Court, give name of court

☐ this person/proceeding is transferred from another
district per (circle one) FRCrP 20, 21 or 40. Show
District

☐ this is a reprosecution of
charges previously dismissed
which were dismissed on
motion of:
☐ U.S. Att'y ☐ Defense
☑ this prosecution relates to a
pending case involving this same
defendant
☐ prior proceedings or appearance(s)
before U.S. Magistrate regarding
this defendant were recorded under

SHOW
DOCKET NO.

Cr-08-730-WHA

MAGISTRATE
CASE NO.

Name and Office of Person
Furnishing Information on
THIS FORM        **JOSEPH P. RUSSONIELLO**
☑ U.S. Att'y ☐ Other U.S. Agency

Name of Asst. U.S. Att'y
(if assigned)    W.S. Wilson Leung

Name of District Court, and/or Judge/Magistrate Location
NORTHERN DISTRICT OF CALIFORNIA

---- DEFENDANT - U.S. ----

JOSE ANTUNEZ

~~FILED~~

DISTRICT COURT NUMBER

JAN 2 0 2009

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

DEFENDANT

**IS *NOT* IN CUSTODY**
Has not been arrested, pending outcome this proceeding.
1) ☐ If not detained give date any prior summons
was served on above charges

2) ☐ Is a Fugitive

3) ☐ Is on Bail or Release from (show District)

**IS IN CUSTODY**
4) ☑ On this charge

5) ☐ On another conviction
6) ☐ Awaiting trial on other    ☐ Fed'l ☐ State
charges
If answer to (6) is "Yes", show name of institution

Has detainer    ☐ Yes    If "Yes"
been filed?    ☐ No    give date
filed

DATE OF
ARREST    Month/Day/Year

Or... if Arresting Agency & Warrant were not

DATE TRANSFERRED    Month/Day/Year
TO U.S. CUSTODY

☐ This report amends AO 257 previously submitted

---- ADDITIONAL INFORMATION OR COMMENTS ----

PROCESS:
☐ SUMMONS ☑ NO PROCESS* ☐ WARRANT    Bail Amount:

If Summons, complete following:
☐ Arraignment ☐ Initial Appearance    *Where defendant previously apprehended on complaint, no new summons
Defendant Address:    or warrant needed, since Magistrate has scheduled arraignment

Date/Time:

Before Judge:

Comments:

## (25)  JOSE ANTUNEZ, a/k/a "Fino"

Count Thirty-Five: Distribution/Possession with Intent to Distribute Controlled Substance
(21 U.S.C. §§ 841(a)(1) & (b)(1)(C), and 18 U.S.C. § 2)
    Maximum term of 20 years' imprisonment
    Maximum term of supervised release of life
    Mandatory minimum term of 3 years' supervised release
    Maximum fine of the greatest of either: (a) $1 million; (b) twice the gross pecuniary gain
    to the defendant; or (c) twice the gross pecuniary loss inflicted on another
    Mandatory special assessment of $100

AO 257 (Rev. 6/78)

## DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT

BY: ☐ COMPLAINT ☐ INFORMATION ☑ INDICTMENT
☑ SUPERSEDING

**Name of District Court, and/or Judge/Magistrate Location**
NORTHERN DISTRICT OF CALIFORNIA

──── OFFENSE CHARGED ────

See attached

☐ Petty
☐ Minor
☐ Misde-meanor
☑ Felony

PENALTY:
See attached

──── DEFENDANT - U.S. ────

JOHN LACSAMANABRIEZ

DISTRICT COURT NUMBER
2 0 2009
RICHARD W WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

──── DEFENDANT ────

### PROCEEDING
Name of Complaintant Agency, or Person (&Title, if any)
Special Agents Ben Horton and John Moore, Dept. of Homeland Security/ICE

☐ person is awaiting trial in another Federal or State Court, give name of court

☐ this person/proceeding is transferred from another district per (circle one) FRCrP 20, 21 or 40. Show District

☐ this is a reprosecution of charges previously dismissed which were dismissed on motion of:
  ☐ U.S. Att'y ☐ Defense
this prosecution relates to a
☑ pending case involving this same defendant
☐ prior proceedings or appearance(s) before U.S. Magistrate regarding this defendant were recorded under

**SHOW DOCKET NO.**
Cr-08-730-WHA

**MAGISTRATE CASE NO.**

Name and Office of Person
Furnishing Information on THIS FORM

**JOSEPH P. RUSSONIELLO**
☑ U.S. Att'y ☐ Other U.S. Agency

Name of Asst. U.S. Att'y
(if assigned) W.S. Wilson Leung

**IS *NOT* IN CUSTODY**
1) ☐ Has not been arrested, pending outcome this proceeding. If not detained give date any prior summons was served on above charges

2) ☐ Is a Fugitive

3) ☐ Is on Bail or Release from (show District)

**IS IN CUSTODY**
4) ☑ On this charge
5) ☐ On another conviction
6) ☐ Awaiting trial on other charges
} ☐ Fed'l ☐ State

If answer to (6) is "Yes", show name of institution

Has detainer been filed? ☐ Yes ☐ No
} If "Yes" give date filed

**DATE OF ARREST** ▶ Month/Day/Year

Or... if Arresting Agency & Warrant were not

**DATE TRANSFERRED TO U.S. CUSTODY** ▶ Month/Day/Year

☐ This report amends AO 257 previously submitted

──── ADDITIONAL INFORMATION OR COMMENTS ────

PROCESS:
☐ SUMMONS ☑ NO PROCESS* ☐ WARRANT    Bail Amount:

If Summons, complete following:
☐ Arraignment ☐ Initial Appearance
Defendant Address:

*Where defendant previously apprehended on complaint, no new summons or warrant needed, since Magistrate has scheduled arraignment

Date/Time:

Before Judge:

Comments:

## (24) JOHN LACSAMANA BRIEZ

Count Twenty-Six: Conspiracy to Distribute/Possess with Intent to Distribute 50 Grams or More of Actual Methamphetamine (21 U.S.C. § 846 and 841(b)(1)(A))

Maximum term of life imprisonment

Mandatory minimum term of 10 years' imprisonment

Maximum term of supervised release of life

Mandatory minimum term of 5 years' supervised release

Maximum fine of the greatest of either: (a) $4 million; (b) twice the gross pecuniary gain to the defendant; or (c) twice the gross pecuniary loss inflicted on another

Mandatory special assessment of $100

Counts Twenty-Seven, Twenty-Eight, and Thirty: Distribution/Possession with Intent to Distribute 5 Grams or More of Actual Methamphetamine (21 U.S.C. §§ 841(a)(1) & (b)(1)(B), and 18 U.S.C. § 2)

For *each* count:

Maximum term of 40 years' imprisonment

Mandatory minimum term of 5 years' imprisonment

Maximum term of supervised release of life

Mandatory minimum term of 4 years' supervised release

Maximum fine of the greatest of either: (a) $2 million; (b) twice the gross pecuniary gain to the defendant; or (c) twice the gross pecuniary loss inflicted on another

Mandatory special assessment of $100

AO 257 (Rev. 6/78)

## DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT

BY: ☐ COMPLAINT ☐ INFORMATION ☑ INDICTMENT
☑ SUPERSEDING

┌─── OFFENSE CHARGED ───

See attached
☐ Petty
☐ Minor
☐ Misde-
meanor
☑ Felony

PENALTY:
See attached

┌─── Name of District Court, and/or Judge/Magistrate Location ───
NORTHERN DISTRICT OF CALIFORNIA

┌─ DEFENDANT - U.S. ─

*F I L E D*

JUDITH SOSA

DISTRICT COURT NUMBER     JAN 2 a 2009

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

─── DEFENDANT ───

**IS *NOT* IN CUSTODY**
1) ☐ Has not been arrested, pending outcome this proceeding.
If not detained give date any prior summons
was served on above charges

2) ☐ Is a Fugitive

3) ☑ Is on Bail or Release from (show District)

NDCA

**IS IN CUSTODY**

4) ☐ On this charge

5) ☐ On another conviction
6) ☐ Awaiting trial on other  } ☐ Fed'l ☐ State
charges

If answer to (6) is "Yes", show name of institution

┌─── PROCEEDING ───
Name of Complaintant Agency, or Person (&Title, if any)
Special Agents Ben Horton/John Moore, Dept. of Homeland Security/ICE

☐ person is awaiting trial in another Federal or State
Court, give name of court

☐ this person/proceeding is transferred from another
district per (circle one) FRCrP 20, 21 or 40. Show
District

☐ this is a reprosecution of
charges previously dismissed
which were dismissed on
motion of:
☐ U.S. Att'y ☐ Defense
this prosecution relates to a
☑ pending case involving this same
defendant
☐ prior proceedings or appearance(s)
before U.S. Magistrate regarding
this defendant were recorded under

SHOW
DOCKET NO.

Cr-08-730-WHA

MAGISTRATE
CASE NO.

Has detainer ☐ Yes  } If "Yes"
been filed? ☐ No  } give date
filed

DATE OF          Month/Day/Year
ARREST

Or... if Arresting Agency & Warrant were not

Name and Office of Person
Furnishing Information on
THIS FORM          JOSEPH P. RUSSONIELLO
☑ U.S. Att'y ☐ Other U.S. Agency

Name of Asst. U.S. Att'y
(if assigned)    W.S. Wilson Leung

DATE TRANSFERRED          Month/Day/Year
TO U.S. CUSTODY

☐ This report amends AO 257 previously submitted

─── ADDITIONAL INFORMATION OR COMMENTS ───

PROCESS:
☐ SUMMONS ☑ NO PROCESS* ☐ WARRANT  Bail Amount:

If Summons, complete following:
☐ Arraignment ☐ Initial Appearance
Defendant Address:

*Where defendant previously apprehended on complaint, no new summons
or warrant needed, since Magistrate has scheduled arraignment

Date/Time:

Before Judge:

Comments:

## (23) JUDITH SOSA, a/k/a "J-Dubbs"

Count Twenty-Six: Conspiracy to Distribute/Possess with Intent to Distribute 50 Grams or
More of Actual Methamphetamine (21 U.S.C. § 846 and 841(b)(1)(A))

    Maximum term of life imprisonment

    Mandatory minimum term of 10 years' imprisonment

    Maximum term of supervised release of life

    Mandatory minimum term of 5 years' supervised release

    Maximum fine of the greatest of either: (a) $4 million; (b) twice the gross pecuniary gain
to the defendant; or (c) twice the gross pecuniary loss inflicted on another

    Mandatory special assessment of $100

Counts Twenty-Seven, Twenty-Eight, Twenty-Nine, and Thirty: Distribution/Possession with
Intent to Distribute 5 Grams or More of Actual Methamphetamine (21 U.S.C. §§ 841(a)(1) &
(b)(1)(B), and 18 U.S.C. § 2)

    For *each* count:

    Maximum term of 40 years' imprisonment

    Mandatory minimum term of 5 years' imprisonment

    Maximum term of supervised release of life

    Mandatory minimum term of 4 years' supervised release

    Maximum fine of the greatest of either: (a) $2 million; (b) twice the gross pecuniary gain
to the defendant; or (c) twice the gross pecuniary loss inflicted on another

    Mandatory special assessment of $100

AO 257 (Rev. 6/78)

## DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT

BY: ☐ COMPLAINT ☐ INFORMATION ☑ INDICTMENT
☑ SUPERSEDING

---- OFFENSE CHARGED ----

See attached

☐ Petty
☐ Minor
☐ Misde-meanor
☑ Felony

PENALTY:
See attached

---- PROCEEDING ----

Name of Complainant Agency, or Person (&Title, if any)
Special Agents Ben Horton/John Moore, Dept. of Homeland Security/ICE

☐ person is awaiting trial in another Federal or State Court, give name of court

☐ this person/proceeding is transferred from another district per (circle one) FRCrP 20, 21 or 40. Show District

☐ this is a reprosecution of
charges previously dismissed
which were dismissed on          **SHOW**
motion of:                        **DOCKET NO.**
☐ U.S. Att'y ☐ Defense
this prosecution relates to a      Cr-08-730-WHA
☑ pending case involving this same
defendant                         **MAGISTRATE**
☐ prior proceedings or appearance(s)  **CASE NO.**
before U.S. Magistrate regarding
this defendant were recorded under

Name and Office of Person
Furnishing Information on        **JOSEPH P. RUSSONIELLO**
THIS FORM
☑ U.S. Att'y ☐ Other U.S. Agency

Name of Asst. U.S. Att'y
(if assigned)    W.S. Wilson Leung

---

Name of District Court, and/or Judge/Magistrate Location
NORTHERN DISTRICT OF CALIFORNIA

---- DEFENDANT - U.S. ----

MAURICIO URIAS

**F I L E D**

DISTRICT COURT NUMBER

JAN 2 0 2009
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

---- DEFENDANT ----

### IS *NOT* IN CUSTODY

Has not been arrested, pending outcome this proceeding.
1) ☐ If not detained give date any prior summons was served on above charges

2) ☐ Is a Fugitive

3) ☐ Is on Bail or Release from (show District)

---

### IS IN CUSTODY

4) ☑ On this charge

5) ☐ On another conviction

6) ☐ Awaiting trial on other charges          } ☐ Fed'l ☐ State

If answer to (6) is "Yes", show name of institution

Has detainer  ☐ Yes     If "Yes"
been filed?   ☐ No       give date filed

**DATE OF ARREST**         Month/Day/Year

Or... if Arresting Agency & Warrant were not

**DATE TRANSFERRED TO U.S. CUSTODY**         Month/Day/Year

☐ This report amends AO 257 previously submitted

---- ADDITIONAL INFORMATION OR COMMENTS ----

PROCESS:
☐ SUMMONS ☑ NO PROCESS* ☐ WARRANT     Bail Amount:

If Summons, complete following:
☐ Arraignment ☐ Initial Appearance    *Where defendant previously apprehended on complaint, no new summons
Defendant Address:                      or warrant needed, since Magistrate has scheduled arraignment

Date/Time:

Before Judge:

Comments:

## (22) MAURICIO URIAS, a/k/a Puppet"

Count One: Racketeering Conspiracy (18 U.S.C. § 1962(d))
    Maximum term of life imprisonment
    Maximum term of 5 years' supervised release
    Maximum fine of the greatest of either: (a) $250,000; (b) twice the gross pecuniary gain
    to the defendant; or (c) twice the gross pecuniary loss inflicted on another
    Mandatory special assessment of $100

Count Two: Conspiracy to Commit Murder in Aid of Racketeering (18 U.S.C. § 1959(a)(5))
    Maximum term of 10 years' imprisonment
    Maximum term of 3 years' supervised release
    Maximum fine of the greatest of either: (a) $250,000; (b) twice the gross pecuniary gain
    to the defendant; or (c) twice the gross pecuniary loss inflicted on another
    Mandatory special assessment of $100

Count Three: Conspiracy to Commit Assault with a Dangerous Weapon in Aid of
Racketeering (18 U.S.C. § 1959(a)(6))
    Maximum term of 3 years' imprisonment
    Maximum term of 3 years' supervised release
    Maximum fine of the greatest of either: (a) $250,000; (b) twice the gross pecuniary gain
    to the defendant; or (c) twice the gross pecuniary loss inflicted on another
    Mandatory special assessment of $100

Count Four: Use/Possession of Firearm in Furtherance of Crime of Violence (18 U.S.C. §§
924(c) & 2)
    Maximum term of life imprisonment
    Mandatory minimum term of 5, 7, or 10 years' imprisonment, to be imposed consecutive
    to any other term of imprisonment
    Maximum term of supervised release of 5 years
    Maximum fine of the greatest of either: (a) $250,000; (b) twice the gross pecuniary gain
    to the defendant; or (c) twice the gross pecuniary loss inflicted on another
    Mandatory special assessment of $100

Count Twenty-Six: Conspiracy to Distribute/Possess with Intent to Distribute 50 Grams or
More of Actual Methamphetamine and a Quantity of Cocaine (21 U.S.C. § 846 and
841(b)(1)(A))
    Maximum term of life imprisonment
    Mandatory minimum term of 10 years' imprisonment
    Maximum term of supervised release of life
    Mandatory minimum term of 5 years' supervised release
    Maximum fine of the greatest of either: (a) $4 million; (b) twice the gross pecuniary gain
    to the defendant; or (c) twice the gross pecuniary loss inflicted on another
    Mandatory special assessment of $100

<u>Counts Twenty-Seven, Twenty-Eight, Twenty-Nine, Thirty</u>: Distribution/Possession with
Intent to Distribute 5 Grams or More of Actual Methamphetamine (21 U.S.C. §§ 841(a)(1) &
(b)(1)(B), and 18 U.S.C. § 2)

 For *each* count:

 Maximum term of 40 years' imprisonment

 Mandatory minimum term of 5 years' imprisonment

 Maximum term of supervised release of life

 Mandatory minimum term of 4 years' supervised release

 Maximum fine of the greatest of either: (a) $2 million; (b) twice the gross pecuniary gain
 to the defendant; or (c) twice the gross pecuniary loss inflicted on another

 Mandatory special assessment of $100

<u>Counts Thirty-One, Thirty-Two, Thirty-Three, and Thirty-Four</u>: Distribution/Possession with
Intent to Distribute a Quantity of Cocaine (21 U.S.C. §§ 841(a)(1) & (b)(1)(C), and 18
U.S.C. § 2)

 For *each* count:

 Maximum term of 20 years' imprisonment

 Maximum term of supervised release of life

 Mandatory minimum term of 3 years' supervised release

 Maximum fine of the greatest of either: (a) $1 million; (b) twice the gross pecuniary gain
 to the defendant; or (c) twice the gross pecuniary loss inflicted on another

 Mandatory special assessment of $100

AO 257 (Rev. 6/78)

## DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT

BY: ☐ COMPLAINT ☐ INFORMATION ☑ INDICTMENT
☑ SUPERSEDING

**Name of District Court, and/or Judge/Magistrate Location**
NORTHERN DISTRICT OF CALIFORNIA

---

### OFFENSE CHARGED

See attached

☐ Petty
☐ Minor
☐ Misde-meanor
☑ Felony

PENALTY:
See attached

---

**DEFENDANT - U.S.**

RODRIGO MOLINA

*FILED*

DISTRICT COURT NUMBER

JAN 2 9 2009

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

---

### PROCEEDING

Name of Complaintant Agency, or Person (&Title, if any)
Special Agents Ben Horton/John Moore, Dept. of Homeland Security/ICE

☐ person is awaiting trial in another Federal or State Court, give name of court

☐ this person/proceeding is transferred from another district per (circle one) FRCrP 20, 21 or 40. Show District

☐ this is a reprosecution of charges previously dismissed which were dismissed on motion of:
☐ U.S. Att'y ☐ Defense

☑ this prosecution relates to a pending case involving this same defendant

☐ prior proceedings or appearance(s) before U.S. Magistrate regarding this defendant were recorded under

**SHOW DOCKET NO.**
Cr-08-730-WHA

**MAGISTRATE CASE NO.**

---

Name and Office of Person
Furnishing Information on
THIS FORM

**JOSEPH P. RUSSONIELLO**
☑ U.S. Att'y ☐ Other U.S. Agency

Name of Asst. U.S. Att'y
(if assigned)    W.S. Wilson Leung

---

**DEFENDANT**

**IS *NOT* IN CUSTODY**

1) ☐ Has not been arrested, pending outcome this proceeding. If not detained give date any prior summons was served on above charges

2) ☐ Is a Fugitive

3) ☐ Is on Bail or Release from (show District)

**IS IN CUSTODY**

4) ☑ On this charge

5) ☐ On another conviction

6) ☐ Awaiting trial on other charges } ☐ Fed'l ☐ State

If answer to (6) is "Yes", show name of institution

Has detainer been filed? ☐ Yes ☐ No } If "Yes" give date filed

**DATE OF ARREST** — Month/Day/Year

Or... if Arresting Agency & Warrant were not

**DATE TRANSFERRED TO U.S. CUSTODY** — Month/Day/Year

☐ This report amends AO 257 previously submitted

---

### ADDITIONAL INFORMATION OR COMMENTS

**PROCESS:**
☐ SUMMONS ☑ NO PROCESS* ☐ WARRANT   Bail Amount:

If Summons, complete following:
☐ Arraignment ☐ Initial Appearance

*Where defendant previously apprehended on complaint, no new summons or warrant needed, since Magistrate has scheduled arraignment*

Defendant Address:

Date/Time:

Before Judge:

Comments:

**(21) RODRIGO MOLINA, a/k/a "Little Payaso," a/k/a "Payaso"**

<u>Count One</u>: Racketeering Conspiracy (18 U.S.C. § 1962(d))
    Maximum term of life imprisonment
    Maximum term of 5 years' supervised release
    Maximum fine of the greatest of either: (a) $250,000; (b) twice the gross pecuniary gain
    to the defendant; or (c) twice the gross pecuniary loss inflicted on another
    Mandatory special assessment of $100

<u>Count Two</u>: Conspiracy to Commit Murder in Aid of Racketeering (18 U.S.C. § 1959(a)(5))
    Maximum term of 10 years' imprisonment
    Maximum term of 3 years' supervised release
    Maximum fine of the greatest of either: (a) $250,000; (b) twice the gross pecuniary gain
    to the defendant; or (c) twice the gross pecuniary loss inflicted on another
    Mandatory special assessment of $100

<u>Count Three</u>: Conspiracy to Commit Assault with a Dangerous Weapon in Aid of
Racketeering (18 U.S.C. § 1959(a)(6))
    Maximum term of 3 years' imprisonment
    Maximum term of 3 years' supervised release
    Maximum fine of the greatest of either: (a) $250,000; (b) twice the gross pecuniary gain
    to the defendant; or (c) twice the gross pecuniary loss inflicted on another
    Mandatory special assessment of $100

<u>Count Four</u>: Use/Possession of Firearm in Furtherance of Crime of Violence (18 U.S.C. §§
924(c) & 2)
    Maximum term of life imprisonment
    Mandatory minimum term of 5, 7, or 10 years' imprisonment, to be imposed consecutive
    to any other term of imprisonment
    Maximum term of supervised release of 5 years
    Maximum fine of the greatest of either: (a) $250,000; (b) twice the gross pecuniary gain
    to the defendant; or (c) twice the gross pecuniary loss inflicted on another
    Mandatory special assessment of $100

<u>Counts Thirty-Nine, Forty, Forty-Six, Forty-Seven, and Forty-Eight</u>: Attempted Exportation
of Stolen Vehicle (18 U.S.C. §§ 553(a) & 2)
    For *each* count:
    Maximum term of 10 years' imprisonment
    Maximum term of 3 years' supervised release
    Maximum fine of the greatest of either: (a) $250,000; (b) twice the gross pecuniary gain
    to the defendant; or (c) twice the gross pecuniary loss inflicted on another
    Mandatory special assessment of $100

## DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT

BY: ☐ COMPLAINT  ☐ INFORMATION  ☑ INDICTMENT
☑ SUPERSEDING

**Name of District Court, and/or Judge/Magistrate Location**
NORTHERN DISTRICT OF CALIFORNIA

--- OFFENSE CHARGED ---

See attached

☐ Petty
☐ Minor
☐ Misde-meanor
☑ Felony

PENALTY:
See attached

--- DEFENDANT - U.S. ---

MANUEL FRANCO

**FILED**

DISTRICT COURT NUMBER

JAN 2 9 2009

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

--- DEFENDANT ---

### PROCEEDING
**Name of Complaintant Agency, or Person (&Title, if any)**
Special Agents Ben Horton/John Moore, Dept. of Homeland Security/ICE

☐ person is awaiting trial in another Federal or State Court, give name of court

☐ this person/proceeding is transferred from another district per (circle one) FRCrP 20, 21 or 40. Show District

this is a reprosecution of
☐ charges previously dismissed which were dismissed on motion of:
☐ U.S. Att'y  ☐ Defense

☑ this prosecution relates to a pending case involving this same defendant

☐ prior proceedings or appearance(s) before U.S. Magistrate regarding this defendant were recorded under

SHOW
DOCKET NO.

Cr-08-730-WHA

MAGISTRATE
CASE NO.

**IS NOT IN CUSTODY**
1) ☐ Has not been arrested, pending outcome this proceeding. If not detained give date any prior summons was served on above charges

2) ☐ Is a Fugitive

3) ☐ Is on Bail or Release from (show District)

**IS IN CUSTODY**
4) ☑ On this charge

5) ☐ On another conviction

6) ☐ Awaiting trial on other charges    } ☐ Fed'l  ☐ State

If answer to (6) is "Yes", show name of institution

Has detainer been filed?  ☐ Yes  ☐ No   If "Yes" give date filed

**DATE OF ARREST**   Month/Day/Year

Or... if Arresting Agency & Warrant were not

**DATE TRANSFERRED TO U.S. CUSTODY**   Month/Day/Year

**Name and Office of Person Furnishing Information on THIS FORM**
JOSEPH P. RUSSONIELLO
☑ U.S. Att'y  ☐ Other U.S. Agency

**Name of Asst. U.S. Att'y (if assigned)**   W.S. Wilson Leung

☐ This report amends AO 257 previously submitted

--- ADDITIONAL INFORMATION OR COMMENTS ---

PROCESS:
☐ SUMMONS  ☑ NO PROCESS*  ☐ WARRANT   Bail Amount:

If Summons, complete following:
☐ Arraignment  ☐ Initial Appearance
Defendant Address:

*Where defendant previously apprehended on complaint, no new summons or warrant needed, since Magistrate has scheduled arraignment

Date/Time:

Before Judge:

Comments:

## (20) MANUEL FRANCO, a/k/a "Dreamer"

Count One: Racketeering Conspiracy (18 U.S.C. § 1962(d))
Maximum term of life imprisonment
Maximum term of 5 years' supervised release
Maximum fine of the greatest of either: (a) $250,000; (b) twice the gross pecuniary gain
to the defendant; or (c) twice the gross pecuniary loss inflicted on another
Mandatory special assessment of $100

Count Two: Conspiracy to Commit Murder in Aid of Racketeering (18 U.S.C. § 1959(a)(5))
Maximum term of 10 years' imprisonment
Maximum term of 3 years' supervised release
Maximum fine of the greatest of either: (a) $250,000; (b) twice the gross pecuniary gain
to the defendant; or (c) twice the gross pecuniary loss inflicted on another
Mandatory special assessment of $100

Count Three: Conspiracy to Commit Assault with a Dangerous Weapon in Aid of
Racketeering (18 U.S.C. § 1959(a)(6))
Maximum term of 3 years' imprisonment
Maximum term of 3 years' supervised release
Maximum fine of the greatest of either: (a) $250,000; (b) twice the gross pecuniary gain
to the defendant; or (c) twice the gross pecuniary loss inflicted on another
Mandatory special assessment of $100

Count Four: Use/Possession of Firearm in Furtherance of Crime of Violence (18 U.S.C. §§
924(c) & 2)
Maximum term of life imprisonment
Mandatory minimum term of 5, 7, or 10 years' imprisonment, to be imposed consecutive
to any other term of imprisonment
Maximum term of supervised release of 5 years
Maximum fine of the greatest of either: (a) $250,000; (b) twice the gross pecuniary gain
to the defendant; or (c) twice the gross pecuniary loss inflicted on another
Mandatory special assessment of $100

AO 257 (Rev. 6/78)

## DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT

BY: ☐ COMPLAINT  ☐ INFORMATION  ☑ INDICTMENT
☑ SUPERSEDING

| Name of District Court, and/or Judge/Magistrate Location |
| NORTHERN DISTRICT OF CALIFORNIA |

### OFFENSE CHARGED

See attached

☐ Petty
☐ Minor
☐ Misde-
    meanor
☑ Felony

PENALTY:
See attached

─ DEFENDANT - U.S. ─

MELVIN MALDONADO                *F I L E D*

DISTRICT COURT NUMBER

JAN 2 9 2009

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

### PROCEEDING

Name of Complaintant Agency, or Person (&Title, if any)
Special Agents Ben Horton/John Moore, Dept. of Homeland Security/ICE

☐ person is awaiting trial in another Federal or State Court, give name of court

☐ this person/proceeding is transferred from another district per (circle one) FRCrP 20, 21 or 40. Show District

☐ this is a reprosecution of charges previously dismissed which were dismissed on motion of:
    ☐ U.S. Att'y  ☐ Defense

☑ this prosecution relates to a pending case involving this same defendant

☐ prior proceedings or appearance(s) before U.S. Magistrate regarding this defendant were recorded under

SHOW DOCKET NO.

Cr-08-730-WHA

MAGISTRATE CASE NO.

Name and Office of Person
Furnishing Information on
THIS FORM        **JOSEPH P. RUSSONIELLO**

☑ U.S. Att'y  ☐ Other U.S. Agency

Name of Asst. U.S. Att'y
(if assigned)        W.S. Wilson Leung

─ DEFENDANT ─

**IS *NOT* IN CUSTODY**

1) ☐ Has not been arrested, pending outcome this proceeding.
       If not detained give date any prior summons was served on above charges

2) ☐ Is a Fugitive

3) ☐ Is on Bail or Release from (show District)

**IS IN CUSTODY**

4) ☑ On this charge

5) ☐ On another conviction

6) ☐ Awaiting trial on other charges        ☐ Fed'l  ☐ State

If answer to (6) is "Yes", show name of institution

Has detainer been filed?  ☐ Yes  ☐ No        If "Yes" give date filed

**DATE OF ARREST**        Month/Day/Year

Or... if Arresting Agency & Warrant were not

**DATE TRANSFERRED TO U.S. CUSTODY**        Month/Day/Year

☐ This report amends AO 257 previously submitted

─ ADDITIONAL INFORMATION OR COMMENTS ─

PROCESS:
☐ SUMMONS  ☑ NO PROCESS*  ☐ WARRANT  Bail Amount:

If Summons, complete following:
☐ Arraignment  ☐ Initial Appearance
Defendant Address:

*Where defendant previously apprehended on complaint, no new summons or warrant needed, since Magistrate has scheduled arraignment

Date/Time:

Before Judge:

Comments:

**(19) MELVIN MALDONADO, a/k/a "Estrano," a/k/a "Stranger"**

Count One: Racketeering Conspiracy (18 U.S.C. § 1962(d))
    Maximum term of life imprisonment
    Maximum term of 5 years' supervised release
    Maximum fine of the greatest of either: (a) $250,000; (b) twice the gross pecuniary gain
    to the defendant; or (c) twice the gross pecuniary loss inflicted on another
    Mandatory special assessment of $100

Count Two: Conspiracy to Commit Murder in Aid of Racketeering (18 U.S.C. § 1959(a)(5))
    Maximum term of 10 years' imprisonment
    Maximum term of 3 years' supervised release
    Maximum fine of the greatest of either: (a) $250,000; (b) twice the gross pecuniary gain
    to the defendant; or (c) twice the gross pecuniary loss inflicted on another
    Mandatory special assessment of $100

Count Three: Conspiracy to Commit Assault with a Dangerous Weapon in Aid of
Racketeering (18 U.S.C. § 1959(a)(6))
    Maximum term of 3 years' imprisonment
    Maximum term of 3 years' supervised release
    Maximum fine of the greatest of either: (a) $250,000; (b) twice the gross pecuniary gain
    to the defendant; or (c) twice the gross pecuniary loss inflicted on another
    Mandatory special assessment of $100

Count Four: Use/Possession of Firearm in Furtherance of Crime of Violence (18 U.S.C. §§
924(c) & 2)
    Maximum term of life imprisonment
    Mandatory minimum term of 5, 7, or 10 years' imprisonment, to be imposed consecutive
    to any other term of imprisonment
    Maximum term of supervised release of 5 years
    Maximum fine of the greatest of either: (a) $250,000; (b) twice the gross pecuniary gain
    to the defendant; or (c) twice the gross pecuniary loss inflicted on another
    Mandatory special assessment of $100

AO 257 (Rev. 6/78)

## DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT

BY: ☐ COMPLAINT ☐ INFORMATION ☑ INDICTMENT ☑ SUPERSEDING

| Name of District Court, and/or Judge/Magistrate Location |
| NORTHERN DISTRICT OF CALIFORNIA |

---- OFFENSE CHARGED ----

See attached

☐ Petty
☐ Minor
☐ Misde-meanor
☑ Felony

PENALTY:
See attached

┌─── DEFENDANT - U.S. ───
│ JOSE QUINTEROS    F I L E D
│
│ DISTRICT COURT NUMBER  JAN 2 9 2009
│        RICHARD W. WIEKING
│   CLERK, U.S. DISTRICT COURT
│ NORTHERN DISTRICT OF CALIFORNIA

──────── DEFENDANT ────────

### PROCEEDING

Name of Complaintant Agency, or Person (&Title, if any)
Special Agents Ben Horton/John Moore, Dept. of Homeland Security/ICE

☐ person is awaiting trial in another Federal or State Court, give name of court

☐ this person/proceeding is transferred from another district per (circle one) FRCrP 20, 21 or 40. Show District

☐ this is a reprosecution of charges previously dismissed which were dismissed on motion of:
☐ U.S. Att'y ☐ Defense
this prosecution relates to a
☑ pending case involving this same defendant
☐ prior proceedings or appearance(s) before U.S. Magistrate regarding this defendant were recorded under

SHOW DOCKET NO.
Cr-08-730-WHA

MAGISTRATE CASE NO.

Name and Office of Person
Furnishing Information on
THIS FORM        **JOSEPH P. RUSSONIELLO**
        ☑ U.S. Att'y ☐ Other U.S. Agency

Name of Asst. U.S. Att'y
(if assigned)    W.S. Wilson Leung

**IS *NOT* IN CUSTODY**

1) ☑ Has not been arrested, pending outcome this proceeding. If not detained give date any prior summons was served on above charges

2) ☐ Is a Fugitive

3) ☐ Is on Bail or Release from (show District)

**IS IN CUSTODY**

4) ☐ On this charge

5) ☐ On another conviction

6) ☐ Awaiting trial on other charges    } ☐ Fed'l ☐ State

If answer to (6) is "Yes", show name of institution

Has detainer been filed?  ☐ Yes  } If "Yes" give date filed
        ☐ No

DATE OF ARREST    Month/Day/Year

Or... if Arresting Agency & Warrant were not

DATE TRANSFERRED TO U.S. CUSTODY    Month/Day/Year

☐ This report amends AO 257 previously submitted

──── ADDITIONAL INFORMATION OR COMMENTS ────

PROCESS:
☐ SUMMONS ☐ NO PROCESS* ☑ WARRANT    Bail Amount: No bail

If Summons, complete following:
☐ Arraignment ☐ Initial Appearance
Defendant Address:

*Where defendant previously apprehended on complaint, no new summons or warrant needed, since Magistrate has scheduled arraignment

Date/Time: _____

Before Judge: _____

Comments:

## (18) JOSE QUINTEROS, a/k/a "Fantasma" --- NOT IN CUSTODY

Count One: Racketeering Conspiracy (18 U.S.C. § 1962(d))
   Maximum term of life imprisonment
   Maximum term of 5 years' supervised release
   Maximum fine of the greatest of either: (a) $250,000; (b) twice the gross pecuniary gain
   to the defendant; or (c) twice the gross pecuniary loss inflicted on another
   Mandatory special assessment of $100

Count Two: Conspiracy to Commit Murder in Aid of Racketeering (18 U.S.C. § 1959(a)(5))
   Maximum term of 10 years' imprisonment
   Maximum term of 3 years' supervised release
   Maximum fine of the greatest of either: (a) $250,000; (b) twice the gross pecuniary gain
   to the defendant; or (c) twice the gross pecuniary loss inflicted on another
   Mandatory special assessment of $100

Count Three: Conspiracy to Commit Assault with a Dangerous Weapon in Aid of
Racketeering (18 U.S.C. § 1959(a)(6))
   Maximum term of 3 years' imprisonment
   Maximum term of 3 years' supervised release
   Maximum fine of the greatest of either: (a) $250,000; (b) twice the gross pecuniary gain
   to the defendant; or (c) twice the gross pecuniary loss inflicted on another
   Mandatory special assessment of $100

Count Four: Use/Possession of Firearm in Furtherance of Crime of Violence (18 U.S.C. §§
924(c) & 2)
   Maximum term of life imprisonment
   Mandatory minimum term of 5, 7, or 10 years' imprisonment, to be imposed consecutive
   to any other term of imprisonment
   Maximum term of supervised release of 5 years
   Maximum fine of the greatest of either: (a) $250,000; (b) twice the gross pecuniary gain
   to the defendant; or (c) twice the gross pecuniary loss inflicted on another
   Mandatory special assessment of $100

## DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT

BY: ☐ COMPLAINT ☐ INFORMATION ☑ INDICTMENT

☑ SUPERSEDING

---

**OFFENSE CHARGED**

See attached

☐ Petty
☐ Minor
☐ Misde-meanor
☑ Felony

PENALTY:
See attached

---

**PROCEEDING**

Name of Complaintant Agency, or Person (&Title, if any)
Special Agents Ben Horton and John Moore, Dept. of Homeland Security/ICE

☐ person is awaiting trial in another Federal or State Court, give name of court

☐ this person/proceeding is transferred from another district per (circle one) FRCrP 20, 21 or 40. Show District

☐ this is a reprosecution of charges previously dismissed which were dismissed on motion of:
☐ U.S. Att'y ☐ Defense

☑ this prosecution relates to a pending case involving this same defendant

☐ prior proceedings or appearance(s) before U.S. Magistrate regarding this defendant were recorded under

**SHOW DOCKET NO.**

Cr-08-730-WHA

**MAGISTRATE CASE NO.**

Name and Office of Person Furnishing Information on THIS FORM

**JOSEPH P. RUSSONIELLO**

☑ U.S. Att'y ☐ Other U.S. Agency

Name of Asst. U.S. Att'y
(if assigned)  W.S. Wilson Leung

---

Name of District Court, and/or Judge/Magistrate Location
**NORTHERN DISTRICT OF CALIFORNIA**

**DEFENDANT - U.S.**

WILBERT CASTILLO

DISTRICT COURT NUMBER

*FILED*

*JAN 29 2009*

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
DEFENDANT

**IS NOT IN CUSTODY**

Has not been arrested, pending outcome this proceeding.
1) ☑ If not detained give date any prior summons was served on above charges

2) ☐ Is a Fugitive

3) ☐ Is on Bail or Release from (show District)

**IS IN CUSTODY**

4) ☐ On this charge

5) ☐ On another conviction

6) ☐ Awaiting trial on other charges } ☐ Fed'l ☐ State

If answer to (6) is "Yes", show name of institution

Has detainer been filed? ☐ Yes ☐ No } If "Yes" give date filed

**DATE OF ARREST**  Month/Day/Year

Or... if Arresting Agency & Warrant were not

**DATE TRANSFERRED TO U.S. CUSTODY**  Month/Day/Year

☐ This report amends AO 257 previously submitted

---

**ADDITIONAL INFORMATION OR COMMENTS**

PROCESS:
☐ SUMMONS ☐ NO PROCESS* ☑ WARRANT  Bail Amount: No bail

If Summons, complete following:
☐ Arraignment ☐ Initial Appearance
Defendant Address:

*Where defendant previously apprehended on complaint, no new summons or warrant needed, since Magistrate has scheduled arraignment

Date/Time:

Before Judge:

Comments:

## (17) WILBERT CASTILLO, a/k/a "Cypress" --- NOT IN CUSTODY

<u>Count One</u>: Racketeering Conspiracy (18 U.S.C. § 1962(d))

Maximum term of life imprisonment

Maximum term of 5 years' supervised release

Maximum fine of the greatest of either: (a) $250,000; (b) twice the gross pecuniary gain to the defendant; or (c) twice the gross pecuniary loss inflicted on another

Mandatory special assessment of $100

<u>Count Two</u>: Conspiracy to Commit Murder in Aid of Racketeering (18 U.S.C. § 1959(a)(5))

Maximum term of 10 years' imprisonment

Maximum term of 3 years' supervised release

Maximum fine of the greatest of either: (a) $250,000; (b) twice the gross pecuniary gain to the defendant; or (c) twice the gross pecuniary loss inflicted on another

Mandatory special assessment of $100

<u>Count Three</u>: Conspiracy to Commit Assault with a Dangerous Weapon in Aid of Racketeering (18 U.S.C. § 1959(a)(6))

Maximum term of 3 years' imprisonment

Maximum term of 3 years' supervised release

Maximum fine of the greatest of either: (a) $250,000; (b) twice the gross pecuniary gain to the defendant; or (c) twice the gross pecuniary loss inflicted on another

Mandatory special assessment of $100

<u>Count Four</u>: Use/Possession of Firearm in Furtherance of Crime of Violence (18 U.S.C. §§ 924(c) & 2)

Maximum term of life imprisonment

Mandatory minimum term of 5, 7, or 10 years' imprisonment, to be imposed consecutive to any other term of imprisonment

Maximum term of supervised release of 5 years

Maximum fine of the greatest of either: (a) $250,000; (b) twice the gross pecuniary gain to the defendant; or (c) twice the gross pecuniary loss inflicted on another

Mandatory special assessment of $100

AO 257 (Rev. 6/78)

## DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT

BY: ☐ COMPLAINT ☐ INFORMATION ☑ INDICTMENT
☑ SUPERSEDING

---

**OFFENSE CHARGED**

See attached

☐ Petty
☐ Minor
☐ Misde-meanor
☑ Felony

PENALTY
See attached

---

**PROCEEDING**

Name of Complaintant Agency, or Person (&Title, if any)
Special Agents Ben Horton/John Moore, Dept. of Homeland Security/ICE

☐ person is awaiting trial in another Federal or State Court, give name of court

☐ this person/proceeding is transferred from another district per (circle one) FRCrP 20, 21 or 40. Show District

☐ this is a reprosecution of charges previously dismissed which were dismissed on motion of:        **SHOW DOCKET NO.**
☐ U.S. Att'y ☐ Defense

this prosecution relates to a
☑ pending case involving this same defendant        **MAGISTRATE CASE NO.**
☐ prior proceedings or appearance(s) before U.S. Magistrate regarding this defendant were recorded under

Cr-08-730-WHA

Name and Office of Person Furnishing Information on THIS FORM        **JOSEPH P. RUSSONIELLO**
☑ U.S. Att'y ☐ Other U.S. Agency

Name of Asst. U.S. Att'y
(if assigned)        W.S. Wilson Leung

---

Name of District Court, and/or Judge/Magistrate Location
NORTHERN DISTRICT OF CALIFORNIA

---

**DEFENDANT - U.S.**

DOUGLAS LARGAESPADA

**FILED**

DISTRICT COURT NUMBER

JAN 2 9 2009

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

---

**DEFENDANT**

**IS NOT IN CUSTODY**

Has not been arrested, pending outcome this proceeding.
1) ☐ If not detained give date any prior summons was served on above charges

2) ☐ Is a Fugitive

3) ☐ Is on Bail or Release from (show District)

---

**IS IN CUSTODY**

4) ☑ On this charge

5) ☐ On another conviction
6) ☐ Awaiting trial on other charges        } ☐ Fed'l ☐ State

If answer to (6) is "Yes", show name of Institution

Has detainer been filed?        ☐ Yes        If "Yes" give date filed
☐ No

**DATE OF ARREST**        Month/Day/Year

Or... if Arresting Agency & Warrant were not

**DATE TRANSFERRED TO U.S. CUSTODY**        Month/Day/Year

☐ This report amends AO 257 previously submitted

---

**ADDITIONAL INFORMATION OR COMMENTS**

PROCESS:
☐ SUMMONS ☑ NO PROCESS* ☐ WARRANT        Bail Amount:

If Summons, complete following:
☐ Arraignment ☐ Initial Appearance
Defendant Address:

*Where defendant previously apprehended on complaint, no new summons or warrant needed, since Magistrate has scheduled arraignment

Date/Time:

Before Judge:

Comments:

## (16) DOUGLAS LARGAESPADA, a/k/a "Droopy"

Count One: Racketeering Conspiracy (18 U.S.C. § 1962(d))
Maximum term of life imprisonment
Maximum term of 5 years' supervised release
Maximum fine of the greatest of either: (a) $250,000; (b) twice the gross pecuniary gain
to the defendant; or (c) twice the gross pecuniary loss inflicted on another
Mandatory special assessment of $100

Count Two: Conspiracy to Commit Murder in Aid of Racketeering (18 U.S.C. § 1959(a)(5))
Maximum term of 10 years' imprisonment
Maximum term of 3 years' supervised release
Maximum fine of the greatest of either: (a) $250,000; (b) twice the gross pecuniary gain
to the defendant; or (c) twice the gross pecuniary loss inflicted on another
Mandatory special assessment of $100

Count Three: Conspiracy to Commit Assault with a Dangerous Weapon in Aid of
Racketeering (18 U.S.C. § 1959(a)(6))
Maximum term of 3 years' imprisonment
Maximum term of 3 years' supervised release
Maximum fine of the greatest of either: (a) $250,000; (b) twice the gross pecuniary gain
to the defendant; or (c) twice the gross pecuniary loss inflicted on another
Mandatory special assessment of $100

Count Four: Use/Possession of Firearm in Furtherance of Crime of Violence (18 U.S.C. §§
924(c) & 2)
Maximum term of life imprisonment
Mandatory minimum term of 5, 7, or 10 years' imprisonment, to be imposed consecutive
to any other term of imprisonment
Maximum term of supervised release of 5 years
Maximum fine of the greatest of either: (a) $250,000; (b) twice the gross pecuniary gain
to the defendant; or (c) twice the gross pecuniary loss inflicted on another
Mandatory special assessment of $100

Count Twenty-Four: Assault with a Dangerous Weapon in Aid of Racketeering (18 U.S.C.
§§ 1959(a)(3) & 2)
Maximum term of 20 years' imprisonment
Maximum term of 3 years' supervised release
Maximum fine of the greatest of either: (a) $250,000; (b) twice the gross pecuniary gain
to the defendant; or (c) twice the gross pecuniary loss inflicted on another
Mandatory special assessment of $100

## DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT

BY: ☐ COMPLAINT  ☐ INFORMATION  ☑ INDICTMENT

☑ SUPERSEDING

---OFFENSE CHARGED---

See attached

☐ Petty
☐ Minor
☐ Misde-
    meanor
☑ Felony

PENALTY:
See attached

| Name of District Court, and/or Judge/Magistrate Location |
| --- |
| NORTHERN DISTRICT OF CALIFORNIA |

---DEFENDANT - U.S.---

▶ JOSE ALVARADO

DISTRICT COURT NUMBER

*FILED*

*JAN 2 9 2009*

RICHARD W. WIEKING
CLERK U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

---DEFENDANT---

---PROCEEDING---

Name of Complaintant Agency, or Person (&Title, if any)
Special Agents Ben Horton and John Moore, Dept. of Homeland Security/ICE

☐ person is awaiting trial in another Federal or State
Court, give name of court

☐ this person/proceeding is transferred from another
district per (circle one) FRCrP 20, 21 or 40. Show
District

☐ this is a reprosecution of
charges previously dismissed
which were dismissed on
motion of:                          **SHOW**
☐ U.S. Att'y ☐ Defense      **DOCKET NO.**
☑ this prosecution relates to a
pending case involving this same    Cr-08-730-WHA
defendant
prior proceedings or appearance(s)  **MAGISTRATE**
☐ before U.S. Magistrate regarding  **CASE NO.**
this defendant were recorded under ▶

Name and Office of Person
Furnishing Information on    **JOSEPH P. RUSSONIELLO**
THIS FORM
☑ U.S. Att'y ☐ Other U.S. Agency

Name of Asst. U.S. Att'y
(if assigned)    W.S. Wilson Leung

**IS *NOT* IN CUSTODY**
Has not been arrested, pending outcome this proceeding.
1) ☐ If not detained give date any prior summons
       was served on above charges

2) ☐ Is a Fugitive

3) ☐ Is on Bail or Release from (show District)

**IS IN CUSTODY**

4) ☑ On this charge

5) ☐ On another conviction

6) ☐ Awaiting trial on other        ☐ Fed'l  ☐ State
       charges
       If answer to (6) is "Yes", show name of institution

Has detainer    ☐ Yes    If "Yes"
been filed?     ☐ No     give date
                         filed

**DATE OF**    Month/Day/Year
**ARREST**

Or... if Arresting Agency & Warrant were not

**DATE TRANSFERRED**    Month/Day/Year
**TO U.S. CUSTODY**

☐ This report amends AO 257 previously submitted

---ADDITIONAL INFORMATION OR COMMENTS---

PROCESS:
☐ SUMMONS  ☑ NO PROCESS*  ☐ WARRANT    Bail Amount:

If Summons, complete following:
☐ Arraignment  ☐ Initial Appearance    *Where defendant previously apprehended on complaint, no new summons
Defendant Address:                      or warrant needed, since Magistrate has scheduled arraignment

Date/Time:

Before Judge:

Comments:

## (15) JOSE ALVARADO, a/k/a "Joker"

Count One: Racketeering Conspiracy (18 U.S.C. § 1962(d))
    Maximum term of life imprisonment
    Maximum term of 5 years' supervised release
    Maximum fine of the greatest of either: (a) $250,000; (b) twice the gross pecuniary gain
    to the defendant; or (c) twice the gross pecuniary loss inflicted on another
    Mandatory special assessment of $100

Count Two: Conspiracy to Commit Murder in Aid of Racketeering (18 U.S.C. § 1959(a)(5))
    Maximum term of 10 years' imprisonment
    Maximum term of 3 years' supervised release
    Maximum fine of the greatest of either: (a) $250,000; (b) twice the gross pecuniary gain
    to the defendant; or (c) twice the gross pecuniary loss inflicted on another
    Mandatory special assessment of $100

Count Three: Conspiracy to Commit Assault with a Dangerous Weapon in Aid of
Racketeering (18 U.S.C. § 1959(a)(6))
    Maximum term of 3 years' imprisonment
    Maximum term of 3 years' supervised release
    Maximum fine of the greatest of either: (a) $250,000; (b) twice the gross pecuniary gain
    to the defendant; or (c) twice the gross pecuniary loss inflicted on another
    Mandatory special assessment of $100

Count Four: Use/Possession of Firearm in Furtherance of Crime of Violence (18 U.S.C. §§
924(c) & 2)
    Maximum term of life imprisonment
    Mandatory minimum term of 5, 7, or 10 years' imprisonment, to be imposed consecutive
    to any other term of imprisonment
    Maximum term of supervised release of 5 years
    Maximum fine of the greatest of either: (a) $250,000; (b) twice the gross pecuniary gain
    to the defendant; or (c) twice the gross pecuniary loss inflicted on another
    Mandatory special assessment of $100

Count Twenty-Four: Assault with a Dangerous Weapon in Aid of Racketeering (18 U.S.C.
§§ 1959(a)(3) & 2)
    Maximum term of 20 years' imprisonment
    Maximum term of 3 years' supervised release
    Maximum fine of the greatest of either: (a) $250,000; (b) twice the gross pecuniary gain
    to the defendant; or (c) twice the gross pecuniary loss inflicted on another
    Mandatory special assessment of $100

AO 257 (Rev. 6/78)

## DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT

BY: ☐ COMPLAINT ☐ INFORMATION ☑ INDICTMENT
☑ SUPERSEDING

┌─── OFFENSE CHARGED ───

See attached

☐ Petty
☐ Minor
☐ Misde-
    meanor
☑ Felony

PENALTY:
See attach█████████████

┌─── Name of District Court, and/or Judge/Magistrate Location ───
**NORTHERN DISTRICT OF CALIFORNIA**

┌─── DEFENDANT - U.S. ───

ABRAHAM MARTINEZ

DISTRICT COURT NUMBER *FILED*

*JAN 2 9 2009*

*RICHARD W. WIEKING*
*CLERK, U.S. DISTRICT COURT*
*NORTHERN DISTRICT OF CALIFORNIA*

┌────── PROCEEDING ──────
Name of Complaintant Agency, or Person (&Title, if any)
Special Agents Ben Horton/John Moore, Dept. of Homeland Security/ICE

☐ person is awaiting trial in another Federal or State
    Court, give name of court

☐ this person/proceeding is transferred from another
    district per (circle one) FRCrP 20, 21 or 40. Show
    District

☐ this is a reprosecution of
    charges previously dismissed
    which were dismissed on         **SHOW**
    motion of:                      **DOCKET NO.**
    ☐ U.S. Att'y ☐ Defense
    this prosecution relates to a    Cr-08-730-WHA
☑ pending case involving this same
    defendant                       **MAGISTRATE**
    prior proceedings or appearance(s) **CASE NO.**
☐ before U.S. Magistrate regarding
    this defendant were recorded under

Name and Office of Person
Furnishing Information on    **JOSEPH P. RUSSONIELLO**
THIS FORM
          ☑ U.S. Att'y ☐ Other U.S. Agency

Name of Asst. U.S. Att'y
(if assigned)    W.S. Wilson Leung

**IS *NOT* IN CUSTODY**
    Has not been arrested, pending outcome this proceeding.
1) ☐ If not detained give date any prior summons
       was served on above charges

2) ☐ Is a Fugitive

3) ☐ Is on Bail or Release from (show District)

**IS IN CUSTODY**

4) ☑ On this charge

5) ☐ On another conviction
6) ☐ Awaiting trial on other   } ☐ Fed'l ☐ State
      charges
      If answer to (6) is "Yes", show name of institution

      Yuba County Jail

Has detainer   ☐ Yes }   If "Yes"
been filed?    ☐ No  }   give date
                         filed

**DATE OF**            Month/Day/Year
**ARREST**

      Or... if Arresting Agency & Warrant were not

**DATE TRANSFERRED**   Month/Day/Year
**TO U.S. CUSTODY**

☐ This report amends AO 257 previously submitted

─── ADDITIONAL INFORMATION OR COMMENTS ───

PROCESS:
    ☐ SUMMONS ☑ NO PROCESS* ☐ WARRANT    Bail Amount:

    If Summons, complete following:
    ☐ Arraignment ☐ Initial Appearance    *Where defendant previously apprehended on complaint, no new summons
    Defendant Address:                     or warrant needed, since Magistrate has scheduled arraignment

                            Date/Time:

                            Before Judge:

    Comments:

## (14) ABRAHAM MARTINEZ, a/k/a "Goofy"

Count One: Racketeering Conspiracy (18 U.S.C. § 1962(d))
    Maximum term of life imprisonment
    Maximum term of 5 years' supervised release
    Maximum fine of the greatest of either: (a) $250,000; (b) twice the gross pecuniary gain
    to the defendant; or (c) twice the gross pecuniary loss inflicted on another
    Mandatory special assessment of $100

Count Two: Conspiracy to Commit Murder in Aid of Racketeering (18 U.S.C. § 1959(a)(5))
    Maximum term of 10 years' imprisonment
    Maximum term of 3 years' supervised release
    Maximum fine of the greatest of either: (a) $250,000; (b) twice the gross pecuniary gain
    to the defendant; or (c) twice the gross pecuniary loss inflicted on another
    Mandatory special assessment of $100

Count Three: Conspiracy to Commit Assault with a Dangerous Weapon in Aid of
Racketeering (18 U.S.C. § 1959(a)(6))
    Maximum term of 3 years' imprisonment
    Maximum term of 3 years' supervised release
    Maximum fine of the greatest of either: (a) $250,000; (b) twice the gross pecuniary gain
    to the defendant; or (c) twice the gross pecuniary loss inflicted on another
    Mandatory special assessment of $100

Count Four: Use/Possession of Firearm in Furtherance of Crime of Violence (18 U.S.C. §§
924(c) & 2)
    Maximum term of life imprisonment
    Mandatory minimum term of 5, 7, or 10 years' imprisonment, to be imposed consecutive
    to any other term of imprisonment
    Maximum term of supervised release of 5 years
    Maximum fine of the greatest of either: (a) $250,000; (b) twice the gross pecuniary gain
    to the defendant; or (c) twice the gross pecuniary loss inflicted on another
    Mandatory special assessment of $100

Count Twenty-Four: Assault with a Dangerous Weapon in Aid of Racketeering (18 U.S.C.
§§ 1959(a)(3) & 2)
    Maximum term of 20 years' imprisonment
    Maximum term of 3 years' supervised release
    Maximum fine of the greatest of either: (a) $250,000; (b) twice the gross pecuniary gain
    to the defendant; or (c) twice the gross pecuniary loss inflicted on another
    Mandatory special assessment of $100

<u>Count Twenty-Five</u>: Attempted Murder in Aid of Racketeering (18 U.S.C. §§ 1959(a)(5) and 2)

Maximum term of 10 years' imprisonment

Maximum term of 3 years' supervised release

Maximum fine of the greatest of either: (a) $250,000; (b) twice the gross pecuniary gain to the defendant; or (c) twice the gross pecuniary loss inflicted on another

Mandatory special assessment of $100

## DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT

BY: ☐ COMPLAINT  ☐ INFORMATION  ☑ INDICTMENT
☑ SUPERSEDING

**Name of District Court, and/or Judge/Magistrate Location**
NORTHERN DISTRICT OF CALIFORNIA

---

**OFFENSE CHARGED**

See attached

☐ Petty
☐ Minor
☐ Misde-meanor
☑ Felony

PENALTY:
See attached

---

**DEFENDANT - U.S.**

~~FILED~~

CESAR ALVARADO

DISTRICT COURT NUMBER  JAN 2 9 2009

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

---

**PROCEEDING**

Name of Complaintant Agency, or Person (&Title, if any)
Special Agents Ben Horton and John Moore, Dept. of Homeland Security/ICE

☐ person is awaiting trial in another Federal or State Court, give name of court

☐ this person/proceeding is transferred from another district per (circle one) FRCrP 20, 21 or 40. Show District

☐ this is a reprosecution of charges previously dismissed which were dismissed on motion of:
  ☐ U.S. Att'y  ☐ Defense
☑ this prosecution relates to a pending case involving this same defendant
☐ prior proceedings or appearance(s) before U.S. Magistrate regarding this defendant were recorded under

**SHOW DOCKET NO.**
Cr-08-730-WHA

**MAGISTRATE CASE NO.**

---

**DEFENDANT**

**IS NOT IN CUSTODY**

1) ☐ Has not been arrested, pending outcome this proceeding. If not detained give date any prior summons was served on above charges

2) ☐ Is a Fugitive

3) ☐ Is on Bail or Release from (show District)

**IS IN CUSTODY**

4) ☑ On this charge

5) ☐ On another conviction

6) ☐ Awaiting trial on other charges    } ☐ Fed'l ☐ State

If answer to (6) is "Yes", show name of institution

Has detainer been filed? ☐ Yes ☐ No  } If "Yes" give date filed

**DATE OF ARREST**  Month/Day/Year

Or... if Arresting Agency & Warrant were not

**DATE TRANSFERRED TO U.S. CUSTODY**  Month/Day/Year

☐ This report amends AO 257 previously submitted

---

Name and Office of Person Furnishing Information on THIS FORM
**JOSEPH P. RUSSONIELLO**
☑ U.S. Att'y  ☐ Other U.S. Agency

Name of Asst. U.S. Att'y (if assigned)  W.S. Wilson Leung

---

**ADDITIONAL INFORMATION OR COMMENTS**

PROCESS:
☐ SUMMONS  ☑ NO PROCESS*  ☐ WARRANT  Bail Amount:

If Summons, complete following:
☐ Arraignment  ☐ Initial Appearance
Defendant Address:

*Where defendant previously apprehended on complaint, no new summons or warrant needed, since Magistrate has scheduled arraignment

Date/Time:

Before Judge:

Comments:

### (13)  CESAR ALVARADO, a/k/a "Momia"

Count One: Racketeering Conspiracy (18 U.S.C. § 1962(d))
    Maximum term of life imprisonment
    Maximum term of 5 years' supervised release
    Maximum fine of the greatest of either: (a) $250,000; (b) twice the gross pecuniary gain
    to the defendant; or (c) twice the gross pecuniary loss inflicted on another
    Mandatory special assessment of $100

Count Two: Conspiracy to Commit Murder in Aid of Racketeering (18 U.S.C. § 1959(a)(5))
    Maximum term of 10 years' imprisonment
    Maximum term of 3 years' supervised release
    Maximum fine of the greatest of either: (a) $250,000; (b) twice the gross pecuniary gain
    to the defendant; or (c) twice the gross pecuniary loss inflicted on another
    Mandatory special assessment of $100

Count Three: Conspiracy to Commit Assault with a Dangerous Weapon in Aid of
Racketeering (18 U.S.C. § 1959(a)(6))
    Maximum term of 3 years' imprisonment
    Maximum term of 3 years' supervised release
    Maximum fine of the greatest of either: (a) $250,000; (b) twice the gross pecuniary gain
    to the defendant; or (c) twice the gross pecuniary loss inflicted on another
    Mandatory special assessment of $100

Count Four: Use/Possession of Firearm in Furtherance of Crime of Violence (18 U.S.C. §§
924(c) & 2)
    Maximum term of life imprisonment
    Mandatory minimum term of 5, 7, or 10 years' imprisonment, to be imposed consecutive
    to any other term of imprisonment
    Maximum term of supervised release of 5 years
    Maximum fine of the greatest of either: (a) $250,000; (b) twice the gross pecuniary gain
    to the defendant; or (c) twice the gross pecuniary loss inflicted on another
    Mandatory special assessment of $100

AO 257 (Rev. 6/78)

## DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT

BY: ☐ COMPLAINT  ☐ INFORMATION  ☑ INDICTMENT
                                   ☑ SUPERSEDING

**Name of District Court, and/or Judge/Magistrate Location**
NORTHERN DISTRICT OF CALIFORNIA

---

**OFFENSE CHARGED**

See attached

☐ Petty
☐ Minor
☐ Misde-meanor
☑ Felony

PENALTY:
See attached

---

**DEFENDANT - U.S.**

WALTER CHINCHILLA-LINAR

DISTRICT COURT NUMBER

*FILED*

*JAN 2 9 2009*

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

---

**PROCEEDING**

Name of Complaintant Agency, or Person (&Title, if any)
Special Agents Ben Horton/John Moore, Dept. of Homeland Security/ICE

☐ person is awaiting trial in another Federal or State Court, give name of court

☐ this person/proceeding is transferred from another district per (circle one) FRCrP 20, 21 or 40. Show District

☐ this is a reprosecution of charges previously dismissed which were dismissed on motion of:
   ☐ U.S. Att'y  ☐ Defense

☑ this prosecution relates to a pending case involving this same defendant

☐ prior proceedings or appearance(s) before U.S. Magistrate regarding this defendant were recorded under

**SHOW DOCKET NO.**
Cr-08-730-WHA

**MAGISTRATE CASE NO.**

---

Name and Office of Person
Furnishing Information on
THIS FORM          **JOSEPH P. RUSSONIELLO**

☑ U.S. Att'y  ☐ Other U.S. Agency

Name of Asst. U.S. Att'y
(if assigned)    W.S. Wilson Leung

---

**DEFENDANT**

**IS *NOT* IN CUSTODY**

Has not been arrested, pending outcome this proceeding.
1) ☐ If not detained give date any prior summons was served on above charges

2) ☐ Is a Fugitive

3) ☐ Is on Bail or Release from (show District)

**IS IN CUSTODY**

4) ☑ On this charge

5) ☐ On another conviction

6) ☐ Awaiting trial on other charges          } ☐ Fed'l  ☐ State

If answer to (6) is "Yes", show name of institution

Has detainer been filed?  ☐ Yes  ☐ No   } If "Yes" give date filed

**DATE OF ARREST**                Month/Day/Year

Or... if Arresting Agency & Warrant were not

**DATE TRANSFERRED TO U.S. CUSTODY**          Month/Day/Year

☐ This report amends AO 257 previously submitted

---

**ADDITIONAL INFORMATION OR COMMENTS**

PROCESS:
☐ SUMMONS  ☑ NO PROCESS*  ☐ WARRANT   Bail Amount:

If Summons, complete following:
☐ Arraignment  ☐ Initial Appearance

Defendant Address:

*Where defendant previously apprehended on complaint, no new summons or warrant needed, since Magistrate has scheduled arraignment

Date/Time:

Before Judge:

Comments:

## (12) WALTER CHINCHILLA-LINAR, a/k/a "Demonio"

Count One: Racketeering Conspiracy (18 U.S.C. § 1962(d))
    Maximum term of life imprisonment
    Maximum term of 5 years' supervised release
    Maximum fine of the greatest of either: (a) $250,000; (b) twice the gross pecuniary gain
    to the defendant; or (c) twice the gross pecuniary loss inflicted on another
    Mandatory special assessment of $100

Count Two: Conspiracy to Commit Murder in Aid of Racketeering (18 U.S.C. § 1959(a)(5))
    Maximum term of 10 years' imprisonment
    Maximum term of 3 years' supervised release
    Maximum fine of the greatest of either: (a) $250,000; (b) twice the gross pecuniary gain
    to the defendant; or (c) twice the gross pecuniary loss inflicted on another
    Mandatory special assessment of $100

Count Three: Conspiracy to Commit Assault with a Dangerous Weapon in Aid of
Racketeering (18 U.S.C. § 1959(a)(6))
    Maximum term of 3 years' imprisonment
    Maximum term of 3 years' supervised release
    Maximum fine of the greatest of either: (a) $250,000; (b) twice the gross pecuniary gain
    to the defendant; or (c) twice the gross pecuniary loss inflicted on another
    Mandatory special assessment of $100

Count Four: Use/Possession of Firearm in Furtherance of Crime of Violence (18 U.S.C. §§
924(c) & 2)
    Maximum term of life imprisonment
    Mandatory minimum term of 5, 7, or 10 years' imprisonment, to be imposed consecutive
    to any other term of imprisonment
    Maximum term of supervised release of 5 years
    Maximum fine of the greatest of either: (a) $250,000; (b) twice the gross pecuniary gain
    to the defendant; or (c) twice the gross pecuniary loss inflicted on another
    Mandatory special assessment of $100

14

| DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT |
|---|

BY: ☐ COMPLAINT  ☐ INFORMATION  ☑ INDICTMENT
                                 ☑ SUPERSEDING

**Name of District Court, and/or Judge/Magistrate Location**
NORTHERN DISTRICT OF CALIFORNIA

─── **OFFENSE CHARGED** ───

See attached

☐ Petty
☐ Minor
☐ Misde-meanor
☑ Felony

PENALTY:
See attached

─── **DEFENDANT - U.S.** ───

CARLOS GARRIDO

*FILED*

DISTRICT COURT NUMBER

*JAN 2 9 2009*

*RICHARD W. WIEKING*
*CLERK, U.S. DISTRICT COURT*
*NORTHERN DISTRICT OF CALIFORNIA*

─── **PROCEEDING** ───
Name of Complaintant Agency, or Person (&Title, if any)
Special Agents Ben Horton/John Moore, Dept. of Homeland Security/ICE

☐ person is awaiting trial in another Federal or State Court, give name of court

☐ this person/proceeding is transferred from another district per (circle one) FRCrP 20, 21 or 40. Show District

☐ this is a reprosecution of charges previously dismissed which were dismissed on motion of:
☐ U.S. Att'y ☐ Defense

☑ this prosecution relates to a pending case involving this same defendant

☐ prior proceedings or appearance(s) before U.S. Magistrate regarding this defendant were recorded under

SHOW
DOCKET NO.

Cr-08-730-WHA

MAGISTRATE
CASE NO.

Name and Office of Person
Furnishing Information on
THIS FORM     **JOSEPH P. RUSSONIELLO**
              ☑ U.S. Att'y  ☐ Other U.S. Agency

Name of Asst. U.S. Att'y
(if assigned)    W.S. Wilson Leung

─── **DEFENDANT** ───

**IS *NOT* IN CUSTODY**
1) ☐ Has not been arrested, pending outcome this proceeding. If not detained give date any prior summons was served on above charges

2) ☐ Is a Fugitive

3) ☐ Is on Bail or Release from (show District)

**IS IN CUSTODY**
4) ☑ On this charge
5) ☐ On another conviction
6) ☐ Awaiting trial on other charges   } ☐ Fed'l ☐ State

If answer to (6) is "Yes", show name of institution

Has detainer     ☐ Yes   If "Yes"
been filed?      ☐ No     give date
                          filed

**DATE OF ARREST**     Month/Day/Year

Or... if Arresting Agency & Warrant were not

**DATE TRANSFERRED TO U.S. CUSTODY**   Month/Day/Year

☐ This report amends AO 257 previously submitted

─── **ADDITIONAL INFORMATION OR COMMENTS** ───

PROCESS:
☐ SUMMONS  ☑ NO PROCESS*  ☐ WARRANT    Bail Amount:

If Summons, complete following:
☐ Arraignment  ☐ Initial Appearance
Defendant Address:

*Where defendant previously apprehended on complaint, no new summons or warrant needed, since Magistrate has scheduled arraignment*

Date/Time:

Before Judge:

Comments:

**(11) CARLOS GARRIDO, a/k/a "Tweety"**

<u>Count One</u>: Racketeering Conspiracy (18 U.S.C. § 1962(d))
  Maximum term of life imprisonment
  Maximum term of 5 years' supervised release
  Maximum fine of the greatest of either: (a) $250,000; (b) twice the gross pecuniary gain
  to the defendant; or (c) twice the gross pecuniary loss inflicted on another
  Mandatory special assessment of $100

<u>Count Two</u>: Conspiracy to Commit Murder in Aid of Racketeering (18 U.S.C. § 1959(a)(5))
  Maximum term of 10 years' imprisonment
  Maximum term of 3 years' supervised release
  Maximum fine of the greatest of either: (a) $250,000; (b) twice the gross pecuniary gain
  to the defendant; or (c) twice the gross pecuniary loss inflicted on another
  Mandatory special assessment of $100

<u>Count Three</u>: Conspiracy to Commit Assault with a Dangerous Weapon in Aid of
Racketeering (18 U.S.C. § 1959(a)(6))
  Maximum term of 3 years' imprisonment
  Maximum term of 3 years' supervised release
  Maximum fine of the greatest of either: (a) $250,000; (b) twice the gross pecuniary gain
  to the defendant; or (c) twice the gross pecuniary loss inflicted on another
  Mandatory special assessment of $100

<u>Count Four</u>: Use/Possession of Firearm in Furtherance of Crime of Violence (18 U.S.C. §§
924(c) & 2)
  Maximum term of life imprisonment
  Mandatory minimum term of 5, 7, or 10 years' imprisonment, to be imposed consecutive
  to any other term of imprisonment
  Maximum term of supervised release of 5 years
  Maximum fine of the greatest of either: (a) $250,000; (b) twice the gross pecuniary gain
  to the defendant; or (c) twice the gross pecuniary loss inflicted on another
  Mandatory special assessment of $100

AO 257 (Rev. 6/78)

## DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT

BY: ☐ COMPLAINT ☐ INFORMATION ☑ INDICTMENT
☑ SUPERSEDING

———— OFFENSE CHARGED ————

See attached

☐ Petty
☐ Minor
☐ Misde-meanor
☑ Felony

PENALTY:
See attached

———————————————————————

### PROCEEDING

Name of Complainant Agency, or Person (&Title, if any)
Special Agents Ben Horton/John Moore, Dept. of Homeland Security/ICE

☐ person is awaiting trial in another Federal or State
Court, give name of court

☐ this person/proceeding is transferred from another
district per (circle one) FRCrP 20, 21 or 40. Show
District

☐ this is a reprosecution of
charges previously dismissed
which were dismissed on
motion of:                          **SHOW
☐ U.S. Att'y ☐ Defense            DOCKET NO.**
this prosecution relates to a
☑ pending case involving this same          Cr-08-730-WHA
defendant
☐ prior proceedings or appearance(s)      **MAGISTRATE**
before U.S. Magistrate regarding          **CASE NO.**
this defendant were recorded under

Name and Office of Person
Furnishing Information on        **JOSEPH P. RUSSONIELLO**
THIS FORM
☑ U.S. Att'y ☐ Other U.S. Agency

Name of Asst. U.S. Att'y
(if assigned)    W.S. Wilson Leung

———— Name of District Court, and/or Judge/Magistrate Location ————
NORTHERN DISTRICT OF CALIFORNIA

———— DEFENDANT - U.S. ————

ERICK LOPEZ                    *FILED*

DISTRICT COURT NUMBER

*JAN 2 9 2009*
*RICHARD W. WIEKING*
*CLERK, U.S. DISTRICT COURT*
*NORTHERN DISTRICT OF CALIFORNIA*

———— DEFENDANT ————

### IS *NOT* IN CUSTODY

Has not been arrested, pending outcome this proceeding.
1) ☐ If not detained give date any prior summons
was served on above charges

2) ☐ Is a Fugitive

3) ☐ Is on Bail or Release from (show District)

### IS IN CUSTODY

4) ☑ On this charge

5) ☐ On another conviction

6) ☐ Awaiting trial on other     } ☐ Fed'l ☐ State
charges

If answer to (6) is "Yes", show name of institution

Has detainer    ☐ Yes  }  If "Yes"
been filed?     ☐ No   }  give date
filed

**DATE OF**              Month/Day/Year
**ARREST**

Or... if Arresting Agency & Warrant were not

**DATE TRANSFERRED** ▶     Month/Day/Year
**TO U.S. CUSTODY**

☐ This report amends AO 257 previously submitted

———————— ADDITIONAL INFORMATION OR COMMENTS ————————

PROCESS:
☐ SUMMONS ☑ NO PROCESS* ☐ WARRANT    Bail Amount:

If Summons, complete following:
☐ Arraignment ☐ Initial Appearance     *Where defendant previously apprehended on complaint, no new summons
Defendant Address:                      or warrant needed, since Magistrate has scheduled arraignment

Date/Time:

Before Judge:

Comments:

## (10) ERICK LOPEZ, a/k/a "Spooky"

Count One: Racketeering Conspiracy (18 U.S.C. § 1962(d))
    Maximum term of life imprisonment
    Maximum term of 5 years' supervised release
    Maximum fine of the greatest of either: (a) $250,000; (b) twice the gross pecuniary gain
    to the defendant; or (c) twice the gross pecuniary loss inflicted on another
    Mandatory special assessment of $100

Count Two: Conspiracy to Commit Murder in Aid of Racketeering (18 U.S.C. § 1959(a)(5))
    Maximum term of 10 years' imprisonment
    Maximum term of 3 years' supervised release
    Maximum fine of the greatest of either: (a) $250,000; (b) twice the gross pecuniary gain
    to the defendant; or (c) twice the gross pecuniary loss inflicted on another
    Mandatory special assessment of $100

Count Three: Conspiracy to Commit Assault with a Dangerous Weapon in Aid of
Racketeering (18 U.S.C. § 1959(a)(6))
    Maximum term of 3 years' imprisonment
    Maximum term of 3 years' supervised release
    Maximum fine of the greatest of either: (a) $250,000; (b) twice the gross pecuniary gain
    to the defendant; or (c) twice the gross pecuniary loss inflicted on another
    Mandatory special assessment of $100

Count Four: Use/Possession of Firearm in Furtherance of Crime of Violence (18 U.S.C. §§
924(c) & 2)
    Maximum term of life imprisonment
    Mandatory minimum term of 5, 7, or 10 years' imprisonment, to be imposed consecutive
    to any other term of imprisonment
    Maximum term of supervised release of 5 years
    Maximum fine of the greatest of either: (a) $250,000; (b) twice the gross pecuniary gain
    to the defendant; or (c) twice the gross pecuniary loss inflicted on another
    Mandatory special assessment of $100

AO 257 (Rev. 6/78)

## DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT

BY: ☐ COMPLAINT ☐ INFORMATION ☑ INDICTMENT
☑ SUPERSEDING

---

### OFFENSE CHARGED

See attached

☐ Petty
☐ Minor
☐ Misde-
   meanor
☑ Felony

PENALTY:
See attached

---

### PROCEEDING

Name of Complaintant Agency, or Person (&Title, if any)
Special Agents Ben Horton/John Moore, Dept. of Homeland Security/ICE

☐ person is awaiting trial in another Federal or State
Court, give name of court

☐ this person/proceeding is transferred from another
district per (circle one) FRCrP 20, 21 or 40. Show
District

☐ this is a reprosecution of
charges previously dismissed
which were dismissed on
motion of:                                    **SHOW**
   ☐ U.S. Att'y ☐ Defense    **DOCKET NO.**
☑ this prosecution relates to a    Cr-08-730-WHA
pending case involving this same
defendant                         **MAGISTRATE**
☐ prior proceedings or appearance(s)    **CASE NO.**
before U.S. Magistrate regarding
this defendant were recorded under

---

Name and Office of Person
Furnishing Information on       **JOSEPH P. RUSSONIELLO**
THIS FORM
              ☑ U.S. Att'y ☐ Other U.S. Agency

Name of Asst. U.S. Att'y
(if assigned)    W.S. Wilson Leung

---

Name of District Court, and/or Judge/Magistrate Location
NORTHERN DISTRICT OF CALIFORNIA

---

### DEFENDANT - U.S.

▶ DANIEL PORTILLO    *FILED*

DISTRICT COURT NUMBER

JAN 2 9 2009

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

---

### DEFENDANT

**IS NOT IN CUSTODY**

Has not been arrested, pending outcome this proceeding.
1) ☐ If not detained give date any prior summons
was served on above charges

2) ☐ Is a Fugitive

3) ☐ Is on Bail or Release from (show District)

**IS IN CUSTODY**

4) ☑ On this charge

5) ☐ On another conviction
6) ☐ Awaiting trial on other    } ☐ Fed'l ☐ State
charges

If answer to (6) is "Yes", show name of institution

Has detainer    ☐ Yes    If "Yes"
been filed?     ☐ No    } give date
filed

**DATE OF**    Month/Day/Year
**ARREST**

Or... if Arresting Agency & Warrant were not

**DATE TRANSFERRED**    Month/Day/Year
**TO U.S. CUSTODY**

☐ This report amends AO 257 previously submitted

---

### ADDITIONAL INFORMATION OR COMMENTS

**PROCESS:**
☐ SUMMONS ☑ NO PROCESS* ☐ WARRANT    Bail Amount:

If Summons, complete following:
☐ Arraignment ☐ Initial Appearance
Defendant Address:

*Where defendant previously apprehended on complaint, no new summons
or warrant needed, since Magistrate has scheduled arraignment

Date/Time:

Before Judge:

Comments:

## (9) DANIEL PORTILLO, a/k/a "Rustin," a/k/a "Rooster"

Count One: Racketeering Conspiracy (18 U.S.C. § 1962(d))
Maximum term of life imprisonment
Maximum term of 5 years' supervised release
Maximum fine of the greatest of either: (a) $250,000; (b) twice the gross pecuniary gain
to the defendant; or (c) twice the gross pecuniary loss inflicted on another
Mandatory special assessment of $100

Count Two: Conspiracy to Commit Murder in Aid of Racketeering (18 U.S.C. § 1959(a)(5))
Maximum term of 10 years' imprisonment
Maximum term of 3 years' supervised release
Maximum fine of the greatest of either: (a) $250,000; (b) twice the gross pecuniary gain
to the defendant; or (c) twice the gross pecuniary loss inflicted on another
Mandatory special assessment of $100

Count Three: Conspiracy to Commit Assault with a Dangerous Weapon in Aid of
Racketeering (18 U.S.C. § 1959(a)(6))
Maximum term of 3 years' imprisonment
Maximum term of 3 years' supervised release
Maximum fine of the greatest of either: (a) $250,000; (b) twice the gross pecuniary gain
to the defendant; or (c) twice the gross pecuniary loss inflicted on another
Mandatory special assessment of $100

Count Twenty-Two: Assault with a Dangerous Weapon in Aid of Racketeering (18 U.S.C. §§
1959(a)(3) & 2)
Maximum term of 20 years' imprisonment
Maximum term of 3 years' supervised release
Maximum fine of the greatest of either: (a) $250,000; (b) twice the gross pecuniary gain
to the defendant; or (c) twice the gross pecuniary loss inflicted on another
Mandatory special assessment of $100

Count Twenty-Three: Use/Possession of Firearm in Furtherance of Crime of Violence (18
U.S.C. §§ 924(c) & 2)
Maximum term of life imprisonment
Mandatory minimum term of 5, 7, or 10 years' imprisonment, to be imposed consecutive
to any other term of imprisonment
Maximum term of supervised release of 5 years
Maximum fine of the greatest of either: (a) $250,000; (b) twice the gross pecuniary gain
to the defendant; or (c) twice the gross pecuniary loss inflicted on another
Mandatory special assessment of $100

11

AO 257 (Rev. 6/78)

## DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT

| BY: ☐ COMPLAINT ☐ INFORMATION ☑ INDICTMENT ☑ SUPERSEDING | Name of District Court, and/or Judge/Magistrate Location NORTHERN DISTRICT OF CALIFORNIA |
|---|---|

--- OFFENSE CHARGED ---

See attached

☐ Petty
☐ Minor
☐ Misde-meanor
☑ Felony

PENALTY:
See attached

--- DEFENDANT - U.S. ---

┌─ DEFENDANT - U.S. ─

WALTER PALMA

DISTRICT COURT NUMBER

**FILED**

JAN 2 9 2009

RICHARD W. WIEKING
CLERK U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

### PROCEEDING

Name of Complaintant Agency, or Person (&Title, if any)
Special Agents Ben Horton/John Moore, Dept. of Homeland Security/ICE

☐ person is awaiting trial in another Federal or State Court, give name of court

☐ this person/proceeding is transferred from another district per (circle one) FRCrP 20, 21 or 40. Show District

☐ this is a reprosecution of charges previously dismissed which were dismissed on motion of:
☐ U.S. Att'y ☐ Defense

☑ this prosecution relates to a pending case involving this same defendant

☐ prior proceedings or appearance(s) before U.S. Magistrate regarding this defendant were recorded under

SHOW DOCKET NO.

Cr-08-730-WHA

MAGISTRATE CASE NO.

Name and Office of Person Furnishing Information on THIS FORM    **JOSEPH P. RUSSONIELLO**

☑ U.S. Att'y ☐ Other U.S. Agency

Name of Asst. U.S. Att'y (if assigned)    W.S. Wilson Leung

### IS NOT IN CUSTODY

Has not been arrested, pending outcome this proceeding.
1) ☐ If not detained give date any prior summons was served on above charges

2) ☐ Is a Fugitive

3) ☐ Is on Bail or Release from (show District)

### IS IN CUSTODY

4) ☑ On this charge

5) ☐ On another conviction

6) ☐ Awaiting trial on other charges    } ☐ Fed'l ☐ State

If answer to (6) is "Yes", show name of institution

Has detainer been filed?    ☐ Yes    If "Yes" give date filed
☐ No

DATE OF ARREST    Month/Day/Year

Or... if Arresting Agency & Warrant were not

DATE TRANSFERRED TO U.S. CUSTODY    Month/Day/Year

☐ This report amends AO 257 previously submitted

--- ADDITIONAL INFORMATION OR COMMENTS ---

PROCESS:
☐ SUMMONS ☑ NO PROCESS* ☐ WARRANT    Bail Amount:

If Summons, complete following:
☐ Arraignment ☐ Initial Appearance    *Where defendant previously apprehended on complaint, no new summons or warrant needed, since Magistrate has scheduled arraignment
Defendant Address:

Date/Time:

Before Judge:

Comments:

## (8) WALTER PALMA, a/k/a "Kapone," a/k/a "Capon"

Count One: Racketeering Conspiracy (18 U.S.C. § 1962(d))
   Maximum term of life imprisonment
   Maximum term of 5 years' supervised release
   Maximum fine of the greatest of either: (a) $250,000; (b) twice the gross pecuniary gain
   to the defendant; or (c) twice the gross pecuniary loss inflicted on another
   Mandatory special assessment of $100

Count Two: Conspiracy to Commit Murder in Aid of Racketeering (18 U.S.C. § 1959(a)(5))
   Maximum term of 10 years' imprisonment
   Maximum term of 3 years' supervised release
   Maximum fine of the greatest of either: (a) $250,000; (b) twice the gross pecuniary gain
   to the defendant; or (c) twice the gross pecuniary loss inflicted on another
   Mandatory special assessment of $100

Count Three: Conspiracy to Commit Assault with a Dangerous Weapon in Aid of
Racketeering (18 U.S.C. § 1959(a)(6))
   Maximum term of 3 years' imprisonment
   Maximum term of 3 years' supervised release
   Maximum fine of the greatest of either: (a) $250,000; (b) twice the gross pecuniary gain
   to the defendant; or (c) twice the gross pecuniary loss inflicted on another
   Mandatory special assessment of $100

Counts Twelve, Fifteen, Seventeen, and Nineteen: Assault with a Dangerous Weapon in Aid
of Racketeering (18 U.S.C. §§ 1959(a)(3) & 2)
   Maximum term of 20 years' imprisonment
   Maximum term of 3 years' supervised release
   Maximum fine of the greatest of either: (a) $250,000; (b) twice the gross pecuniary gain
   to the defendant; or (c) twice the gross pecuniary loss inflicted on another
   Mandatory special assessment of $100

Counts Thirteen, Sixteen, Eighteen, and Twenty: Attempted Murder in Aid of Racketeering
(18 U.S.C. §§ 1959(a)(5) and 2)
   Maximum term of 10 years' imprisonment
   Maximum term of 3 years' supervised release
   Maximum fine of the greatest of either: (a) $250,000; (b) twice the gross pecuniary gain
   to the defendant; or (c) twice the gross pecuniary loss inflicted on another
   Mandatory special assessment of $100

9

Counts Fourteen and Twenty-One: Use/Possession of Firearm in Furtherance of Crime of Violence (18 U.S.C. §§ 924(c) & 2)

    For *each* count:

    Maximum term of life imprisonment

    Mandatory minimum term of 5, 7, or 10 years' imprisonment, to be imposed consecutive to any other term of imprisonment

    Maximum term of supervised release of 5 years

    Maximum fine of the greatest of either: (a) $250,000; (b) twice the gross pecuniary gain to the defendant; or (c) twice the gross pecuniary loss inflicted on another

    Mandatory special assessment of $100

    Mandatory minimum term of 25 years' imprisonment if convicted of *both* Counts Fourteen and Twenty-One, pursuant to 18 U.S.C. § 924(c)(1)(C)

Counts Forty-Two, Forty-Six, Forty-Seven, and Forty-Eight: Attempted Exportation of Stolen Vehicle (18 U.S.C. §§ 553(a) & 2)

    Maximum term of 10 years' imprisonment

    Maximum term of 3 years' supervised release

    Maximum fine of the greatest of either: (a) $250,000; (b) twice the gross pecuniary gain to the defendant; or (c) twice the gross pecuniary loss inflicted on another

    Mandatory special assessment of $100

## DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT

BY: ☐ COMPLAINT  ☐ INFORMATION  ☑ INDICTMENT
☑ SUPERSEDING

**Name of District Court, and/or Judge/Magistrate Location**
NORTHERN DISTRICT OF CALIFORNIA

┌─ OFFENSE CHARGED ─

See attached

☐ Petty
☐ Minor
☐ Misde-
   meanor
☑ Felony

PENALTY:
See attached

┌─ DEFENDANT - U.S. ─

WALTER CRUZ-ZAVALA  *FILED*

DISTRICT COURT NUMBER

JAN 2 9 2009

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

┌─ DEFENDANT ─

**IS *NOT* IN CUSTODY**

1) ☐ Has not been arrested, pending outcome this proceeding.
      If not detained give date any prior summons
      was served on above charges

2) ☐ Is a Fugitive

3) ☐ Is on Bail or Release from (show District)

**IS IN CUSTODY**

4) ☑ On this charge

5) ☐ On another conviction

6) ☐ Awaiting trial on other  } ☐ Fed'l  ☐ State
        charges

   If answer to (6) is "Yes", show name of institution

┌─ PROCEEDING ─
**Name of Complaintant Agency, or Person (&Title, if any)**
Special Agents Ben Horton/John Moore, Dept. of Homeland Security/ICE

☐ person is awaiting trial in another Federal or State
   Court, give name of court

☐ this person/proceeding is transferred from another
   district per (circle one) FRCrP 20, 21 or 40. Show
   District

☐ this is a reprosecution of
   charges previously dismissed
   which were dismissed on
   motion of:         **SHOW**
      ☐ U.S. Att'y ☐ Defense   **DOCKET NO.**
☑ this prosecution relates to a
   pending case involving this same   Cr-08-730-WHA
   defendant
☐ prior proceedings or appearance(s)   **MAGISTRATE**
   before U.S. Magistrate regarding   **CASE NO.**
   this defendant were recorded under

Has detainer   ☐ Yes   If "Yes"
been filed?    ☐ No   } give date
                       filed

**DATE OF
ARREST**          Month/Day/Year

Or... if Arresting Agency & Warrant were not

**DATE TRANSFERRED**    Month/Day/Year
**TO U.S. CUSTODY**

Name and Office of Person
Furnishing Information on   **JOSEPH P. RUSSONIELLO**
THIS FORM
        ☑ U.S. Att'y  ☐ Other U.S. Agency

Name of Asst. U.S. Att'y
(if assigned)   W.S. Wilson Leung

☐ This report amends AO 257 previously submitted

─ ADDITIONAL INFORMATION OR COMMENTS ─

PROCESS:
☐ SUMMONS  ☑ NO PROCESS*  ☐ WARRANT   Bail Amount:

If Summons, complete following:
☐ Arraignment  ☐ Initial Appearance   *Where defendant previously apprehended on complaint, no new summons
Defendant Address:                      or warrant needed, since Magistrate has scheduled arraignment

Date/Time:

Before Judge:

Comments:

**(7) WALTER YOVANI CRUZ-ZAVALA, a/k/a "Sombra"**

<u>Count One</u>: Racketeering Conspiracy (18 U.S.C. § 1962(d))
    Maximum term of life imprisonment
    Maximum term of 5 years' supervised release
    Maximum fine of the greatest of either: (a) $250,000; (b) twice the gross pecuniary gain
    to the defendant; or (c) twice the gross pecuniary loss inflicted on another
    Mandatory special assessment of $100

<u>Count Two</u>: Conspiracy to Commit Murder in Aid of Racketeering (18 U.S.C. § 1959(a)(5))
    Maximum term of 10 years' imprisonment
    Maximum term of 3 years' supervised release
    Maximum fine of the greatest of either: (a) $250,000; (b) twice the gross pecuniary gain
    to the defendant; or (c) twice the gross pecuniary loss inflicted on another
    Mandatory special assessment of $100

<u>Count Three</u>: Conspiracy to Commit Assault with a Dangerous Weapon in Aid of
Racketeering (18 U.S.C. § 1959(a)(6))
    Maximum term of 3 years' imprisonment
    Maximum term of 3 years' supervised release
    Maximum fine of the greatest of either: (a) $250,000; (b) twice the gross pecuniary gain
    to the defendant; or (c) twice the gross pecuniary loss inflicted on another
    Mandatory special assessment of $100

<u>Count Four</u>: Use/Possession of Firearm in Furtherance of Crime of Violence (18 U.S.C. §§
924(c) & 2)
    Maximum term of life imprisonment
    Mandatory minimum term of 5, 7, or 10 years' imprisonment, to be imposed consecutive
    to any other term of imprisonment
    Maximum term of supervised release of 5 years
    Maximum fine of the greatest of either: (a) $250,000; (b) twice the gross pecuniary gain
    to the defendant; or (c) twice the gross pecuniary loss inflicted on another
    Mandatory special assessment of $100

AO 257 (Rev. 6/78)

## DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT

BY: ☐ COMPLAINT ☐ INFORMATION ☑ INDICTMENT
☑ SUPERSEDING

**Name of District Court, and/or Judge/Magistrate Location**
**NORTHERN DISTRICT OF CALIFORNIA**

### ── OFFENSE CHARGED ──

See attached

☐ Petty
☐ Minor
☐ Misde-
   meanor
☑ Felony

PENALTY:
See attach ▉▉▉▉▉▉▉▉▉▉

── DEFENDANT - U.S. ──

▶ JONATHAN CRUZ-RAMIREZ

DISTRICT COURT NUMBER

*FILED*

*JAN 2 9 2009*

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

### ── PROCEEDING ──

Name of Complaintant Agency, or Person (&Title, if any)
Special Agents Ben Horton/John Moore, Dept. of Homeland Security/ICE

☐ person is awaiting trial in another Federal or State Court, give name of court

☐ this person/proceeding is transferred from another district per (circle one) FRCrP 20, 21 or 40. Show District

☐ this is a reprosecution of charges previously dismissed which were dismissed on motion of:
  ☐ U.S. Att'y ☐ Defense

} SHOW DOCKET NO.

Cr-08-730-WHA

☑ this prosecution relates to a pending case involving this same defendant

☐ prior proceedings or appearance(s) before U.S. Magistrate regarding this defendant were recorded under

} MAGISTRATE CASE NO.

**DEFENDANT**

## IS *NOT* IN CUSTODY

1) ☐ Has not been arrested, pending outcome this proceeding.
   If not detained give date any prior summons was served on above charges ▶

2) ☐ Is a Fugitive

3) ☐ Is on Bail or Release from (show District)

## IS IN CUSTODY

4) ☑ On this charge

5) ☐ On another conviction

6) ☐ Awaiting trial on other charges

} ☐ Fed'l ☐ State

If answer to (6) is "Yes", show name of institution

Yuba County Jail

Has detainer been filed? ☐ Yes ☐ No } If "Yes" give date filed

DATE OF ARREST ▶        Month/Day/Year

Or... if Arresting Agency & Warrant were not

DATE TRANSFERRED TO U.S. CUSTODY ▶        Month/Day/Year

Name and Office of Person Furnishing Information on THIS FORM   **JOSEPH P. RUSSONIELLO**
☑ U.S. Att'y ☐ Other U.S. Agency

Name of Asst. U.S. Att'y (if assigned)   W.S. Wilson Leung

☐ This report amends AO 257 previously submitted

### ── ADDITIONAL INFORMATION OR COMMENTS ──

PROCESS:
☐ SUMMONS ☑ NO PROCESS* ☐ WARRANT   Bail Amount:

If Summons, complete following:
☐ Arraignment ☐ Initial Appearance
Defendant Address:

*Where defendant previously apprehended on complaint, no new summons or warrant needed, since Magistrate has scheduled arraignment

Date/Time:

Before Judge:

Comments:

**(6) JONATHAN CRUZ-RAMIREZ, a/k/a "Soldado"**

<u>Count One</u>: Racketeering Conspiracy (18 U.S.C. § 1962(d))
    Maximum term of life imprisonment
    Maximum term of 5 years' supervised release
    Maximum fine of the greatest of either: (a) $250,000; (b) twice the gross pecuniary gain
    to the defendant; or (c) twice the gross pecuniary loss inflicted on another
    Mandatory special assessment of $100

<u>Count Two</u>: Conspiracy to Commit Murder in Aid of Racketeering (18 U.S.C. § 1959(a)(5))
    Maximum term of 10 years' imprisonment
    Maximum term of 3 years' supervised release
    Maximum fine of the greatest of either: (a) $250,000; (b) twice the gross pecuniary gain
    to the defendant; or (c) twice the gross pecuniary loss inflicted on another
    Mandatory special assessment of $100

<u>Count Three</u>: Conspiracy to Commit Assault with a Dangerous Weapon in Aid of
Racketeering (18 U.S.C. § 1959(a)(6))
    Maximum term of 3 years' imprisonment
    Maximum term of 3 years' supervised release
    Maximum fine of the greatest of either: (a) $250,000; (b) twice the gross pecuniary gain
    to the defendant; or (c) twice the gross pecuniary loss inflicted on another
    Mandatory special assessment of $100

<u>Count Four</u>: Use/Possession of Firearm in Furtherance of Crime of Violence (18 U.S.C. §§
924(c) & 2)
    Maximum term of life imprisonment
    Mandatory minimum term of 5, 7, or 10 years' imprisonment, to be imposed consecutive
    to any other term of imprisonment
    Maximum term of supervised release of 5 years
    Maximum fine of the greatest of either: (a) $250,000; (b) twice the gross pecuniary gain
    to the defendant; or (c) twice the gross pecuniary loss inflicted on another
    Mandatory special assessment of $100

AO 257 (Rev. 6/78)

## DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT

BY: ☐ COMPLAINT ☐ INFORMATION ☑ INDICTMENT
☑ SUPERSEDING

**Name of District Court, and/or Judge/Magistrate Location**
NORTHERN DISTRICT OF CALIFORNIA

─ OFFENSE CHARGED ─

See attached

☐ Petty
☐ Minor
☐ Misde-
    meanor
☑ Felony

PENALTY:
See attached

─ DEFENDANT - U.S. ─

▶ GUILLERMO HERRERA

*FILED*

DISTRICT COURT NUMBER

JAN 2 9 2009

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

─ DEFENDANT ─

### PROCEEDING

Name of Complaintant Agency, or Person (&Title, if any)
Special Agents Ben Horton/John Moore, Dept. of Homeland Security/ICE

☐ person is awaiting trial in another Federal or State
  Court, give name of court

☐ this person/proceeding is transferred from another
  district per (circle one) FRCrP 20, 21 or 40. Show
  District

☐ this is a reprosecution of
  charges previously dismissed
  which were dismissed on
  motion of:                     SHOW
  ☐ U.S. Att'y ☐ Defense      DOCKET NO.
☑ this prosecution relates to a    Cr-08-730-WHA
  pending case involving this same
  defendant
                                MAGISTRATE
☐ prior proceedings or appearance(s)  CASE NO.
  before U.S. Magistrate regarding
  this defendant were recorded under

Name and Office of Person
Furnishing Information on      JOSEPH P. RUSSONIELLO
THIS FORM
                    ☑ U.S. Att'y ☐ Other U.S. Agency

Name of Asst. U.S. Att'y
(if assigned)       W.S. Wilson Leung

**IS NOT IN CUSTODY**

1) ☐ Has not been arrested, pending outcome this proceeding.
       If not detained give date any prior summons
       was served on above charges ▶

2) ☐ Is a Fugitive

3) ☐ Is on Bail or Release from (show District)

**IS IN CUSTODY**

4) ☑ On this charge

5) ☐ On another conviction

6) ☐ Awaiting trial on other
      charges                    } ☐ Fed'l ☐ State

   If answer to (6) is "Yes", show name of institution

Has detainer     ☐ Yes }  If "Yes"
been filed?      ☐ No  }  give date
                          filed
                          Month/Day/Year
DATE OF
ARREST ▶

   Or... if Arresting Agency & Warrant were not
                                Month/Day/Year
DATE TRANSFERRED ▶
TO U.S. CUSTODY

☐ This report amends AO 257 previously submitted

─ ADDITIONAL INFORMATION OR COMMENTS ─

PROCESS:
☐ SUMMONS ☑ NO PROCESS* ☐ WARRANT  Bail Amount:

If Summons, complete following:
☐ Arraignment ☐ Initial Appearance   *Where defendant previously apprehended on complaint, no new summons
Defendant Address:                    or warrant needed, since Magistrate has scheduled arraignment

                        Date/Time:

                        Before Judge:

Comments:

**(5) GUILLERMO HERRERA, a/k/a "Shorty," a/k/a "Sparky"**

Count One: Racketeering Conspiracy (18 U.S.C. § 1962(d))
    Maximum term of life imprisonment
    Maximum term of 5 years' supervised release
    Maximum fine of the greatest of either: (a) $250,000; (b) twice the gross pecuniary gain
    to the defendant; or (c) twice the gross pecuniary loss inflicted on another
    Mandatory special assessment of $100

Count Two: Conspiracy to Commit Murder in Aid of Racketeering (18 U.S.C. § 1959(a)(5))
    Maximum term of 10 years' imprisonment
    Maximum term of 3 years' supervised release
    Maximum fine of the greatest of either: (a) $250,000; (b) twice the gross pecuniary gain
    to the defendant; or (c) twice the gross pecuniary loss inflicted on another
    Mandatory special assessment of $100

Count Three: Conspiracy to Commit Assault with a Dangerous Weapon in Aid of
Racketeering (18 U.S.C. § 1959(a)(6))
    Maximum term of 3 years' imprisonment
    Maximum term of 3 years' supervised release
    Maximum fine of the greatest of either: (a) $250,000; (b) twice the gross pecuniary gain
    to the defendant; or (c) twice the gross pecuniary loss inflicted on another
    Mandatory special assessment of $100

Count Ten: Murder in Aid of Racketeering (18 U.S.C. §§ 1959(a)(1) & 2)
    Maximum punishment is death
    Mandatory minimum term of life imprisonment
    Maximum term of supervised release of 5 years
    Maximum fine of the greatest of either: (a) $250,000; (b) twice the gross pecuniary gain
    to the defendant; or (c) twice the gross pecuniary loss inflicted on another
    Mandatory special assessment of $100

Count Eleven: Use/Possession of Firearm in Furtherance of Crime of Violence (18 U.S.C. §§
924(c) & 2)
    Maximum term of life imprisonment
    Mandatory minimum term of 5, 7, or 10 years' imprisonment, to be imposed consecutive
    to any other term of imprisonment
    Maximum term of supervised release of 5 years
    Maximum fine of the greatest of either: (a) $250,000; (b) twice the gross pecuniary gain
    to the defendant; or (c) twice the gross pecuniary loss inflicted on another
    Mandatory special assessment of $100

AO 257 (Rev. 6/78)

## DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT

BY: ☐ COMPLAINT ☐ INFORMATION ☑ INDICTMENT
☑ SUPERSEDING

**Name of District Court, and/or Judge/Magistrate Location**
NORTHERN DISTRICT OF CALIFORNIA

### OFFENSE CHARGED

See attached

☐ Petty
☐ Minor
☐ Misde-
meanor
☑ Felony

PENALTY:
See attached

---

**DEFENDANT - U.S.**

~~FILED~~

▶ MORIS FLORES

DISTRICT COURT NUMBER JAN 2 9 2009

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

---

### PROCEEDING

Name of Complaintant Agency, or Person (&Title, if any)
Special Agents Ben Horton/John Moore, Dept. of Homeland Security/ICE

☐ person is awaiting trial in another Federal or State
Court, give name of court

☐ this person/proceeding is transferred from another
district per (circle one) FRCrP 20, 21 or 40. Show
District

☐ this is a reprosecution of
charges previously dismissed
which were dismissed on
motion of:       **SHOW**
☐ U.S. Att'y ☐ Defense   **DOCKET NO.**
☑ this prosecution relates to a
pending case involving this same  Cr-08-730-WHA
defendant
☐ prior proceedings or appearance(s)   **MAGISTRATE**
before U.S. Magistrate regarding   **CASE NO.**
this defendant were recorded under

Name and Office of Person
Furnishing Information on   **JOSEPH P. RUSSONIELLO**
THIS FORM
☑ U.S. Att'y ☐ Other U.S. Agency

Name of Asst. U.S. Att'y
(if assigned)   W.S. Wilson Leung

---

**DEFENDANT**

**IS NOT IN CUSTODY**
Has not been arrested, pending outcome this proceeding.
1) ☐ If not detained give date any prior summons
was served on above charges ▶

2) ☐ Is a Fugitive

3) ☐ Is on Bail or Release from (show District)

**IS IN CUSTODY**
4) ☑ On this charge

5) ☐ On another conviction

6) ☐ Awaiting trial on other   } ☐ Fed'l ☐ State
charges

If answer to (6) is "Yes", show name of Institution

Has detainer   ☐ Yes   } If "Yes"
been filed?   ☐ No   give date
filed

**DATE OF**   Month/Day/Year
**ARREST**

Or... if Arresting Agency & Warrant were not

**DATE TRANSFERRED**   Month/Day/Year
**TO U.S. CUSTODY**

☐ This report amends AO 257 previously submitted

---

### ADDITIONAL INFORMATION OR COMMENTS

PROCESS:
☐ SUMMONS ☑ NO PROCESS* ☐ WARRANT Bail Amount: _____

If Summons, complete following:
☐ Arraignment ☐ Initial Appearance   *Where defendant previously apprehended on complaint, no new summons
Defendant Address:   or warrant needed, since Magistrate has scheduled arraignment

Date/Time: _____

Before Judge: _____

Comments:

### (4) MORIS FLORES, a/k/a "Slow," a/k/a "Slow Pain"

Count One: Racketeering Conspiracy (18 U.S.C. § 1962(d))
    Maximum term of life imprisonment
    Maximum term of 5 years' supervised release
    Maximum fine of the greatest of either: (a) $250,000; (b) twice the gross pecuniary gain
    to the defendant; or (c) twice the gross pecuniary loss inflicted on another
    Mandatory special assessment of $100

Count Two: Conspiracy to Commit Murder in Aid of Racketeering (18 U.S.C. § 1959(a)(5))
    Maximum term of 10 years' imprisonment
    Maximum term of 3 years' supervised release
    Maximum fine of the greatest of either: (a) $250,000; (b) twice the gross pecuniary gain
    to the defendant; or (c) twice the gross pecuniary loss inflicted on another
    Mandatory special assessment of $100

Count Three: Conspiracy to Commit Assault with a Dangerous Weapon in Aid of
Racketeering (18 U.S.C. § 1959(a)(6))
    Maximum term of 3 years' imprisonment
    Maximum term of 3 years' supervised release
    Maximum fine of the greatest of either: (a) $250,000; (b) twice the gross pecuniary gain
    to the defendant; or (c) twice the gross pecuniary loss inflicted on another
    Mandatory special assessment of $100

Count Four: Use/Possession of Firearm in Furtherance of Crime of Violence (18 U.S.C. §§
924(c) & 2)
    Maximum term of life imprisonment
    Mandatory minimum term of 5, 7, or 10 years' imprisonment, to be imposed consecutive
    to any other term of imprisonment
    Maximum term of supervised release of 5 years
    Maximum fine of the greatest of either: (a) $250,000; (b) twice the gross pecuniary gain
    to the defendant; or (c) twice the gross pecuniary loss inflicted on another
    Mandatory special assessment of $100

AO 257 (Rev. 6/78)

## DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT

BY: ☐ COMPLAINT ☐ INFORMATION ☑ INDICTMENT
☑ SUPERSEDING

| Name of District Court, and/or Judge/Magistrate Location |
| NORTHERN DISTRICT OF CALIFORNIA |

┌─ OFFENSE CHARGED ─┐

See attached

☐ Petty
☐ Minor
☐ Misde-meanor
☑ Felony

PENALTY:
See attached

┌─ DEFENDANT - U.S. ─┐

ANGEL NOEL GUEVARA **FILED**

DISTRICT COURT NUMBER

JAN 2 9 2009

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

┌─ DEFENDANT ─┐

**IS NOT IN CUSTODY**
Has not been arrested, pending outcome this proceeding.
1) ☐ If not detained give date any prior summons
was served on above charges

2) ☐ Is a Fugitive

3) ☐ Is on Bail or Release from (show District)

### PROCEEDING

Name of Complaintant Agency, or Person (&Title, if any)
Special Agents Ben Horton/John Moore, Dept. of Homeland Security/ICE

☐ person is awaiting trial in another Federal or State Court, give name of court

☐ this person/proceeding is transferred from another district per (circle one) FRCrP 20, 21 or 40. Show District

☐ this is a reprosecution of charges previously dismissed which were dismissed on motion of:
☐ U.S. Att'y ☐ Defense

☑ this prosecution relates to a pending case involving this same defendant

☐ prior proceedings or appearance(s) before U.S. Magistrate regarding this defendant were recorded under

**SHOW DOCKET NO.**

Cr-08-730-WHA

**MAGISTRATE CASE NO.**

Name and Office of Person Furnishing Information on THIS FORM

**JOSEPH P. RUSSONIELLO**

☑ U.S. Att'y ☐ Other U.S. Agency

Name of Asst. U.S. Att'y (if assigned) W.S. Wilson Leung

**IS IN CUSTODY**

4) ☑ On this charge

5) ☐ On another conviction

6) ☐ Awaiting trial on other charges } ☐ Fed'l ☐ State

If answer to (6) is "Yes", show name of institution

Has detainer been filed? ☐ Yes ☐ No } If "Yes" give date filed

**DATE OF ARREST** Month/Day/Year

Or... if Arresting Agency & Warrant were not

**DATE TRANSFERRED TO U.S. CUSTODY** Month/Day/Year

☐ This report amends AO 257 previously submitted

## ADDITIONAL INFORMATION OR COMMENTS

PROCESS:
☐ SUMMONS ☑ NO PROCESS* ☐ WARRANT Bail Amount:

If Summons, complete following:
☐ Arraignment ☐ Initial Appearance
Defendant Address:

*Where defendant previously apprehended on complaint, no new summons or warrant needed, since Magistrate has scheduled arraignment

Date/Time:

Before Judge:

Comments:

**(3) ANGEL NOEL GUEVARA, a/k/a "Peloncito"**

<u>Count One</u>: Racketeering Conspiracy (18 U.S.C. § 1962(d))
    Maximum term of life imprisonment
    Maximum term of 5 years' supervised release
    Maximum fine of the greatest of either: (a) $250,000; (b) twice the gross pecuniary gain
    to the defendant; or (c) twice the gross pecuniary loss inflicted on another
    Mandatory special assessment of $100

<u>Count Two</u>: Conspiracy to Commit Murder in Aid of Racketeering (18 U.S.C. § 1959(a)(5))
    Maximum term of 10 years' imprisonment
    Maximum term of 3 years' supervised release
    Maximum fine of the greatest of either: (a) $250,000; (b) twice the gross pecuniary gain
    to the defendant; or (c) twice the gross pecuniary loss inflicted on another
    Mandatory special assessment of $100

<u>Count Three</u>: Conspiracy to Commit Assault with a Dangerous Weapon in Aid of
Racketeering (18 U.S.C. § 1959(a)(6))
    Maximum term of 3 years' imprisonment
    Maximum term of 3 years' supervised release
    Maximum fine of the greatest of either: (a) $250,000; (b) twice the gross pecuniary gain
    to the defendant; or (c) twice the gross pecuniary loss inflicted on another
    Mandatory special assessment of $100

<u>Count Four</u>: Use/Possession of Firearm in Furtherance of Crime of Violence (18 U.S.C. §§
924(c) & 2)
    Maximum term of life imprisonment
    Mandatory minimum term of 5, 7, or 10 years' imprisonment, to be imposed consecutive
    to any other term of imprisonment
    Maximum term of supervised release of 5 years
    Maximum fine of the greatest of either: (a) $250,000; (b) twice the gross pecuniary gain
    to the defendant; or (c) twice the gross pecuniary loss inflicted on another
    Mandatory special assessment of $100

<u>Counts Five, Six, and Eight</u>: Assault with a Dangerous Weapon in Aid of Racketeering (18
U.S.C. § 1959(a)(3) & 2)
    For *each* count:
    Maximum term of 20 years' imprisonment
    Maximum term of 3 years' supervised release
    Maximum fine of the greatest of either: (a) $250,000; (b) twice the gross pecuniary gain
    to the defendant; or (c) twice the gross pecuniary loss inflicted on another
    Mandatory special assessment of $100

<u>Counts Seven and Nine</u>: Attempted Murder in Aid of Racketeering (18 U.S.C. § 1959(a)(5) & 2)

For *each* count:

Maximum term of 10 years' imprisonment

Maximum term of 3 years' supervised release

Maximum fine of the greatest of either: (a) $250,000; (b) twice the gross pecuniary gain to the defendant; or (c) twice the gross pecuniary loss inflicted on another

Mandatory special assessment of $100

AO 257 (Rev. 6/78)

## DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT

BY: ☐ COMPLAINT ☐ INFORMATION ☑ INDICTMENT
                                   ☑ SUPERSEDING

─ OFFENSE CHARGED ─

See attached

☐ Petty
☐ Minor
☐ Misde-
   meanor
☑ Felony

PENALTY:
See attached

─ Name of District Court, and/or Judge/Magistrate Location ─
**NORTHERN DISTRICT OF CALIFORNIA**

─ DEFENDANT - U.S. ─

MARVIN CARCAMO

*FILED*

DISTRICT COURT NUMBER

*JAN 2 9 2009*

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

─ DEFENDANT ─

─ PROCEEDING ─

Name of Complaintant Agency, or Person (&Title, if any)
Special Agents Ben Horton and John Moore, Dept. of Homeland Security/ICE

☐ person is awaiting trial in another Federal or State Court, give name of court

☐ this person/proceeding is transferred from another district per (circle one) FRCrP 20, 21 or 40. Show District

☐ this is a reprosecution of charges previously dismissed which were dismissed on motion of:
    ☐ U.S. Att'y ☐ Defense

☑ this prosecution relates to a pending case involving this same defendant

☐ prior proceedings or appearance(s) before U.S. Magistrate regarding this defendant were recorded under

**SHOW DOCKET NO.**

Cr-08-730-WHA

**MAGISTRATE CASE NO.**

**IS NOT IN CUSTODY**
Has not been arrested, pending outcome this proceeding.
1) ☐ If not detained give date any prior summons was served on above charges

2) ☐ Is a Fugitive

3) ☐ Is on Bail or Release from (show District)

**IS IN CUSTODY**

4) ☑ On this charge

5) ☐ On another conviction

6) ☐ Awaiting trial on other charges
       } ☐ Fed'l ☐ State

If answer to (6) is "Yes", show name of institution

San Francisco County Jail

Has detainer been filed? ☐ Yes  } If "Yes" give date filed
               ☐ No

**DATE OF ARREST**     Month/Day/Year

Or... if Arresting Agency & Warrant were not

**DATE TRANSFERRED TO U.S. CUSTODY**     Month/Day/Year

Name and Office of Person Furnishing Information on THIS FORM    **JOSEPH P. RUSSONIELLO**

☑ U.S. Att'y ☐ Other U.S. Agency

Name of Asst. U.S. Att'y (if assigned)    W.S. Wilson Leung

☐ This report amends AO 257 previously submitted

─ ADDITIONAL INFORMATION OR COMMENTS ─

PROCESS:
☐ SUMMONS ☑ NO PROCESS* ☐ WARRANT    Bail Amount:

If Summons, complete following:
☐ Arraignment ☐ Initial Appearance
Defendant Address:

*Where defendant previously apprehended on complaint, no new summons or warrant needed, since Magistrate has scheduled arraignment

Date/Time:

Before Judge:

Comments:

**(2) MARVIN CARCAMO, a/k/a "Cyco," a/k/a "Psycho," a/k/a "Syco"**

Count One: Racketeering Conspiracy (18 U.S.C. § 1962(d))
    Maximum term of life imprisonment
    Maximum term of 5 years' supervised release
    Maximum fine of the greatest of either: (a) $250,000; (b) twice the gross pecuniary gain
    to the defendant; or (c) twice the gross pecuniary loss inflicted on another
    Mandatory special assessment of $100

Count Two: Conspiracy to Commit Murder in Aid of Racketeering (18 U.S.C. § 1959(a)(5))
    Maximum term of 10 years' imprisonment
    Maximum term of 3 years' supervised release
    Maximum fine of the greatest of either: (a) $250,000; (b) twice the gross pecuniary gain
    to the defendant; or (c) twice the gross pecuniary loss inflicted on another
    Mandatory special assessment of $100

Count Three: Conspiracy to Commit Assault with a Dangerous Weapon in Aid of
Racketeering (18 U.S.C. § 1959(a)(6))
    Maximum term of 3 years' imprisonment
    Maximum term of 3 years' supervised release
    Maximum fine of the greatest of either: (a) $250,000; (b) twice the gross pecuniary gain
    to the defendant; or (c) twice the gross pecuniary loss inflicted on another
    Mandatory special assessment of $100

Count Four: Use/Possession of Firearm in Furtherance of Crime of Violence (18 U.S.C. §§
924(c) & 2)
    Maximum term of life imprisonment
    Mandatory minimum term of 5, 7, or 10 years' imprisonment, to be imposed consecutive
    to any other term of imprisonment
    Maximum term of supervised release of 5 years
    Maximum fine of the greatest of either: (a) $250,000; (b) twice the gross pecuniary gain
    to the defendant; or (c) twice the gross pecuniary loss inflicted on another
    Mandatory special assessment of $100

Count Forty-One: Attempted Exportation of Stolen Vehicle (18 U.S.C. §§ 553(a) & 2)
    Maximum term of 10 years' imprisonment
    Maximum term of 3 years' supervised release
    Maximum fine of the greatest of either: (a) $250,000; (b) twice the gross pecuniary gain
    to the defendant; or (c) twice the gross pecuniary loss inflicted on another
    Mandatory special assessment of $100

AO 257 (Rev. 6/78)

# DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT

BY: ☐ COMPLAINT  ☐ INFORMATION  ☑ INDICTMENT
                                  ☑ SUPERSEDING

**Name of District Court, and/or Judge/Magistrate Location**
NORTHERN DISTRICT OF CALIFORNIA

─── **OFFENSE CHARGED** ───

See attached

☐ Petty
☐ Minor
☐ Misde-meanor
☑ Felony

PENALTY:
See attached

─── **DEFENDANT - U.S.** ───

IVAN CERNA

FILED

DISTRICT COURT NUMBER   JAN 2 9 2009

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

─── **DEFENDANT** ───

─── **PROCEEDING** ───
**Name of Complaintant Agency, or Person (&Title, if any)**
Special Agents Ben Horton/John Moore, Dept. of Homeland Security/ICE

☐ person is awaiting trial in another Federal or State Court, give name of court

☐ this person/proceeding is transferred from another district per (circle one) FRCrP 20, 21 or 40. Show District

☐ this is a reprosecution of charges previously dismissed which were dismissed on motion of:
  ☐ U.S. Att'y  ☐ Defense
☑ this prosecution relates to a pending case involving this same defendant
☐ prior proceedings or appearance(s) before U.S. Magistrate regarding this defendant were recorded under

SHOW DOCKET NO.

Cr-08-730-WHA

MAGISTRATE CASE NO.

**IS NOT IN CUSTODY**
1) ☐ Has not been arrested, pending outcome this proceeding. If not detained give date any prior summons was served on above charges
2) ☐ Is a Fugitive
3) ☐ Is on Bail or Release from (show District)

**IS IN CUSTODY**
4) ☑ On this charge
5) ☐ On another conviction
6) ☐ Awaiting trial on other charges   } ☐ Fed'l  ☐ State
If answer to (6) is "Yes", show name of Institution

Has detainer been filed?  ☐ Yes  ☐ No   If "Yes" give date filed

**DATE OF ARREST**   Month/Day/Year

Or... if Arresting Agency & Warrant were not

**DATE TRANSFERRED TO U.S. CUSTODY**   Month/Day/Year

**Name and Office of Person Furnishing Information on THIS FORM**   JOSEPH P. RUSSONIELLO
☑ U.S. Att'y  ☐ Other U.S. Agency

**Name of Asst. U.S. Att'y (if assigned)**   W.S. Wilson Leung

☐ This report amends AO 257 previously submitted

─── **ADDITIONAL INFORMATION OR COMMENTS** ───

PROCESS:
☐ SUMMONS  ☑ NO PROCESS*  ☐ WARRANT   Bail Amount:

If Summons, complete following:
☐ Arraignment  ☐ Initial Appearance
Defendant Address:

*Where defendant previously apprehended on complaint, no new summons or warrant needed, since Magistrate has scheduled arraignment

Date/Time:

Before Judge:

Comments:

**(1) IVAN CERNA, a/k/a "Tigre"**

Count One: Racketeering Conspiracy (18 U.S.C. § 1962(d))
   Maximum term of life imprisonment
   Maximum term of 5 years' supervised release
   Maximum fine of the greatest of either: (a) $250,000; (b) twice the gross pecuniary gain
   to the defendant; or (c) twice the gross pecuniary loss inflicted on another
   Mandatory special assessment of $100

Count Two: Conspiracy to Commit Murder in Aid of Racketeering (18 U.S.C. § 1959(a)(5))
   Maximum term of 10 years' imprisonment
   Maximum term of 3 years' supervised release
   Maximum fine of the greatest of either: (a) $250,000; (b) twice the gross pecuniary gain
   to the defendant; or (c) twice the gross pecuniary loss inflicted on another
   Mandatory special assessment of $100

Count Three: Conspiracy to Commit Assault with a Dangerous Weapon in Aid of
Racketeering (18 U.S.C. § 1959(a)(6))
   Maximum term of 3 years' imprisonment
   Maximum term of 3 years' supervised release
   Maximum fine of the greatest of either: (a) $250,000; (b) twice the gross pecuniary gain
   to the defendant; or (c) twice the gross pecuniary loss inflicted on another
   Mandatory special assessment of $100

Count Four: Use/Possession of Firearm in Furtherance of Crime of Violence (18 U.S.C. §§
924(c) & 2)
   Maximum term of life imprisonment
   Mandatory minimum term of 5, 7, or 10 years' imprisonment, to be imposed consecutive
   to any other term of imprisonment
   Maximum term of supervised release of 5 years
   Maximum fine of the greatest of either: (a) $250,000; (b) twice the gross pecuniary gain
   to the defendant; or (c) twice the gross pecuniary loss inflicted on another
   Mandatory special assessment of $100

1 | JOSEPH P. RUSSONIELLO (CABN 44332)
United States Attorney

2

3

4

5  **FILED**

JAN 2 9 2009

6  RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT

7  NORTHERN DISTRICT OF CALIFORNIA

8

UNITED STATES DISTRICT COURT

9

NORTHERN DISTRICT OF CALIFORNIA

10

SAN FRANCISCO DIVISION

11

12 | UNITED STATES OF AMERICA,       )       Criminal No:   C R08-730 WHA

13 |          v.       )

14 | (1) IVAN CERNA,       )
    a/k/a "Tigre,"       )

15 | (2) MARVIN CARCAMO,       )
    a/k/a "Cyco,"       )

16 |     a/k/a "Psycho,"       )
    a/k/a "Syco,"       )

17 | (3) ANGEL NOEL GUEVARA,       )
    a/k/a "Peloncito,"       )

18 | (4) MORIS FLORES,       )
    a/k/a "Slow,"       )

19 |     a/k/a "Slow Pain,"       )
(5) GUILLERMO HERRERA,       )

20 |     a/k/a "Shorty,"       )
    a/k/a "Sparky,"       )

21 | (6) JONATHAN CRUZ-RAMIREZ,       )
    a/k/a "Soldado,"       )

22 | (7) WALTER CRUZ-ZAVALA,       )
    a/k/a "Sombra,"       )

23 | (8) WALTER PALMA,       )
    a/k/a "Kapone,"       )

24 |     a/k/a "Capon,"       )
(9) DANIEL PORTILLO,       )

25 |     a/k/a "Rustin,"       )
    a/k/a "Rooster,"       )

26 | (10) ERICK LOPEZ,       )
    a/k/a "Spooky,"       )

27 | (11) CARLOS GARRIDO,       )
    a/k/a "Tweety,"       )

28 | (12) WALTER CHINCHILLA-LINAR,       )
    a/k/a "Demonio,"       )

VIOLATIONS:

18 U.S.C. § 1962(d) — RICO conspiracy

18 U.S.C. § 1959 — Violent Crimes in Aid of Racketeering

18 U.S.C. § 924(c) — Use or Possession of Firearm in Furtherance of Crime of Violence

21 U.S.C. § 846 — Conspiracy to Distribute/Possess with Intent to Distribute Controlled Substance

21 U.S.C. § 841(a)(1), (b)(1)(A), (b)(1)(B), and (b)(1)(C) — Distribution or Possession with Intent to Distribute Controlled Substance

18 U.S.C. § 1951(a) — Conspiracy to Commit Robbery Affecting Interstate Commerce

18 U.S.C. § 922(a)(1) — Unlicensed Firearms Dealing

18 U.S.C. § 922(g)(5) — Alien in Possession of Firearm

18 U.S.C. § 553(a) — Attempted Exportation of Stolen Vehicle

18 U.S.C. § 2 — Aiding & Abetting

SAN FRANCISCO VENUE

1  (13) CESAR ALVARADO, )
   a/k/a "Momia," )
2  (14) ABRAHAM MARTINEZ, )
   a/k/a "Goofy," )
3  (15) JOSE ALVARADO, )
   a/k/a "Joker," )
4  (16) DOUGLAS LARGAESPADA, )
   a/k/a "Droopy," )
5  (17) WILBERT CASTILLO, )
   a/k/a "Cypress," )
6  (18) JOSE QUINTEROS, )
   a/k/a "Fantasma," )
7  (19) MELVIN MALDONADO, )
   a/k/a "Estrano," )
8  a/k/a "Stranger," )
   (20) MANUEL FRANCO, )
9  a/k/a "Dreamer," )
   (21) RODRIGO MOLINA, )
10 a/k/a "Lil Payaso," )
   a/k/a "Payaso," )
11 (22) MAURICIO URIAS, )
   a/k/a "Puppet," )
12 (23) JUDITH SOSA, )
   a/k/a "J-Dubbs," )
13 (24) JOHN LACSAMANA BRIEZ, )
   (25) JOSE ANTUNEZ, )
14 a/k/a "Fino," )
   (26) ARISTIDES CARCAMO, )
15 a/k/a "Indio," )
   (27) RAFAEL MONTOYA, )
16 a/k/a "Sapo," )
   (28) RENE MONTES-MAYORGA, )
17 a/k/a "Negro," )
   (29) RODIL NOCHEZ, )
18 a/k/a "Chino," )
   a/k/a "Nieto," )
19 (30) DANIEL GONZALEZ, )
   a/k/a "D," and )
20 (31) MARLON LUMANG, )
                                )
21     Defendants. )
                                )
22 _____)

23              SECOND SUPERSEDING INDICTMENT

24 The Grand Jury charges:

25 COUNT ONE:          (18 U.S.C. § 1962(d) — Racketeering Conspiracy)

26 Introduction

27     1.    *La Mara Salvatrucha*, also known as the MS-13 gang (hereafter "MS-13"), is a

28 gang composed primarily of immigrants or descendants of immigrants from El Salvador, with

                              -2-          SECOND SUPERSEDING INDICTMENT

1 members operating in the State of California, including San Francisco, and throughout the United
2 States. The name "*Mara Salvatrucha*" is a combination of several slang terms. The word
3 "*Mara*" is the term used in El Salvador for "gang." The phrase "*Salvatrucha*" is a combination
4 of the words "*Salva*," which is an abbreviation for "Salvadoran," and "*trucha*," which is a slang
5 term for the warning "fear us," "look out," or "heads up."

6     2.     In the United States, MS-13 originated in Los Angeles, California, where, among
7 other things, MS-13 members engaged in turf wars for the control of drug distribution locations.
8 MS-13 quickly spread to states across the country, including Virginia, Maryland, Tennessee, and
9 North Carolina, as well as other cities in California, including San Francisco, and elsewhere.

10     3.     MS-13 is a national and international criminal organization with over 10,000
11 members regularly conducting gang activities in at least twenty states and the District of
12 Columbia, as well as in Mexico, Honduras, Guatemala, and El Salvador. MS-13 is one of the
13 largest street gangs in the United States. Gang members actively recruit members, including
14 juveniles, from communities with a large number of immigrants from El Salvador. Members,
15 however, can also have ethnic heritage from other Central American countries. In the United
16 States, MS-13 has been functioning since at least the 1980s.

17     4.     At all times relevant to this Indictment, in order to join MS-13, members were
18 required to complete an initiation process, often referred to as being "jumped in" or "beat in" to
19 the gang. During this initiation, members of MS-13 beat the new member, usually until a gang
20 member finishes counting to thirteen out loud.

21     5.     At all times relevant to this Indictment, some members of MS-13 signified their
22 membership by wearing tattoos reading "MARA SALVATRUCHA," "MS," "MS-13," or similar
23 slogans, often written in Gothic lettering. The gang colors of MS-13 are blue, black, and white,
24 and members often wear clothing of these colors bearing the number "13," or with numbers that,
25 when added together, total thirteen, such as "76." Also, MS-13 members from time to time
26 marked their territory or signified their presence through the use of graffiti with the words "MS"
27 or other identifying slogans. More recently, some MS-13 members have more discreetly and less
28 publicly signified their membership by hiding and avoiding such clothing and tattoos in order to

1 avoid detection by law enforcement. MS-13 members refer to one another by their gang names
2 or other nicknames and may not know fellow gang members except by these gang names.

3      6.     At all times relevant to the Indictment, members of MS-13 were expected to
4 protect the name, reputation, and status of the gang from rival gang members and other persons.
5 MS-13 members required that all individuals show respect and deference to the gang and its
6 membership. To protect the gang and to enhance its reputation, MS-13 members were expected
7 to use any means necessary to force respect from those who show disrespect, including acts of
8 intimidation and violence. MS-13's creed is exemplified by one of its mottos, "*Mata, roba,*
9 *viola, controlla,*" which translates in sum and substance to, "Kill, steal, rape, control."

10      7.     At all times relevant to this Indictment, members of MS-13 engaged in criminal
11 activity, including murder, attempted murder, narcotics distribution, assault, robbery, extortion,
12 stealing vehicles, and obstructing justice by threatening and intimidating witnesses that they
13 believed to be cooperating with law enforcement. MS-13 members were required to commit acts
14 of violence to maintain membership and discipline within the gang, including violence against
15 rival gang members or those they perceived to be rival gang members, as well as MS-13
16 members and associates who violated the gang's rules. As a result of MS-13's frequent use of
17 violence, innocent persons were often injured or killed. Participation in criminal activity by an
18 MS-13 member, particularly violent acts directed at rival gang members or as ordered by the
19 gang leadership, increased the level of respect accorded that member, resulting in that member
20 maintaining or increasing his position in the gang, and possibly resulting in recognition as a
21 leader.

22      8.     At all times relevant to this Indictment, MS-13 was organized in the Northern
23 District of California and elsewhere in "cliques," that is, smaller groups operating in a specific
24 city or region. MS-13 cliques sometimes worked together cooperatively to engage in criminal
25 activity and to assist one another in avoiding detection by law enforcement. The cliques operated
26 under the umbrella rules of MS-13. In the San Francisco Bay Area, these cliques include "20[th]
27 Street," which has as its geographic epicenter the vicinity of 20th Street and Mission Street in San
28 Francisco, and "*Pasadena Locos Sureños,*" or "PLS," which is a clique that originated in the Los

1 Angeles area and which has the city of Richmond as its geographic epicenter in the San
2 Francisco Bay Area. Members of MS-13 in the San Francisco Bay Area often identify
3 themselves as "*Sureños*," a term that generally encompasses gang members who were born
4 outside the United States and who claim Southern California as their base. The principal,
5 although not the only, rivals to MS-13 in the San Francisco Bay Area are gang members who
6 identify themselves as "*Norteños,*" a term that generally encompasses gang members who were
7 born in the United States and who claim Northern California as their base. Whereas MS-13 and
8 other *Sureño*-affiliated gangs claim blue as their gang color, *Norteños* claim the color red. One
9 of the principal rules of MS-13 is that its members must attack and kill *Norteños* and other rivals
10 whenever possible.

11    9.    At all times relevant to this Indictment, MS-13 members attended gang meetings
12 on a regular basis. Leaders of MS-13 cliques from across California periodically met to discuss
13 gang rules and gang business, to resolve problems or issues involving the cliques, and to unite
14 gang members. In San Francisco, members met to discuss, plan, and report on, among other
15 things: gang organizational issues; illegal activity conducted on behalf of MS-13; acts of violence
16 committed by MS-13 members against rival gang members and others; law enforcement activity
17 against MS-13 members; and purging the gang of those suspected of cooperating with law
18 enforcement. Members from other areas sometimes attended San Francisco MS-13 meetings.

19    10.    The leaders of individual MS-13 cliques are typically called "shot callers" or "*La
20 Palabra*." Above the "shot callers" are MS-13 leaders, often referred to as the "big homies,"
21 some of whom are incarcerated in El Salvador, who convey their orders through, among other
22 means, the use of telephones. The leaders of MS-13 resolve disputes between gang members,
23 address organizational issues, and participate in significant gang decisions such as whether to
24 assault or murder gang members, associates, and other individuals suspected of cooperating with
25 law enforcement.

26    11.    At all times relevant to this Indictment, MS-13 members paid dues that were
27 collected at gang meetings. MS-13 members collected dues for the benefit of, and to be provided
28 to, MS-13 gang members who were imprisoned in the United States, in El Salvador, and

-5-                                   SECOND SUPERSEDING INDICTMENT

1 | elsewhere. MS-13 members in San Francisco transferred funds to MS-13 members incarcerated
2 | in prison in El Salvador. MS-13 members also collected dues to buy firearms that they used to
3 | attack rivals and to conduct the affairs of MS-13.

4 |     12.    At all times relevant to this Indictment, MS-13 members communicated about
5 | gang activities with other MS-13 members in San Francisco and elsewhere using mobile
6 | telephones, telephone text messages, notes or "kites," and other modes of communication.
7 | Additionally, MS-13 members used transnational and international money wire transfers to
8 | conduct and promote gang activities.

9 | The Racketeering Enterprise

10 |     13.    MS-13, including its leadership, members and associates, in the Northern District
11 | of California, El Salvador, and elsewhere, constituted an "enterprise" as defined in Title 18,
12 | United States Code, Section 1961(4), that is, a group of individuals associated in fact. The
13 | enterprise constituted an ongoing organization whose members functioned as a continuing unit
14 | that had a common purpose of achieving the objectives of the enterprise. The enterprise was
15 | engaged in, and its activities affected, interstate and foreign commerce.

16 | Purposes of the Enterprise

17 |     14.    The purposes of the MS-13 enterprise included the following:

18 |     a.    Preserving and protecting the power, territory, reputation, and profits of
19 | the enterprise through the use of intimidation, violence, threats of violence, assaults, and murder;

20 |     b.    Promoting and enhancing the enterprise and the activities of its members
21 | and associates, including, but not limited to, murder, attempted murder, narcotics trafficking,
22 | theft of vehicles, robberies, extortion, and other criminal activities;

23 |     c.    Keeping victims, potential victims, and community members in fear of the
24 | enterprise and its members and associates through violence and threats of violence;

25 |     d.    Providing financial support and information to MS-13 members, including
26 | those incarcerated in the United States and El Salvador; and

27 |     e.    Providing assistance to other MS-13 members who committed crimes for
28 | and on behalf of the gang, to hinder, obstruct, and prevent law enforcement officers from

1 | identifying the offenders, apprehending the offenders, and successfully prosecuting and
2 | punishing the offenders.

3 | The Defendants

4 |     15.    The defendant, IVAN CERNA, a/k/a "Tigre," is one of the more senior members
5 | of MS-13 in the San Francisco Bay Area. CERNA has been a member of MS-13's 20th Street
6 | clique since its inception. For a number of years, CERNA held the leadership of 20th Street.
7 | While the leader of 20th Street, CERNA, among other things, led meetings and directed MS-13
8 | members to do "work," that is, to attack and kill actual and suspected *Norteños*, as well as actual
9 | and suspected members of other gangs. CERNA also counseled MS-13 gang members to
10 | distribute narcotics and to identify and retaliate against individuals who were suspected of
11 | cooperating with law enforcement. CERNA stepped down from his leadership position when
12 | some members of MS-13 expressed dissatisfaction with his leadership of the gang, and CERNA
13 | assumed a lower profile within the gang when he learned that he had attracted the attention of
14 | law enforcement officers. Even so, CERNA remained in contact with members of the gang and
15 | continues to have a prominent role in the conduct of MS-13.

16 |     16.    The defendants, MARVIN CARCAMO, a/k/a "Cyco," a/k/a "Psycho," a/k/a
17 | "Syco," and ANGEL NOEL GUEVARA, a/k/a "Peloncito," are members of MS-13's 20th Street
18 | clique who succeeded IVAN CERNA, a/k/a "Tigre," to the leadership of 20th Street. Among
19 | other things, MARVIN CARCAMO and GUEVARA pushed the gang more aggressively to
20 | "tax," that is, to extort money from, less powerful gangs, drug dealers, and other criminals, as
21 | well as to attack and kill actual and suspected *Norteños*, as well as actual and suspected members
22 | of other gangs. MARVIN CARCAMO and GUEVARA also directed MS-13 gang members to
23 | distribute narcotics and to identify and retaliate against individuals who were suspected of
24 | cooperating with law enforcement. The day-to-day leadership provided by MARVIN
25 | CARCAMO and GUEVARA diminished when they were each arrested and jailed, but both
26 | continue to be engaged in the conduct of MS-13 even while incarcerated.

27 |     17.    The defendant, MORIS FLORES, a/k/a "Slow," a/k/a "Slow Pain," is a member
28 | of MS-13's 20th Street clique who succeeded the defendants, MARVIN CARCAMO, a/k/a

1  "Cyco," a/k/a "Psycho," a/k/a "Syco," and ANGEL NOEL GUEVARA, a/k/a "Peloncito," as
2  leader of 20th Street. Among other things, FLORES continued to pursue the agenda set by
3  MARVIN CARCAMO and GUEVARA, directing MS-13 members to "tax" other gangs, drug
4  dealers, and other criminals, to attack and kill actual and suspected *Norteños*, as well as actual
5  and suspected members of other gangs, to distribute narcotics, and to identify and retaliate
6  against individuals who were suspected of cooperating with law enforcement.

7        18.    The defendants, GUILLERMO HERRERA, a/k/a "Shorty," a/k/a "Sparky,"
8  JONATHAN CRUZ-RAMIREZ, a/k/a "Soldado," WALTER CRUZ-ZAVALA, a/k/a "Sombra,"
9  WALTER PALMA, a/k/a "Kapone," a/k/a "Capon," DANIEL PORTILLO, a/k/a "Rustin," a/k/a
10  "Rooster," ERICK LOPEZ, a/k/a "Spooky," WALTER CHINCHILLA-LINAR, a/k/a
11  "Demonio," CESAR ALVARADO, a/k/a "Momia," ABRAHAM MARTINEZ, a/k/a "Goofy,"
12  JOSE ALVARADO, a/k/a "Joker," DOUGLAS LARGAESPADA, a/k/a "Droopy," WILBERT
13  CASTILLO, a/k/a "Cypress," JOSE QUINTEROS, a/k/a "Fantasma," MELVIN MALDONADO,
14  a/k/a "Estrano," a/k/a "Stranger," MANUEL FRANCO, a/k/a "Dreamer," RODRIGO MOLINA,
15  a/k/a "Lil Payaso," a/k/a "Payaso," MAURICIO URIAS, a/k/a "Puppet," ARISTIDES
16  CARCAMO, a/k/a "Indio," and RAFAEL MONTOYA, a/k/a "Sapo," are all members of MS-
17  13's 20th Street clique. The defendant, CARLOS GARRIDO, a/k/a "Tweety," is a member of
18  MS-13's PLS clique. Among other things, as members of MS-13, HERRERA, CRUZ-
19  RAMIREZ, CRUZ-ZAVALA, PALMA, PORTILLO, LOPEZ, GARRIDO, CHINCHILLA-
20  LINAR, CESAR ALVARADO, MARTINEZ, JOSE ALVARADO, LARGAESPADA,
21  CASTILLO, QUINTEROS, MALDONADO, FRANCO, MOLINA, URIAS, ARISTIDES
22  CARCAMO, and MONTOYA discussed and agreed to "tax" other gangs, drug dealers, and other
23  criminals, to attack and kill actual and suspected *Norteños*, as well as actual and suspected
24  members of other gangs, to distribute narcotics, and to identify and retaliate against individuals
25  who were suspected of cooperating with law enforcement.

26        19.    The defendants, who encompass both the membership and the leadership of MS-
27  13, acted individually, with each other, and also with non-member MS-13 associates in the
28  commission of racketeering activities and other criminal conduct.

1 | The Racketeering Conspiracy

2 |     20.    Beginning on a date unknown to the Grand Jury but since at least the late 1990s,

3 | and continuing up through and including the present, in the Northern District of California and

4 | elsewhere, the defendants

5 | IVAN CERNA, a/k/a "Tigre,"

6 | MARVIN CARCAMO, a/k/a "Cyco," a/k/a "Psycho," a/k/a "Syco,"

7 | ANGEL NOEL GUEVARA, a/k/a "Peloncito,"

8 | MORIS FLORES, a/k/a "Slow," a/k/a "Slow Pain,"

9 | GUILLERMO HERRERA, a/k/a "Shorty," a/k/a "Sparky,"

10 | JONATHAN CRUZ-RAMIREZ, a/k/a "Soldado,"

11 | WALTER CRUZ-ZAVALA, a/k/a "Sombra,"

12 | WALTER PALMA, a/k/a "Kapone," a/k/a "Capon,"

13 | DANIEL PORTILLO, a/k/a "Rustin," a/k/a "Rooster,"

14 | ERICK LOPEZ, a/k/a "Spooky,"

15 | CARLOS GARRIDO, a/k/a "Tweety,"

16 | WALTER CHINCHILLA-LINAR, a/k/a "Demonio,"

17 | CESAR ALVARADO, a/k/a "Momia,"

18 | ABRAHAM MARTINEZ, a/k/a "Goofy,"

19 | JOSE ALVARADO, a/k/a "Joker,"

20 | DOUGLAS LARGAESPADA, a/k/a "Droopy,"

21 | WILBERT CASTILLO, a/k/a "Cypress,"

22 | JOSE QUINTEROS, a/k/a "Fantasma,"

23 | MELVIN MALDONADO, a/k/a "Estrano,"a/k/a "Stranger,"

24 | MANUEL FRANCO, a/k/a "Dreamer,"

25 | RODRIGO MOLINA, a/k/a "Lil Payaso," a/k/a "Payaso,"

26 | MAURICIO URIAS, a/k/a "Puppet,"

27 | ARISTIDES CARCAMO, a/k/a "Indio," and

28 | RAFAEL MONTOYA, a/k/a "Sapo,"

together with others known and unknown, each being a person employed by and associated with MS-13, an enterprise engaged in, and the activities of which affected, interstate and foreign commerce, unlawfully, knowingly, and intentionally did conspire to violate Title 18, United States Code, Section 1962(c), that is to conduct and participate, directly and indirectly, in the conduct of the affairs of the MS-13 enterprise through a pattern of racketeering activity, as defined in Title 18, United States Code, Sections 1961(1) and (5), which pattern of racketeering activity consisted of multiple acts involving offenses chargeable under the following provisions of California law:

        a.    Murder, attempted murder, conspiracy to commit murder, and solicitation of murder, in violation of California Penal Code §§ 187, 188, 189, 182, 21a, 664, and 653f;

        b.    Robbery, attempted robbery, and conspiracy to commit robbery, in violation of California Penal Code §§ 211, 212.5, 213, 182, 21a, and 664;

        c.    Extortion, attempted extortion, and conspiracy to commit extortion, in violation of California Penal Code §§ 518, 519, 520, 524, and 182;

and multiple acts involving the following provisions of federal narcotics law:

        d.    21 U.S.C. § 846 (Conspiracy to Distribute and Possess with Intent to Distribute Controlled Substances);

        e.    21 U.S.C. § 841(a)(1) (Distribution and Possession with Intent to Distribute Methamphetamine and Cocaine);

        f.    21 U.S.C. § 843(b) (Use of Communication Facility to Facilitate Distribution of Controlled Substances);

and multiple acts indictable under the following provisions of federal law:

        g.    18 U.S.C. § 1951 (Robbery and Extortion Affecting Interstate Commerce);

        h.    18 U.S.C. § 1512 (Witness Retaliation and Tampering);

        i.    18 U.S.C. § 1503 (Obstruction of Justice);

        j.    18 U.S.C. § 2312 (Interstate Transportation of Stolen Vehicles).

21.    It was part of the conspiracy that each defendant agreed that a conspirator would

1 | commit at least two acts of racketeering activity in the conduct of the affairs of the enterprise.

2 | Manner and Means of the Conspiracy

3 | 22. It was part of the manner and means of the conspiracy that the defendants, as gang
4 | members of MS-13, were required to have and did have regular meetings with other MS-13 gang
5 | members to discuss, among other things: the structure and organization of the gang; past criminal
6 | acts committed against rival gang members and others; MS-13 members who were arrested or
7 | incarcerated; the disciplining of MS-13 members; police interactions with MS-13 members; the
8 | identities of individuals suspected of cooperating with law enforcement and the proposed actions
9 | to be taken against them; plans and agreements regarding the commission of future crimes,
10 | including murder, extortion, narcotics distribution, robbery, illegal possession of firearms, and
11 | assault, as well as ways to conceal these crimes; and the enforcement of gang rules.

12 | 23. It was further part of the manner and means of the conspiracy that the defendants
13 | and other members and associates of MS-13 agreed to purchase, maintain, and circulate a
14 | collection of firearms for use in criminal activity by MS-13 members.

15 | 24. It was further part of the manner and means of the conspiracy that the defendants
16 | and other members and associates of MS-13 agreed that acts of violence, including murder,
17 | attempted murder, and assault, would be committed by members and associates of MS-13 against
18 | rival gang members and others when it suited the enterprise's purposes. MS-13 members also
19 | used violence to impose discipline within the gang.

20 | 25. It was further part of the manner and means of the conspiracy that the defendants
21 | and other members and associates of MS-13 agreed to distribute narcotics, to use the telephone to
22 | facilitate narcotics distribution, to commit robbery, extortion, and other crimes, and to conceal
23 | their criminal activities by obstructing justice, threatening or intimidating witnesses, and other
24 | means.

25 | Overt Acts

26 | 26. In furtherance of the conspiracy and to achieve the objectives thereof, at least one
27 | conspirator performed or caused to be performed at least one of the following overt acts, among
28 | others, in the Northern District of California and elsewhere:

1    (1)    On or about August 1, 2005, in San Francisco, California, IVAN CERNA,
2 a/k/a "Tigre," MARVIN CARCAMO, a/k/a "Cyco," "Psycho," a/k/a "Syco," and others known
3 and unknown, held a meeting to discuss MS-13 gang business.

4    (2)    On or about August 4, 2005, in San Francisco, California, WALTER
5 PALMA, a/k/a "Kapone," a/k/a "Capon," shot and wounded a person ("Victim-1").

6    (3)    On or about August 13, 2005, in San Francisco, California, IVAN
7 CERNA, a/k/a "Tigre," led a meeting of MS-13 gang members at which MS-13 gang business
8 was discussed, including the MS-13 rule requiring the killing of those who cooperate with law
9 enforcement.

10    (4)    On or about August 15, 2005, IVAN CERNA, a/k/a "Tigre," authorized
11 the sale of a firearm by an MS-13 member.

12    (5)    On or about August 22, 2005, WILBERT CASTILLO, a/k/a "Cypress,"
13 sold a firearm.

14    (6)    On or about September 10, 2005, in San Francisco, California, MARVIN
15 CARCAMO a/k/a "Cyco," a/k/a "Psycho," a/k/a "Syco," ANGEL NOEL GUEVARA, a/k/a
16 "Peloncito," MORIS FLORES, a/k/a "Slow," a/k/a "Slow Pain," DOUGLAS LARGAESPADA,
17 a/k/a "Droopy," WILBERT CASTILLO, a/k/a "Cypress,", JOSE QUINTEROS, a/k/a
18 "Fantasma," and others known and unknown, attended a meeting to discuss MS-13 gang
19 business, during which a new member was jumped in.

20    (7)    On or about October 27, 2005, in San Francisco, California, WALTER
21 PALMA, a/k/a "Kapone," a/k/a "Capon," WILBERT CASTILLO, a/k/a "Cypress," JOSE
22 QUINTEROS, a/k/a "Fantasma," and others were riding together in a car.

23    (8)    On or about October 27, 2005, in San Francisco, California, JOSE
24 QUINTEROS, a/k/a "Fantasma," possessed a dagger.

25    (9)    On or about October 29, 2005, in San Francisco, California, WALTER
26 PALMA, a/k/a "Kapone," a/k/a "Capon," shot and wounded three people ("Victim-2," "Victim-
27 3," and "Victim-4").

28  //

-12-                    SECOND SUPERSEDING INDICTMENT

1         (10)    On or about November 2, 2005, in San Francisco, California, WALTER

2 PALMA, a/k/a "Kapone," a/k/a "Capon," possessed a firearm.

3         (11)    On or about December 9, 2005, in South San Francisco, California,

4 DANIEL PORTILLO, a/k/a "Rustin," a/k/a Rooster," shot and wounded a person ("Victim-5).

5         (12)    On or about January 8, 2006, in San Francisco, California, ERICK

6 LOPEZ, a/k/a "Spooky," CARLOS GARRIDO, a/k/a "Tweety," and others known and unknown,

7 surrounded two people who were then shot and wounded.

8         (13)    On or about February 4, 2006, in San Francisco, California, MELVIN

9 MALDONADO, a/k/a "Estrano," a/k/a "Stranger," assaulted a person with an automobile

10 steering wheel lock commonly called "The Club."

11         (14)    On or about February 25, 2006, in San Francisco, California, CARLOS

12 GARRIDO, a/k/a "Tweety," possessed a firearm.

13         (15)    In or about early April 2006, IVAN CERNA, a/k/a "Tigre," approved the

14 purchase of a firearm.

15         (16)    On or about April 8, 2006, in San Francisco, California, WILBERT

16 CASTILLO, a/k/a "Cypress," MANUEL FRANCO, a/k/a "Dreamer," RODRIGO MOLINA,

17 a/k/a "Lil Payaso," a/k/a "Payaso," and others known and unknown, fought with members of a

18 rival gang.

19         (17)    On or about April 21, 2006, in San Francisco, California, IVAN CERNA,

20 a/k/a "Tigre," discussed a variety of MS-13 gang business, including the necessity for the gang's

21 members to arm themselves, the difficulty of "taxing" other gangs, and his disillusionment with

22 most of the gang's leaders in El Salvador.

23         (18)    On or about April 21, 2006, in San Francisco, California, IVAN CERNA,

24 a/k/a "Tigre," and others known and unknown, met with members of another gang and advised

25 them, among other things, that they and MS-13 needed to support each other.

26         (19)    On or about June 8, 2006, MARVIN CARCAMO, a/k/a "Cyco," a/k/a

27 "Psycho," a/k/a "Syco," JOSE QUINTEROS, a/k/a "Fantasma," and other known and unknown,

28 traveled from the San Francisco Bay Area to Reno, Nevada, to meet with other MS-13 members,

1 including Rene Montes-Mayorga, a/k/a "Negro."

2         (20)    On or about July 3, 2006, in San Francisco, California, ARISTIDES
3 CARCAMO, a/k/a "Indio," drove MARVIN CARCAMO, a/k/a "Cyco," a/k/a "Psycho," a/k/a
4 "Syco," and DOUGLAS LARGAESPADA, a/k/a "Droopy," to a particular location to rob a
5 person.

6         (21)    On or about July 3, 2006, in San Francisco, California, MARVIN
7 CARCAMO, a/k/a "Cyco," a/k/a "Psycho," a/k/a "Syco," and DOUGLAS LARGAESPADA,
8 a/k/a "Droopy," beat and attempted to rob a person.

9         (22)    On or about October 13, 2006, in Richmond, California, RODRIGO
10 MOLINA, a/k/a "Lil Payaso," a/k/a "Payaso," and Marlon Lumang delivered a stolen 1998
11 Honda Civic to a law enforcement officer operating in an undercover capacity ("UC-1").

12         (23)    On or about October 19, 2006, in Richmond, California, RODRIGO
13 MOLINA, a/k/a "Lil Payaso," a/k/a "Payaso," delivered a stolen 1992 Honda Civic to UC-1.

14         (24)    On or about October 19, 2006, in Richmond, California, MARVIN
15 CARCAMO, a/k/a "Cyco," a/k/a "Psycho," a/k/a "Syco," ARISTIDES CARCAMO, a/k/a
16 "Indio," and Marlon Lumang delivered a stolen 2000 Honda Civic to UC-1.

17         (25)    On or about November 13, 2006, in Richmond, California, WALTER
18 PALMA, a/k/a "Kapone," a/k/a "Capon," delivered a stolen 2001 Chevrolet Suburban to UC-1.

19         (26)    On or about December 1, 2006, in Richmond, California, WALTER
20 PALMA, a/k/a "Kapone," a/k/a "Capon," and RODRIGO MOLINA, a/k/a "Lil Payaso," a/k/a
21 "Payaso," delivered a stolen 2004 Toyota Matrix to UC-1.

22         (27)    On or about December 11, 2006, in Richmond, California, WALTER
23 PALMA, a/k/a "Kapone," a/k/a "Capon," and RODRIGO MOLINA, a/k/a "Lil Payaso," a/k/a
24 "Payaso," delivered two stolen 2003 Toyota Matrixes to UC-1.

25         (28)    On or about January 9, 2007, in Richmond, California, WALTER
26 PALMA, a/k/a "Kapone," a/k/a "Capon," and RODRIGO MOLINA, a/k/a "Lil Payaso," a/k/a
27 "Payaso," received payment for the sale of two stolen automobiles.

28         (29)    On or about February 9, 2007, in San Francisco, California, members of

-14-                SECOND SUPERSEDING INDICTMENT

1 MS-13 gathered for the purpose of meeting with members of another gang to discuss, among
2 other things, the "taxing" of drug dealers in the Tenderloin District.

3            (30) On or about February 13, 2007, in San Francisco, California, MARVIN
4 CARCAMO, a/k/a "Cyco," a/k/a "Psycho," a/k/a "Syco," ANGEL NOEL GUEVARA, a/k/a
5 "Peloncito," and others known and unknown, beat and robbed a drug dealer who refused to pay
6 "tax."

7            (31) On or about February 16, 2007, in San Francisco, California, MARVIN
8 CARCAMO a/k/a "Cyco," a/k/a "Psycho," a/k/a "Syco," and ANGEL NOEL GUEVARA, a/k/a
9 "Peloncito," met with leaders of another gang to negotiate, among other things, the "taxing" of
10 drug dealers in the Tenderloin District.

11            (32) On or about April 18, 2007, in San Francisco, California, RODRIGO
12 MOLINA, a/k/a "Lil Payaso," a/k/a "Payaso," sold cocaine base, in a form commonly known as
13 "crack," to a police officer operating in an undercover capacity.

14            (33) On or about May 12, 2007, in Oakland, California, MARVIN CARCAMO
15 a/k/a "Cyco," a/k/a "Psycho," a/k/a "Syco," possessed a firearm.

16            (34) On or about June 13, 2007, in San Francisco, California, an unindicted co-
17 conspirator shot and wounded a person.

18            (35) On or about July 13, 2007, in San Francisco, California, MAURICIO
19 URIAS, a/k/a "Puppet," distributed a quantity of cocaine.

20            (36) On or about August 17, 2007, in San Francisco, California, MAURICIO
21 URIAS, a/k/a "Puppet," distributed a quantity of cocaine.

22            (37) On or about August 22, 2007, in San Francisco, California, IVAN
23 CERNA, a/k/a "Tigre," WALTER PALMA, a/k/a "Kapone," a/k/a "Capon," ABRAHAM
24 MARTINEZ, a/k/a "Goofy," JOSE ALVARADO, a/k/a "Joker," and others known and
25 unknown, attended a gang meeting during which they discussed, among other things, the
26 collection of gang dues from members, dissension within the gang, gang rules, and the
27 enforcement of discipline within the gang.

28            (38) On or about August 26, 2007, in San Francisco, California, IVAN

-15-         SECOND SUPERSEDING INDICTMENT

1 CERNA, a/k/a "Tigre," MARVIN CARCAMO, a/k/a "Cyco," a/k/a "Psycho," a/k/a "Syco,"
2 ANGEL NOEL GUEVARA, a/k/a "Peloncito," MORIS FLORES, a/k/a "Slow," a/k/a "Slow
3 Pain," WALTER PALMA, a/k/a "Kapone," a/k/a "Capon," JOSE ALVARADO, a/k/a "Joker,"
4 and others known and unknown, attended a gang meeting during which they discussed, among
5 other things, problems among MS-13 cliques in the Los Angeles, California area, consulting with
6 leaders in El Salvador about gang business, other gangs' resistance to paying MS-13's "tax," and
7 obtaining money to purchase firearms through the sale of narcotics.

8 (39) In or about September 2007, in San Francisco, California, RAFAEL
9 MONTOYA, a/k/a "Sapo," stabbed a person in the eye.

10 (40) On or about September 4, 2007, in San Francisco, California, MARVIN
11 CARCAMO, a/k/a "Cyco," a/k/a "Psycho," a/k/a "Syco," ordered MS-13 members known and
12 unknown to go to the Tenderloin District and collect "tax" from drug dealers.

13 (41) On or about September 4, 2007, in San Francisco, California, MARVIN
14 CARCAMO, a/k/a "Cyco," a/k/a "Psycho," a/k/a "Syco," received "tax" money collected by
15 other MS-13 members.

16 (42) On or about September 4, 2007, in San Francisco, California, ANGEL
17 NOEL GUEVARA, a/k/a "Peloncito," received narcotics that other MS-13 members took from
18 drug dealers.

19 (43) On or about September 13, 2007, in San Francisco, California, following
20 an MS-13 gang meeting, MARVIN CARCAMO, a/k/a "Cyco," a/k/a "Psycho," a/k/a "Syco,"
21 ANGEL NOEL GUEVARA, a/k/a "Peloncito," MORIS FLORES, a/k/a "Slow," a/k/a "Slow
22 Pain," and others known and unknown, went to the Tenderloin District to kill the leaders of a
23 rival gang.

24 (44) On or about September 14, 2007, in San Francisco, California,
25 MAURICIO URIAS, a/k/a "Puppet," distributed a quantity of cocaine.

26 (45) On or about December 26, 2007, in San Francisco, California, ANGEL
27 NOEL GUEVARA, a/k/a "Peloncito," and an accomplice stabbed and wounded a person
28 ("Victim-6").

-16- SECOND SUPERSEDING INDICTMENT

NaNnone

(46)     On or about December 26, 2007, in San Francisco, California, ANGEL NOEL GUEVARA, a/k/a "Peloncito," and an accomplice stabbed and wounded two people ("Victim-7" and "Victim-8").

(47)     In or about January 2008, in San Francisco, California, ARISTIDES CARCAMO, a/k/a "Indio," told other MS-13 members that they had to kill a member of a rival gang ("Victim-9").

(48)     On or about January 22, 2008, in San Francisco, California, MAURICIO URIAS, a/k/a "Puppet," distributed a quantity of cocaine.

(49)     On or about January 28, 2008, in San Francisco, California, MORIS FLORES, a/k/a "Slow," a/k/a "Slow Pain," JONATHAN CRUZ-RAMIREZ, a/k/a "Soldado," WALTER CRUZ-ZAVALA, a/k/a "Sombra," RAFAEL MONTOYA, a/k/a "Sapo," and others known and unknown attended an MS-13 gang meeting and discussed, among other things, the failure of a rival gang to pay MS-13's "tax" and the need to kill Victim-9, who was a member of the rival gang.

(50)     On or about February 8, 2008, in San Francisco, California, MORIS FLORES, a/k/a "Slow," a/k/a "Slow Pain," led an MS-13 gang meeting attended by others known and unknown and, among other things, discussed the assassination of Victim-9.

(51)     On or about March 29, 2008, in San Francisco, California, WALTER CHINCHILLA-LINAR, a/k/a "Demonio," shot at several people.

(52)     On or about March 30, 2008, in San Francisco, California, ERICK LOPEZ, a/k/a "Spooky," possessed a firearm.

(53)     On or about May 17, 2008, in San Francisco, California, MORIS FLORES, a/k/a "Slow," a/k/a "Slow Pain," and others known and unknown, flashed gang signs at passing motorists.

(54)     On or about June 2, 2008, in San Francisco, California, MORIS FLORES, a/k/a "Slow," a/k/a "Slow Pain," ordered several MS-13 gang members to collect "tax" from drug dealers in the Tenderloin District.

(55)     On or about June 2, 2008, in San Francisco, California, GUILLERMO

-17-                          SECOND SUPERSEDING INDICTMENT

1 HERRERA, a/k/a "Shorty," a/k/a "Sparky," JONATHAN CRUZ-RAMIREZ, a/k/a "Soldado,"

2 WALTER CRUZ-ZAVALA, a/k/a "Sombra," WALTER CHINCHILLA-LINAR, a/k/a

3 "Demonio," and others known and unknown, traveled to the Tenderloin District to collect money

4 forcibly from drug dealers.

5           (56)    On or about June 2, 2008, in San Francisco, California, WALTER CRUZ-

6 ZAVALA, a/k/a "Sombra," brandished a knife at a drug dealer.

7           (57)    On or about June 9, 2008, in San Francisco, California, GUILLERMO

8 HERRERA, a/k/a "Shorty," a/k/a "Sparky," WALTER CRUZ-ZAVALA, a/k/a "Sombra," and

9 others known and unknown, forcibly collected money from drug dealers in the Tenderloin

10 District.

11           (58)    On or about June 19, 2008, in San Francisco, California, JOSE

12 MARTINEZ, a/k/a "Goofy," JOSE ALVARADO, a/k/a "Joker," and DOUGLAS

13 LARGAESPADA, a/k/a "Droopy," stabbed and wounded a person ("Victim-10").

14           (59)    On or about August 25, 2008, in San Francisco, California, CESAR

15 ALVARADO, a/k/a "Momia," discussed the "taxing" of drug dealers in the Tenderloin District

16 with other MS-13 gang members.

17           (60)    On or about July 11, 2008, in San Francisco, California, GUILLERMO

18 HERRERA, a/k/a "Shorty," a/k/a "Sparky," shot and killed a person ("Victim-11").

19           (61)    On or about July 11, 2008, in Oakland, California, MANUEL FRANCO,

20 a/k/a "Dreamer," picked up GUILLERMO HERRERA, a/k/a "Shorty," a/k/a "Sparky," and

21 others known and unknown and drove them to San Francisco.

22           (62)    On or about July 25, 2008, in San Francisco, California, JONATHAN

23 CRUZ-RAMIREZ, a/k/a "Soldado," possessed a firearm.

24           (63)    On or about July 31, 2008, WALTER CHINCHILLA-LINAR, a/k/a

25 "Demonio," CESAR ALVARADO, a/k/a "Momia," and others known and unknown, robbed a

26 person and robbed and killed another person.

27           (64)    On or about August 11, 2008, WALTER PALMA, a/k/a "Kapone," a/k/a

28 "Capon," possessed two loaded firearms.

-18-         SECOND SUPERSEDING INDICTMENT

1 is an MS-13 gang leader in El Salvador called a potential witness (the "Witness") in the San

2 Francisco Bay Area.

3          (66)    On or about August 18, 2008, in the San Francisco Bay Area, California,

4 MORIS FLORES, a/k/a "Slow," a/k/a "Slow Pain," WALTER CHINCHILLA-LINAR, a/k/a

5 "Demonio," and others known and unknown, drove by the home of a relative of the Witness.

6          (67)    On or about August 25, 2008, in San Francisco, California, MORIS

7 FLORES, a/k/a "Slow," a/k/a "Slow Pain," and others known and unknown were in a car

8 following the Witness as the Witness rode on a bus.

9          (68)    On or about August 28, 2008, in the San Francisco Bay Area, MORIS

10 FLORES, a/k/a "Slow," a/k/a "Slow Pain," sat in a car outside the Witness's home and sent a text

11 message to the Witness requesting that the Witness come out.

12          (69)    On or about October 12, 2008, in San Francisco, California, ARISTIDES

13 CARCAMO, a/k/a "Indio," and RAFAEL MONTOYA, a/k/a "Sapo," conducted surveillance on

14 a merchant at the Alemany Flea Market whom they planned to rob.

15          (70)    On or about October 19, 2008, in San Francisco, California, ARISTIDES

16 CARCAMO, a/k/a "Indio," and RAFAEL MONTOYA, a/k/a "Sapo," drove by the Alemany Flea

17 Market.

18          All in violation of Title 18, United States Code, Section 1962(d).

19 COUNT TWO:                (18 U.S.C. § 1959(a)(5) — Conspiracy to Commit Murder in Aid

20                           of Racketeering)

21          27.    Paragraphs 1 through 19 and 22 through 26 of this Indictment are realleged and

22 incorporated by reference as though fully set forth herein.

23          28.    At all times relevant to this Indictment, MS-13 constituted an enterprise as defined

24 in Title 18, United States Code, Section 1959(b)(2), that is, a group of individuals associated in

25 fact that was engaged in, and the activities of which affected, interstate and foreign commerce.

26 The enterprise constituted an ongoing organization whose members functioned as a continuing

27 unit for a common purpose of achieving the objectives of the enterprise.

28          29.    At all times relevant to this Indictment, MS-13, the above-described enterprise,

-19-                                    SECOND SUPERSEDING INDICTMENT

1     29.   At all times relevant to this Indictment, MS-13, the above-described enterprise,
2 through its members and associates, engaged in racketeering activity, as defined in Title 18,
3 United States Code, Sections 1959(b)(1) and 1961(1), namely: murder, attempted murder,
4 conspiracy to commit murder, and solicitation of murder, in violation of California Penal Code,
5 Sections 187, 188, 189, 182, 21a, 664, and 653f; robbery, attempted robbery, and conspiracy to
6 commit robbery, in violation of California Penal Code, Sections 211, 212.5, 213, 182, 21a, and
7 664; extortion, attempted extortion, and conspiracy to commit extortion, in violation of
8 California Penal Code, Sections 518, 519, 520, 524, and 182; conspiracy to distribute and to
9 possess with intent to distribute controlled substances, in violation of Title 21, United States
10 Code, Section 846; distribution and possession with intent to distribute methamphetamine and
11 cocaine, in violation of Title 21, United States Code, Section 841(a)(1); robbery and extortion
12 affecting interstate commerce, attempted robbery and attempted extortion affecting interstate
13 commerce, and conspiracy to commit robbery and conspiracy to commit extortion affecting
14 interstate commerce, in violation of Title 18, United States Code, Section 1951; witness
15 retaliation and witness tampering, in violation of Title 18, United States Code, Section 1512;
16 obstruction of justice, in violation of Title 18, United States Code, Section 1503; and interstate
17 transportation of stolen vehicles, in violation of Title 18, United States Code, Section 2312.

18     30.   Beginning on a date unknown to the Grand Jury but since at least the late 1990s,
19 and continuing up through and including the present, in the Northern District of California and
20 elsewhere, as consideration for the receipt of, and as consideration for a promise and agreement
21 to pay, anything of pecuniary value from MS-13, and for the purpose of gaining entrance to and
22 maintaining and increasing position in MS-13, an enterprise engaged in racketeering activity, the
23 defendants

24                     IVAN CERNA, a/k/a "Tigre,"

25     MARVIN CARCAMO, a/k/a "Cyco," a/k/a "Psycho," a/k/a "Syco,"

26         ANGEL NOEL GUEVARA, a/k/a "Peloncito,"

27        MORIS FLORES, a/k/a "Slow," a/k/a "Slow Pain,"

28    GUILLERMO HERRERA, a/k/a "Shorty," a/k/a "Sparky,"

1                JONATHAN CRUZ-RAMIREZ, a/k/a "Soldado,"

2                WALTER CRUZ-ZAVALA, a/k/a "Sombra,"

3                WALTER PALMA, a/k/a "Kapone," a/k/a "Capon,"

4                DANIEL PORTILLO, a/k/a "Rustin," a/k/a "Rooster,"

5                ERICK LOPEZ, a/k/a "Spooky,"

6                CARLOS GARRIDO, a/k/a "Tweety,"

7                WALTER CHINCHILLA-LINAR, a/k/a "Demonio,"

8                CESAR ALVARADO, a/k/a "Momia,"

9                ABRAHAM MARTINEZ, a/k/a "Goofy,"

10                JOSE ALVARADO, a/k/a "Joker,"

11                DOUGLAS LARGAESPADA, a/k/a "Droopy,"

12                WILBERT CASTILLO, a/k/a "Cypress,"

13                JOSE QUINTEROS, a/k/a "Fantasma,"

14                MELVIN MALDONADO, a/k/a "Estrano,"a/k/a "Stranger,"

15                MANUEL FRANCO, a/k/a "Dreamer,"

16                RODRIGO MOLINA, a/k/a "Lil Payaso," a/k/a "Payaso," and

17                MAURICIO URIAS, a/k/a "Puppet,"

18                ARISTIDES CARCAMO, a/k/a "Indio," and

19                RAFAEL MONTOYA, a/k/a "Sapo,"

20 together with others known and unknown, unlawfully, knowingly, and intentionally did combine,

21 conspire, confederate, and agree together and with each other to commit murder, in violation of

22 California Penal Code Sections 187, 188, and 189, to wit, the defendants agreed together and

23 with each other to kill actual and suspected *Norteños*, actual and suspected members of other

24 gangs, and individuals suspected of cooperating with law enforcement, in order to maintain and

25 increase their standing within the racketeering enterprise known as MS-13.

26       All in violation of Title 18, United States Code, Section 1959(a)(5).

27 //

28 //

-21-            SECOND SUPERSEDING INDICTMENT

1  COUNT THREE:          (18 U.S.C. § 1959(a)(6) — Conspiracy to Commit Assault with a

2                        Dangerous Weapon in Aid of Racketeering)

3       31.    Paragraphs 1 through 19, 22 through 26, and 28 through 29 of this Indictment are

4  realleged and incorporated by reference as though fully set forth herein.

5       32.    Beginning on a date unknown to the Grand Jury but since at least the late 1990s,

6  and continuing up through and including the present, in the Northern District of California and

7  elsewhere, as consideration for the receipt of, and as consideration for a promise and agreement

8  to pay, anything of pecuniary value from MS-13, and for the purpose of gaining entrance to and

9  maintaining and increasing position in MS-13, an enterprise engaged in racketeering activity, the

10 defendants

11                        IVAN CERNA, a/k/a "Tigre,"

12             MARVIN CARCAMO, a/k/a "Cyco," a/k/a "Psycho," a/k/a "Syco,"

13                     ANGEL NOEL GUEVARA, a/k/a "Peloncito,"

14                 MORIS FLORES, a/k/a "Slow," a/k/a "Slow Pain,"

15             GUILLERMO HERRERA, a/k/a "Shorty," a/k/a "Sparky,"

16                 JONATHAN CRUZ-RAMIREZ, a/k/a "Soldado,"

17                 WALTER CRUZ-ZAVALA, a/k/a "Sombra,"

18             WALTER PALMA, a/k/a "Kapone," a/k/a "Capon,"

19             DANIEL PORTILLO, a/k/a "Rustin," a/k/a "Rooster,"

20                     ERICK LOPEZ, a/k/a "Spooky,"

21                     CARLOS GARRIDO, a/k/a "Tweety,"

22             WALTER CHINCHILLA-LINAR, a/k/a "Demonio,"

23                 CESAR ALVARADO, a/k/a "Momia,"

24                 ABRAHAM MARTINEZ, a/k/a "Goofy,"

25                     JOSE ALVARADO, a/k/a "Joker,"

26             DOUGLAS LARGAESPADA, a/k/a "Droopy,"

27                 WILBERT CASTILLO, a/k/a "Cypress,"

28                 JOSE QUINTEROS, a/k/a "Fantasma,"

-22-                         SECOND SUPERSEDING INDICTMENT

1  MELVIN MALDONADO, a/k/a "Estrano,"a/k/a "Stranger,"

2  MANUEL FRANCO, a/k/a "Dreamer,"

3  RODRIGO MOLINA, a/k/a "Lil Payaso," a/k/a "Payaso," and

4  MAURICIO URIAS, a/k/a "Puppet,"

5  ARISTIDES CARCAMO, a/k/a "Indio," and

6  RAFAEL MONTOYA, a/k/a "Sapo,"

7  together with others known and unknown, unlawfully, knowingly, and intentionally did combine,

8  conspire, confederate, and agree together and with each other to commit assault with a dangerous

9  weapon, in violation of California Penal Code Section 245(a)(1), to wit, the defendants agreed

10  together and with each other to attack with firearms, knives, and other dangerous weapons actual

11  and suspected *Norteños*, actual and suspected members of other gangs, and individuals suspected

12  of cooperating with law enforcement, in order to maintain and increase their standing within the

13  racketeering enterprise known as MS-13.

14  All in violation of Title 18, United States Code, Section 1959(a)(6).

15  COUNT FOUR:  (18 U.S.C. §§ 924(c)(1)(A) and 2 — Use/Possession of Firearm in

16  Furtherance of Crime of Violence)

17  33.  Beginning on a date unknown to the Grand Jury but since at least the late 1990s,

18  and continuing up through and including the present, in the Northern District of California and

19  elsewhere, the defendants

20  IVAN CERNA, a/k/a "Tigre,"

21  MARVIN CARCAMO, a/k/a "Cyco," a/k/a "Psycho," a/k/a "Syco,"

22  ANGEL NOEL GUEVARA, a/k/a "Peloncito,"

23  MORIS FLORES, a/k/a "Slow," a/k/a "Slow Pain,"

24  JONATHAN CRUZ-RAMIREZ, a/k/a "Soldado,"

25  WALTER CRUZ-ZAVALA, a/k/a "Sombra,"

26  ERICK LOPEZ, a/k/a "Spooky,"

27  CARLOS GARRIDO, a/k/a "Tweety,"

28  WALTER CHINCHILLA-LINAR, a/k/a "Demonio,"

1    CESAR ALVARADO, a/k/a "Momia,"
2    ABRAHAM MARTINEZ, a/k/a "Goofy,"
3    JOSE ALVARADO, a/k/a "Joker,"
4    DOUGLAS LARGAESPADA, a/k/a "Droopy,"
5    WILBERT CASTILLO, a/k/a "Cypress,"
6    JOSE QUINTEROS, a/k/a "Fantasma,"
7    MELVIN MALDONADO, a/k/a "Estrano,"a/k/a "Stranger,"
8    MANUEL FRANCO, a/k/a "Dreamer,"
9    RODRIGO MOLINA, a/k/a "Lil Payaso," a/k/a "Payaso," and
10    MAURICIO URIAS, a/k/a "Puppet,"
11    ARISTIDES CARCAMO, a/k/a "Indio," and
12    RAFAEL MONTOYA, a/k/a "Sapo"

13  together with others known and unknown, unlawfully, willfully, and knowingly did use and carry

14  a firearm during and in relation to a crime of violence for which they may be prosecuted in a

15  court of the United States, namely, the MS-13 racketeering conspiracy charged in Count One of

16  this Indictment, the conspiracy to commit murder in aid of racketeering charged in Count Two of

17  this Indictment, and the conspiracy to commit assault with a dangerous weapon in aid of

18  racketeering charged in Count Three of this Indictment, and did possess a firearm in furtherance

19  of the offenses charged in Count One, Count Two, and Count Three of this Indictment, and did

20  brandish a firearm in furtherance of the offenses charged in Count One, Count Two, and Count

21  Three of this Indictment, and did discharge a firearm in furtherance of the offenses charged in

22  Count One, Count Two, and Count Three of this Indictment.

23       All in violation of Title 18, United States Code, Section 924(c)(1)(A) and 2.

24  COUNT FIVE:           (18 U.S.C. § 1959(a)(3) — Assault with a Dangerous Weapon in

25                        Aid of Racketeering of Victim-6)

26       34.    Paragraphs 1 through 19, 22 through 26, and 28 through 29 of this Indictment are

27  realleged and incorporated by reference as though fully set forth herein.

28       35.    On or about December 26, 2007, in the Northern District of California, as

1 | consideration for the receipt of, and as consideration for a promise and agreement to pay,

2 | anything of pecuniary value from MS-13, and for the purpose of gaining entrance to and

3 | maintaining and increasing position in MS-13, an enterprise engaged in racketeering activity, the

4 | defendant

5 | ANGEL NOEL GUEVARA, a/ka "Peloncito,"

6 | unlawfully, knowingly, and intentionally did assault Victim-6 with a dangerous weapon, in

7 | violation of California Penal Code Section 245(a)(1).

8 | All in violation of Title 18, United States Code, Section 1959(a)(3).

9 | COUNT SIX: (18 U.S.C. § 1959(a)(3) — Assault with a Dangerous Weapon in

10 | Aid of Racketeering of Victim-7)

11 | 36. Paragraphs 1 through 19, 22 through 26, and 28 through 29 of this Indictment are

12 | realleged and incorporated by reference as though fully set forth herein.

13 | 37. On or about December 26, 2007, in the Northern District of California, as

14 | consideration for the receipt of, and as consideration for a promise and agreement to pay, anything

15 | of pecuniary value from MS-13, and for the purpose of gaining entrance to and maintaining and

16 | increasing position in MS-13, an enterprise engaged in racketeering activity, the defendant

17 | ANGEL NOEL GUEVARA, a/k/a "Peloncito,"

18 | unlawfully, knowingly, and intentionally did assault Victim-7 with a dangerous weapon, in

19 | violation of California Penal Code Section 245(a)(1).

20 | All in violation of Title 18, United States Code, Section 1959(a)(3).

21 | COUNT SEVEN: (18 U.S.C. § 1959(a)(5) — Attempted Murder in Aid of

22 | Racketeering of Victim-7)

23 | 38. Paragraphs 1 through 19, 22 through 26, and 28 through 29 of this Indictment are

24 | realleged and incorporated by reference as though fully set forth herein.

25 | 39. On or about December 26, 2007, in the Northern District of California, as

26 | consideration for the receipt of, and as consideration for a promise and agreement to pay, anything

27 | of pecuniary value from MS-13, and for the purpose of gaining entrance to and maintaining and

28 | increasing position in MS-13, an enterprise engaged in racketeering activity, the defendant

1    ANGEL NOEL GUEVARA, a/k/a "Peloncito,"

2  unlawfully, knowingly, and intentionally did attempt to murder Victim-7, in violation of

3  California Penal Code Sections 187, 188, 189, 21a, and 664.

4    All in violation of Title 18, United States Code, Section 1959(a)(5).

5  COUNT EIGHT:              (18 U.S.C. §§ 1959(a)(3) and 2 — Assault with a Dangerous

6                            Weapon in Aid of Racketeering of Victim-8)

7    40.    Paragraphs 1 through 19, 22 through 26, and 28 through 29 of this Indictment are

8  realleged and incorporated by reference as though fully set forth herein.

9    41.    On or about December 26, 2007, in the Northern District of California, as

10 consideration for the receipt of, and as consideration for a promise and agreement to pay, anything

11 of pecuniary value from MS-13, and for the purpose of gaining entrance to and maintaining and

12 increasing position in MS-13, an enterprise engaged in racketeering activity, the defendant

13    ANGEL NOEL GUEVARA, a/k/a "Peloncito,"

14 unlawfully, knowingly, and intentionally did assault Victim-8 with a dangerous weapon, in

15 violation of California Penal Code Sections 245(a)(1) and 31.

16    All in violation of Title 18, United States Code, Sections 1959(a)(3) and 2.

17 COUNT NINE:               (18 U.S.C. §§ 1959(a)(5) and 2 — Attempted Murder in Aid of

18                            Racketeering of Victim-8)

19    42.    Paragraphs 1 through 19, 22 through 26, and 28 through 29 of this Indictment are

20 realleged and incorporated by reference as though fully set forth herein.

21    43.    On or about December 26, 2007, in the Northern District of California, as

22 consideration for the receipt of, and as consideration for a promise and agreement to pay, anything

23 of pecuniary value from MS-13, and for the purpose of gaining entrance to and maintaining and

24 increasing position in MS-13, an enterprise engaged in racketeering activity, the defendant

25    ANGEL NOEL GUEVARA, a/k/a "Peloncito,"

26 unlawfully, knowingly, and intentionally did attempt to murder Victim-8, in violation of

27 California Penal Code Sections 187, 188, 189, 21a, 664, and 31.

28    All in violation of Title 18, United States Code, Sections 1959(a)(5) and 2.

1 | COUNT TEN: (18 U.S.C. § 1959(a)(1) — Murder in Aid of Racketeering of
2 | Victim-11)

3 | 44. Paragraphs 1 through 19, 22 through 26, and 28 through 29 of this Indictment are
4 | realleged and incorporated by reference as though fully set forth herein.

5 | 45. On or about July 11, 2008, in the Northern District of California, as consideration
6 | for the receipt of, and as consideration for a promise and agreement to pay, anything of pecuniary
7 | value from MS-13, and for the purpose of gaining entrance to and maintaining and increasing
8 | position in MS-13, an enterprise engaged in racketeering activity, the defendant

9 | GUILLERMO HERRERA, a/k/a "Shorty," a/k/a "Sparky,"

10 | together with others known and unknown, unlawfully, knowingly, and intentionally did
11 | deliberately and with premeditation murder Victim-11, in violation of California Penal Code
12 | Sections 187, 188, and 189.

13 | All in violation of Title 18, United States Code, Section 1959(a)(1).

14 | COUNT ELEVEN: (18 U.S.C. § 924(c)(1)(A) — Use/Possession of Firearm in
15 | Furtherance of Crime of Violence)

16 | 46. On or about July 11, 2008, in the Northern District of California, the defendant
17 | GUILLERMO HERRERA, a/k/a "Shorty," a/k/a "Sparky,"

18 | together with others known and unknown, unlawfully, willfully, and knowingly did use and carry
19 | a firearm during and in relation to a crime of violence for which he may be prosecuted in a court
20 | of the United States, namely, the murder in aid of racketeering of Victim-11 charged in Count Ten
21 | of this Indictment, and did possess a firearm in furtherance of the offense charged in Count Ten of
22 | this Indictment, and did brandish a firearm in furtherance of the offense charged in Count Ten of
23 | this Indictment, and did discharge a firearm in furtherance of the offense charged in Count Ten of
24 | this Indictment.

25 | All in violation of Title 18, United States Code, Section 924(c)(1)(A).

26 | COUNT TWELVE: (18 U.S.C. § 1959(a)(3) — Assault with a Dangerous Weapon in
27 | Aid of Racketeering of Victim-1)

28 | 47. Paragraphs 1 through 19, 22 through 26, and 28 through 29 of this Indictment are

1 │ realleged and incorporated by reference as though fully set forth herein.

2 │ 48. On or about August 4, 2005, in the Northern District of California, as

3 │ consideration for the receipt of, and as consideration for a promise and agreement to pay, anything

4 │ of pecuniary value from MS-13, and for the purpose of gaining entrance to and maintaining and

5 │ increasing position in MS-13, an enterprise engaged in racketeering activity, the defendant

6 │ WALTER PALMA, a/k/a "Kapone," a/k/a "Capon,"

7 │ unlawfully, knowingly, and intentionally did assault Victim-1 with a dangerous weapon, in

8 │ violation of California Penal Code Section 245(a)(1).

9 │ All in violation of Title 18, United States Code, Section 1959(a)(3).

10 │ COUNT THIRTEEN: (18 U.S.C. § 1959(a)(5) — Attempted Murder in Aid of

11 │ Racketeering of Victim-1)

12 │ 49. Paragraphs 1 through 19, 22 through 26, and 28 through 29 of this Indictment are

13 │ realleged and incorporated by reference as though fully set forth herein.

14 │ 50. On or about August 4, 2005, in the Northern District of California, as

15 │ consideration for the receipt of, and as consideration for a promise and agreement to pay, anything

16 │ of pecuniary value from MS-13, and for the purpose of gaining entrance to and maintaining and

17 │ increasing position in MS-13, an enterprise engaged in racketeering activity, the defendant

18 │ WALTER PALMA, a/k/a "Kapone," a/k/a "Capon,"

19 │ unlawfully, knowingly, and intentionally did attempt to murder Victim-1, in violation of

20 │ California Penal Code Sections 187, 188, 189, 21a, and 664.

21 │ All in violation of Title 18, United States Code, Section 1959(a)(5).

22 │ COUNT FOURTEEN: (18 U.S.C. § 924(c)(1)(A) — Use/Possession of Firearm in

23 │ Furtherance of Crime of Violence)

24 │ 51. On or about August 4, 2005, in the Northern District of California, the defendant

25 │ WALTER PALMA, a/k/a "Kapone," a/k/a "Capon,"

26 │ together with others known and unknown, unlawfully, willfully, and knowingly did use and carry

27 │ a firearm during and in relation to a crime of violence for which he may be prosecuted in a court

28 │ of the United States, namely, the assault with a dangerous weapon in aid of racketeering of

-28- SECOND SUPERSEDING INDICTMENT

1 Victim-1 charged in Count Twelve of this Indictment and the attempted murder in aid of

2 racketeering of Victim-1 charged in Count Thirteen of this Indictment, and did possess a firearm

3 in furtherance of the offenses charged in Count Twelve and Count Thirteen of this Indictment, and

4 did brandish a firearm in furtherance of the offenses charged in Count Twelve and Thirteen of this

5 Indictment, and did discharge a firearm in furtherance of the offenses charged in Count Twelve

6 and Count Thirteen of this Indictment.

7        All in violation of Title 18, United States Code, Section 924(c)(1)(A).

8 COUNT FIFTEEN:                (18 U.S.C. § 1959(a)(3) — Assault with a Dangerous Weapon in

9                               Aid of Racketeering of Victim-2)

10       52.    Paragraphs 1 through 19, 22 through 26, and 28 through 29 of this Indictment are

11 realleged and incorporated by reference as though fully set forth herein.

12       53.    On or about October 29, 2005, in the Northern District of California, as

13 consideration for the receipt of, and as consideration for a promise and agreement to pay, anything

14 of pecuniary value from MS-13, and for the purpose of gaining entrance to and maintaining and

15 increasing position in MS-13, an enterprise engaged in racketeering activity, the defendant

16                       WALTER PALMA, a/k/a "Kapone," a/k/a "Capon,"

17 unlawfully, knowingly, and intentionally did assault Victim-2 with a dangerous weapon, in

18 violation of California Penal Code Section 245(a)(1).

19       All in violation of Title 18, United States Code, Section 1959(a)(3).

20 COUNT SIXTEEN:                (18 U.S.C. § 1959(a)(5) — Attempted Murder in Aid of

21                               Racketeering of Victim-2)

22       54.    Paragraphs 1 through 19, 22 through 26, and 28 through 29 of this Indictment are

23 realleged and incorporated by reference as though fully set forth herein.

24       55.    On or about October 29, 2005, in the Northern District of California, as

25 consideration for the receipt of, and as consideration for a promise and agreement to pay, anything

26 of pecuniary value from MS-13, and for the purpose of gaining entrance to and maintaining and

27 increasing position in MS-13, an enterprise engaged in racketeering activity, the defendant

28                       WALTER PALMA, a/k/a "Kapone," a/k/a "Capon,"

                                        -29-           SECOND SUPERSEDING INDICTMENT

1 unlawfully, knowingly, and intentionally did attempt to murder Victim-2, in violation of

2 California Penal Code Sections 187, 188, 189, 21a, and 664.

3      All in violation of Title 18, United States Code, Section 1959(a)(5).

4 COUNT SEVENTEEN:      (18 U.S.C. § 1959(a)(3) — Assault with a Dangerous Weapon in

5                              Aid of Racketeering of Victim-3)

6      56.    Paragraphs 1 through 19, 22 through 26, and 28 through 29 of this Indictment are

7 realleged and incorporated by reference as though fully set forth herein.

8      57.    On or about October 29, 2005, in the Northern District of California, as

9 consideration for the receipt of, and as consideration for a promise and agreement to pay, anything

10 of pecuniary value from MS-13, and for the purpose of gaining entrance to and maintaining and

11 increasing position in MS-13, an enterprise engaged in racketeering activity, the defendant

12                  WALTER PALMA, a/k/a "Kapone," a/k/a "Capon,"

13 unlawfully, knowingly, and intentionally did assault Victim-3 with a dangerous weapon, in

14 violation of California Penal Code Section 245(a)(1).

15      All in violation of Title 18, United States Code, Section 1959(a)(3).

16 COUNT EIGHTEEN:       (18 U.S.C. § 1959(a)(5) — Attempted Murder in Aid of

17                              Racketeering of Victim-3)

18      58.    Paragraphs 1 through 19, 22 through 26, and 28 through 29 of this Indictment are

19 realleged and incorporated by reference as though fully set forth herein.

20      59.    On or about October 29, 2005, in the Northern District of California, as

21 consideration for the receipt of, and as consideration for a promise and agreement to pay, anything

22 of pecuniary value from MS-13, and for the purpose of gaining entrance to and maintaining and

23 increasing position in MS-13, an enterprise engaged in racketeering activity, the defendant

24                  WALTER PALMA, a/k/a "Kapone," a/k/a "Capon,"

25 unlawfully, knowingly, and intentionally did attempt to murder Victim-3, in violation of

26 California Penal Code Sections 187, 188, 189, 21a, and 664.

27      All in violation of Title 18, United States Code, Section 1959(a)(5).

28 //

-30-                    SECOND SUPERSEDING INDICTMENT

1  COUNT NINETEEN:            (18 U.S.C. § 1959(a)(3) — Assault with a Dangerous Weapon in
2                             Aid of Racketeering of Victim-4)

3       60.    Paragraphs 1 through 19, 22 through 26, and 28 through 29 of this Indictment are
4  realleged and incorporated by reference as though fully set forth herein.

5       61.    On or about October 29, 2005, in the Northern District of California, as
6  consideration for the receipt of, and as consideration for a promise and agreement to pay, anything
7  of pecuniary value from MS-13, and for the purpose of gaining entrance to and maintaining and
8  increasing position in MS-13, an enterprise engaged in racketeering activity, the defendant

9                         WALTER PALMA, a/k/a "Kapone," a/k/a "Capon,"

10 unlawfully, knowingly, and intentionally did assault Victim-4 with a dangerous weapon, in
11 violation of California Penal Code Section 245(a)(1).

12      All in violation of Title 18, United States Code, Section 1959(a)(3).

13 COUNT TWENTY:               (18 U.S.C. § 1959(a)(5) — Attempted Murder in Aid of
14                             Racketeering of Victim-4)

15      62.    Paragraphs 1 through 19, 22 through 26, and 28 through 29 of this Indictment are
16 realleged and incorporated by reference as though fully set forth herein.

17      63.    On or about October 29, 2005, in the Northern District of California, as
18 consideration for the receipt of, and as consideration for a promise and agreement to pay, anything
19 of pecuniary value from MS-13, and for the purpose of gaining entrance to and maintaining and
20 increasing position in MS-13, an enterprise engaged in racketeering activity, the defendant

21                        WALTER PALMA, a/k/a "Kapone," a/k/a "Capon,"

22 unlawfully, knowingly, and intentionally did attempt to murder Victim-4, in violation of
23 California Penal Code Sections 187, 188, 189, 21a, and 664.

24      All in violation of Title 18, United States Code, Section 1959(a)(5).

25 COUNT TWENTY-ONE:          (18 U.S.C. § 924(c)(1)(A) — Use/Possession of Firearm in
26                             Furtherance of Crime of Violence)

27      64.    On or about October 29, 2005, in the Northern District of California, the
28 defendant

-31-                    SECOND SUPERSEDING INDICTMENT

1 | WALTER PALMA, a/k/a "Kapone," a/k/a "Capon,"

2 | together with others known and unknown, unlawfully, willfully, and knowingly did use and carry

3 | a firearm during and in relation to a crime of violence for which he may be prosecuted in a court

4 | of the United States, namely, the assault with a dangerous weapon in aid of racketeering of

5 | Victim-2, Victim-3, and Victim-4 charged in Count Fifteen, Count Seventeen, and Count

6 | Nineteen of this Indictment, and the attempted murder in aid of racketeering of Victim-2, Victim-

7 | 3, and Victim-4 charged in Count Sixteen, Count Eighteen, and Count Twenty of this Indictment,

8 | and did possess a firearm in furtherance of the offenses charged in Count Fifteen, Count Sixteen,

9 | Count Seventeen, Count Eighteen, Count Nineteen, and Count Twenty of this Indictment, and did

10 | brandish a firearm in furtherance of the offenses charged in Count Fifteen, Count Sixteen, Count

11 | Seventeen, Count Eighteen, Count Nineteen, and Count Twenty of this Indictment, and did

12 | discharge a firearm in furtherance of the offenses charged in Count Fifteen, Count Sixteen, Count

13 | Seventeen, Count Eighteen, Count Nineteen, and Count Twenty of this Indictment.

14 |       All in violation of Title 18, United States Code, Section 924(c)(1)(A).

15 | COUNT TWENTY-TWO:    (18 U.S.C. § 1959(a)(3) — Assault with a Dangerous Weapon in

16 |                                 Aid of Racketeering of Victim-5)

17 |       65.    Paragraphs 1 through 19, 22 through 26, and 28 through 29 of this Indictment are

18 | realleged and incorporated by reference as though fully set forth herein.

19 |       66.    On or about December 9, 2005, in the Northern District of California, as

20 | consideration for the receipt of, and as consideration for a promise and agreement to pay, anything

21 | of pecuniary value from MS-13, and for the purpose of gaining entrance to and maintaining and

22 | increasing position in MS-13, an enterprise engaged in racketeering activity, the defendant

23 |                   DANIEL PORTILLO, a/k/a "Rustin," a/k/a "Rooster,"

24 | unlawfully, knowingly, and intentionally did assault Victim-5 with a dangerous weapon, in

25 | violation of California Penal Code Section 245(a)(1).

26 |       All in violation of Title 18, United States Code, Section 1959(a)(3).

27 | //

28 | //

1  COUNT TWENTY-THREE: (18 U.S.C. § 924(c)(1)(A) — Use/Possession of Firearm in
2                                    Furtherance of Crime of Violence)

3        67.      On or about December 9, 2005, in the Northern District of California, the
4  defendant

5                  DANIEL PORTILLO, a/k/a "Rustin," a/k/a "Rooster,"

6  together with others known and unknown, unlawfully, willfully, and knowingly did use and carry
7  a firearm during and in relation to a crime of violence for which he may be prosecuted in a court
8  of the United States, namely, the assault with a dangerous weapon in aid of racketeering of
9  Victim-5 charged in Count Twenty-Two of this Indictment, and did possess a firearm in
10 furtherance of the offense charged in Count Twenty-Two of this Indictment, and did brandish a
11 firearm in furtherance of the offense charged in Count Twenty-Two of this Indictment, and did
12 discharge a firearm in furtherance of the offense charged in Count Twenty-Two of this Indictment.

13       All in violation of Title 18, United States Code, Section 924(c)(1)(A).

14 COUNT TWENTY-FOUR:   (18 U.S.C. §§ 1959(a)(3) and 2 — Assault with a Dangerous
15                                    Weapon in Aid of Racketeering of Victim-10)

16       68.      Paragraphs 1 through 19, 22 through 26, and 28 through 29 of this Indictment are
17 realleged and incorporated by reference as though fully set forth herein.

18       69.      On or about June 19, 2008, in the Northern District of California, as consideration
19 for the receipt of, and as consideration for a promise and agreement to pay, anything of pecuniary
20 value from MS-13, and for the purpose of gaining entrance to and maintaining and increasing
21 position in MS-13, an enterprise engaged in racketeering activity, the defendants

22                       ABRAHAM MARTINEZ, a/k/a "Goofy,"

23                       JOSE ALVARADO, a/k/a "Joker," and

24                  DOUGLAS LARGAESPADA, a/k/a "Droopy,"

25 unlawfully, knowingly, and intentionally did assault Victim-10 with a dangerous weapon, in
26 violation of California Penal Code Sections 245(a)(1) and 31.

27       All in violation of Title 18, United States Code, Sections 1959(a)(3) and 2.

28 //

-33-                    SECOND SUPERSEDING INDICTMENT

1 COUNT TWENTY-FIVE: (18 U.S.C. § 1959(a)(5) — Attempted Murder in Aid of
2 Racketeering of Victim-10)

3 70. Paragraphs 1 through 19, 22 through 26, and 28 through 29 of this Indictment are
4 realleged and incorporated by reference as though fully set forth herein.

5 71. On or about June 19, 2008, in the Northern District of California, as consideration
6 for the receipt of, and as consideration for a promise and agreement to pay, anything of pecuniary
7 value from MS-13, and for the purpose of gaining entrance to and maintaining and increasing
8 position in MS-13, an enterprise engaged in racketeering activity, the defendant

9 ABRAHAM MARTINEZ, a/k/a "Goofy,"

10 unlawfully, knowingly, and intentionally did attempt to murder Victim-10, in violation of
11 California Penal Code Sections 187, 188, 189, 21a, and 664.

12 All in violation of Title 18, United States Code, Section 1959(a)(5).

13 COUNT TWENTY-SIX: (21 U.S.C. § 846 — Conspiracy to Distribute/Possess with Intent
14 to Distribute Controlled Substances)

15 72. From at least in or about 2006, up through and including in or about January
16 2008, in the Northern District of California, the defendants

17 MAURICIO URIAS, a/k/a "Puppet,"

18 JUDITH SOSA, a/k/a "J-Dubbs," and

19 JOHN LACSAMANA BRIEZ,

20 and others known and unknown, unlawfully, knowingly, and intentionally did combine, conspire,
21 confederate, and agree together and with each other to violate the narcotics laws of the United
22 States.

23 73. It was a part and an object of the conspiracy that the defendants

24 MAURICIO URIAS, a/k/a "Puppet,"

25 JUDITH SOSA, a/k/a "J-Dubbs," and

26 JOHN LACSAMANA BRIEZ,

27 and others known and unknown, unlawfully, knowingly, and intentionally would and did
28 distribute and possess with intent to distribute a controlled substance, to wit, 50 grams or more of

-34- SECOND SUPERSEDING INDICTMENT

1 actual methamphetamine, in violation of Title 21, United States Code, Section 841(a)(1) and
2 (b)(1)(A).

3          74.     It was further a part and an object of the conspiracy that the defendant
4                            MAURICIO URIAS, a/k/a "Puppet,"

5 and others known and unknown, unlawfully, knowingly, and intentionally would and did
6 distribute and possess with intent to distribute a controlled substance, to wit, 500 grams or more
7 of mixtures and substances containing a detectable amount of cocaine, in violation of Title 21,
8 United States Code, Section 841(a)(1) and(b)(1)(B).

9          All in violation of Title 21, United States Code, Section 846.

10 COUNT TWENTY-SEVEN:  (21 U.S.C. § 841(a)(1) and (b)(1)(B) and 18 U.S.C. § 2 —
11                            Distribution/Possession with Intent to Distribute Controlled
12                            Substance)

13          75.     On or about May 24, 2006, in the Northern District of California, the defendants
14                            MAURICIO URIAS, a/k/a "Puppet,"
15                            JUDITH SOSA, a/k/a "J-Dubbs," and
16                            JOHN LACSAMANA BRIEZ,

17 unlawfully, knowingly, and intentionally did distribute and possess with intent to distribute a
18 controlled substance, to wit, 5 grams or more of actual methamphetamine.

19          All in violation of Title 21, United States Code, Section 841(a)(1) and(b)(1)(B), and Title
20 18, United States Code, Section 2.

21 COUNT TWENTY-EIGHT:  (21 U.S.C. § 841(a)(1) and (b)(1)(B) and 18 U.S.C. § 2 —
22                            Distribution/Possession with Intent to Distribute Controlled
23                            Substance)

24          76.     On or about June 28, 2006, in the Northern District of California, the defendants
25                            MAURICIO URIAS, a/k/a "Puppet,"
26                            JUDITH SOSA, a/k/a "J-Dubbs," and
27                            JOHN LACSAMANA BRIEZ,

28 unlawfully, knowingly, and intentionally did distribute and possess with intent to distribute a

-35-                    SECOND SUPERSEDING INDICTMENT

1 controlled substance, to wit, 5 grams or more of actual methamphetamine.

2    All in violation of Title 21, United States Code, Section 841(a)(1) and(b)(1)(B), and Title

3 18, United States Code, Section 2.

4 COUNT TWENTY-NINE:  (21 U.S.C. § 841(a)(1) and (b)(1)(B) and 18 U.S.C. § 2 —

5         Distribution/Possession with Intent to Distribute Controlled

6         Substance)

7   77.  On or about July 11, 2006, in the Northern District of California, the defendants

8         MAURICIO URIAS, a/k/a "Puppet," and

9         JUDITH SOSA, a/k/a "J-Dubbs,"

10 unlawfully, knowingly, and intentionally did distribute and possess with intent to distribute a

11 controlled substance, to wit, 5 grams or more of actual methamphetamine.

12    All in violation of Title 21, United States Code, Section 841(a)(1) and(b)(1)(B), and Title

13 18, United States Code, Section 2.

14 COUNT THIRTY:    (21 U.S.C. § 841(a)(1) and (b)(1)(B) and 18 U.S.C. § 2 —

15         Distribution/Possession with Intent to Distribute Controlled

16         Substance)

17   78.  On or about January 23, 2007, in the Northern District of California, the

18 defendants

19         MAURICIO URIAS, a/k/a "Puppet,"

20         JUDITH SOSA, a/k/a "J-Dubbs," and

21         JOHN LACSAMANA BRIEZ,

22 unlawfully, knowingly, and intentionally did distribute and possess with intent to distribute a

23 controlled substance, to wit, 5 grams or more of actual methamphetamine.

24    All in violation of Title 21, United States Code, Section 841(a)(1) and(b)(1)(B), and Title

25 18, United States Code, Section 2.

26 //

27 //

28 //

-36-       SECOND SUPERSEDING INDICTMENT

| | | |
|---|---|---|
| 1 | COUNT THIRTY-ONE: | (21 U.S.C. § 841(a)(1) and (b)(1)(C) and 18 U.S.C. § 2 — |
| 2 | | Distribution/Possession with Intent to Distribute Controlled |
| 3 | | Substance) |

79. On or about July 13, 2007, in the Northern District of California, the defendant

MAURICIO URIAS, a/k/a "Puppet,"

unlawfully, knowingly, and intentionally did distribute and possess with intent to distribute a controlled substance, to wit, approximately 56.7 grams of mixtures and substances containing a detectable amount of cocaine.

All in violation of Title 21, United States Code, Section 841(a)(1) and(b)(1)(C), and Title 18, United States Code, Section 2.

| | | |
|---|---|---|
| 11 | COUNT THIRTY-TWO: | (21 U.S.C. § 841(a)(1) and (b)(1)(C) and 18 U.S.C. § 2 — |
| 12 | | Distribution/Possession with Intent to Distribute Controlled |
| 13 | | Substance) |

80. On or about August 17, 2007, in the Northern District of California, the defendant

MAURICIO URIAS, a/k/a "Puppet,"

unlawfully, knowingly, and intentionally did distribute and possess with intent to distribute a controlled substance, to wit, approximately 85.05 grams of mixtures and substances containing a detectable amount of cocaine.

All in violation of Title 21, United States Code, Section 841(a)(1) and(b)(1)(C), and Title 18, United States Code, Section 2.

| | | |
|---|---|---|
| 21 | COUNT THIRTY-THREE: | (21 U.S.C. § 841(a)(1) and (b)(1)(C) and 18 U.S.C. § 2 — |
| 22 | | Distribution/Possession with Intent to Distribute Controlled |
| 23 | | Substance) |

81. On or about September 14, 2007, in the Northern District of California, the defendant

MAURICIO URIAS, a/k/a "Puppet,"

unlawfully, knowingly, and intentionally did distribute and possess with intent to distribute a controlled substance, to wit, approximately 255.15 grams of mixtures and substances containing a

1  detectable amount of cocaine.

2  All in violation of Title 21, United States Code, Section 841(a)(1) and(b)(1)(C), and Title
3  18, United States Code, Section 2.

4  COUNT THIRTY-FOUR:   (21 U.S.C. § 841(a)(1) and (b)(1)(C) and 18 U.S.C. § 2 —
5                Distribution/Possession with Intent to Distribute Controlled
6                Substance)

7  82.   On or about January 22, 2008, in the Northern District of California, the defendant
8                MAURICIO URIAS, a/k/a "Puppet,"

9  unlawfully, knowingly, and intentionally did distribute and possess with intent to distribute a
10  controlled substance, to wit, approximately 113.40 grams of mixtures and substances containing a
11  detectable amount of cocaine.

12  All in violation of Title 21, United States Code, Section 841(a)(1) and(b)(1)(C), and Title
13  18, United States Code, Section 2.

14  COUNT THIRTY-FIVE:   (21 U.S.C. § 841(a)(1) and (b)(1)(C) and 18 U.S.C. § 2 —
15                Distribution/Possession with Intent to Distribute Controlled
16                Substance)

17  83.   On or about May 31, 2007, in the Northern District of California, the defendant
18                JOSE ANTUNEZ, a/k/a "Fino,"

19  unlawfully, knowingly, and intentionally did distribute and possess with intent to distribute a
20  controlled substance, to wit, approximately 28.35 grams of mixtures and substances containing a
21  detectable amount of cocaine.

22  All in violation of Title 21, United States Code, Section 841(a)(1) and(b)(1)(C), and Title
23  18, United States Code, Section 2.

24  COUNT THIRTY-SIX:   (18 U.S.C. § 1951(a) — Conspiracy to Commit Robbery Affecting
25                Interstate Commerce)

26  84.   From at least in on or about October 10, 2008, up through and including on or
27  about October 22, 2008, in the Northern District of California, the defendants
28  //

-38-        SECOND SUPERSEDING INDICTMENT

1  ARISTIDES CARCAMO, a/k/a "Indio," and

2  RAFAEL MONTOYA, a/k/a "Sapo,"

3 and others known and unknown, unlawfully, willfully, and intentionally did combine, conspire,

4 confederate, and agree together and with each other to commit robbery, as that term is defined in

5 Title 18, United States Code, Section 1951(b)(1), and thereby to obstruct, delay, and affect

6 commerce and the movement of articles and commodities in commerce, as that term is defined in

7 Title 18, United States Code, Section 1951(b)(3), to wit, CARCAMO, MONTOYA, and others

8 known and unknown, agreed and planned to rob a jeweler whose wares traveled in interstate and

9 foreign commerce.

10  All in violation of Title 18, United States Code, Section 1951(a).

11 COUNT THIRTY-SEVEN:  (18 U.S.C. §§ 922(a)(1)(A) and 2 — Engaging in the Unlicensed

12  Business of Firearms Dealing)

13  85.  From at least in or about 2006, up through and including in or about May 2007, in

14 the Northern District of California and elsewhere, the defendant

15  RENE MONTES-MAYORGA, a/k/a "Negro,"

16 not being a licensed importer, licensed manufacturer, and licensed dealer, unlawfully, willfully,

17 and knowingly did engage in the business of importing, manufacturing, and dealing in firearms,

18 and in the course of such business shipped, transported, and received firearms in interstate and

19 foreign commerce, including two SKS assault rifles, a 12-gauge shotgun, and a .22-caliber rifle.

20  All in violation of Title 18, United States Code, Sections 922(a)(1)(A) and 2.

21 COUNT THIRTY-EIGHT:  (18 U.S.C. § 922(g)(5) — Alien in Possession of a Firearm)

22  86.  On or about February 1, 2007, in the Northern District of California, the defendant

23  RENE MONTES-MAYORGA, a/k/a "Negro,"

24 then being an alien illegally and unlawfully in the United States, unlawfully, willfully, and

25 knowingly did possess a firearm, to wit, an SKS assault rifle, in and affecting interstate

26 commerce.

27  All in violation of Title 18, United States Code, Section 922(g)(5).

28 //

-39-  SECOND SUPERSEDING INDICTMENT

1 COUNT THIRTY-NINE: (18 U.S.C. §§ 553(a) and 2 — Attempted Exportation of Stolen
2 Vehicle)

3   87.   On or about October 13, 2006, in the Northern District of California, the
4 defendants

5                RODRIGO MOLINA, a/k/a "Lil Payaso," a/k/a "Payaso," and
6                                  MARLON LUMANG,

7 unlawfully, knowingly, and intentionally did attempt to export a motor vehicle, to wit, a 1998
8 Honda Civic, VIN 1HGEJ7127WL062810, knowing the motor vehicle to have been stolen.

9     All in violation of Title 18, United States Code, Sections 553(a) and 2.

10 COUNT FORTY:      (18 U.S.C. §§ 553(a) and 2 — Attempted Exportation of Stolen Vehicle)

11   88.   On or about October 19, 2006, in the Northern District of California, the
12 defendant

13                RODRIGO MOLINA, a/k/a "Lil Payaso," a/k/a "Payaso,"

14 unlawfully, knowingly, and intentionally did attempt to export a motor vehicle, to wit, a 1992
15 Honda Civic, VIN JHMEH9692NS005882, knowing the motor vehicle to have been stolen.

16     All in violation of Title 18, United States Code, Sections 553(a) and 2.

17 COUNT FORTY-ONE:      (18 U.S.C. §§ 553(a) and 2 — Attempted Exportation of Stolen
18 Vehicle)

19   89.   On or about October 19, 2006, in the Northern District of California, the
20 defendants

21             MARVIN CARCAMO, a/k/a "Cyco," a/k/a "Psycho," a/k/a "Syco,"
22                    ARISTIDES CARCAMO, a/k/a "Indio," and
23                              MARLON LUMANG,

24 unlawfully, knowingly, and intentionally did attempt to export a motor vehicle, to wit, a 2000
25 Honda Civic, VIN 2HGEJ6619YH605469, knowing the motor vehicle to have been stolen.

26     All in violation of Title 18, United States Code, Sections 553(a) and 2.

27 //

28 //

-40-                   SECOND SUPERSEDING INDICTMENT

1 COUNT FORTY-TWO: (18 U.S.C. §§ 553(a) and 2 — Attempted Exportation of Stolen
2 Vehicle)

3 90. On or about November 13, 2006, in the Northern District of California, the
4 defendant

5 WALTER PALMA, a/k/a "Kapone," a/k/a "Capon,"

6 unlawfully, knowingly, and intentionally did attempt to export a motor vehicle, to wit, a 2001
7 Chevy Suburban, VIN 3GNFK16T91G264236, knowing the motor vehicle to have been stolen.

8 All in violation of Title 18, United States Code, Sections 553(a) and 2.

9 COUNT FORTY-THREE: (18 U.S.C. §§ 553(a) and 2 — Attempted Exportation of Stolen
10 Vehicle)

11 91. On or about November 17, 2006, in the Northern District of California, the
12 defendants

13 RODIL NOCHEZ, a/k/a "Chino," a/k/a "Nieto," and
14 DANIEL GONZALEZ, a/k/a "D,"

15 unlawfully, knowingly, and intentionally did attempt to export a motor vehicle, to wit, a 2003
16 Toyota Matrix, VIN 2T1KR32E54C072265, knowing the motor vehicle to have been stolen.

17 All in violation of Title 18, United States Code, Sections 553(a) and 2.

18 COUNT FORTY-FOUR: (18 U.S.C. §§ 553(a) and 2 — Attempted Exportation of Stolen
19 Vehicle)

20 92. On or about November 22, 2006, in the Northern District of California, the
21 defendants

22 RODIL NOCHEZ, a/k/a "Chino," a/k/a "Nieto," and
23 DANIEL GONZALEZ, a/k/a "D,"

24 unlawfully, knowingly, and intentionally did attempt to export a motor vehicle, to wit, a 2001
25 Toyota 4Runner, VIN JT3HN86RX10341372, knowing the motor vehicle to have been stolen.

26 All in violation of Title 18, United States Code, Sections 553(a) and 2.

27 //

28 //

-41- SECOND SUPERSEDING INDICTMENT

1   COUNT FORTY-FIVE:    (18 U.S.C. §§ 553(a) and 2 — Attempted Exportation of Stolen
2                        Vehicle)

3        93.    On or about November 28, 2006, in the Northern District of California, the
4 defendants

5                   RODIL NOCHEZ, a/k/a "Chino," a/k/a "Nieto," and

6                      DANIEL GONZALEZ, a/k/a "D,"

7 unlawfully, knowingly, and intentionally did attempt to export a motor vehicle, to wit, a 2000

8 Toyota 4Runner, VIN JT3HN86R7Y0279911, knowing the motor vehicle to have been stolen.

9        All in violation of Title 18, United States Code, Sections 553(a) and 2.

10 COUNT FORTY-SIX:    (18 U.S.C. §§ 553(a) and 2 — Attempted Exportation of Stolen
11                        Vehicle)

12       94.    On or about December 1, 2006, in the Northern District of California, the
13 defendants

14                   WALTER PALMA, a/k/a "Kapone," a/k/a "Capon," and

15                   RODRIGO MOLINA, a/k/a "Lil Payaso," a/k/a "Payaso,"

16 unlawfully, knowingly, and intentionally did attempt to export a motor vehicle, to wit, a 2004

17 Toyota Matrix, VIN 2T1KR32E7YC197592, knowing the motor vehicle to have been stolen.

18        All in violation of Title 18, United States Code, Sections 553(a) and 2.

19 COUNT FORTY-SEVEN:    (18 U.S.C. §§ 553(a) and 2 — Attempted Exportation of Stolen
20                        Vehicle)

21       95.    On or about December 11, 2006, in the Northern District of California, the
22 defendants

23                   WALTER PALMA, a/k/a "Kapone," a/k/a "Capon," and

24                   RODRIGO MOLINA, a/k/a "Lil Payaso," a/k/a "Payaso,"

25 unlawfully, knowingly, and intentionally did attempt to export a motor vehicle, to wit, a 2003

26 Toyota Matrix, VIN 2T1KR32E03C125681, knowing the motor vehicle to have been stolen.

27        All in violation of Title 18, United States Code, Sections 553(a) and 2.

28 //

-42-         SECOND SUPERSEDING INDICTMENT

(content)

1 | COUNT FIFTY-ONE:          (18 U.S.C. §§ 553(a) and 2 — Attempted Exportation of Stolen

2 | Vehicle)

3 |     99.    On or about January 17, 2007, in the Northern District of California, the

4 | defendants

5 | RODIL NOCHEZ, a/k/a "Chino," a/k/a "Nieto," and

6 | DANIEL GONZALEZ, a/k/a "D,"

7 | unlawfully, knowingly, and intentionally did attempt to export a motor vehicle, to wit, a 2003

8 | Toyota Tacoma, VIN 5TEGN92N81Z879763, knowing the motor vehicle to have been stolen.

9 |     All in violation of Title 18, United States Code, Sections 553(a) and 2.

10 | COUNT FIFTY-TWO:          (18 U.S.C. §§ 553(a) and 2 — Attempted Exportation of Stolen

11 | Vehicle)

12 |     100.    On or about January 17, 2007, in the Northern District of California, the

13 | defendants

14 | RODIL NOCHEZ, a/k/a "Chino," a/k/a "Nieto," and

15 | DANIEL GONZALEZ, a/k/a "D,"

16 | unlawfully, knowingly, and intentionally did attempt to export a motor vehicle, to wit, a 2003

17 | Toyota Tacoma, VIN 5TEWN72N63Z194342, knowing the motor vehicle to have been stolen.

18 |     All in violation of Title 18, United States Code, Sections 553(a) and 2.

19 | COUNT FIFTY-THREE:          (18 U.S.C. §§ 553(a) and 2 — Attempted Exportation of Stolen

20 | Vehicle)

21 |     101.    On or about January 17, 2007, in the Northern District of California, the

22 | defendants

23 | RODIL NOCHEZ, a/k/a "Chino," a/k/a "Nieto," and

24 | DANIEL GONZALEZ, a/k/a "D,"

25 | unlawfully, knowingly, and intentionally did attempt to export a motor vehicle, to wit, a 2003

26 | Toyota Tacoma, VIN 5TEGN92N03Z166312, knowing the motor vehicle to have been stolen.

27 |     All in violation of Title 18, United States Code, Sections 553(a) and 2.

28 | //

1 NOTICE OF SPECIAL SENTENCING FACTORS REGARDING COUNT ONE

2 Number 1: Conspiracy to Commit Murder in the First Degree

3        102.    Beginning on a date unknown to the Grand Jury but since at least the late 1990s,
4 and continuing up through and including the present, in the Northern District of California, the
5 defendants

6                               IVAN CERNA, a/k/a "Tigre,"

7               MARVIN CARCAMO, a/k/a "Cyco," a/k/a "Psycho," a/k/a "Syco,"

8                          ANGEL NOEL GUEVARA, a/k/a "Peloncito,"

9                     MORIS FLORES, a/k/a "Slow," a/k/a "Slow Pain,"

10              GUILLERMO HERRERA, a/k/a "Shorty," a/k/a "Sparky,"

11                  JONATHAN CRUZ-RAMIREZ, a/k/a "Soldado,"

12                      WALTER CRUZ-ZAVALA, a/k/a "Sombra,"

13                  WALTER PALMA, a/k/a "Kapone," a/k/a "Capon,"

14                DANIEL PORTILLO, a/k/a "Rustin," a/k/a "Rooster,"

15                          ERICK LOPEZ, a/k/a "Spooky,"

16                        CARLOS GARRIDO, a/k/a "Tweety,"

17              WALTER CHINCHILLA-LINAR, a/k/a "Demonio,"

18                      CESAR ALVARADO, a/k/a "Momia,"

19                     ABRAHAM MARTINEZ, a/k/a "Goofy,"

20                        JOSE ALVARADO, a/k/a "Joker,"

21                  DOUGLAS LARGAESPADA, a/k/a "Droopy,"

22                      WILBERT CASTILLO, a/k/a "Cypress,"

23                    JOSE QUINTEROS, a/k/a "Fantasma,"

24              MELVIN MALDONADO, a/k/a "Estrano,"a/k/a "Stranger,"

25                      MANUEL FRANCO, a/k/a "Dreamer,"

26              RODRIGO MOLINA, a/k/a "Lil Payaso," a/k/a "Payaso,"

27                      MAURICIO URIAS, a/k/a "Puppet,"

28                  ARISTIDES CARCAMO, a/k/a "Indio," and

1    RAFAEL MONTOYA, a/k/a "Sapo,"

2  and others known and unknown, unlawfully, knowingly, and intentionally did combine, conspire,

3  confederate, and agree together and with each other to kill deliberately and with premeditation

4  another person, and a conspirator committed an overt act in furtherance of the conspiracy, in

5  violation of California Penal Code Sections 187, 188, 189, and 182, to wit, the defendants agreed

6  together and with each other to kill actual and suspected *Norteños*, actual and suspected members

7  of other gangs, and individuals suspected of cooperating with law enforcement.

8  Number 2: GUILLERMO HERRERA — First Degree Murder of Victim-11

9    103.    On or about July 11, 2008, in the Northern District of California, the defendant

10    GUILLERMO HERRERA, a/k/a "Shorty," a/k/a "Sparky,"

11  unlawfully, knowingly, and intentionally did deliberately and with premeditation kill Victim-11,

12  in violation of California Penal Code Sections 187, 188, and 189.

13  Number 3: ANGEL NOEL GUEVARA — Attempted First Degree Murder of Victim-7

14    104.    On or about December 26, 2007, in the Northern District of California, the

15  defendant

16    ANGEL NOEL GUEVARA, a/k/a "Peloncito,"

17  unlawfully, knowingly, and intentionally did deliberately and with premeditation attempt to kill

18  Victim-7, in violation of California Penal Code Sections 187, 188, 189, 21a, and 664.

19  Number 4: ANGEL NOEL GUEVARA — Attempted First Degree Murder of Victim-8

20    105.    On or about December 26, 2007, in the Northern District of California, the

21  defendant

22    ANGEL NOEL GUEVARA, a/k/a "Peloncito,"

23  unlawfully, knowingly, and intentionally did deliberately and with premeditation attempt to kill

24  Victim-8, in violation of California Penal Code Sections 187, 188, 189, 21a, and 664.

25  Number 5: WALTER PALMA — Attempted First Degree Murder of Victim-1

26    106.    On or about August 4, 2005, in the Northern District of California, the defendant

27    WALTER PALMA, a/k/a "Kapone," a/k/a "Capon,"

28  unlawfully, knowingly, and intentionally did deliberately and with premeditation attempt to kill

1  Victim-1, in violation of California Penal Code Sections 187, 188, 189, 21a, and 664.

2  Number 6: WALTER PALMA — Attempted First Degree Murder of Victim-2

3      107.   On or about October 29, 2005, in the Northern District of California, the
4  defendant

5                  WALTER PALMA, a/k/a "Kapone," a/k/a "Capon,"

6  unlawfully, knowingly, and intentionally did deliberately and with premeditation attempt to kill

7  Victim-2, in violation of California Penal Code Sections 187, 188, 189, 21a, and 664.

8  Number 7: WALTER PALMA — Attempted First Degree Murder of Victim-3

9      108.   On or about October 29, 2005, in the Northern District of California, the
10 defendant

11                 WALTER PALMA, a/k/a "Kapone," a/k/a "Capon,"

12 unlawfully, knowingly, and intentionally did deliberately and with premeditation attempt to kill

13 Victim-3, in violation of California Penal Code Sections 187, 188, 189, 21a, and 664.

14 Number 8: WALTER PALMA — Attempted First Degree Murder of Victim-4

15     109.   On or about October 29, 2005, in the Northern District of California, the
16 defendant

17                 WALTER PALMA, a/k/a "Kapone," a/k/a "Capon,"

18 unlawfully, knowingly, and intentionally did deliberately and with premeditation attempt to kill

19 Victim-4, in violation of California Penal Code Sections 187, 188, 189, 21a, and 664.

20 Number 9: MAURICIO URIAS — Conspiracy to Distribute 50 Grams or More of Actual
21 Methamphetamine

22     110.   From at least in or about 2006, up through and including in or about January
23 2008, in the Northern District of California, the defendant

24                    MAURICIO URIAS, a/k/a "Puppet,"

25 and others known and unknown, unlawfully, knowingly, and intentionally did combine, conspire,

26 confederate, and agree together and with each other to distribute and possess with intent to

27 distribute 50 grams or more of actual methamphetamine, in violation of Title 21, United States

28 Code, Sections 841(a)(1) and(b)(1)(A) and 846.

-47-                    SECOND SUPERSEDING INDICTMENT

1 | DATED:                                    A TRUE BILL

2 |     1-29-09

3 |                                           FOREPERSON

4 |

5 |

6 | JOSEPH P. RUSSONIELLO
  | United States Attorney
7 |

8 |

9 | BRIAN J. STRETCH
  | Chief, Criminal Division
10 |

11 |

12 | (Approved as to form: _____ )

13 |                      AUSA W.S. Wilson Leung
  |                      Trial Attorney Laura Gwinn
14 |

15 |

16 |

17 |

18 |

19 |

20 |

21 |

22 |

23 |

24 |

25 |

26 |

27 |

28 |

-48-                          SECOND SUPERSEDING INDICTMENT