COLEMAN & BALOGH LLP
ETHAN A. BALOGH, No. 172224
225 Bush Street, Suite 1600
San Francisco, CA 94104
Direct: 415.439.8347
Facsimile: 415.373.3901
eab@colemanbalogh.com

Attorneys for Defendant
JUDITH SOSA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| UNITED STATES OF AMERICA, | Case No. 08-0730 WHA |
|---|---|
| Plaintiff, | DEFENDANT JUDITH SOSA'S OBJECTION TO UNAUTHORIZED STIPULATION (DOCKET ENTRY 217) PURPORTEDLY FILED ON HER BEHALF |
| v. | |
| IVAN CERNA, et al. | |
| Defendants. | |

Before the Honorable William H. Alsup
United States District Judge

1    By this pleading, Defendant Judith Sosa objects to the Stipulation filed in this case as Docket No. 217. This Stipulation asserts that it was filed on behalf of Ms. Sosa. That is not accurate. At no time did either counsel who filed the Stipulation seek, much less obtain, the approval of Ms. Sosa's counsel before filing this pleading. General Order 45, section X, requires that with respect to any document filed on behalf of parties in addition to the filing party, the filer must attest that he has obtained the concurrence of the other parties identified in the pleading. Ms. Sosa's concurrence was neither sought nor not obtained in this matter, and (accordingly) the unauthorized Stipulation does not make any such attestation.

    The underlying facts are straightforward. At the February 10, 2009 status hearing, Ms. Sosa stated her position on the question of a speedy trial and she stands on that record, which is more complex than the one presented in the unauthorized Stipulation. Further, the Court made findings excluding time and noted that those findings were sufficient in this case. Nonetheless, the Court informed government counsel that it would consider a written [Proposed] Order if one were submitted, and government counsel indicated he would submit a [Proposed] Order. One defense counsel chimed in that he would assist in the preparation of such an order. Neither the Court nor any party suggested the need for a stipulation, much less that one would be submitted or would be submitted on behalf of a party without seeking or obtaining the party's consent. It should be obvious that no attorney should file any pleading on behalf of another without first seeking and obtaining the non-signer's consent. Unfortunately, that has occurred in this matter, and Ms. Sosa objects.

Respectfully submitted,

COLEMAN & BALOGH LLP

By: ETHAN A. BALOGH
225 Bush Street, Suite 1600
San Francisco, CA 94104
Direct: (415) 439-8347

Attorneys for Defendant
JUDITH SOSA