1
2
3
4
5          IN THE UNITED STATES DISTRICT COURT

6          FOR THE NORTHERN DISTRICT OF CALIFORNIA

7
8
UNITED STATES OF AMERICA,
9                                                    No. CR 08-0730 WHA
                 Plaintiff,
10
11    v.                                             **ORDER DENYING ACSO'S
                                                     MOTION TO QUASH SUBPOENA**
IVAN CERNA, et al.                                   **AND VACATING HEARING**
12
                 Defendants.
13    _____/

14
        The Alameda County Sheriff's Office moves to quash the third-party subpoena issued to

15
it by defendant Jonathan Cruz-Ramirez seeking the classification records relating to his
16
incarceration at the Glenn E. Dyer Jail.  To prevail on a motion to quash, the party that issued
17
the subpoena must show that the information is relevant, admissible and specific. *United States*
18
*v. Nixon* 418 U.S. 683, 699–700 (1973).  Courts also consider whether the materials are
19
otherwise procurable reasonably in advance of trial by exercise of due diligence, or if they call
20
for privileged matter.  The ACSO argues that the classification records are neither relevant to
21
the charges against defendant Alvarado nor admissible, and that the information sought is
22
available elsewhere.  The ACSO also argues that the records are protected by the law
23
enforcement privilege and that disclosure of the classification records would tend to reveal
24
classification techniques and procedures used by the ACSO and would thereby endanger the
25
safety of guards and other inmates.
26
        On December 10, 2009, an order denied a substantially identical motion by ACSO to
27
quash a subpoena from defendant Cesar Alvarado (Dkt. No 970).  For the same reasons, the
28
present motion is also **DENIED**.  Defendant Cruz-Ramirez is eligible for the death penalty in this

action.  If he is found guilty, the classification records are both relevant and admissible as

1   potentially mitigating factors during the sentencing phase of his trial. The information

2   defendant Cruz-Ramirez seeks regarding the conclusions made by the classifying officers and

3   the bases for those conclusions are not available from other sources.

4         The law enforcement privilege is not absolute. The determination whether it applies

5   requires a balancing test that weighs the public interest in nondisclosure against the need of a

6   particular litigant for access to the privileged information. Considering the potential

7   consequences defendant Cruz-Ramirez faces in this prosecution, he has an extremely strong

8   need for access to the information. The concerns raised by the ACSO that disclosure of the

9   classification records would potentially reveal classification techniques and procedures can be

10  readily addressed by an appropriate protective order restricting the dissemination of the records.

11        Counsel for the ACSO and defendant Cruz-Ramirez are ordered to meet and confer on

12  the parameters of an appropriate protective order and to submit a joint proposed protective order

13  to the Court by **NOON ON MARCH 4, 2010.** To the extent that the records contain information

14  that the ACSO contends is too sensitive to reveal, the ACSO shall submit such records to the

15  Court for *in camera* review by **NOON ON MARCH 4, 2010.** The hearing on the ACSO's motion

16  to quash scheduled for March 2, 2010, is **VACATED**.

17

18        **IT IS SO ORDERED.**

19

20  Dated: February 25, 2010.

                                          WILLIAM ALSUP
21                                        UNITED STATES DISTRICT JUDGE

22

23

24

25

26

27

28