SUSAN M. RAFFANTI, ESQ. - SBN 120993
Law Offices
483 9th Street, Suite 200
Oakland, CA 94607
(510) 451-2825
sraffanti@gmail.com

JOHN T. PHILIPSBORN, ESQ. - SBN 83944
Law Offices of John T. Philipsborn
507 Polk Street, Suite 350
San Francisco, California 94102
(415) 771-3801
jphilipsbo@aol.com

Attorneys for Defendant JONATHAN CRUZ-RAMIREZ

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> IVAN CERNA, et al, JONATHAN ) <br> CRUZ-RAMIREZ, ) <br> ) <br> Defendants. ) <br> _____ ) | Case No. CR-08-0730 WHA <br><br> **NOTICE OF MOTION AND MOTION TO EXCLUDE FIREARMS RELATED EXPERT TESTIMONY [Jonathan Cruz-Ramirez]** <br><br> **Dept: The Hon. William Alsup, District Judge** |

TO: THIS HONORABLE COURT; TO ASSISTANT U.S. ATTORNEYS WILSON LEUNG, CHRISTINE WONG, AND WILL FRENTZEN; TO ALL DEFENSE COUNSEL:

On the date set by the Court for a hearing on this expert-related motion, JONATHAN CRUZ-RAMIREZ moves for orders excluding the testimony of police laboratory analysts, criminalists, and firearms examiners, as follows:

1. The testimony of firearms and tool mark examination experts John Sanchez, Mark Proia, and G. Andrew Smith should be excluded because of the Government's failure to timely provide the defense access to the results of physical examinations within

1  the meaning of FRCP 16 (a)(1)(F), and to the bases and reasons for any opinions stated by
2  these three proffered experts (FRCP 16 (a)(1)(G). The defense still does not have all
3  necessary work sheets, Laboratory Procedures, Standard Operating Procedures,
4  Identification Criteria, and theory of identification, pertinent to the issues presented by
5  firearms and toolmark examinations.[1]

6      2. The testimony of firearms and tool mark examination experts as identified by the
7  Government should be excluded because there is: insufficient evidence of their adherence
8  to an accepted technical or scientific methodology; there is (currently, due to the discovery
9  problem described in paragraph 1, above) no methodology defined for the identification of
10 particular firearms or bullets or shell casings; the documentation available is inadequate to
11 demonstrate adherence to accepted methodologies and procedures. This motion pertains to
12 SFPD criminalists, inspectors, and officers: John Sanchez, Mark Proia; and G. Andrew
13 Smith.

14     3. If the Court is not inclined to grant the defense motion as a result of a review of
15 the pleadings, the Court should grant an <u>evidentiary hearing</u>, at which the admissibility of
16 the testimony to be offered by 'firearms experts' as categorized and described by the
17 Government should be reviewed on the basis that the documentation alone is insufficient
18 to establish that any of these experts have admissible evidence to present to this Court or
19 to any jury.

20     4. In addition, this Court should order that any further written procedures, SOPs,
21 Identification Criteria, Documentation Requirements, Laboratory Procedures, notes, work
22 papers, or documentation available and relevant to the proffered expert opinions be
23 tendered to the defense for its review prior to any hearing on this motion, <u>and</u> that further
24 hearings on the admissibility of expert testimony be calendared.

---

[1] It may be that these materials will be provided to the defense. They have been requested. The Court has previously dealt with some of these issues as they were presented in 2006-2007. See *U.S. v. Diaz et al*, "Order Granting In Part and Denying In Part Motions to Exclude Firearms Identification", CR-05-00167 WHA, February 12, 2007, clarified on February 12, 2007. These Orders are referenced here as the 'Diaz Case Firearms Related Orders.'

Motion to Exclude Firearms Related Expert Testimony      2

5. At the very least, the Court should impose certain limitations on the opinions that may be stated by any designated firearms experts, and should also require acknowledgment of the limitations of the expertise described in the National Research Council's 2009 Report entitled *Strengthening Forensic Evidence In The United States*.

The motion is based on this Notice and Motion and the supporting Memorandum of Points and Authorities, as well as on any further authorities, arguments, evidence, and information supplied to the Court at the time of the hearing.

Dated: June 14th, 2010

    Respectfully submitted,

    SUSAN M. RAFFANTI
    JOHN T. PHILIPSBORN


by s/John T. Philipsborn
    JOHN T. PHILIPSBORN
    Co-Counsel for Defendant
    JONATHAN CRUZ-RAMIREZ

**PROOF OF SERVICE**

I, Steven Gray, declare:

That I am over the age of 18, employed in the County of San Francisco, California, and not a party to the within action; my business address is Suite 350, 507 Polk Street, San Francisco, California 94102.

On today's date, I served the within document entitled:

**NOTICE OF MOTION AND MOTION TO EXCLUDE FIREARMS RELATED EXPERT TESTIMONY [Jonathan Cruz-Ramirez]**

( )  By placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, in the United States Mail at San Francisco, CA, addressed as set forth below;
(X)  By electronically transmitting a true copy thereof;
( )  By having a messenger personally deliver a true copy thereof to the person and/or office of the person at the address set forth below.

| | |
|---|---|
| Wilson Leung<br>Christine Wong<br>Assistant U.S. Attorneys | jrunfola@earthlink.net<br><br>Lidia Stiglich, Esq.<br>stiglich@stiglichhinckley.com |
| Christopher J. Cannon, Esq.<br>powpowpg@aol.com | Shana Keating, Esq.<br>shana_keating@hotmail.com |
| Ellen Valentik Leonida, Esq.<br>leonida@badamileonida.com | Edward W. Swanson, Esq.<br>eswanson@swansonmcnamara.com |
| Harris Bruce Taback, Esq.<br>htaback@earthlink.net | George Claude Boisseau, Esq.<br>boisseaugc@msn.com |
| Mark Rosenbush, Esq.<br>markrosenbush@mindspring.com | Seth P. Chazin, Esq.<br>crimatty@earthlink.net |
| Martin Antonio Sabelli, Esq.<br>msabelli@comcast.net | Nina Wilder, Esq.<br>ninawilder@aol.com |
| Randy Sue Pollock, Esq.<br>pollockesq@aol.com | Linda Ann Fullerton, Esq.<br>lindafullertonlaw@sbcglobal.net |
| Anthony John Brass, Esq.<br>tony@brasslawoffice.com | James Phillip Vaughns, Esq.<br>vaughnslaw@aol.com |
| Jeffrey M. Glenn, Esq.<br>sflawyers@earthlink.net | Ann Carole Moorman, Esq.<br>ann@acmoormanlaw.com |
| Peter Goodman, Esq.<br>petergoodman@earthlink.net | Mark S. Goldrosen, Esq.<br>markgoldro@aol.com |
| Brendan Conroy, Esq.<br>brenco4@aol.com | Suzanne Adele Luban, Esq.<br>lubanlaw@sbcglobal.net |
| Ethan A. Balogh, Esq.<br>eab@colemanbalogh.com | John J. Jordan, Esq.<br>jjordanesq@aol.com |
| John M. Runfola, Esq. | |

1  Erik G. Babcock, Esq.
   erik@babcocklawoffice.com
2
   Frank Bell, Esq.
3  frankbell@frankbelllaw.com

                                            Erin Crane, Esq.
4  Brian P. Berson, Esq.                 erincrane@sbcglobal.net
   brianberson@yahoo.com
5
   Geri Lynn Green, Esq.
6  gerigreen@earthlink.net

7

8

9

10

11

12

13      I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.
14
     Executed this 14th day of June, 2010 at San Francisco, California.
15
                              Signed:     /s/ Steven Gray
16                                                 Steven Gray

17

18

19

20

21

22

23

24

25

26

27

28