IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JONATHAN CRUZ-RAMIREZ, *et al*.,<br><br>Defendants. | No. CR 08-0730 WHA<br><br>**ORDER RE GOVERNMENT MENTAL CONDITION EVALUATIONS OF DEFENDANTS JONATHAN CRUZ-RAMIREZ, DANIEL PORTILLO, ERICK LOPEZ, AND GUILLERMO HERRERA** |

## INTRODUCTION

Defendant Jonathan Cruz-Ramirez seeks to limit the scope and use of the government's mental condition evaluation and requests supplemental provisions for the conduct and review of the evaluation (Dkt. No. 3096). As discussed herein, this request is **GRANTED IN PART AND DENIED IN PART**.

Defendants Erick Lopez, Daniel Portillo, and Guillermo Herrera move to join in the motion (Dkt. Nos. 3097, 3106, 3115). These joinder motions are **GRANTED**. Accordingly, this order applies to all four defendants who will be undergoing government mental evaluations.

## STATEMENT

Pursuant to FRCrP 12.2(b), defendants Jonathan Cruz-Ramirez, Erick Lopez, Daniel Portillo, and Guillermo Herrera have provided notice of their intent to introduce mental condition expert testimony bearing on issues of guilt, punishment, and/or demeanor at trial (Dkt. Nos. 2946, 3000, 3013, 3104).[1] Defendant Lopez provided the government with an expert report along with

---

[1] Defendant Angel Noel Guevara has withdrawn his FRCrP 12.2(b) notice (Dkt. Nos. 3017, 3151).

his notice and Defendant Guillermo Herrera indicated in his notice that a report would be forwarded to the government shortly. Defendants Cruz-Ramirez and Portillo provided no expert report simultaneously with their notice and did not specify what mental conditions the expert testimony would discuss nor provide any further detail beyond the general assertion that "expert evidence relating to a mental condition bearing on the issue of guilt" would be presented at trial.

Upon receipt of the FRCrP 12.2(b) notices, the government moved for a court-ordered mental evaluation of the defendants (Dkt. No. 3059). This request was granted (Dkt. No. 3079). Thereafter, defendant Cruz-Ramirez requested a supplemental order establishing limitations on his evaluation and additional assurances regarding the conduct and use of the evaluation (Dkt. No. 3096). Counsel for defendant Cruz-Ramirez and the government were ordered to meet and confer to come to agreement where possible, as many of the issues raised by defendant Cruz-Ramirez appeared to be resolvable without judicial intervention (Dkt. No. 3103).

As a result of the meet and confer, many of defendant Cruz-Ramirez's concerns were resolved. Namely, the parties agreed that: (1) no references may be made to the governmental evaluation or any statements by the examined defendant made during the evaluation unless and until the defendant introduces at trial expert testimony on mental condition; (2) the government will provide notice as to the "general scope" of the evaluation; (3) defense counsel may not be present in the room during the evaluation, but may be present in a nearby location during the evaluation and the defendant may request to consult with defense counsel for a reasonable time during the evaluation if consultation is necessary; (4) the evaluation will be recorded and made available to the parties as soon as possible after the evaluation; (5) any objections to portions of the evaluation must be made shortly after the evaluation; (6) no "taint team" is necessary for the review of the evaluation on the part of the government; and (7) any portions of the evaluation determined by the undersigned to be improper will not be relied upon by the government examiner in the final report and opinion and the government shall not seek to introduce any such portions (Dkt. Nos. 3172, 3224). The parties, however, disagreed as to: (1) the proper scope of the evaluation; and (2) the notice the government is required to provide prior to the evaluation. These two issues are discussed below.

2

**ANALYSIS**

**1.  SCOPE OF EVALUATION**

The parties agree that the government evaluation may cover defendant Cruz-Ramirez's mental condition related to the RICO conspiracy, his gang membership, his relationships with other gang members, and some of the overt acts in furtherance of the conspiracy. The parties, however, disagree about whether the evaluation may cover the defendant's state of mind with respect to the two VICAR homicides with which he is charged. Defendant Cruz-Ramirez intends to introduce evidence about his cognitive functioning, psychological condition, and other evidence bearing on his demeanor, manner of interaction with others, need for acceptance, and other characteristics (Dkt. No. 3096 at 6). Nonetheless, defendant Cruz-Ramirez asserts that inquiry into his mental state during the VICAR homicides is inappropriate because he does not intend to present evidence of a mental condition that negates the elements of the VICAR homicides.

This argument is rejected in part. As defendant Cruz-Ramirez acknowledges, the Fifth Amendment does not protect a defendant from being compelled to submit to a government evaluation covering similar issues to that which the defense conducted (Dkt. No. 3096 at 7). Most notably, defendant Cruz-Ramirez intends to introduce evidence that his mental condition made him a "talker," impressionable, and "eager to please" others — suggesting that he may have taken credit for acts he did not commit or was otherwise easily influenced. To assert that this mental condition is only relevant to conspiracy conduct and not to violent acts *in aid of* conspiracy is an artificial distinction. Accordingly, the evaluation may extend to defendant Cruz-Ramirez's mental condition with respect to the VICAR homicides so that the government evaluation adequately covers possible rebuttal to defendant Cruz-Ramirez's mental condition evidence. This does not mean, however, that the examiner may inquire into crime facts unrelated to defendant Cruz-Ramirez's mental condition.

Of course, the parties are reminded that there is a difference between the permissible scope of the evaluation and what portions of the evaluation — if any — would be admissible at trial. The latter is dependent on the mental condition evidence that defendant Cruz-Ramirez introduces at trial.

### 2. NOTICE OF SCOPE OF EVALUATION

The government has agreed that it will disclose the general scope of the evaluation prior to its commencement (Dkt. No. 3224 at 2). The parties disagree, however, regarding whether the government must also provide notice of the specific tests that the evaluation will include. The government argues that prior notice of any tests could "impair the effectiveness of the testing and aid [] defendants in malingering' (Dkt. No. 3172 at 3). In order to have a better picture, however, about the actual scope of the evaluation, defense counsel should be informed about the tests the evaluation will include. The government must provide defense counsel with notice of the tests to be conducted. To address concerns about effectiveness of testing, however, defense counsel may not share this information with the defendant prior to the test. Defense counsel has specified that this is an acceptable middle-ground (Dkt. No. 3224 at 2). The four defendants at issue and the government, however, should submit a stipulated protective order by **WEDNESDAY, FEBRUARY 16 AT 5 P.M.** governing the contours of this restriction. Counsel for defendant Cruz-Ramirez should take the lead on this submission.

### CONCLUSION

The government evaluations of the mental conditions of defendants Cruz-Ramirez, Portillo, Lopez, and Guillermo Herrera are to be conducted as the parties have agreed and as stated herein. After the evaluations are complete and copies of the evaluation records are provided to defense counsel, the parties shall have **SEVEN CALENDAR DAYS** from the date of service to file any objections. The parties must meet and confer prior to filing any such objection and the outcome of this conference should be described in the filing.

**IT IS SO ORDERED.**

Dated: February 7, 2011.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE