IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

    Plaintiff,

  v.

JONATHAN CRUZ-RAMIREZ, *et al.*

    Defendants.
                                  /

No. CR 08-0730 WHA

**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT CRUZ-RAMIREZ'S APPLICATION FOR ISSUANCE OF RULE 17 *HENTHORN* SUBPOENA TO ACSO**

      Defendant Jonathan Cruz-Ramirez seeks a subpoena for *Henthorn* materials from the ACSO relating to the following ACSO officers and employees: (1) J. Stoneberger; (2) J. Pinedo; (3) D. Blanchard; (4) J. Dormer; (5) M. Hartman; (6) Masood Feroz; (7) Mario Vigo; and (8) Kevin Estep (Dkt. No. 3597). This request is **GRANTED IN PART AND DENIED IN PART**.

      For good cause shown, it is hereby **ORDERED** that a subpoena duces tecum shall be issued to the custodian of records for the ACSO for production of the documents listed in Attachment A to the subpoenas with respect to the following officers/employees: (1) J. Stoneberger; (2) J. Pinedo; (3) M. Hartman; (4) Masood Feroz; and (5) Mario Vigo.

      The request regarding the records of D. Blanchard, J. Dormer, and K. Estep, however, is **DENIED**. The ACSO need not produce records regarding these officers/employees. Neither D. Blanchard nor K. Estep are included in the government's final witness list. Although J. Dormer is on the government's witness list, records regarding J. Dormer have already been produced by the ACSO in response to a *Henthorn* subpoena from defendant Angel Noel Guevara and the *in*

*camera* review of those records was completed in January. A January 26 order informed counsel for defendant Guevara that no *Henthorn* material needing to be turned over was located in the Dormer files produced by the ACSO.

The ACSO shall produce any responsive documents to the Court within **14 DAYS** of service. Given the fast approaching trial date, if there are any objections by the ACSO to the subpoenas, these objections should be raised **prior** to the deadline for compliance. Counsel are encouraged to work with one another to reach compromises where possible and avoid unnecessary litigation.

After the documents are produced by the ACSO, the procedure will be as follows. Prior to disclosure to counsel for defendant Cruz-Ramirez, the undersigned will review *in camera* the materials produced. Any responsive *Henthorn* materials will be turned over to counsel for defendant Cruz-Ramirez as soon as practicable. The undersigned will endeavor for the review to be complete by the commencement of trial, although this is not guaranteed.

The records will not be disclosed until a protective order regarding their use is in place. Counsel for defendant Cruz-Ramirez and the ACSO shall submit a proposed stipulated protective order for use of the *Henthorn* material as soon as practicable.

**IT IS SO ORDERED.**

Dated: March 3, 2011.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

United States

V.

Jonathan Cruz Ramirez et al

**SUBPOENA TO PRODUCE DOCUMENTS OR OBJECTS IN A CRIMINAL CASE**

Case Number: CR 08-0730

TO:

Custodian of Records
Alameda County Sheriffs office1401
Lakeside Drive, 12th Floor
Oakland, CA 94612

YOU ARE COMMANDED to produce at the place, date, and time specified the document(s) or object(s) indicated below. If compliance would be unreasonable or oppressive, you may file a motion requesting the court to quash or modify the subpoena, to review the documents *in camera*, or to permit production only pursuant to a protective order.

| PLACE | COURTROOM/JUDGE |
|---|---|
| ✓ United States Courthouse 450 Golden Gate Avenue San Francisco, CA 94102 ☐ United States Courthouse 280 South First Street San Jose, CA 95113 ☐ United States Courthouse 1301 Clay Street Oakland, CA 94612 | William Alsup |
| If the document(s) or object(s) are produced in advance of the date specified, either to the court in an envelope delivered to the clerk's office or to the issuing attorney whose name and address appears below, no appearance is necessary. | **DATE AND TIME** 14 days of service |

The following document(s) or object(s) shall be produced:

Personnel and complaint records for the following ACSO deputies, as more fully set forth in Attachment A:
1) J. Stoneberger #1952; 2) J. Pinedo #1762; ~~3) D. Blanchard #1419; 4) J. Donner #1932;~~ 5) M. Hartman #1938; 6) Masood Feroz #1934; 7) Mario Vigo; ~~8) Kevin Estep #1718.~~

See Attachment A for description of documents.

NOTE: Parties requesting a subpoena requiring the appearance of a witness to testify at a criminal proceeding or to testify and bring documents to a criminal proceeding, must use Form CAND 89A, *Subpoena to Testify in a Criminal Case*. Forms are available at the Court's Internet site: http://www.cand.uscourts.gov.

| U.S. MAGISTRATE JUDGE OR CLERK OF COURT RICHARD WEIKING | DATE March 3, 2011 |
|---|---|
| (By) Deputy Clerk Dawn Toland | |

ATTORNEY'S NAME, ADDRESS AND PHONE NUMBER:

Susan Raffanti, 483 Ninth St. #200, Oakland, CA 94607. 510/451-2825

CAND 89B (Rev. 1/06) Subpoena to Produce Documents or Objects in a Criminal Case

| PROOF OF SERVICE | | |
|---|---|---|
| RECEIVED BY SERVER | DATE | PLACE |
| SERVED | DATE | PLACE |
| SERVED ON (PRINT NAME) | | FEES AND MILEAGE TENDERED TO WITNESS <br> ☐ YES ☐ NO AMOUNT $ _____ |
| SERVED BY (PRINT NAME) | | TITLE |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

ADDITIONAL INFORMATION

ATTACHMENT A TO SUBPOENA

PERSONNEL AND COMPLAINT RECORDS

Copies of any and all parts of the personnel records of the Alameda County Sheriffs Office deputies named below reflecting any complaints by citizens or other law enforcement officers, reprimands and/or disciplinary action related to honesty, integrity, racial bias, excessive force or conduct unbecoming an officer:

1) J. Stoneberger #1952;

2) J. Pinedo #1762;

3) ~~D. Blanchard #1419;~~

4) ~~J. Donner #1932;~~

5) M. Hartman #1938;

6) Masood Feroz #1934;

7) Mario Vigo;

8) ~~Kevin Estep #1718.~~

The requested items include documents containing:

1. Any allegations that the officer fabricated facts, evidence, events or descriptions in any written incident report, oral report, citation, written submission to the police department or testimony in any court or administrative proceeding.

2. Any allegations that the officer acted with racial animus, used racially derogatory or insensitive terms in the officer's contact with the public or with co-workers, has made racial slurs or jokes or has targeted suspects or inmates because of their race,

national origin or ethnic background.

    3.    Any allegations that the officer engaged in the use of excessive force in the execution of his duties as a Sheriffs deputy.

    4.    Any allegations that the officer engaged in the unlawful use of controlled substances, consumed alcohol while on duty, suffered from a mental or psychiatric condition apparent during the performance of his or her duties or displayed inappropriate anger or emotion while in the course of duty.

    5.    Any allegations that the officer engaged in acts of dishonesty or moral turpitude.

This subpoena compels the disclosure of all of the materials described above, including information that is more than five (5) years old, if that material or information is in the custody, possession or control of the recipient of this subpoena. This subpoena compels the disclosure of:

    A.    Initial complaints and any subsequent revisions to those complaints.

    B.    Complaint work summaries and/or chronologies of the investigator's work on any such complaint.

    C.    All "sustained complaint" memoranda detailing the nature of the complaint and describing the investigation which supports the recommended sustained finding.

    D.    All taped statements taken during the investigation of the complaint.

    E.    All incident reports gathered during the investigation of the complaint.

    F.    All Computer Assisted Dispatch (CAD) tapes and reports gathered during the investigation of the complaint.

G. All photographs taken during the investigation of the complaint.

H. All transcripts or recordings of complaint proceedings before any review board or supervisory officer.

I. All documents reflecting the findings of any review board or supervisory officer entered after investigation of the complaint.

J. Any record of discipline imposed on the named officers as a result of the findings of any review board or supervisory officer entered after the investigation of the complaint.

This subpoena is not limited to "sustained complaints" only but also compels the disclosure of unsustained complaints and the materials and information related to those complaints.