IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　Plaintiff,<br><br>　v.<br><br>JONATHAN CRUZ-RAMIREZ, *et al*.<br><br>　　Defendants.<br>———————————————————/ | No. CR 08-0730 WHA<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT CRUZ-RAMIREZ'S DISCOVERY MOTION (DKT. NO. 3423)** |

Defendant Jonathan Cruz-Ramirez seeks discovery of exculpatory material that it believes to be in the government's possession (Dkt. No. 3423). For the reasons stated herein, the motion is **GRANTED IN PART AND DENIED IN PART**.[1]

### 1.　MATERIALS RELATED TO MARIELA PALACIOS

Defendant Cruz-Ramirez seeks all notes and reports which constitute or pertain to any statement or other exculpatory evidence provided by Mariela Palacios to the government, as well as names of any witnesses to such statements. The request is **DENIED**.

The government has asserted that it has fulfilled its *Brady* obligations with respect to records related to Ms. Palacios (Opp. 3). Although it is unclear why the government informed defense counsel that they may wish to interview Ms. Palacios, the undersigned has stated time and again that *Brady* is a self-executing responsibility on the part of the government. It is up to the government to identify and disclose *Brady* material to the defense in time for effective use

---

[1] Defendants Guillermo Herrera, Giovanni Hernandez, Erick Lopez, Walter Cruz-Zavala, Danilo Velasquez, and Angel Noel Guevara have moved to join in defendant Cruz-Ramirez's motion (Dkt. Nos. 3430, 3448, 3451, 3481, 3483, 3485). These joinder motions are **GRANTED**.

at trial. As such, the government's assertion that its *Brady* obligations have been fulfilled renders the request moot.

Defendant Cruz-Ramirez also requests discovery of any contact information for Ms. Palacios possessed by the government (Reply 2). This request is **DENIED**. The government is not obligated under to turn over Ms. Palacios' *contact information* under *Brady* — if it even has her contact information. Ms. Palacios is not a government witness and is not in the government's control (Leung Decl. ¶ 2). Additionally, the fact that counsel for defendant Rafael Montoya has already refused to supply counsel for defendant Cruz-Ramirez with Ms. Palacios' contact information suggests that Ms. Palacios does not consent to the release of her contact information.[2]

### 2. INFORMATION REGARDING DH 226

Defendant Cruz-Ramirez seeks the name of the informant in recording DH 226 who provided information concerning the homicide of Juan Rodriguez, identifying information for the individual referred to as "Green Eyes" in DH 226, and a description of any further efforts by the government to investigate the allegations contained in DH 226.

The requests for the name of the informant and identifying information of "Green Eyes" are **DENIED** as moot. The government has already provided this information to defense counsel (Leung Decl. ¶ 3). Indeed, the information was turned over in 2009.

The request for a description of the government's further efforts to investigate the allegations contained in DH 226 is also **DENIED**. *Brady* does not require the government to provide the defense with a description of its investigative efforts.

### 3. SFPD UNIT 3H73 OFFICER NOTEBOOKS

Finally, defendant Cruz-Ramirez seeks discovery of SFPD Unit 3H73 officer notebooks for the day that Juan Rodriguez was killed and any documents reflecting follow-up investigation regarding the three suspects in the Rodriguez homicide.

As a threshold matter, the request may be moot as the government has already produced the full and complete SFPD murder file for the Rodriguez homicide (Leung Decl. ¶ 4). It is

---

[2] Defendant Rafael Montoya is the father of Ms. Palacio's child (Leung Decl. ¶ 2).

2

unclear, however, whether SFPD murder files necessarily include officer notebooks. Defendant Cruz-Ramirez seeks clarification on this issue (Reply 3). This request for clarification is **GRANTED**. To clarify the record, by **MARCH 18 AT 5 P.M.**, the government must specify whether it has the notebooks in its possession but asserts they are not *Brady* material or whether the government does not have the notebooks in its possession at all.

As stated previously, however, *Brady* is a self-executing responsibility on the part of the government. Accordingly, the request that the notebooks be turned over — if they exist — is **DENIED**.

**IT IS SO ORDERED.**

Dated: March 16, 2011.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE