**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JONATHAN CRUZ-RAMIREZ, *et al.*,<br><br>Defendants. | No. CR 08-0730 WHA<br><br>**ORDER DENYING DEFENDANT CRUZ-RAMIREZ'S REQUEST FOR GRANT OF IMMUNITY FOR SF-1211** |

Defendant Jonathan Cruz-Ramirez moves for compelled use immunity for SF-1211. As stated at the March 29 hearing, the motion for compelled use immunity is **DENIED**. The parties' submissions, the parties' arguments at the March 23 and March 29 hearings, and the sworn declaration and statements by SF-1211's attorney have not established an adequate record warranting compelled use immunity for SF-1211.

A court may compel "use immunity" when: (1) the witness' testimony would be relevant; *and* (2) the prosecutor's refusal to grant immunity was done with the deliberate intention of distorting the fact finding process. *United States v. Straub*, 538 F.3d 1147, 1157–58 (9th Cir. 2008). Even assuming that the testimony sought from SF-1211 would be relevant, the defense has not established that the government's refusal to grant immunity was done with the deliberate intention of distorting the fact finding process. This requirement can be demonstrated if: (1) the government intentionally caused SF-1211 to invoke the Fifth Amendment; or (2) the government selectively granted immunity to some witnesses, but denied it to SF-1211 because SF-1211 could contradict immunized witnesses.

Here, the government has not *immunized* any witnesses, let alone engaged in a selective denial of immunity. And although the government's indictment of SF-1211 may, in a literal sense, cause SF-1211 to invoke the Fifth Amendment, compelled use immunity is not warranted for this type of "intentional" causation. As our court of appeals has explained, "[i]n one sense, any time the prosecution causes a witness to invoke his Fifth Amendment right, [it] could be described as 'intentional.'" *Id*. at 1157. Instead, use immunity is appropriate in instances where the government's actions amount to something "akin to prosecutorial misconduct." *Ibid*. For example, compelled use immunity may be appropriate where a prosecutor intimidates or harasses a defense witness to prevent that witness from testifying. Here, the witness at issue is a *government* witness — one of the main informants in the government's case. The government has not threatened to prosecute SF-1211 if he testifies at trial — instead, the government has already filed an indictment against SF-1211 for his actions prior to trial. Indeed, it is difficult to conceive of how the government can be said to have distorted the fact-finding process when it has indicted SF-1211 for making false statements — an action that will *reinforce* the integrity of the fact finding process — not distort it. It should be noted, however, that this order does not close the door to future defense motions for compelled use immunity if new, material developments arise warranting reconsideration.

The motion also seeks a preliminary inquiry into whether SF-1211 can even assert the Fifth Amendment privilege. There is no occasion for the Court to give advisory opinions regarding the degree to which SF-1211 may assert the privilege against self-incrimination at trial and no ruling will be made on this issue at this time (Tr. 46–47). There are currently too many unresolved variables. It is not yet clear whether SF-1211 will be a government witness or a defense witness, what questions will be posed to SF-1211, and what questions he will refuse to answer. When the time comes, the Court will evaluate whether any assertion of the Fifth Amendment privilege by SF-1211 is proper. Until then, the Court will refrain from making unnecessary advisory opinions on an incomplete record.

In the event that the government declines to call SF-1211 and SF-1211 is instead called as a defense witness, the appropriate contours of examination of SF-1211 by different defendants

will be an issue. The parties are invited to provide guidance as to how the scenario would play out if SF-1211 was a witness for some, but not all, defendants at trial. For example, to what extent could SF-1211 be cross-examined and impeached by the codefendants who did not call him? Under what circumstances may an adverse instruction be given to the jury upon SF-1211's assertion of the Fifth Amendment privilege? Any briefing by the parties on how this issue should be handled should be submitted by **WEDNESDAY, APRIL 20 AT 5 P.M.**

Finally, as stated at the March 29 hearing, the Court will not require the government to provide a roadmap of its case or speculate how its presentation of evidence may be modified in the event that it no longer calls SF-1211 as a witness. No authority has been provided dictating that the government must provide the defense with this information. If, however, the government does not call SF-1211 yet still wishes to introduce the coconspirator statements that were originally noticed to be introduced through SF-1211 — *as a courtesy* to the defense and to facilitate the orderly progression of trial — the government shall endeavor to provide at least **2 DAYS** notice before using a substitute witness to introduce the coconspirator statement that would have otherwise been introduced through SF-1211.

Defendants Marvin Carcamo, Walter Cruz-Zavala, Moris Flores, Angel Noel Guevara, and Erick Lopez move to join in the entirety of defendant Cruz-Ramirez's motion (Dkt. Nos. 3761, 3654, 3656, 3714). Defendants Guillermo Herrera and Moris Flores seek to join in the motion except with respect to the request for compelled use immunity (Dkt. No. 3655, 3671).[*] These joinder motions are **GRANTED**.

**IT IS SO ORDERED.**

Dated: April 7, 2011.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

---

[*] Defendant Flores originally sought to join in the entirety of the motion, but modified the scope of his joinder motion at the March 23 hearing.

3