IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JONATHAN CRUZ-RAMIREZ,<br>ERICK LOPEZ, *et al*.<br><br>Defendants.<br>_____ / | No. CR 08-0730 WHA<br><br>**ORDER RE FURTHER SUBMISSIONS**<br>**RE MENTAL HEALTH EXPERTS** |

The record is clear that defendants Jonathan Cruz-Ramirez and Erick Lopez have refused to answer certain questions during their mental health examinations by government rebuttal expert Dr. Enrique Suarez. To help determine whether, or to what extent, defendants Cruz-Ramirez and Lopez should be precluded from presenting mental health expert testimony under FRCrP 12.2(d) due to their refusal to answer crime-fact questions necessary for Dr. Suarez to develop rebuttal to the defendants' proposed mental condition evidence, more submissions are requested (*see* Dkt. No. 3355 at 3).

As an initial matter, defendant Cruz-Ramirez's descriptions of the proposed testimony of proposed experts Ginger Holman and Dr. Antolin Llorente are so vague that it is difficult for the Court to rule on the extent to which the testimony should be allowed, if at all (Dkt. Nos. 2946, 3324). Accordingly, defendant Cruz-Ramirez shall submit detailed sworn declarations from Ms. Holman and Dr. Llorente identifying each opinion sought to be presented and the basis for that

1  opinion. These declarations must be submitted by **5 P.M. ON WEDNESDAY, MAY 4**.

Similarly, although defendant Lopez's supplemental expert disclosure makes clear that his proposed expert, Dr. Antonio Puente, would testify regarding his conclusion that defendant Lopez suffers from moderate organic brain syndrome, mild mental retardation, and mild depression, further information is necessary (Dkt. No. 3563). By **5 P.M. ON WEDNESDAY, MAY 4**, defendant Lopez shall submit a detailed declaration from Dr. Puente identifying each opinion sought to be presented and the basis for that opinion.

The government's submissions on the issue have also been lacking in detail. The government was previously ordered to provide a declaration from its proposed rebuttal expert, Dr. Enrique Suarez, detailing: (1) the specific questions that defendants Cruz-Ramirez and Lopez refused to answer during their examinations; and (2) *why* the defendants' refusal to answer these questions frustrated Dr. Suarez's ability to offer his opinion in full or in part (Dkt. No. 3843). In response to that order, the government submitted two declarations from Dr. Suarez detailing the questions defendants Cruz-Ramirez and Lopez refused to answer. These declarations, however, did not provide an explanation as to *why* the defendants' refusal to answer these questions frustrated Dr. Suarez's ability to develop rebuttal opinion for the defendants' noticed mental health expert testimony. Instead, the declarations only provided the following, generalized assertion: "it is not possible to draw any conclusions or make any inferences regarding the effects that his psychosocial history had on his mental state and how that mental state relates to the gang-related criminal activities that led to his current charges" (Dkt. Nos. 3956, 3957). This assertion was made for both defendant Cruz-Ramirez and defendant Lopez although each defendant refused to answer different questions and have noticed experts on different mental conditions.

Further information is desired regarding the degree to which defendants' refusal to answer particular questions frustrated Dr. Suarez's ability to develop rebuttal opinions for the mental health expert testimony sought to be presented by defendants Cruz-Ramirez and Lopez. After defendants Cruz-Ramirez and Lopez submit further declarations from their proposed experts, the government is to provide a further sworn declaration from Dr. Suarez by **5 P.M. ON WEDNESDAY, MAY 11**. This declaration must detail which unanswered questions (if any) are *necessary* to be

answered for Dr. Suarez to develop rebuttal opinion to the noticed expert opinions. Additionally, Dr. Suarez must address *why* each of any such questions (if any) must be answered before he can offer rebuttal expert opinion regarding the noticed mental conditions. By the same date and time, the government may submit a brief regarding the extent to which the defendants' proposed mental health expert opinions are relevant as guilt phase evidence.

Thereafter, defendants Cruz-Ramirez and Lopez shall have until **5 P.M. ON TUESDAY, MAY 17** to file responses to Dr. Suarez's declaration and any brief from the government regarding the relevance of the proposed mental health expert opinions as guilt phase evidence. Where necessary, the response must be supported by a sworn declaration from the relevant defense mental health expert. The response should also note whether, after further consideration, the defendant agrees to answer all or some of the questions noted by Dr. Suarez as being necessary for his rebuttal opinion.

With the benefit of these additional submissions, the Court will be able to assess the extent to which Dr. Suarez's inquiry into certain crime facts was necessary to rebutting the defendants' proposed mental condition evidence and if necessary, the extent to which the defense proposed experts' opinions must be pared down or excluded. This order reserves ruling on whether an evidentiary hearing will be needed.

**IT IS SO ORDERED.**

Dated: April 27, 2011.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE